IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,                 )
                                      )
            Plaintiffs,               )
                                      )
vs.                                   )         Civil Action No. 05-cv-00120-JJF
                                      )
HARVEY L. WALLS, et al.,              )         **E-FILED**
                                      )
            Defendants.               )
                                      )

## ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES OF DEFENDANTS HARVEY L. WALLS, MARK A. ISAACS, JOHN M. EVANS, RICHARD H. COHEE, GREGORY A. HASTINGS, NINA LOU BUNTING, CHARLES M. BIRELEY, DONALD G. HATTIER, M. ELAINE MCCABE, LOIS M. HOBBS, AND EARL J. SAVAGE, IN THEIR OFFICIAL CAPACITY, AND THE INDIAN RIVER SCHOOL BOARD, AND THE <u>INDIAN RIVER SCHOOL DISTRICT</u>

Defendants, Indian River School Board, the Indian River School District and Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, and Earl J. Savage, in their official capacity (collectively "IRSD"), by counsel, respectfully submit this Answer in response to the Complaint filed by Plaintiffs in this action.

### <u>First Defense</u>

The Complaint fails to state a claim against IRSD upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

### <u>Second Defense</u>

This court lacks jurisdiction over the subject matter of this action.  Fed. R. Civ. P. 12(b)(1).

## Third Defense

IRSD incorporates by reference its Motion to Strike certain allegations in the Complaint, pursuant to Fed. R. Civ. P. 12(f).

## Fourth Defense

In response to the numbered paragraphs in the Complaint, IRSD responds as follows.

1.      IRSD denies the allegations in paragraph 1 of the Complaint.

2.      IRSD denies the allegations in the first sentence of paragraph 2 of the Complaint. IRSD is without knowledge or information sufficient to respond to the remaining allegations in the paragraph because they are far too broad, vague, and general.

3      IRSD denies the allegations in paragraph 3 of the Complaint.

4.      IRSD denies the allegations in paragraph 4 of the Complaint.

5.      In response to the allegations in paragraph 5 of the Complaint, IRSD admits that Plaintiffs seek monetary damages for their various legal claims, but deny that Plaintiffs are entitled to any such damages.

6.      In response to the allegations in paragraph 6 of the Complaint, IRSD admits that Plaintiffs seek declaratory and injunctive relief for their various legal claims, but deny that Plaintiffs are entitled to any such relief.

7.      IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 7 of the Complaint.

8.      IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 8 of the Complaint.

2

9.     IRSD admits the allegations in the first sentence of paragraph 9 of the Complaint. The remaining allegations of that paragraph consist of legal conclusions, which are denied.

10.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 10 of the Complaint.

11.     IRSD admits the allegations in paragraph 11 of the Complaint.

12.     IRSD is without knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 12 of the Complaint.  The remaining allegations in that paragraph are denied.

13.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 13 of the Complaint.

14.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 15 of the Complaint.

15.     IRSD admits the allegations in paragraph 15 of the Complaint.

16.     In response to the allegations in paragraph 16 of the Complaint, IRSD admits that the School Board is a ten-member body.  The remainder of the allegations in that paragraph are legal conclusions to which no response is required.

17.     IRSD admits the allegations in the first two sentences of paragraph 17 of the Complaint.  The remaining allegations of that paragraph consist of legal conclusions, which are denied.

18.     IRSD admits the allegations in the first three sentences of paragraph 18 of the Complaint.  The remaining allegations of that paragraph consist of legal conclusions, which are denied.

19.    IRSD admits the allegations in the first two sentences of paragraph 19 of the Complaint.  The remaining allegations of that paragraph consist of legal conclusions, which are denied.

20.    IRSD denies the allegations in paragraph 20 of the Complaint.

21.    IRSD denies the allegations in paragraph 21 of the Complaint.

22.    IRSD denies the allegations in the first sentence of paragraph 22 of the Complaint.  IRSD is without knowledge or information sufficient to respond to the remaining allegations in the paragraph because they are far too broad, vague, and general.

23.    IRSD cannot admit or deny the allegations of paragraph 23 of the Complaint as phased, on account of its vague and undefined reference to "many years."  Answering further, IRSD states that selection of an individual to deliver an invocation or benediction at graduation, where it has occurred, has been made by the students, not the District.

24.    Paragraph 24 of the Complaint consists of legal argument and is therefore denied.

25.    Paragraph 25 of the Complaint consists of legal argument and is therefore denied.

26.    IRSD denies the allegations in paragraph 26 of the Complaint. Answering further, IRSD states that Rev. Fike, a father of one of the graduating seniors, was invited by the students, not the District or its officials.

27.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 27 of the Complaint.

28.    IRSD admits the allegations in paragraph 28 of the Complaint.

29.    IRSD admits the allegations in paragraph 29 of the Complaint.

30.    IRSD admits the allegations in paragraph 30 of the Complaint.

31.    IRSD denies the allegations in paragraph 31 of the Complaint.

4

32.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 32 as phased, on account of its lack of reference to time, and its vague and undefined reference to clubs "led" by school staff.  Answering further, IRSD states that any Bible Clubs at Selbyville Middle School are student-led and monitored by a staff member, in compliance with IRSD Policy and federal law.

33.    IRSD denies the allegations in the first sentence of paragraph 33 of the Complaint.  IRSD is without knowledge or information sufficient to respond to the allegations in the second or third sentences of that paragraph, as they lack any reference to time or other specifics. The allegations in the fourth sentence of that paragraph are denied.

34.    In response to the allegations in paragraph 34 of the Complaint, IRSD admits that during the 2004-05 school year, there has been a Book Club at Selbyville Middle School, that it meets monthly, that interested students had to fill out an application, and that though space in the Club was limited, all students who applied were able to join.  The remaining allegations in that paragraph are denied.

35.    IRSD is without knowledge or information sufficient to respond to the allegations of paragraph 35 of the Complaint as phased, on account of their lack of reference to time, and their vague and general nature.

36.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 36 of the Complaint.

37.    IRSD denies the allegations as phrased in paragraph 37 of the Complaint.

38.    IRSD denies the allegations as phrased in paragraph 38 of the Complaint.

39.    IRSD denies the allegations as phrased in paragraph 39 of the Complaint.

40.    IRSD denies the allegations in the first sentence of paragraph 40 of the Complaint. IRSD is without knowledge or information sufficient to respond to the remaining allegations in that paragraph.

41.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 41 of the Complaint.

42.    In response to the allegations in paragraph 42 of the Complaint, IRSD states that the Sussex Central High School cross-country team has from time to time gathered for a pasta dinner before a cross-country meet, that various students have offered a statement of thanks and gratitude for those involved in preparing the meal, and that some students have on occasion exercised their freedom to offer their statement in the form of a prayer. The remaining allegations in this paragraph are denied.

43.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 43 of the Complaint because they are too vague and general to enable IRSD to respond.

44.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 44 of the Complaint because they are too vague and general to enable IRSD to respond.

45.    In response to the allegations in paragraph 44 of the Complaint, IRSD states that on one occasion at the beginning of the 2003-04 school year, one team at Selbyville Middle School held a family covered dish dinner, and that Ms. Truitt offered a grace. The remaining allegations in that paragraph are too vague and general to enable IRSD to respond.

6

46.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 46 of the Complaint as phased, on account of their lack of reference to time, and its vague and general allegations.

47.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 47 of the Complaint.

48.     IRSD denies the allegations in paragraph 48 of the Complaint.

49.     IRSD admits the allegations in the first sentence of paragraph 49 of the Complaint. IRSD is without knowledge or information sufficient to respond to the remaining allegations because they are too vague, general, and lacking in any reference to time to enable IRSD to respond.

50.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 50 of the Complaint.

51.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 51 of the Complaint.

52.     IRSD denies the allegations in paragraph 52 of the Complaint, inasmuch as closed meetings, for example, are not opened with a prayer.

53.     In response to the allegations in paragraph 53 of the Complaint, IRSD states that students may attend School Board meetings for purposes including receiving awards, speaking during a public session, and performing musical demonstrations for the crowd. The remaining allegations, and specifically the averment that attendance is ever mandatory, are denied.

54.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 54 of the Complaint.

55.     IRSD admits the allegations in paragraph 55 of the Complaint.

7

56.     IRSD admits the allegations in paragraph 56 of the Complaint.

57.     IRSD denies the allegations in paragraph 57 of the Complaint as phrased. Answering further, IRSD states that students do not attend disciplinary proceedings before the School Board, which are conducted based upon a review of the record.

58.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 58 of the Complaint.

59.     IRSD admits the allegations in paragraph 59 of the Complaint.

60.     IRSD denies the allegations in the first sentence of paragraph 60 of the Complaint as phrased, inasmuch as the individual involved was a member of the community, not a faculty member.  IRSD admits the allegations in the second sentence of that paragraph.

61.     IRSD denies the allegations in paragraph 61 of the Complaint as phrased. Answering further, IRSD states that students do not attend disciplinary proceedings before the School Board, which are conducted based upon a review of the record.

62.     The allegations in paragraph 62 of the Complaint are an incomplete and inaccurate recitation of Mr. Evans' remarks, and are therefore denied as phrased.

63.     In response to the allegations  in paragraph 63 of the Complaint, IRSD states that students from Sussex Central High School attended the January 26, 2005 School Board meeting for the referenced purposes, but cannot admit or deny the undefined characterization of them as "many."

64.     The allegations in paragraph 64 of the Complaint are an incomplete and inaccurate recitation of Mr. Evans' remarks, and are therefore denied as phrased.

65.     IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 65 of the Complaint because they are too vague and general to enable IRSD to

respond. IRSD states that some or all of the actions referenced in that paragraph have occurred on occasion.

66.    IRSD denies the allegations in paragraph 66 of the Complaint.

67.    In response to the allegations in paragraph 67 of the Complaint, IRSD states that it establishes school district policies and exercises its other responsibilities as authorized by law. IRSD is without knowledge or information sufficient to respond to the remaining allegations in paragraph 67 of the Complaint because they are too general to enable IRSD to respond as phrased.

68.    IRSD admits the allegations in paragraph 68 of the Complaint.

69.    IRSD cannot admit or deny the allegations in paragraph 69 of the Complaint, inasmuch as they are abstract and undefined legal conclusions.

70.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 70 of the Complaint.

71.    In response to the allegations in paragraph 71 of the Complaint, IRSD states that after the graduation on June 3, 2004, Ms. Dobrich confronted Ms. Hobbs, and sent her an e-mail later that evening. IRSD is without knowledge or information sufficient to respond to the remaining allegations in that paragraph.

72.    IRSD admits the allegations in the first three sentences of paragraph 72 of the Complaint. IRSD is without knowledge or information sufficient to respond to the remaining allegations in that paragraph.

73.    In response to the allegations in paragraph 73 of the Complaint, IRSD states that Ms. Hobbs did return a call from Ms. Dobrich, that they discussed the issue of graduation prayer, that Ms. Hobbs stated that she would place the issue on the School Board meeting agenda, and

that Ms. Dobrich could air her concerns during the public comment portion of the meeting. The remaining allegations in that paragraph are denied as phrased.

74.     IRSD admits the allegations in the first two sentences in paragraph 74 of the Complaint. IRSD denies the fourth sentence of that paragraph. IRSD denies the third and fifth sentences of that paragraph as phrased, as they are a partial paraphrasing of Mona Dobrich's remarks.

75.     In response to the allegations in paragraph 75 of the Complaint, IRSD admits that Bradley Layfield spoke during the public comment period of the June 15, 2005 School Board meeting. IRSD denies the remaining allegations in that paragraph, and specifically denies that Mr. Layfield was speaking in his capacity as an IRSD employee.

76.     In response to the allegations in paragraph 76 of the Complaint, IRSD states that discussion of the agenda items was tabled because, due to a personal situation concerning the School Board's counsel, information from counsel was not received in time to be reviewed by the School Board members. IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 76 of the Complaint because they are insufficiently specific.

77.     IRSD is without knowledge or information sufficient to respond to the allegations in the first or second sentences of paragraph 77 of the Complaint. The remainder of that paragraph is denied as phrased.

78.     In response to the allegations of paragraph 78 of the Complaint, IRSD admits that on June 23, 2004, the Wave published an article concerning graduation comprising a portion of two pages.

79.     IRSD admits the allegations in paragraph 79 of the Complaint.

10

80.    In response to the allegations in paragraph 80 of the Complaint, IRSD states that during the July 27, 2005 School Board meeting, additional time was provided for public comment, and approximately twelve members of the public, including some religious leaders, and plaintiff Mona Dobrich, spoke concerning prayer at certain school-related events, expressing a variety of positions.  IRSD is without knowledge or information sufficient to respond to the remaining allegations in paragraph 80 of the Complaint because they are insufficiently specific.

81.    In response to the allegations in paragraph 81 of the Complaint, IRSD admits that Mona Dobrich spoke at the School Board meeting and that her comments are generally reflected in that paragraph, but denies that the paragraph contains a verbatim transcription of her remarks.

82.    In response to the allegations in paragraph 82 of the Complaint, IRSD admits that Pastor Richard Blades and Pastor Marvin Morris were among those who spoke during the public comment portion of the School Board meeting.  IRSD denies the remaining allegations contained in the paragraph as phrased because they are an incomplete and/or inaccurate restatement of what occurred.

83.    In response to the allegations in paragraph 83 of the Complaint, IRSD admits that at some point after the public comment period, the School Board met in executive session, and that at some point after that, Dr. Hattier had a conversation with Mona Dobrich.  The allegations in the remainder of that paragraph are denied as phrased.

84.    IRSD denies the allegations of paragraph 84 of the Complaint as phrased, since, inter alia, the Policy Committee is a standing committee of the Board.

85.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 85 of the Complaint.

11

86.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 86 of the Complaint.

87.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 87 of the Complaint.

88.    IRSD admits the allegations in the first sentence of paragraph 88 of the Complaint.  IRSD is without knowledge or information sufficient to respond to the remaining allegations in paragraph 88 of the Complaint because they are too vague and nonspecific.

89.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 89 of the Complaint.

90.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 90 of the Complaint.

91.    IRSD admits the allegations in the first two sentences of paragraph 91 of the Complaint.  IRSD is without knowledge or information sufficient to respond to the allegations in the remainder of that paragraph.

92.    In response to the allegations  in paragraph 92 of the Complaint, IRSD states that at the School Board meeting on August 24, 2004, Dr. Hattier, after explaining the historic context and relevance, read George Washington's farewell prayer upon leaving the presidency, the text of which is generally referenced in this paragraph.  IRSD is without knowledge or information sufficient to respond to the remaining allegations in paragraph 92 of the Complaint because they are insufficiently complete and/or specific to enable IRSD to respond.

93.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 93 of the Complaint.

94.    IRSD admits the allegations in paragraph 94 of the Complaint.

95.    IRSD admits the allegations in paragraph 95 of the Complaint.

96.    IRSD denies the allegations in the first three sentences of paragraph 96 of the Complaint, and specifically denies that the statement referenced in the second sentence was made. In response to the allegations in the fourth sentence, IRSD states that Samantha Dobrich read a statement to the School Board which she stated had been prepared by her brother Alex. IRSD admits that the text of that statement appears in the indented portion of paragraph 96, but denies that the last sentence was part of that statement.

97.    The allegations in paragraph 97 of the Complaint are an incomplete and/or inaccurate recitation of the remarks made, and are therefore denied as phrased.

98.    The allegations in paragraph 98 of the Complaint are an incomplete and/or inaccurate recitation of the remarks made, and are therefore denied as phrased.

99.    The allegations in paragraph 99 of the Complaint are an incomplete and/or inaccurate recitation of the remarks made, and are therefore denied as phrased.

100.    The allegations in paragraph 100 of the Complaint are an incomplete and/or inaccurate recitation of the remarks made, and are therefore denied as phrased.

101.    The allegations in the first sentence of paragraph 101 of the Complaint are an incomplete and/or inaccurate recitation of the remarks made, and are therefore denied as phrased. IRSD is without knowledge or information sufficient to respond to the allegations in the remainder of that paragraph.

102.    The allegations in the first two sentences of paragraph 102 of the Complaint are an incomplete and/or inaccurate recitation of the remarks made, and are therefore denied as phrased. IRSD is without knowledge or information sufficient to respond to the allegations in the remainder of that paragraph.

103.    The allegations in paragraph 103 of the Complaint are an incomplete and/or inaccurate recitation of the remarks made, and are therefore denied as phrased.

104.    IRSD denies the allegations in paragraph 104 of the Complaint.

105.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 105 of the Complaint, inasmuch as it does not specify when, to whom, or in what context the alleged comment was made.

106.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 106 of the Complaint.

107.    IRSD is without knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 107 of the Complaint.  IRSD denies the allegations in the remainder of that paragraph.

108.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 108 of the Complaint.

109.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 109 of the Complaint.

110.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 110 of the Complaint.

111.    IRSD is without knowledge or information sufficient to respond to the allegations in the second sentence of paragraph 111 of the Complaint.  IRSD denies the allegations in the first sentence of that paragraph.

112.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 112 of the Complaint.

14

113.   IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 113 of the Complaint.

114.   IRSD denies the allegations in paragraph 114 of the Complaint.

115.   IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 115 of the Complaint, inasmuch as it does not specify when, or by whom, the complaint allegedly was made.

116.   IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 116 of the Complaint, inasmuch as it does not specify when, or by whom, the call allegedly was made.

117.   IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 117 of the Complaint, inasmuch as it does not specify when, or by whom, the complaint, or the denial, allegedly was made.

118.   IRSD denies the allegations in paragraph 118 of the Complaint as phrased. Answering further, IRSD states that the School Board's Policy Committee members began working on relevant policies as early as June 2004, and that the School Board adopted policies referenced in this paragraph at its meeting on October 19, 2004.

119.   IRSD denies the allegations in paragraph 119 of the Complaint as argumentatively phrased.

120.   IRSD denies the allegations in paragraph 120 as phrased, inasmuch as IRSD does not currently post all of its policies on its web site, but rather those under "Staff Resources." Answering further, IRSD states that its policies are available for review, for example, in the Policy Manual which is maintained at each school.

121.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 121 of the Complaint, inasmuch as it does not specify when or by whom the call allegedly was made, or by whom the response was allegedly provided.

122.    IRSD denies the allegations in paragraph 122 of the Complaint.

123.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 123 of the Complaint because they are too broad and general to enable IRSD to respond.

124.    IRSD denies the allegations in paragraph 124 of the Complaint.

125.    IRSD denies the allegations in the first and third sentences of paragraph 125 of the Complaint.  IRSD states that the second sentence of that paragraph is in incomplete recitation of the Board's policy, which is therefore denied as phrased.  IRSD is without knowledge or information sufficient to respond to the allegations in the last sentence of that paragraph.

126.    In response to the allegations in paragraph 126 of the Complaint, IRSD states that some students attended the School Board meeting on February 22, 2005 and received recognition for various activities.  IRSD is without knowledge or information sufficient to respond to the remaining allegations in that paragraph.

127.    IRSD denies the allegations in paragraph 127 of the Complaint.

128.    IRSD denies the allegations in paragraph 128 of the Complaint.

129.    In response to the allegations in paragraph 129 of the Complaint, IRSD admits that it received a letter from attorneys for Mona Dobrich, dated November 12, 2004, containing 21 numbered items constituting approximately three dozen legal questions.  IRSD is without knowledge or information sufficient to respond to the remaining allegations in paragraph 129 of the Complaint because they are insufficiently specific to enable the IRSD to respond.

DOCS_DE 109587v1

130.    IRSD is without knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 130 of the Complaint. IRSD admits the allegations in the second sentence of that paragraph.

131.    IRSD admits the allegations in paragraph 131 of the Complaint.

132.    IRSD is without knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 132 of the Complaint. The second sentence is an incomplete and inaccurate recitation of Mr. Evans' remarks, which is therefore denied as phrased.

133.    IRSD admits the allegations in the first sentence of paragraph 133 of the Complaint. The second sentence is denied as phrased.

134.    In response to the allegations in paragraph 134 of the Complaint, IRSD admits that attorneys on its behalf sent a letter, dated January 7, 2005, to attorneys for Mona Dobrich, and that the letter suggested that the policies were sufficiently explicit, but indicated that the attorneys for Mona Dobrich were welcome to contact him further. The remaining allegations in that paragraph are insufficiently specific to enable IRSD to respond.

135.    In response to the allegations in paragraph 135 of the Complaint, IRSD admits that it received a letter from attorneys for Mona Dobrich, dated January 7, 2005. The remaining allegations in that paragraph are denied as phrased.

136.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 136 of the Complaint because they are too vague and general to enable IRSD to respond.

137.    In response to the allegations in paragraph 137 of the Complaint, IRSD incorporates its responses to paragraphs 1-136 above.

17

138.    IRSD is without knowledge or information sufficient to respond to the allegations in paragraph 138 of the Complaint because they are too broad and general to enable IRSD to respond.

139.    IRSD denies the allegations in paragraph 139 of the Complaint.

140.    IRSD denies the allegations in paragraph 140 of the Complaint.

141.    IRSD denies the allegations in paragraph 141 of the Complaint.

142.    IRSD denies the allegations in paragraph 142 of the Complaint.

143.    IRSD denies the allegations in paragraph 143 of the Complaint.

144.    IRSD denies the allegations in paragraph 144 of the Complaint.

145.    IRSD denies the allegations in paragraph 145 of the Complaint.

146.    IRSD denies the allegations in paragraph 146 of the Complaint.

147.    In response to the allegations in paragraph 147 of the Complaint, IRSD incorporates its responses to paragraphs 1-146 above.

148.    IRSD denies the allegations in paragraph 148 of the Complaint.

149.    IRSD denies the allegations in paragraph 149 of the Complaint.

150.    IRSD denies the allegations in paragraph 150 of the Complaint.

151.    IRSD denies the allegations in paragraph 151 of the Complaint.

152.    In response to the allegations in paragraph 152 of the Complaint, IRSD incorporates its responses to paragraphs 1-152 above.

153.    IRSD denies the allegations in paragraph 153 of the Complaint.

154.    IRSD denies the allegations in paragraph 154 of the Complaint.

155.    IRSD denies the allegations in paragraph 155 of the Complaint.

156.    IRSD denies the allegations in paragraph 156 of the Complaint.

DOCS_DE 109587v1

157.    IRSD denies the allegations in paragraph 157 of the Complaint.

158.    IRSD denies the allegations in paragraph 158 of the Complaint.

159.    IRSD denies the allegations in paragraph 159 of the Complaint.

160.    IRSD denies the allegations in paragraph 160 of the Complaint.

161.    IRSD denies that Plaintiffs are entitled to any of the relief requested in the

Complaint.

162.    Any allegation in the Complaint which has not been expressly admitted herein is

denied.

### Fifth Defense

IRSD will rely on all other defenses that become known during the course of discovery,

including the following:

163.    Plaintiffs have suffered no constitutional deprivation, as a matter of law.

164.    Plaintiffs, or some of them, have no standing to bring this action.

165.    There is no basis for *Monell* liability against IRSD.

166.    All or portions of the Complaint are time-barred.

167.    Plaintiffs' claims, or some of them, have been rendered moot.

168.    Plaintiffs' claims are barred by absolute, and or qualified, immunity as to some or

all defendants.

DOCS_DE 109587v1

Wherefore, on the foregoing grounds, Defendants IRSD respectfully move this Court for entry of

an Order dismissing this matter with prejudice and granting Defendants all attorneys fees and

costs incurred in the defense of this matter.

                        **WHITE and WILLIAMS LLP**

**By:**

John D. Balaguer (Bar I.D. 2537)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 467-4501

        and

John F. Cafferky, Esq.
William A. Porter, Esq.
Andrea D. Gemignani, Esq.
BLANKINGSHIP & KEITH
4020 University Drive, Suite 300
Fairfax, VA 22030

*Counsel for Defendants Harvey L. Walls,*
*Mark A. Isaacs, John M. Evans, Richard H.*
*Cohee, Gregory A. Hastings, Nina Lou*
*Bunting, Charles M. Bireley, Donald G.*
*Hattier, M. Elaine McCabe, Lois M. Hobbs,*
*Earl J. Savage, the Indian River School*
*Board, and the Indian River School District*

Dated: April 27, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, *et al.*,                     )
                                            )
                    Plaintiffs,             )
                                            )
vs.                                         )      Civil Action No. 05-cv-00120-JJF
                                            )
HARVEY L. WALLS, *et al.*,                  )      **E-FILED**
                                            )
                    Defendants.             )
                                            )

## CERTIFICATE OF SERVICE

I, John D. Balaguer, do hereby certify that on this 27th day of April, 2005, the **ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES OF DEFENDANTS HARVEY L. WALLS, MARK A. ISAACS, JOHN M. EVANS, RICHARD H. COHEE, GREGORY A. HASTINGS, NINA LOU BUNTING, CHARLES M. BIRELEY, DONALD G. HATTIER, M. ELAINE MCCABE, LOIS M. HOBBS, EARL J. SAVAGE, THE INDIAN RIVER SCHOOL BOARD, AND THE INDIAN RIVER SCHOOL DISTRICT** was served upon the following via electronic filing:

Thomas J. Allingham, II, Esquire            Thomas S. Neuberger, Esquire
Robert S. Saunders, Esquire                 The Neuberger Firm, P.A.
Skadden Arps Slate Meagher & Flom, LLP      2 East Seventh Street, Suite 302
One Rodney Square                           Wilmington, DE  19801-3707
P.O. Box 636                                *Attorney for Defendant,*
Wilmington, DE  19899                       *Reginald L. Helms*
*Attorney for Plaintiffs*

21

WHITE and WILLIAMS LLP


JOHN D. BALAGUER (Bar I.D. 2537)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 467-4501

and

John F. Cafferky, Esq.
William A. Porter, Esq.
Andrea D. Gemignani, Esq.
BLANKINGSHIP & KEITH
4020 University Drive, Suite 300
Fairfax, VA 22030

*Counsel for Defendants Harvey L. Walls,
Mark A. Isaacs, John M. Evans, Richard H.
Cohee, Gregory A. Hastings, Nina Lou
Bunting, Charles M. Bireley, Donald G.
Hattier, M. Elaine McCabe, Lois M. Hobbs,
Earl J. Savage, the Indian River School
Board, and the Indian River School District*

22