IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 05-cv-00120-JJF |
| | ) | |
| HARVEY L. WALLS, *et al.*, | ) | **E-FILED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO STRIKE IMMATERIAL AND SCANDALOUS ALLEGATIONS
ON BEHALF OF DEFENDANTS,
HARVEY L. WALLS, MARK A. ISAACS, JOHN M. EVANS,
RICHARD H. COHEE, GREGORY A. HASTINGS, NINA LOU BUNTING,
CHARLES M. BIRELEY, DONALD G. HATTIER, M. ELAINE MCCABE,
LOIS M. HOBBS, EARL J. SAVAGE, THE INDIAN RIVER SCHOOL BOARD,
<u>AND THE INDIAN RIVER SCHOOL DISTRICT</u>**

Defendants, Indian River School Board, the Indian River School District and Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, and Earl J. Savage, in their individual and official capacity, by counsel and pursuant to Fed. R. Civ. P. 12(f), move this Court to strike the Complaint, or in the alternative strike paragraphs 12, 78, 85-87, 89-90, 96-97, 99-100, 103, and 106-110 of the Complaint, filed by Plaintiffs Mona Dobrich and Marco Dobrich, individually and as parents and next friend of Alexander Dobrich, Jane Doe and John Doe, individually and as parents and next friend of Jordan Doe and Jamie Doe on the grounds that it consists of a series of immaterial, impertinent, and scandalous allegations that bear no relation to the claims asserted against Defendants. The basis for this Motion is more fully set forth in the accompanying Memorandum of Law in Support of Motion to Strike.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Civil Action No. 05-cv-00120-JJF ) |
| HARVEY L. WALLS, et al., | ) **E-FILED** ) |
| Defendants. | ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO STRIKE
IMMATERIAL AND SCANDALOUS ALLEGATIONS ON BEHALF OF
DEFENDANTS HARVEY L. WALLS, MARK A. ISAACS, JOHN M. EVANS,
RICHARD H. COHEE, GREGORY A. HASTINGS, NINA LOU BUNTING,
CHARLES M. BIRELEY, DONALD G. HATTIER, M. ELAINE MCCABE,
LOIS M. HOBBS, EARL J. SAVAGE, THE INDIAN RIVER SCHOOL BOARD,
AND THE INDIAN RIVER SCHOOL DISTRICT**

Defendants Indian River School Board, the Indian River School District and Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, and Earl J. Savage, in their individual and official capacity (collectively the "School District") file this Memorandum in Support of their Motion to Strike Immaterial and Scandalous Allegations in the Complaint.

**Preliminary Statement**

On February 23, 2005, Plaintiffs Mona Dobrich and Marco Dobrich, individually and as parents and next friend of Alexander Dobrich, Jane Doe and John Doe, individually and as parents and next friend of Jordan Doe and Jamie Doe ( collectively the "Plaintiffs") filed a 38-page, 160-paragraph, three-count Complaint against the School District. (D.I. #1) The Complaint contains of a series of immaterial, impertinent, and scandalous allegations that bear

no relation to the claims asserted against the School District. The Court should therefore strike the Complaint or, in the alternative, strike paragraphs 12, 78, 85-87, 89-90, 96-97, 99-10, 103, and 106-110.

## Argument

### I.  STANDARD FOR RULE 12(f).

Rule 12(f) of the Federal Rules of Civil Procedure states, in pertinent part, that "upon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any . . . immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As this District has noted,

> The function of a 12(f) motion to strike is to avoid expenditure of time and money that necessarily arises from litigating spurious issues by disposing of those issues prior to trial. 'Immaterial matter is that which has no essential or important relationship to the claim for relief of the defenses being pleaded.' 'Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.' Scandalous allegations may be stricken if the matter alleged 'bears no possible relation to the controversy or may cause the objection party prejudice.'

Delaware Health Care, Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1291-92 (D. Del. 1995) (internal citations omitted).

Rule 12(f) has been interpreted in such a way that allegations contained in a pleading that are not germane to the issues in the case should by stricken. Best Foods, Inc. v. General Mills, Inc., 3 F.R.D. 459, 460 (D. Del. 1944). The purpose for the Rule is to prevent a party from having the "power to transform one lawsuit into many little unrelated lawsuits and would defeat the purposes of the Rules of Civil Procedure, which provide that 'These rules . . . shall be construed to secure the just, speedy, and inexpensive determination of every action.'" Id. at 461 (citing Fed. R. Civ. P. 1).

2

II. **PLAINTIFFS' COMPLAINT CONTAINS IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTER.**

In this action, Plaintiffs' Complaint contains a number of allegations that are immaterial, impertinent, and scandalous. Because these allegations are not at all germane to the claims asserted by Plaintiff, the pleading should be stricken.

Plaintiffs' three count Complaint is grounded in alleged violations of the First and Fourteenth Amendments of the United States Constitution and Article One, Section One of the Constitution of the State of Delaware. Plaintiffs' allege that Defendants have created an establishment of religion in the School District, have violated Plaintiffs' free exercise rights, and have failed to train the School District's personnel to avoid establishment issues and free exercise rights.

It is axiomatic that a defendant in a civil rights suit cannot be held responsible for an alleged constitutional violation that he or she neither participated in nor approved. C.H. v. Oliva, 226 F.3d 198, 201-02 (3d Cir. 2000) (citing Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Township, 50 F.3d 1186, 1190 (3d Cir.1995)). Instead, as a threshold issue, Plaintiffs have to demonstrate that the alleged conduct occurred under the color of state law. However, Plaintiffs have included in their pleading a host of allegations that relate to conduct and events that bear no nexus to their claims and do not involve conduct by any of the named defendants. Instead, these allegations involve the conduct of the general public over whom the School District has no control.

The following is an example of some of the irrelevant, immaterial, and prejudicial allegations contained in the Complaint:

- General "public backlash directed against the Dobriches." (Compl. ¶ 12.)
- Reference to a two-page newspaper article published by The Wave. (Compl. ¶ 78.)

3

- A local radio station's programming about a graduation prayer and the time and place of a school board meeting. (Compl. ¶¶ 85-87.)

- Events that occurred prior to school board meetings, including citizens who prayed in the <u>parking lot before</u> school board meetings. (Compl. ¶ 89.)

- An interaction some of the Plaintiffs had with a Delaware State Trooper prior to a school board meeting. (Compl. ¶ 90.)

- Statements allegedly made by the general public during the public comment period at a school board meeting. (Compl. ¶¶ 96-97, 100-101, and 103)

- Statements allegedly made by the general public to a radio talk show. (Compl. ¶ 106)

- Statements allegedly made to Samantha Dobrich (a non-party) while she was at work. (Compl. ¶ 107)

- Alleged teasing of Alex Dobrich by kids his age. (Compl. ¶ 107)

- An alleged call to the Dobrich home referencing the Klu Klux Klan. (Compl. ¶ 108)

- Alex Dobrich's alleged fear of the police. (Compl. ¶ 109)

- Alex Dobrich's alleged fear of wearing his yarmulke to Wal Mart. (Compl. ¶ 110).

Employing the test adopted by this District, clearly these allegations are irrelevant to the underlying issues in this action and should be stricken. For example, the fact that the radio and print media have reported on the Dobrich's complaints has no essential or important relationship to the claim for relief being pleaded. Similarly, statements allegedly made by the general public regarding the Plaintiffs or the issue of prayer do not pertain, and are not necessary, to the issues in question. Further, the inclusion of allegations that the Dobrich's have received calls at their home referencing the Klu Klux Klan and that Alex Dobrich is afraid of the police bear no relationship to the controversy and are interposed only to inflame emotion or direct prejudice towards the School District. Because these allegations are legally irrelevant, immaterial, and

4

scandalous, they should be stricken pursuant to Rule 12(f). See Beal v. GM Corp., 354 F. Supp. 423, 429 (D. Del. 1973).

### III. THE SCHOOL SYSTEM WOULD SUFFER PREJUDICE IF THE ALLEGATIONS ARE PERMITTED TO REMAIN IN THE COMPLAINT.

The School District will suffer prejudice if the allegations are permitted to remain in the Complaint. This case has received a great deal of interest from the media and, not surprisingly, the media has focused on the immaterial, irrelevant, and scandalous allegations contained in the Complaint. Just recently, two articles were published that include allegations taken directly from the Complaint, including the "Jew-boy" comments, the threats the Dobrich's allegedly received from members of the community, and Alex Dobrich's alleged fear to wear his yarmulke in public. See Sean O'Sullivan, Suit against prayer spurs backlash, News Journal, April 11, 2005, at A 1 and Sean O'Sullivan, Prayer at daughter's graduation snapped 3 decades of silence, News Journal, April 11, 2005, at A 6 attached as Exhibits A and B, respectively. While the Complaint does not – and cannot allege – the School District had any role in these allegations, the inclusion of them in the Complaint has the prejudicial effect of permitting media sources and others from incorrectly attributing the alleged conduct to the School District.

The School District would be prejudiced further by having to defend allegations in a Complaint that have no bearing to the issues in the action and that relate to the conduct of people over whom it has no control. If these allegations are not stricken, the Court will have to try – and the School District will have to defend – a series of unrelated lawsuits without the relevant parties before the Court, a concern this District has previously recognized as a basis for striking portions of a pleading. See Best Foods, 3 F.R.D. at 461.

5

## Conclusion

For the foregoing reasons, the School District respectfully requests that this Court strike the Complaint filed by Plaintiffs or, in the alternative, strike paragraphs 12, 78, 85-87, 89-90, 96-97, 99-10, 103, and 106-110.

**WHITE and WILLIAMS LLP**

By: _____
John D. Balaguer (Bar I.D. 2537)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 467-4501

and

John F. Cafferky, Esq.
William A. Porter, Esq.
Andrea D. Gemignani, Esq.
BLANKINGSHIP & KEITH
4020 University Drive, Suite 300
Fairfax, VA 22030

*Counsel for Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, Earl J. Savage, the Indian River School Board, and the Indian River School District*

Dated: April 27, 2005

DOCS_DE 109578v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 05-cv-00120-JJF |
| ) | |
| HARVEY L. WALLS, *et al.*, ) | **E-FILED** |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, John D. Balaguer, do hereby certify that on this 27<u>th</u> day of April, 2005, two copies of the **MOTION AND MEMORANDUM OF LAW TO STRIKE IMMATERIAL AND SCANDALOUS ALLEGATIONS ON BEHALF OF DEFENDANTS HARVEY L. WALLS, MARK A. ISAACS, JOHN M. EVANS, RICHARD H. COHEE, GREGORY A. HASTINGS, NINA LOU BUNTING, CHARLES M. BIRELEY, DONALD G. HATTIER, M. ELAINE MCCABE, LOIS M. HOBBS, EARL J. SAVAGE, THE INDIAN RIVER SCHOOL BOARD, AND THE INDIAN RIVER SCHOOL DISTRICT** was served upon the following via electronic filing:

Thomas J. Allingham, II, Esquire
Robert S. Saunders, Esquire
Skadden Arps Slate Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899
*Attorney for Plaintiffs*

Thomas S. Neuberger, Esquire
The Neuberger Firm, P.A.
2 East Seventh Street, Suite 302
Wilmington, DE 19801-3707
*Attorney for Defendant,*
*Reginald L. Helms*

WHITE and WILLIAMS LLP

By: _____
John D. Balaguer (Bar I.D. 2537)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 467-4501

and

John F. Cafferky, Esq.
William A. Porter, Esq.
Andrea D. Gemignani, Esq.
BLANKINGSHIP & KEITH
4020 University Drive, Suite 300
Fairfax, VA 22030

*Counsel for Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, Earl J. Savage, the Indian River School Board, and the Indian River School District*

Dated: April 27, 2005