# EXHIBIT A

2003 WL 23198798 (D.Virgin Islands)
Only the Westlaw citation is currently available.

District Court of the Virgin Islands, Division of St. Thomas and St. John.
Kevin and Eileen FLANAGAN, in their own right and as Parents and Guardians of
C.F., a minor, Plaintiffs,
v.
WYNDHAM INTERNATIONAL, INC., Wyndham Management Corp., Sugar Bay Club and
Resort, Corp., Rick Blyth and Bryan Hornby, Defendants
No. Civ.2002/237-M/R.
April 21, 2003.

ORDER DENYING HORNBY'S MOTION TO STRIKE COMPLAINT

RESNICK, Magistrate J.
*1 THIS MATTER came for consideration on Hornby's Motion to Strike Plaintiffs' Complaint and for Enlargement of Time to Respond. Plaintiffs filed opposition to the motion. Defendants did not further reply.
Hornby's motion, pursuant to Fed.R.Civ.P. 12(f), requests that the Court strike allegation in Plaintiffs' Complaint regarding Hornby's "... purported past sexual activities with persons other than minor Plaintiff, which are not only irrelevant to the issues of any alleged improper conduct towards minor Plaintiff but also highly prejudicial to Defendant Hornby if permitted to remain in the complaint." Hornby seeks complete deletion of paragraphs 28, 34, 35, 36, 37 and 38 of the Complaint; deletion of the last sentence of paragraphs 8 and 27; and deletion of the first two sentences of paragraph 33. Hornby argues that "... The reference to being a habitual sexual offender or of having allegedly engaged in sexual activities with minors would cast Defendant Hornby in such a derogatory light that any reference made to such non-related matters would surely prejudice Defendant Hornby. The allegations of any purported past sexual history of Defendant Hornby are unnecessary to the theories of recovery asserted by Plaintiffs. These assertions are clearly inflammatory and would have a prejudicial impact on a defense presented by Defendant Hornby ..."
In opposition to such motion, Plaintiffs assert that the subject allegations "... are important to establishing both a pattern of molestation by Hornby of young girls entrusted to his care and the negligent hiring and supervision of Hornby by the Wyndham Defendants ..." Plaintiffs argue that Hornby has not met his burden under Fed.R.Civ.P. 12(f) and that "... Hornby's arguments are more appropriate during the summary judgment stage or prior to trial in the form of a motion *in limine,* not at the answer stage ..."
Fed.R.Civ.P. Rule 12(f) allows the Court to strike from a pleading any insufficient defense or any immaterial, impertinent or scandalous matter. Motions to strike are generally disfavored by the Courts. *Larsen v. Senate of Pennsylvania,* 955 F.Supp. 1549, 1582 (M.D.Pa.1997). To prevail on a motion to strike, the movant must show that the allegations being challenged are so unrelated to Plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial. Wright and Miller, FEDERAL PRACTICE AND PROCEDURES, Civil 2d § 1380. Such motions are not favored because they are a drastic remedy to be resorted to only when required for the purpose of justice. *Krisa v. The Equitable Life Assurance Society,* 109 F.Supp.2d 316, 319 (M.D.Pa.2000). In considering a motion to strike the Court will deem as admitted all of the non-moving party's well-pleaded facts, draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion. *Wailua Assoc. v. Aetna Cas. and Surety Co.,* 183 F.R.D. 550, 553-554 (D.Haw.1998).
*2 A motion to strike redundant, immaterial, impertinent or scandalous matter is also viewed with disfavor as "a time waster." *Somerset Pharmaceuticals, Inc. v. Kimball,* 168. F.R.D. 69, 71 (M.D. Fl.1996). The Court will not strike such matter unless it bears no possible relation to the dispute or could confuse the issues. *Government Guarantee Fund et al. v. Hyatt Corp.,* 166 F.R.D. 321, 324 (D.V.I.1996); *Delaware Health Care, Inc., v. MCD Holding Co.,* 893 F.Supp. 1279, 1291-92 (D.Del.1995). Mere redundancy, immateriality, impertinence or scandalousness is not sufficient to justify striking an allegation--the allegation must also be shown to be prejudicial to the moving party. *Hardin v. American Elec. Power,* 188 F.R.D. 509, 511 (S.D.Ind.1999). *Glasser v. Govt of the Virgin Islands,* 853 F.Supp. 852; 30 V.I. 97, 99 (D.V.I.1994). Scandalous matter does not merely offend someone's sensibilities; it must improperly cast a person or entity in a cruelly derogatory light.

<u>Skadegaard v. Farrell,</u> 578 F.Supp. 1209, 1221 (D.N.J.1984).
Plaintiffs have offered tenable arguments in support of their pleadings. However, the Court need not now decide the relevance of the allegations in the subject paragraphs and whether Plaintiff may offer evidence with regard thereto. Hornby has not sustained his burden with regard to this motion. The only conceivable prejudice to Hornby from failure to strike such allegations would arise if a jury were to view the Complaint. It is extremely unlikely that this Complaint would be allowed as a jury exhibit and if so, the matter could then be appropriately re-visited.
Accordingly, it is hereby;
ORDERED as follows:
1. Defendant's Motion to Strike is DENIED without prejudice.
2. The matter may be considered by the trial judge in the context of the case status if, for any reason, the Complaint is allowed as an exhibit for the jury.
3. Nothing herein shall be determinative of any evidence to be allowed at trial.
4. Hornby shall serve and file any responsive pleading by May 5, 2003.
D.Virgin Islands,2003.
Flanagan v. Wyndham Intern., Inc.
2003 WL 23198798 (D.Virgin Islands)
END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

2004 WL 292482 (E.D.Pa.)

**<u>Motions, Pleadings and Filings</u>**

Only the Westlaw citation is currently available.

United States District Court,<br>
E.D. Pennsylvania.<br>
Devin Laroy MOORE, Plaintiff,<br>
v.<br>
Sergeant Michael VANGELO, individually and in his official capacity as a member of the Easton Police Department, Sergeant Michael Weston, individually and in his official capacity as a member of the Easton Police Department, Officer John Doe, individually and in his official capacity as a member of the Easton Police Department, Chief Lawrence Palmer, individually and in his official capacity as a member of the Easton Police Department, Mayor Thomas F. Goldsmith, individually and in his official capacity as Mayor of the City of Easton, The City of Easton, Defendants.<br>
No. Civ.A. 03-CV-4718.<br>
Feb. 12, 2004.

John P. Karoly, Jr., Karoly Law Offices, P.C., Allentown, PA, for Plaintiff.
David J. Macmain, Dennis G. Young, Jr., Montgomery, McCracken, Walker & Rhoads, LLP, Philadelphia, PA, for Defendants.

MEMORANDUM AND ORDER

VANANTWERPEN, J.

*\*1* Plaintiff Devin Moore has brought the instant action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Sergeant Michael Vangelo, Sergeant Michael Weston, Officer John Doe, Chief of Police Lawrence Palmer, Mayor Thomas F. Goldsmith, and the City of Easton violated his rights under the Fourth Amendment of the United States Constitution. [FN1] Plaintiff has also brought state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence against all Defendants, and has brought a state law assault and battery claim against Defendant Vangelo.

> FN1. Plaintiff has sued the individual Defendants each in his individual and official capacities.

Presently before this Court is Defendants' Motion To Dismiss and Motion To Strike Immaterial, Impertinent, And Scandalous Material, filed by the Defendants on October 24, 2003. We have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. For the following reasons, Defendants' Motion To Dismiss is granted-in-part and denied-in-part, and Motion To Strike Immaterial, Impertinent, And Scandalous Material is denied. Further, Defendants' Request For Costs and Fees is denied.

I. BACKGROUND

We present the facts as Plaintiff alleges them in the Complaint. At approximately 2:28 am on March 2, 2002, Plaintiff and a companion, Isaac Holmes, were accosted by a Saddiquie Williams in the area of 25 South Third Street, Easton. (Compl.¶ 11.) Plaintiff began to strike back at Mr. Williams, and was thereafter attacked by a police dog. (Compl.¶ 12.) The police dog "was not being handled or controlled by any police officer" and "viciously bit into the flesh of Plaintiff's right forearm area," injuring the skin and underlying tissue. (Compl.¶¶ 13-14.) The police dog was later recognized to be "Bere," Defendant Sergeant Vangelo's partner. (Compl.¶ 13.) Upon noting Plaintiff's situation, Defendants Vangelo, Weston, and Doe then approached Plaintiff. (Compl.¶ 15.) Regarding the impetus for the attack, Plaintiff avers that "this savage attack was commanded at the direction of Defendant Vangelo, without cause of [sic] justification, and continued for a period of time without any

effort by any Defendant to halt it." (Compl.¶ 17.)
Defendants Vangelo and Weston, despite being properly trained as canine officers, deviated from the Easton Police apprehension techniques with respect to the March 2, 2002 canine attack on Plaintiff. (Compl.¶¶ 19, 20, 22, 23.) Indeed, "[t]he Police Department has an extensive history of police abuse by means of its police work dogs ..." (Compl.¶ 25.) Upon detailing several particular incidents involving Easton police officers, including but not limited to Defendants Vangelo and Weston, and the unjustified attacks of their canine partners, (see Compl. ¶¶ 25, 26, 29-34), Plaintiff alleges that "[t]he Easton Police Administration has been on notice for the past several years that their police work dogs had inflicted injuries far in excess of any rational use of the use of police work dogs in the field." (Compl.¶ 28.) Specifically, despite knowledge of the above referenced canine attacks, "Police Chief Palmer and Mayor Goldsmith were willfully oblivious [sic] and deliberately indifferent to the clear excessive use of force and brutality that was occurring within the Department." (Compl.¶¶ 32, 35.)

II. STANDARD OF REVIEW

*2 A motion to dismiss, brought pursuant to Fed.R.Civ.P. 12(b)(6), tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45- 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, an action will be dismissed under 12(b)(6) only when the plaintiff has failed to state a claim upon which relief can be granted. The criteria for deciding whether a plaintiff has met this standard have been clearly established. "In reviewing a motion to dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir.1987). This Court need not credit, however, any conclusory allegations of law, unsubstantiated conclusions, and/or unwarranted factual inferences. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). In addition, a complaint should be dismissed only if it appears to a legal certainty that a plaintiff could prove no set of facts which would entitle him or her to relief. D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir.1984).

III. DISCUSSION

A. Claims Under 42 U.S.C. § 1983

1. 42 U.S.C. § 1983: Background

42 U.S.C. § 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States. Section 1983 does not create any new substantive rights, but instead provides a remedy for the violation of a federal constitutional or statutory right. Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir.2000). To state a claim under § 1983, a plaintiff must show that the defendant, through conduct sanctioned under the color of state law, deprived him of a federal constitutional or statutory right. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Gruenke, 225 F.3d at 298.

In Count 1, Plaintiff alleges, inter alia, a violation of the Fourth Amendment to the United States Constitution as the basis for his § 1983 claim. (Compl. ¶ 38.) Plaintiff contends in substance that Defendants violated his constitutional rights by allowing and encouraging an unjustified canine attack on his person. (See Compl. ¶ 38(a)-(p).) In addition to asserting this claim against Defendants Vangelo and Weston for their alleged direct participation in the attack, Plaintiff seeks to impose municipal liability on the City of Easton pursuant to Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and supervisory liability on Defendants Palmer and Goldsmith. See, e.g., Brown v. Muhlenberg Township, 269 F.3d 205, 216 (3d Cir.2001).

*3 Plaintiff labels Count 1 of his Complaint, "Violation Of 42 U.S.C. § 1983." Contrary to his argument, the remaining Counts II-V, respectively labeled "Intentional Infliction Of Emotional Distress," "Assault And Battery," "Negligent Infliction Of Emotional Distress," and "Negligence," do not encompass § 1983 violations, but instead are exclusively supplemental state law tort claims.

2. 42 U.S.C. § 1983: Liability of Individual Defendants as Sued in their Official Capacity

The face of Plaintiff's Complaint states that Plaintiff is suing Defendants Sergeant Vangelo, Sergeant Weston, Officer John Doe, Chief of Police Palmer, and Mayor Goldsmith in both their official and individual capacities. The Supreme Court has stated that a suit under § 1983 against a municipal officer in his or her official capacity is tantamount to a suit against the municipality the officer represents. Consequently, an official capacity suit is treated as the equivalent of a suit against the municipal entity itself. Will v. Mich. Dept. Of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105

L.Ed.2d 45 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Thus, courts have dismissed claims brought against municipal employee defendants in their official capacity. *See, e.g., Grimm v. Borough of Norristown*, 226 F.Supp.2d 606, 635 (E.D.Pa.2002); *Burton v. City of Phila.*, 121 F.Supp.2d 810, 812 (E.D.Pa.2000); *Verde v. City of Phila.*, 862 F.Supp. 1329, 1336-37 (E.D.Pa.1994). Accordingly, we grant Defendants' Motion To Dismiss on the § 1983 claim brought against each Defendant in his official capacity.

3. *42 U.S.C. § 1983: Negligent Conduct*

In support of Count 1 of the Complaint, Plaintiff alleges, *inter alia,* that Defendants violated his Constitutional rights through "the intentional *or negligent* infliction of emotional distress upon the Plaintiff" and "by the *negligent* retention of personnel and the *negligent* assignment of certain personnel to high risk units which would result in the likelihood of serious injury to innocent citizens or visitors." (Compl.¶¶ 38(e), 38(h) (emphasis added).) Defendants correctly note that where a governmental official's act causing injury is merely negligent, no constitutional violation is made out. *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Landol-Rivera v. Cruz Cosme*, 906 F.2d 791, 797 (1st Cir.1990) (holding no due process violation when a police officer negligently shot a hostage while in pursuit of a robbery suspect). Accordingly, Count 1 is dismissed only insofar as it relies upon the purportedly negligent conduct of Defendants.

B. *Pendant State Law Claims*

As noted above, we construe Counts II-V of Plaintiff's Complaint as state law tort claims, and not as § 1983 claims. Specifically, Count II alleges a claim for intentional infliction of emotional distress against all Defendants; Count III asserts a claim for assault and battery against Defendant Vangelo; Count IV alleges a claim for negligent infliction of emotional distress against all Defendants; and Count V sets forth a negligence claim against all Defendants. The individual Defendants are being sued in both individual and official capacities. Plaintiff's state law claims are pendant to his federal § 1983 claim, and are properly before the Court pursuant to our power to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Defendants seek dismissal of some or all of these claims against certain Defendants on various grounds.

1. *State Law Claims Against City of Easton and Against Individual Defendants in their Official and Individual Capacities*

*4 Defendants seek to dismiss Counts II-V as to the City of Easton and as to the individual Defendants in their official capacity. Defendants further move to dismiss Counts IV and V as to the individual Defendants in their personal capacity. Defendants refer to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons.Stat. §§ 8541-8564 ("PSTCA"), in support of their immunity argument. Section 8541 of the PSTCA provides that, "no local agency [FN2] shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person," 42 Pa. Cons.Stat. § 8541, subject to certain exceptions enumerated in §§ 8542 and 8550. Moreover, an employee of a local agency "is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter." § 8545. In short, an individual employee enjoys the same immunity as the agency. An employee of a local agency may, in addition, claim the defense of official immunity whereby an employee may assert that his or her conduct "was authorized or required by law, or that [the employee] in good faith reasonably believed the conduct was authorized or required by law." 42 Pa. Cons.Stat. § 8546(2). Therefore, Defendant City of Easton and the individual Defendants-the municipality's employees--are immune from Plaintiff's state tort claims unless those claims fall within the ambit of either §§ 8542 or 8550.

> FN2. "Local agency" is defined as "a government unit other than the Commonwealth government." 42 Pa. Cons.Stat. § 8501. The City of Easton is a local agency.

Section 8542 imposes liability on a local agency for negligent acts falling within the following categories: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks;

and (8) care, custody, or control of animals. 42 Pa. Cons.Stat. § 8542. It is apparent that none of these exceptions apply to the instant case. Defendant City of Easton thus retains its immunity as to all Plaintiff's state tort claims. Accordingly, we must grant Defendants' Motion To Dismiss Counts II, IV, and V as asserted against the City of Easton. [FN3]

> FN3. Defendants' Motion argues for dismissal of Counts II-V as against Defendant City of Easton. Count III of Plaintiff's Complaint, however, is asserted solely against Officer Vangelo.

Because a judgment against the individual Defendants in their official capacity would impose liability on the City, we grant Defendants' Motion To Dismiss on Plaintiff's state law claims brought against Defendants Vangelo, Weston, Palmer, Doe, and Goldsmith in their official capacity for the same reasons as discussed above. Section 8550, however, strips official immunity from employees whose acts constitute "a crime, actual fraud, actual malice or willful misconduct." 42 Pa. Cons.Stat. § 8550. The Pennsylvania Supreme Court has decided that, at least in the context of police misconduct cases, there must be a determination not only that the officer committed the acts in question, but that he willfully went beyond the bounds of the law. Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289 (Pa.1994). It is evident then that the alleged negligent acts of the individual Defendants, as averred in Counts IV and V, will not fall within the ambit of this exception, and thus we grant Defendants' Motion To Dismiss Counts IV and V in their entirety as against all Defendants.

C. Claims Against Defendant Weston

*5 Defendants argue that Plaintiff has alleged no set of facts that amount to a claim against Sergeant Weston. With respect to Sergeant Weston's involvement in the alleged deprivation of Plaintiff's constitutional rights, Plaintiff's Complaint, in relevant part, alleges the following:

Defendant Michael Weston is entrusted to protect the Constitutional rights of those he encounters and at all times relevant hereto was acting under his authority and color of law, and acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions, or acted independently.... (Compl.¶ 6.)

Plaintiff was subdued and not endangering anyone as the dog attacked. Noting the Plaintiff's circumstances, Defendant Vangelo moved to the area where Plaintiff was, assisted by Defendant Weston and another unknown police officer identified herein as John Doe. (Compl.¶ 15.)

It is believed, and therefore averred, that this savage attack was commanded at the direction of Defendant Vangelo, ... and continued for a period of time without any effort by any Defendant to halt it. (Compl.¶ 17.)

Defendant Vangelo knew, or should have known, that such attack directed at a person, would result in severe injuries to vital parts of the human body, something the other Defendants should also should [sic] have been aware of at the time. (Compl.¶ 18.)

Defendant Weston had also been trained as a canine officer. (Compl.¶ 19.)

On this night, Defendant Vangelo and the other Defendants deviated from proper procedure, did not control the dog, and allowed the dog to attack Plaintiff. (Compl.¶ 22.)

The actions of all the Defendants, collectively and individually, in planning, conducting, and carrying out the assault and battery on Plaintiff during his arrest ... (g) the failure of the individual Defendants to preclude, prevent, or restrain the other individual Defendants from effecting such deprivation of constitutional rights (Compl.¶¶ 38, 38(g).)

(See Compl. ¶¶ 6, 15, 17-19, 22, 38.)

While these allegations do not show that Defendant Weston was actively involved in procuring the attack, they demonstrate that he was present at the time of the attack, had knowledge of the attack, and yet failed to take action to either prevent or halt the attack. At this stage of litigation, Plaintiff has alleged enough to state a § 1983 claim against Defendant Weston based upon Defendant's nonfeasance. Indeed, "[a]n officer may be liable not only for his personal use of excessive force, but also for his failure to protect an arrestee from the excessive use of force by his fellow officers." Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir.2002); see also O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir.1988) ("A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers"); Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir.1986); Bruner v. Dunaway, 684 F.2d 422, 426 (6th Cir.1982), cert.

denied, 459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983); *Galatino v. Formica,* Nos. 88-4262, 89-935, 1989 WL 151164, at * 2 (E.D.Pa. Dec.13, 1989) (VanArtsdalen) ("A police officer, whether supervisory or not, who 'fails or refused to intervene when a constitutional violation such as an unprovoked beating takes place in his presence' is subject to liability under 42 U.S.C. § 1983" ' (quoting *Byrd,* 783 F.2d at 1007)). Accordingly, Defendants' Motion To Dismiss Plaintiff's § 1983 claim against Defendant Weston is denied.

*6 Having dismissed Counts IV and V in their entirety, the only remaining claim Plaintiff presently possesses against Defendant Weston is Count II, intentional infliction of emotional distress. In conclusory fashion, and without any supporting caselaw, Defendants state that, "[h]ere, simply because Defendant Sergeant Weston was trained in the use of police work dogs and on the scene does not constitute a constitutional violation or cause of action under state law." (Defs.' Motion at 15.) Local Civil Rule 7.1(c) provides in relevant part, "[e]very motion not certified as uncontested, ..., shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." E.D.Pa. R. Civ. P. 7.1(c). Failure to comply with this rule warrants denial of the motion. *See, e.g., Purcell v. Universal Bank, N.A.,* No. 01-02678, 2003 U.S.Dist. LEXIS 547 (E.D.Pa. Jan. 3, 2003) (Van Antwerpen). Defendants have failed to set forth a factual or legal basis in support of their contention. At this juncture, we deny Defendants' Motion To Dismiss Plaintiff's remaining state law claim against Defendant Weston.

D. *Motion To Strike Immaterial, Impertinent, And Scandalous Matter*

Defendants have moved under Fed.R.Civ.P. 12(f) to strike certain language from Plaintiff's Complaint as immaterial, impertinent, and scandalous. To succeed on this motion, Defendants must show that "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that the moving party is prejudiced by the presence of the allegations in the pleading." *Great West Life Assurance Co. v. Levithan,* 843 F.Supp. 858, 864 (E.D.Pa.1993). Motions to strike are generally disfavored in the federal system. *Id.*

In particular, Defendants challenge language found in ¶¶ 6, 25, 27, 29, 30, 31, 32, 33, and 34 of Plaintiff's Complaint. These allegations primarily address (1) the involvement of Defendant Weston in a past excessive force case involving a canine; (2) the involvement of other Easton police officers in past excessive force cases involving canines; (3) the involvement of other Easton police officers in allowing/encouraging past police dog attacks on both suspects and innocent civilians; and (4) the treatment of Easton police officers involved in canine incidents by certain individual Defendants. Defendants argue that the above summarized events have no relevance to Plaintiff's claim that Defendant Vangelo ordered his canine partner to attack Plaintiff. They further assert that Plaintiff's references to incidents involving police officers who are not defendants in the instant matter are inflammatory. We believe, however, that the language in dispute is pertinent to establishing Plaintiff's *Monell* claim against Defendant City of Easton. Section 1983 liability attaches to a municipal entity only "when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell,* 436 U.S. at 694, 98 S.Ct. 2018, 56 L.Ed.2d 611; *Andrews v. City of Phila.,* 895 F.2d 1469, 1480 (3d Cir.1990). In other words, a plaintiff must show that the municipality had an official policy or custom, and that the policy or custom caused the deprivation of a constitutionally protected right.

*7 A government policy or custom can be established in two ways. Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy or edict. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Andrews,* 895 F.2d at 1480. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well settled as to virtually constitute law." *Monell,* 436 U.S. at 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (internal quotations and citations omitted); *Andrews,* 895 F.2d at 1480. In either case, a plaintiff must show that a policymaker is responsible either for the policy, or through acquiescence, for the custom. *Andrews,* 895 F.2d at 1480.

*City of Canton, Ohio v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) expanded the bases for municipal liability to include inadequate police training. To recover under a failure to train theory, the plaintiff must show that (1) the failure to train amounted to a deliberate indifference to the rights of persons with whom the police come in contact; and (2) the municipality's policy actually caused a constitutional injury. *Id.* at 389-90, 392, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412. For the failure to train to constitute deliberate indifference, the failure must reflect a deliberate or conscious choice made by municipal policymakers. *Id.* at 389, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412.

Evidence of prior incidents involving Easton police officers and canine attacks as well as the response of supervisory personnel to those involved in such events is relevant to establishing *Monell* liability on the City of Easton. In particular, these incidents can be used show that the City of Easton, through its supervisory personnel, condoned a policy or custom of excessive use of force, and that the City failed to adequately train officers in the proper use of police dogs despite knowledge of prior problems. As such, we refuse to strike the challenged portions of the Complaint at this phase of the litigation. We will reexamine the issue at a later date if it becomes apparent that Plaintiff cannot establish a *Monell* claim.

IV. CONCLUSION

For the foregoing reasons, Defendants' Partial Motion To Dismiss is granted-in-part and denied-in-part, and Motion To Strike Immaterial, Impertinent, And Scandalous Material is denied. An appropriate order follows.

E.D.Pa.,2004.
Moore v. Vangelo
2004 WL 292482 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

- 2004 WL 2716395 (Trial Pleading) Defendants Michael J. Vangelo, Michael Weston, Lawrence Palmer, Thomas F. Goldsmith, and the City of Easton's Answer and Affirmative Defenses to Plaintiff's Complaint (Mar. 11, 2004)
- 2004 WL 2716394 (Trial Motion, Memorandum and Affidavit) Defendants Sergeant Michael Vangelo, Sergeant Michael Weston, Chief Lawrence Palmer, Mayor Thomas F. Goldsmith and the City of Easton's Reply to Plaintiff's Response to Defendants' Partial Motion to Dismiss and Motion to Strike Immaterial, Impertinen t, and Scandalous Material%n1%n (Jan. 16, 2004)
- 2003 WL 23902670 (Trial Motion, Memorandum and Affidavit) Order (Sep. 22, 2003)
- 2003 WL 23902663 (Trial Pleading) Plaintiff's Answer to Defendant's Motion to Limit Publicity (Sep. 08, 2003)
- 2:03CV04718 (Docket) (Aug. 14, 2003)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.