IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,                          )
                                               )
                    Plaintiffs,                )
                                               )
vs.                                            )        Civil Action No. 05-cv-00120-JJF
                                               )
HARVEY L. WALLS, et al.,                       )        **E-FILED**
                                               )
                    Defendants.                )
                                               )

**DEFENDANTS HARVEY L. WALLS, MARK A. ISAACS, JOHN M. EVANS, RICHARD H. COHEE, GREGORY A. HASTINGS, NINA LOU BUNTING, CHARLES M. BIRELEY, DONALD G. HATTIER, M. ELAINE MCCABE, LOIS M. HOBBS, EARL J. SAVAGE, THE INDIAN RIVER SCHOOL BOARD, AND THE INDIAN RIVER SCHOOL DISTRICT'S _AMENDED_ REPLY IN SUPPORT OF <u>MOTION TO STRIKE IMMATERIAL AND SCANDALOUS ALLEGATIONS</u>**

John D. Balaguer (Bar I.D. 2537)
WHITE and WILLIAMS LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 467-4501

and

John F. Cafferky, Esq.
William B. Porter, Esq.
Andrea D. Gemignani, Esq.
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, VA 22030

_Counsel for Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, Earl J. Savage, the Indian River School Board, and the Indian River School District_

Dated: May 27, 2005

## Table of Contents

I.   THE SCHOOL DISTRICT'S MOTION TO STRIKE IS PROCEDURALLY PROPER.............................................................................................................. 1

   A.   The FRCP Support the Procedure Employed by the School District................................ 1

   B.   The Case Law Cited by Plaintiffs is Inapposite. ............................................................. 3

II.  PLAINTIFFS' COMPLAINT CONTAINS PREJUDICIAL, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTER. ........................................................... 4

Conclusion.......................................................................................................................... 5

i

**Table of Authorities**

## Cases

Baker v. Monroe Township, 50 F.3d 1186 (3d Cir.1995)....................................................4

Best Foods, Inc. v. General Mills, Inc., 3 F.R.D. 459 (D. Del. 1944)................................5

C.H. v. Oliva, 226 F.3d 198 (3d Cir. 2000) ........................................................................4

Delaware Health Care, Inc. v. MCD Holding Co., 893 F. Supp. 1279 (D. Del. 1995).......4

De-Raef Corp. v. Horner Sales Corp., 10 F.R.D. 28 (W.D. Pa. 1950) ...............................3

First Nat'l City Bank v. Burton M. Saks Constr. Corp., 70 F.R.D. 417 (D.V.I. 1976).......3

Schmid v. Roehm GmbH, 544 F. Supp. 272 (D. Kan. 1982) ...............................................3

## Statutes

FED. R. CIV. P. 12 ..........................................................................................................1, 2

FED. R. CIV. P. 12(b)(6) ........................................................................................................3

FED. R. CIV. P. 12(f) ....................................................................................................1, 2, 3

FED. R. CIV. P. 12(g)............................................................................................................3

Defendants Indian River School Board, the Indian River School District and Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, and Earl J. Savage, in their individual and official capacity (collectively the "School District") file this Reply to their Motion to Strike Immaterial and Scandalous Allegations in the Complaint.

## I.    THE SCHOOL DISTRICT'S MOTION TO STRIKE IS PROCEDURALLY PROPER.

Presumably leading with their strongest point, Plaintiffs argue that the School District has waived its right to file the Motion to Strike (D.I. #30) by filing it after the Answer (D.I. #29).  Short on factual or legal support for such a position, Plaintiffs attack the credibility and conduct of counsel for the School District, suggesting that they hid text from the pertinent rule and attempted to mislead the Court by substituting ellipsis for controlling language.  (Opposition to Motion to Strike ("Opposition") at 4, D.I. # 39) Plaintiffs' argument, however, is not supported by the facts or the Federal Rules of Civil Procedure.  Indeed, as is discussed below, Plaintiffs have acknowledged in their Opposition that the procedure the School District followed was proper.

### A.    The FRCP Support the Procedure Employed by the School District.

Rule 12 of the Federal Rules of Civil Procedure outlines the process for filing responsive pleadings.  Regarding a motion to strike, Rule 12(f) states, in its entirety,[1] as follows:

---

[1] The only difference between this Amended Reply and the Reply filed earlier this day is the language contained in this footnote.  In the first Reply, this footnote explained the School District's rationale for the ellipsis it included on page 2 of the Motion to Strike.  Upon receipt of the Reply, Counsel for Plaintiffs called counsel for the School District and took issue with the manner in which the School District explained

1

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleadings upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

FED. R. CIV. P. 12(f).  With respect to filing multiple motions pursuant to Rule 12, Rule 12(f) states, in pertinent part, as follows:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party.

FED. R. CIV. P. 12(f).  In responding to Plaintiffs' Complaint, the School District complied fully with Rule 12 and timely filed all of its Rule 12 motions.

By agreement of the parties, on April 27, 2005, the Indian River School Board, the Indian River School District, and the individual defendants (apart from Defendant Reginald Helms), in their official capacity, filed their Answer to the Complaint with Affirmative Defenses ("Answer," D.I. #29).  At the same time, the Indian River School Board, the Indian River School District, and the individual defendants (apart from Defendant Reginald Helms), in their individual[2] and official capacity, filed their Motion to Strike (D.I. #30), Motion to Dismiss (D.I. #32), and Memorandum in Support of Motion to Dismiss (D.I. #31).

Because all of the School District's pleadings were filed on the same day and at the same time, the crux of Plaintiffs' argument must be the fact that the Answer was entered on the docket sheet before the Motion to Strike.  However, even if this were a legitimate basis for Plaintiffs' argument, which it is not, see FED. R. CIV. P. 12(g), the

---

its rationale. While the School District stands by its position, at the request of counsel for Plaintiffs, and to eliminate an otherwise irrelevant issue, the School District has agreed to "amend" its Reply by removing original footnote 1.

[2] The only pleadings filed by the individual defendants (apart from Defendant Reginald Helms) in their individual capacities were the Motion to Strike, Motion to Dismiss, and Memorandum in Support of Motion to Dismiss.  These parties have not otherwise answered the Complaint.

2

School District included Rules 12(b)(6) and 12(f) as bases for dismissal in the Answer. (Answer at 1-2 (including motion to dismiss and motion to strike as first and third defenses, respectively, prior to responding to the numbered paragraphs of the Complaint in the fourth defense))  Indeed, Plaintiffs explicitly acknowledge in their Opposition that the appropriate procedure was to raise the Motion to Strike in the Answer.  (Opposition at 4, D.I. #39 ("Defendants could have raised their objections in the Answer itself."))

### B.    The Case Law Cited by Plaintiffs is Inapposite.

As support for their position on the "timing requirement," Plaintiffs cite three cases from outside of Delaware.  (Opposition at 4-5, D.I. #39)  None of these cases provide support for Plaintiffs' position.

Unlike the Motion to Strike in this case, which was filed contemporaneously with an answer that referenced the Motion to Strike and other motions, in Schmid v. Roehm GmbH, 544 F. Supp. 272 (D. Kan. 1982), the court denied the plaintiff's motion to strike defenses that were raised in an answer on timeliness grounds because the motion had been filed 38 days after the answer was filed.  Id. at 273.  Similarly, in First Nat'l City Bank v. Burton M. Saks Constr. Corp., 70 F.R.D. 417 (D.V.I. 1976), the court denied a motion to strike affirmative defenses raised in an answer on timeliness grounds because the motion had been filed nearly six months after the answer was filed.  Id. at 419.  In De-Raef Corp. v. Horner Sales Corp., 10 F.R.D. 28 (W.D. Pa. 1950), the court denied a motion to strike allegations in a counterclaim because the plaintiff had filed a reply. However, the opinion does not address the impact of Rule 12(f) and a party's right to join motions filed at the same time.

3

**II.    PLAINTIFFS' COMPLAINT CONTAINS PREJUDICIAL, IMMATERIAL, IMPERTINENT AND SCANDALOUS MATTER.**

In their Opposition, Plaintiffs go to great lengths to discuss the standard for motions to strike, which this District has outlined in <u>Delaware Health Care, Inc. v. MCD Holding Co.</u>, 893 F. Supp. 1279, 1291-92 (D. Del. 1995). However they cite no law and make no attempt to respond to the argument outlined by the School District in the Motion to Strike: a defendant in a civil rights suit cannot be held responsible for an alleged constitutional violation that he or she neither participated in nor approved. (Motion to Strike at 3, D.I. #30 (citing <u>C.H. v. Oliva</u>, 226 F.3d 198, 201-02 (3d Cir. 2000) and <u>Baker v. Monroe Township</u>, 50 F.3d 1186, 1190 (3d Cir.1995))).

Instead of addressing the School District's legal argument, Plaintiffs offer – without any supporting legal authority – that the challenged allegations are necessary to demonstrate the "environment [the School District] fostered" in the community. (Opposition at 7, D.I. #39) However, any actions taken by the community are irrelevant to a Section 1983 action and any reference to them must be stricken because they have no relationship to the claim for relief, they do not pertain to the issues in question, and they have the effect of causing the School District prejudice. <u>See</u> <u>Delaware Health Care</u>, 893 F. Supp. at 1291-92.

By way of example, there can be no serious disagreement that the School District did not participate in the alleged comments made to Samantha Dobrich while she was at work, (Complaint ¶ 107, D.I. #1) or the alleged suggestion by a member of the community that Mona Dobrich "might just 'disappear' like Madalyn Murry O'Hair," (Complaint ¶ 101, D.I. #1). Indeed, the position taken by Plaintiffs' in their Opposition highlights exactly why the Court should strike the challenged allegations: Plaintiffs'

4

theory serves to draw the focus of the litigation away from the legal standard for a Section 1983 action and, instead, hold the School District responsible for the alleged conduct of the community.

Allowing the challenged allegations to remain in the Complaint would prejudice the School District because Plaintiffs would have, effectively, transformed this lawsuit into many unrelated lawsuits.  See Best Foods, Inc. v. General Mills, Inc., 3 F.R.D. 459, 461 (D. Del. 1944).  As a result, the School District will have to defend a host of allegations that have no bearing to the issues in the action and do not relate to the parties before the Court.

### Conclusion

For the foregoing reasons, the School District respectfully requests that this Court strike the Complaint filed by Plaintiffs or, in the alternative, strike paragraphs 12, 78, 85-87, 89-90, 96-97, 99-100, 103, and 106-110.

**WHITE and WILLIAMS LLP**

By:

John D. Balaguer (Bar I.D. 2537)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 467-4501

and

5

John F. Cafferky, Esq.
William A. Porter, Esq.
Andrea D. Gemignani, Esq.
BLANKINGSHIP & KEITH
4020 University Drive, Suite 300
Fairfax, VA 22030

*Counsel for Defendants Harvey L.
Walls, Mark A. Isaacs, John M.
Evans, Richard H. Cohee, Gregory
A. Hastings, Nina Lou Bunting,
Charles M. Bireley, Donald G.
Hattier, M. Elaine McCabe, Lois M.
Hobbs, Earl J. Savage, the Indian
River School Board, and the Indian
River School District*

Dated:  May 27, 2005

6

**Certificate of Service**

I certify that on the 27th day of May 2005, I electronically filed the foregoing

with the Clerk of the Court using CM/ECF, which will send notification of such filing to

the following:

> Thomas J. Allingham II, Esq.
> Robert S. Saunders, Esq.
> One Rodney Square, P.O. Box 636
> Wilmington, Delaware, 19899
> *Counsel for Plaintiffs*
>
> Thomas S. Neuberger, Esq.
> Stephen J. Neuberger, Esq.
> The Neuberger Firm, P.A.
> Two East Seventh Street, Suite 302
> Wilmington, DE 19801
> *Counsel for Defendant Reginald L. Helms*

John D. Balaguer, Esq.

7