# White and Williams LLP

824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245

*John D. Balaguer*
Direct Dial: 302.467.4501
Direct Fax: 302.467.4551
balaguerj@whiteandwilliams.com

June 8, 2005

**By Hand Delivery and E-file**

Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street
Lock Box 27
Wilmington, DE 19801

      RE:    Dobrich, et al. v. Walls, et al.
               **Civil Action No.  05-120**

Dear Judge Farnan:

Counsel for the parties had the opportunity earlier this week to confer concerning a plan of pretrial discovery, as required by Fed. R. Civ. P. 26(f) and your May 20, 2005 Order. I am pleased to report that counsel were able to agree on all of the provisions of a Rule 16 Scheduling Order, with one important exception. The proposed order, including blanks in the applicable paragraph, is being forwarded to you today by Plaintiffs' counsel. By agreement, the parties are filing simultaneous submissions to state their position concerning the area of disagreement. This letter is submitted on behalf of all of the defendants.

Remaining Area of Disagreement:  Number and Duration of Non-Party, Non-Expert Depositions

The one remaining area of dispute concerns the number and length of third-party fact witness depositions to be conducted by each side, ¶ 4(d) of the proposed order. Specifically, there is significant disagreement between Plaintiffs and Defendants as to the number, and duration, of non-expert, non-party depositions which should be permitted. Plaintiffs have contended that they should be permitted one hundred depositions. Defendants Indian River School Board, its Board Members, Superintendent and Assistant Superintendent, however, submit that this amount of deposition discovery – or even half or a third of that amount – would be significantly and unduly burdensome upon the operation of the school system, and vastly exceeds the needs of this case. These Defendants submit that the number of non-party, non-expert depositions should be limited to fourteen, with seven limited to two hours, and the other seven limited to four hours.

I want to emphasize that we are not referring here to depositions of the parties (Plaintiffs have named fourteen defendants), nor expert witnesses which the parties will later identify. We are

Honorable Joseph J. Farnan, Jr.
June 8, 2005
Page 2

referring, and are concerned, here only with the depositions of teachers, coaches, principals and assistant principals, other school administrators, and possibly other un-named third parties.

Imposing reasonable limitations upon depositions is something well within the Court's sound discretion under Fed. R. Civ. P. 26. See, e.g. Whittingham v. Amherst College, 163 F.R.D. 170 (D. Mass 1995) (motion for leave to take more than ten depositions denied, where plaintiff has not exhausted other discovery means to obtain the information, and has not specified the individuals whom he intends to depose); Sigala v. Spikouris, 2002 U.S. Dist LEXIS 10743 (E.D. N.Y. 2002) (number of depositions limited to ten, where party produced no evidence beyond pure speculation that additional persons he desired to depose would provide evidence not cumulative of that available from parties he was permitted to depose) With all due respect, Defendants submit that this is precisely the type of "exorbitantly expansive discovery" decried in Whittingham, 163 F.R.D. at 172.

Indeed, Fed. R. Civ. P. 30 (a)(2)(A) requires leave of court for either side to take more than 10 depositions *in total*. In that light, the defendants' proposal, which contemplates 14 non-party non-expert depositions, is entirely reasonable. What's more, the proposed scheduling order provides that the limitation on depositions can be surpassed by agreement of the parties or with leave of court for good cause shown. Thus, if after taking 14 non-party fact witness depositions, the plaintiffs contend that they need more, the Court can, if necessary, address the issue at that time, in the context of the discovery already completed and consistent with the principles stated in Rule 26(b)(2).

Actual Factual Issues in the Case, and Information in the Hands of the Parties

This is not a class action, nor some sort of multi-district litigation. The Complaint has been filed by two families. Much of the information contained therein should therefore be in the hands of those plaintiffs. For example, the 2004 graduation about which they complain (Compl. ¶¶ 26-30, 70-74) was one which was attended by several of the plaintiffs, and many of the named defendants. The same is true for the seven School Board meetings referenced in the Complaint. (Compl. ¶¶ 52-69, 74-84, 89-105, 126-127, 132). The Complaint does make some reference to extraneous comments by third parties, such as comments of radio talk show hosts or anonymous callers (Compl. ¶¶ 87, 106), or a passerby at Ace Hardware (id. ¶ 107), but Defendants submit that these allegations are not germane to the issues properly before the Court, and have moved to strike them.

Moreover, the Complaint in this case is lengthy, and presumably is based upon the type of pre-filing investigation required by the rules. Nonetheless, only about a half-dozen non-parties are specifically identified in it. A limit of fourteen depositions would provide ample opportunity to depose those individuals, and several more in addition. There is no reason, however, for the Court to allow a dragnet of other depositions which would be five, ten or even fifteen times that number, as Plaintiffs have requested.

Honorable Joseph J. Farnan, Jr.
June 8, 2005
Page 3

### Information Available, and to be Provided, through Other Discovery Means

Furthermore, considering all of the factual information which will be exchanged by other discovery processes, dozens of additional fact depositions should not be necessary. The agreed provisions of the order submitted to you will require that the parties submit their respective mandatory disclosures in 30 days. The parties will then have 3 ½ months thereafter to conduct document discovery, and propound over four-dozen interrogatories and/or requests for admission. The Defendants submit that given the information which all these processes will yield, dozens and dozens of non-party depositions are not reasonably necessary.

### Burden Upon the School District

While the Indian River School District is not a tiny one, it is not a huge district either. As the Complaint notes, the school district has a total of about a thousand employees. (Compl. ¶ 15). Thus the Plaintiffs' request for 100 non-party, non-expert depositions could involve as much as ten percent of the District's total workforce. Moreover, taking dozens of teachers, principals, coaches, and administrators out of their schools for depositions, and associated preparation and review, would be highly disruptive to the core mission of the schools, i.e. to provide education to students. For the same reason, for those depositions which the Court does authorize, Defendants ask that they be limited in time so as not unduly to divert the deponent from his or her educational responsibilities.

### Conclusion

For the foregoing reasons, Defendants request that paragraph 4(d) of the proposed order be completed with 14 non-expert, non-party depositions, of which 7 be limited to 2 hours in length, and seven limited to 4 hours in length.

Respectfully,

WHITE AND WILLIAMS LLP

By: _____
John D. Balaguer (Bar ID #2537)

cc:    John F. Cafferky, Esquire, via facsimile
       Thomas J. Allingham, II, Esquire, via e-file
       Thomas S. Neuberger, Esquire, via e-file