IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH and                 :
MARCO DOBRICH, individually      :
and as parents and next          :
friend of ALEXANDER DOBRICH,     :
JANE DOE and JOHN DOE,           :
individually and as parents      :
and next friend of JORDAN DOE    :
and JAMIE DOE,                   :
                                 :
          Plaintiffs,            :
                                 :
     v.                          : Civil Action No. 05-120-JJF
                                 :
HARVEY L. WALLS, MARK A.         :
ISAACS, JOHN M. EVANS,           :
RICHARD H. COHEE, GREGORY A.     :
HASTINGS, NINA LOU BUNTING,      :
CHARLES M. BIRELEY, DONALD G.    :
HATTIER, REGINALD L. HELMS,      :
M. ELAINE McCABE, individually   :
and as members of the Indian     :
River School Board, LOIS M.      :
HOBBS, individually and as       :
District Superintendent,         :
EARL J. SAVAGE, individually     :
and as Assistant District        :
Superintendent, THE INDIAN       :
RIVER SCHOOL BOARD and THE       :
INDIAN RIVER SCHOOL DISTRICT,    :
                                 :
          Defendants.            :

---

Thomas J. Allingham II, Esquire, Robert S. Saunders, Esquire, and
Rosemary S. Goodier, Esquire of SKADDEN ARPS SLATE MEAGHER &
FLOM, LLP, Wilmington, Delaware.
Attorneys for Plaintiffs.

Thomas S. Neuberger, Esquire and Stephen J. Neuberger, Esquire of
THE NEUBERGER FIRM, P.A., Wilmington, Delaware.
Of Counsel: John W. Whitehead, Esquire and Douglas R. McKusick,
Esquire of THE RUTHERFORD INSTITUTE, Charlottesville, Virginia.
Attorneys for Defendant, Reginald L. Helms.

John D. Balaguer, Esquire of WHITE and WILLIAMS LLP, Wilmington,
Delaware.
<u>Of Counsel</u>:  John F. Cafferky, Esquire, William Porter, Esquire
and Andrea D. Gemignani, Esquire of BLANKINGSHIP & KEITH,
Fairfax, Virginia.
Attorneys for Defendants Harvey L. Walls, Mark A. Isaacs, John M.
Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting,
Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M.
Hobbs, Earl J. Savage, the Indian River School Board, and the
Indian River School District.

---

**O P I N I O N**

August ⟨2⟩, 2005
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is a Motion To Dismiss All Claims Against Him In His Individual Capacity (D.I. 7) filed by Defendant Reginald L. Helms and a Motion To Dismiss On Behalf Of Defendants Walls, Isaacs, Evans, Cohee, Hastings, Bunting, Bireley, Hattier, McCabe, Hobbs, Savage And The Indian River School Board And Indian River School District (D.I. 32). For the reasons discussed, the Court will grant the Motion To Dismiss filed by Defendant Reginald L. Helms and grant-in-part and deny-in-part the Motion To Dismiss filed by the remaining Defendants.

**BACKGROUND**

I.    **Procedural Background**

Plaintiffs filed the instant action on February 28, 2005, pursuant to 42 U.S.C. § 1983. Plaintiffs' Complaint alleges claims based on violations of the First and Fourteenth Amendments of the United States Constitution arising in connection with alleged school sponsored prayer at functions, events and School Board meetings in the Indian River School District (the "District" or the "School District"). Specifically, Plaintiffs allege that (1) Defendants have unconstitutionally created an establishment of religion (Count I), (2) Defendants have violated Plaintiffs' rights to freely exercise their religious beliefs (Count II), and (3) Defendants have failed to train personnel in

1

the Indian River School District to avoid establishing religion within the District and violating the free exercise rights of students, parents and employees in the District.  As relief, Plaintiffs request (1) compensatory and nominal damages for the alleged emotional distress and pecuniary loss suffered by Plaintiffs, (2) an injunction (i) banning Defendants from promoting, conducting or permitting religious exercises or prayer at school functions, including but not limited to graduation ceremonies, athletic activities, holiday festivals, awards presentations and School Board meetings, and (ii) requiring the District to distribute its school prayer policies publicly and to establish procedures for reviewing violations of the policy, and (3) a declaratory judgment that the customs, practices and policies of the District with regard to religion at School Board meetings and school functions are unconstitutional.

Defendant Helms filed an Answer to the Complaint and a Motion To Dismiss for failure to state a claim against him in his individual capacity.  The remaining Defendants filed a separate Answer and a Motion To Dismiss.  The motions have been fully briefed, and therefore, the Court will proceed to the merits of the issues raised by the parties.

## II.  Factual Background

The following factual background is taken from the

allegations of Plaintiffs' Complaint.  Plaintiffs Mona and Marco
Dobrich are the parents of twelve year old Plaintiff Alexander
Dobrich, who completed grades one through five at North
Georgetown Elementary School, and Samantha Dobrich who graduated
from Sussex Central High School on June 3, 2004.[1]  Plaintiffs
Mona and Marco Dobrich are homeowners in the District and pay
taxes in the District; however, only Plaintiff Marco Dobrich
remains a resident of the District.  In the Complaint, the
Dobrich Plaintiffs have identified themselves as Jewish.

Plaintiffs Jane and John Doe are also residents of the
District.  Their children are Plaintiff Jordan Doe, who currently
does not attend a District school but plans to return to a
District school for high school, and Plaintiff Jamie Doe, who
currently is a student within the District.  The Doe Plaintiffs
have not identified themselves, because they fear retaliation by
members of the community and employees of the District.

The Defendant School District is located in Southeastern
Sussex County and serves the towns of Selbyville, Frankford,
Dagsboro, Gumboro, Fenwick Island, Bethany Beach, Ocean View,
Millsboro and Georgetown.  The District consists of seven
elementary schools, two middle schools, two high schools, an arts

---

[1]    Samantha Dobrich is not named as a plaintiff in this
action.

magnet school and an outdoor education center.  The School Board governing the District is a ten member elected body.  Defendants Walls, Isaacs, Evans, Cohee, Hastings, Bunting, Bireley, Hattier, Helms and McCabe currently serve on the Board and have been Board members since at least 2002.  Defendants Hobbs and Savage are the District Superintendent and Assistant District Superintendent, respectively.  They have been in their positions since at least 2002.  Ms. Hobbs has announced that she will resign her position in mid-2006.

Plaintiffs allege that school sponsored prayer has pervaded the lives of teachers and students in the District schools. Plaintiffs allege that prayers have been recited at graduation ceremonies, athletic events, potluck dinners, ice cream socials, awards ceremonies, and other events.  Plaintiffs also allege that District employees have led three different Bible Clubs, one for sixth grade students, one for seventh grade students and one for eighth grade students, and that students involved in these clubs have received "special privileges" like donuts and being able to head the lines to lunch.  Plaintiffs further allege that at least one elementary school in the District distributed Bibles during the 2003 school year, and that religion has become part of the District's curriculum in that several teachers have referred to religion during their classes.

4

With respect to School Board meetings, Plaintiffs allege
that the School Board opens each of its meetings with a prayer
and that Defendants Evans and Hattier specifically opened
meetings with prayers in "the Lord's name" and "in the name of
Christ."  Plaintiffs allege that children regularly attend School
Board meetings to receive awards and/or for hearings and other
matters.  Plaintiffs allege that "the School Board makes District
and school policy at School Board meetings and that . . . School
Board meetings are an integral component of the District's public
school system."  (D.I. 1 at ¶ 69).

In specific response to an incident of Christian prayer at
her daughter's graduation ceremony, Plaintiff Mona Dobrich lodged
complaints with Defendant Hobbs and Defendant Walls.  Plaintiff
Mona Dobrich also spoke out at School Board meetings and
requested that the name of Jesus not be used at school events.
Other members of the public opposed Plaintiff Mona Dobrich's
position and spoke out in favor of school sponsored prayer.  The
School Board eventually announced that it would form a committee
to develop a policy regarding prayer at graduation ceremonies.

Local radio stations followed the school prayer issue raised
by the Dobrich Plaintiffs.  As a result, the issue gained a great
deal of public attention.  In addition to the feelings of
isolation the Dobrich Plaintiffs allege that they suffered as a

5

result of the alleged incidences of school sponsored prayer, the
Dobrich Plaintiffs also allege that they have endured public
insults, threats and jeering as a result of their stand on the
prayer issue.  Plaintiffs Mona and Alexander Dobrich allege that
as a direct result of the policies and practices of the School
Board and School District, they decided to leave the School
District.  The Dobrich Plaintiffs allege that they were forced to
live apart, with Plaintiffs Mona and Alexander Dobrich moving
into an apartment in Wilmington so that Alexander could attend
private school in Philadelphia, and Plaintiff Marco Dobrich
continuing to live in Sussex County so he could retain his
employment.  The Dobrich Plaintiffs allege that this living
arrangement has caused them to have increased expenses in the
form of rent for an apartment in Wilmington, in addition to the
mortgage for their house in Sussex County.

Although the District formulated new policies entitled
"School Prayer at Commencement/Graduation and Baccalaureate
Ceremonies", "Board Prayer at Regular Board Meetings" and
"Religion," the Plaintiffs allege that these policies were not
distributed publicly in order to prevent their implementation and
impede their ultimate effectiveness.  The Plaintiffs also allege
that the District has not conducted investigations into continued
complaints, has violated the policies it has formulated, and has

failed to respond to good faith efforts by the Plaintiffs and
their attorneys to address deficiencies in the policies.

### STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the
Court may dismiss a complaint for failure to state a claim upon
which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  The
purpose of a motion to dismiss is to test the sufficiency of a
complaint, not to resolve disputed facts or decide the merits of
the case.  When considering a motion to dismiss, a court must
accept as true all allegations in the complaint and must draw all
reasonable factual inferences in the light most favorable to the
plaintiff.  The Court is not required to accept legal conclusions
either alleged or inferred from the pleaded facts.  Further,
dismissal is only appropriate when it appears beyond doubt that
the plaintiff can prove no set of facts in support of the alleged
claims, and the burden of demonstrating that the plaintiff has
failed to state a claim upon which relief may be granted rests on
the movant.

### DISCUSSION

**I.   Whether Plaintiffs Have Standing To Maintain Their Claims**

As a threshold matter, Defendants Walls, Isaacs, Evans,
Cohee, Hastings, Bunting, Bireley, Hattier, McCabe, Hobbs,
Savage, the Indian River School Board and the Indian River School

7

District (collectively, "Defendants") challenge Plaintiffs'
standing to maintain this action.  Specifically, Defendants
contend that the Plaintiffs Mona and Marco Dobrich do not have a
child in the School District, and therefore, they cannot maintain
a derivative claim on behalf of their child and lack standing to
seek prospective injunctive and declaratory relief.  As for the
Doe Plaintiffs, Defendants contend that the Complaint does not
allege that the Doe Plaintiffs were present for or participated
in many of the alleged unconstitutional events cited by
Plaintiffs, and thus, Defendants contend that the Doe Plaintiffs
lack standing to pursue claims based on these activities and
events.

Under Article III of the Constitution, the Court's judicial
power is limited to the resolution of "cases" and
"controversies."  Valley Forge Christian College v. Americans
United For Separation Of Church And State, Inc., 454 U.S. 464,
471 (1982).  Incident to this requirement is the additional
requirement that the plaintiff have standing to assert his or her
claims.  Id.  To establish standing, the plaintiff must show:
(1) an injury in fact, (2) a causal connection between the injury
and the conduct complained of, and (3) that the injury is not
speculative and will likely be redressed by a favorable decision.

To establish an "injury in fact," the plaintiff must "show

8

that he [or she] personally has suffered some actual or
threatened injury as a result of the putatively illegal conduct
of the defendant." Id. at 472 (citations omitted).  The
plaintiff cannot base his claims on the legal rights or interests
of third parties or on "generalized grievances" or "abstract
questions of wide public significance." Id. at 474.  Rather, the
plaintiff must assert his or her own legal rights and interests.

With respect to claims brought under the Establishment
Clause, the Supreme Court has recognized that parents have a
cognizable interest in their children's religious education.
Thus, parents independently have standing to challenge actions of
their children's school, provided that the parents' children are
directly affected by those actions.  Sch. Dist. of Abington
Township v. Schempp, 374 U.S. 203, 224 n.9 (1963); Donovan v.
Punxsutawney Area School Board, 336 F.3d 211, 217 n.2 (3d Cir.
2003).

The Dobrich Plaintiffs assert a claim for damages for
alleged past constitutional violations by Defendants, and
therefore, the Court concludes that these Plaintiffs have
standing to maintain that claim.  Donovan, 336 F.3d at 218.
However, Plaintiff Alexander Dobrich is no longer a student in
the Indian River School District, and he and his mother,
Plaintiff Mona Dobrich, are no longer residents in the School

District.  Therefore, the Court concludes that Plaintiffs Mona and Alexander Dobrich do not have standing to maintain their claims for prospective damages, and for declaratory and injunctive relief.[2]  See Donovan, 336 F.3d at 216.

With respect to Plaintiff Marco Dobrich, he contends that he has standing to seek injunctive and declaratory relief concerning the School Board's practice of opening its meetings with prayer, because he is a resident of the District and has regularly attended School Board meetings.[3]  The Court concludes that

_____

[2]    Apart from the lack of standing, the Court also concludes that the Dobrich Plaintiffs' claim for injunctive relief is moot.  Plaintiff Alexander Dobrich is not a student in the District and has not alleged that he would ever return to school in the District.  See Schanou v. Lancaster County School District, 62 F.3d 1040, 1043 (8th Cir. 1995) (concluding that claim for injunctive relief was moot where plaintiff had no other children and only child had no prospect of ever returning to the district as a student).

[3]    As the Court has stated, it is Plaintiffs' burden to establish standing.  At this juncture, Plaintiffs have not established that Plaintiff Marco Dobrich has standing to challenge the practices of the School District beyond the claim related to School Board prayer.  Like Plaintiff Mona Dobrich, Plaintiff Marco Dobrich has no children in the School District, and therefore, his standing is limited to the School Board prayer issue.  Stated another way, he does not have standing to pursue his claims as a parent of Plaintiff Alexander Dobrich, because Alexander Dobrich no longer attends school in the District.

In addition, the Court notes that Plaintiffs allege in the Complaint that both Plaintiffs Mona and Marco Dobrich pay taxes in the School District; however, Plaintiffs have not asserted standing based upon taxpayer status.  See Flast v. Cohen, 392 U.S. 83 (1963) (discussing two-prong test for taxpayer standing).

Plaintiff Marco Dobrich has standing to challenge this specific practice of the School Board based on his residency in the District and his attendance at School Board Meetings.

As for the Doe Plaintiffs, Plaintiffs allege that Jordan Doe attended middle school in the District and plans to return to the District for high school.  Currently, however, Jordan Doe has transferred to another school.  Plaintiffs also allege that Jamie Doe attends an elementary school in the District and plans to attend middle and high school in the District.  Based on the allegations that the Doe Plaintiffs currently have a child attending the Indian River School District, the Court concludes that the Doe Plaintiffs have standing to seek injunctive and declaratory relief with respect to the alleged religious practices of the School District and School Board.[4]

However, the Complaint does not allege that the Doe Plaintiffs were present for or participated in many of the alleged events forming the basis of their claims.  By way of example, the Doe Plaintiffs do not allege that they attended graduation ceremonies or sporting events during which prayers

---

[4]     Defendants contend that Jordan Doe lacks standing because he is not a student in the District.  However, the Doe parents and Jamie Doe clearly have standing to pursue their claims for declaratory and injunctive relief based on Jamie Doe's attendance at a school within the District.  Accordingly, the Court need not address the question of Jordan Doe's standing which may implicate factual issues.

11

were said.  The Doe Plaintiffs also do not allege that religion
was discussed in any of Plaintiff Jamie or Plaintiff Jordan Doe's
classrooms.  Because the Doe children are not alleged to have
been directly affected by events for which they were not present,
the Doe Plaintiffs have not established an injury in fact with
respect to claims based on such incidents.  Accordingly, the
Court concludes that the Doe Plaintiffs do not have standing to
pursue claims based on incidents for which they have not alleged
they were present.

    In sum, the Court will grant Defendants' Motion To Dismiss
the claims for prospective damages and declaratory and injunctive
relief brought by the Dobrich Plaintiffs to the extent those
claims are based on actions occurring within the School District,
because the Dobrich Plaintiffs no longer have children in the
School District.  The Dobrich Plaintiffs may pursue their claim
for damages for past violations of their constitutional rights,
and Plaintiff Marco Dobrich may pursue a claim for damages,
injunctive and declaratory relief as it pertains to the alleged
practice of opening meetings of the School Board with prayers.
As for the Doe Plaintiffs, the Court will grant Defendants'
Motion To Dismiss the claims of the Doe Plaintiffs to the extent
that they are based on events for which the Doe Plaintiffs were
not present; however, the Doe Plaintiffs may otherwise proceed

with their claims for past damages, and based on the status of
Jamie Doe as a student in the District, may otherwise proceed
with their claims for injunctive and declaratory relief.

**II.   Whether Plaintiffs' Claims Are Time-Barred**

Defendants also contend that Plaintiffs' Section 1983 claims
are time-barred to the extent that they are based upon alleged
actions which occurred outside of the limitations period.
Specifically, Defendants contend that Plaintiffs cannot assert
claims based on actions occurring while Plaintiff Mona Dobrich
attended the Indian River School District or for actions
occurring during Samantha Dobrich's ninth, tenth or eleventh
grade years.  Defendants also contend that allegations pled with
no dates or time frames should be dismissed, unless Plaintiffs
can show that the alleged acts occurred within the two-year
limitations period.

In response, Plaintiffs contend that the Complaint alleges a
persistent ongoing pattern of school sponsored prayer.  Because a
pattern and custom is alleged, Plaintiffs contend that
allegations of conduct predating the limitations period should
not be dismissed under the continuing violations doctrine.

Plaintiffs' claims are based on 42 U.S.C. § 1983, and
therefore, the statute of limitations governing personal injury
actions under Delaware state law applies to their claims.  <u>Owens</u>

13

v. Okure, 488 U.S. 235, 240-241 (1989).  In Delaware, the

applicable statute of limitations is two years.  10 Del. C. §

8119.  Plaintiffs' Complaint was filed on February 23, 2005, and

therefore, the Court concludes that any claims based on actions

occurring prior to February 23, 2005 are barred by the statute of

limitations, unless the limitations period is tolled.

Plaintiffs contend that the continuing violation doctrine

applies to their claims, such that their claims based on conduct

falling outside the limitations period are not time-bared.  Under

the continuing violation doctrine, a plaintiff can pursue claims

based on conduct that began prior to the limitations period, if

the plaintiff can show that the conduct is part of an ongoing

practice.  To determine whether the continuing violation doctrine

applies, the Court must consider:  (1) whether the complaint

alleges any violations within the limitations period, and (2)

whether the conduct is reasonably related to conduct that

occurred within the limitations period.  West v. Philadelphia

Electric Co., 45 F.3d 744, 754-755 (3d Cir. 1995).  To establish

the second prong of this test, the plaintiff must demonstrate

that the action is not an isolated occurrence or sporadic act,

but part of a consistent, on-going pattern.  Id. at 755.  Factors

which are relevant to this determination include, but are not

limited to:  (1) the subject matter of the conduct, i.e. whether

14

it involves the same type of conduct, (2) the frequency of the
conduct, and (3) whether the nature of the violations should
trigger the plaintiff's awareness of the need to assert his or
her rights.  Cowell v. Palmer Township, 263 F.3d 286, 292 (3d
Cir. 2001).

Viewing the Complaint in the light most favorable to
Plaintiffs as the Court must in the context of a motion to
dismiss, the Court concludes, at this juncture of the case, that
Plaintiffs' allegations are sufficient to establish the type of
ongoing and continuing pattern needed for application of the
continuing violation doctrine.  Thus, the Court will deny
Defendants' Motion To Dismiss based on the statute of
limitations.

### III. Whether Plaintiff's Claims Under 42 U.S.C. § 1983 Should Be Dismissed Against The Individual Defendants In Their Individual Capacities

   A.   Whether The Individual School Board Members In Their
        Individual Capacities Are Shielded From Liability By
        Absolute Immunity

By their Motions, Defendant Helms and Defendants Walls,
Isaacs, Evans, Cohee, Hastings, Bunting, Bireley, Hattier and
McCabe (collectively, the "School Board Defendants") contend that
they are entitled to absolute legislative immunity from
Plaintiffs' claims alleged against them in their individual
capacities.  In response, Plaintiffs contend that legislative

15

immunity does not shield the School Board Defendants from
liability, because the actions taken by the School Board
Defendants are not legislative acts, but acts which are more
appropriately characterized as administrative and/or managerial
in nature.

In <u>Bogan v. Scott-Harris</u>, 523 U.S. 44, 54 (1998), the United
States Supreme Court expressly confirmed what had been implicit
in their prior precedents and well-rooted in history and the
common law, that absolute immunity extends to legislators at all
levels of government, including the local level, such that
"[l]ocal legislators are entitled to absolute immunity from §
1983 liability for their legislative activities."  The principle
of absolute immunity is also properly extended to School Board
members in Delaware.  <u>McHugh v. Bd. of Educ. of the Milford Sch.
Dist.</u>, 100 F. Supp. 2d 231 (D. Del. 2000).  As the Court in
<u>McHugh</u> recognized, Delaware School Board members perform
activities which are legislative in nature, including the
determination and adoption of rules and regulations for the
administration, management and supervision of schools within the
District.  <u>Id.</u> at 238 (citing 14 Del. C. §§ 1043, 1049(2), (9)).

Plaintiffs contend that the allegations of their Complaint
do not relate to the legislative activities of the School Board
members, but to their administrative and managerial activities

which are outside the scope of absolute immunity.  Plaintiffs

refer to the two part test used by the Third Circuit in Carver v.

Foerster, 102 F.3d 96 (3d Cir. 1996) to determine whether actions

are to be regarding as legislative for immunity purposes.  Under

this test, the action must be (1) substantively legislative,

meaning that it involves a policy-making or line-drawing

decision, and (2) procedurally legislative, meaning that it must

be undertaken through established legislative procedures.

However, Plaintiffs also correctly recognize that the viability

of this test is in question based on the United States Supreme

Court's decision in Bogan.  Youngblood, 352 F.3d at 841 n.4

(declining to apply the two-part procedural/substantive test used

in Carver to examine municipal-level legislative immunity).

   While the Carver test may not be the appropriate standard by

which to determine whether the activities at issue are

legislative, the activities at issue must still be within the

"sphere of legitimate, legislative activity" to come within the

purview of legislative immunity.  The "sphere of legitimate,

legislative activity" has been broadly interpreted to include

activities that are "an integral part of the deliberative and

communicative processes" by which legislators participate in

proceedings with respect to the consideration, passage or

rejection of proposed legislation and with respect to other

17

matters arising within their jurisdiction.  Id. at 840.  Such

activities include, but are not limited to voting on resolutions,

preparing reports and speaking before the legislative body.  Id.

at 840-841.  Actions which are not protected by legislative

immunity are those which are only "casually or incidentally

related to legislative affairs" such as political acts performed

by legislators for their constituents in the hopes of being re-

elected, the acceptance of bribes, or the unauthorized

publication of legislative testimony or reports.  Id. at 841.

    Reviewing the allegations of Plaintiffs' Complaint in light

of the applicable law, the Court concludes that the activities of

the School Board Defendants alleged by Plaintiffs are legislative

in nature such that the School Board Defendants are entitled to

absolute immunity in their individual capacities from the claims

alleged by Plaintiffs.  In their Complaint, Plaintiffs' allege

that the School Board maintains a policy and practice of

promoting, endorsing, and establishing prayer at District-

sponsored events and School Board meetings.  Plaintiffs also

allege that the District proposed three new policies on "School

Prayer at Commencement/Graduation and Baccalaureate Ceremonies,"

"Board Prayer at Regular Board Meetings" and "Religion" and that

the School Board gave these policies token readings but refused

to distribute copies of the policies to interested parents and

18

students and failed to provide a meaningful opportunity for
public comment.  With respect to the new policies, Plaintiffs
also allege that the School Board has violated its newly adopted
"Board Prayer" policy by having Defendant Evans open three
consecutive School Board meetings with a prayer in Jesus' name,
in violation of the policy's provision that the opportunity to
offer a prayer or request a moment of silence be rotated among
the members of the Board.  In the Court's view, these allegations
pertain to the development, adoption and implementation of
policies, practices and customs for the District, activities
which are part and parcel of the very type of legislative
activity which has been recognized as sufficient to confer
absolute immunity on individual members of local school boards.
These actions require School Board Members to exercise their
discretion as local officials to carry out their responsibility
of administering and supervising the public schools, a
responsibility delegated to them by the State legislature.  In
the Court's view, the activities alleged by Plaintiffs do not
resemble those types of extra-legislative activities which courts
have been reluctant to include within the sphere of legitimate,
legislative activity.

    Plaintiffs contend that the action of saying a prayer to
open a meeting is an administrative or ministerial act which is

tangential to the legislative process such that the individual

Board Members are not protected by legislative immunity for this

activity.  In Marsh v. Chambers, 463 U.S. 783, 792 (1983), the

Supreme Court concluded that opening a session of the legislature

or other deliberative public body with a prayer is not a

violation of the Establishment Clause.  Recognizing that this

practice is "deeply embedded in the history and tradition of this

country," and represents an "unambiguous and unbroken history of

more than 200 years," the Supreme Court stated:

> There can be no doubt that the practice of opening
> legislative sessions with prayer has become part of the
> fabric of our society.  To invoke Divine guidance on a
> public body entrusted with making the laws is not, in
> these circumstances, an "establishment" of religion or
> a step toward establishment; it is simply a tolerable
> acknowledgment of beliefs widely held among the people
> of this country.

463 U.S. at 792.  The Court went on to find no violation of the

Establishment Clause based on the fact that the clergyman

offering the prayers was from one denomination, used Judeo-

Christian prayers, and was paid at the public expense.

    In light of this precedent, the Court cannot conclude that

prayer is not part of legitimate, legislative processes.

However, even if the Court were to adopt Plaintiffs' contention

that prayer is a ministerial action such that it is not covered

by the doctrine of absolute immunity, the Court concludes that

Plaintiffs cannot prevail on a claim based on a prayer being said

20

before a School Board meeting.  As the Marsh decision makes
clear, the practice of opening legislative sessions with a prayer
is acceptable under the Constitution.

In sum, the Court concludes that the individual School Board
Defendants are absolutely immune from Plaintiffs' claims based on
the development, adoption or implementation of policies,
practices and customs dealing with religion and/or prayer within
the District.  To the extent that the conduct of opening a
session of the School Board with a prayer can be considered a
separate action not covered by the doctrine of absolute immunity,
the Court concludes that, in light of the Supreme Court's
decision in Marsh, Plaintiffs cannot prevail on this claim.
Accordingly, the Court will grant the Motions To Dismiss filed by
Defendant Helms and the remaining individual School Board
Defendants.

B.   Whether Plaintiffs' Allegations State A Claim Against
     Defendants In Their Individual Capacities

Defendants Walls, Isaacs, Evans, Cohee, Hastings, Bunting,
Bireley, Hattier, McCabe, Hobbs and Savage also contend that
Plaintiffs' Complaint against them should be dismissed, because
Plaintiffs fail to state any specific allegations against them in
their individual capacities.  In response, Plaintiffs contend
that those individual Defendants who are not referenced
explicitly in the Complaint are at least liable for their

21

omissions in failing to manage the School District in accordance
with well-established constitutional principles.

The only individual Defendants expressly referenced in the
Complaint are Defendant Lois M. Hobbs, Defendant John M. Evans,
Defendant Donald G. Hattier and Defendant Harvey L. Walls.
Defendants Evans and Hattier are identified in the Complaint as
having opened School Board Meetings with Christian prayers
offered "in the Lord's name" or "in the name of Christ."  As the
Court has previously concluded, Plaintiffs cannot maintain a
claim against these Defendants based on their actions of opening
the School Board meetings with a prayer.

As for Defendant Walls and Hobbs, the Court likewise
concludes that Plaintiffs have failed to state a claim against
these Defendants in their individual capacities.  Defendant Walls
is identified in Plaintiff's Complaint as having spoken to
Plaintiff Mona Dobrich about the issue of school prayer and
refusing to put the issue on the School Board's agenda.
Defendant Hobbs is also identified as having spoken to Plaintiff
Mona Dobrich about the issue of school prayer.  Specifically,
Plaintiffs contends that Mona Dobrich complained to Defendant
Hobbs about prayer at her daughter's graduation, that Defendant
Hobbs informed Plaintiff Mona Dobrich that a legal opinion was
being prepared for the Board, that Defendant Hobbs put the issue

22

of school prayer on the agenda for the School Board meeting, but later announced that the matter was being deferred due to a death in the family of the School Board's attorney, and that Defendant Hobbs told Plaintiff she was ungrateful and failed to return her phone calls.  The Court is not persuaded that these allegations state a claim based on the theories of establishment of religion or interference in the free exercise of religion by Plaintiffs.

To the extent that Plaintiffs seek to hold all the individual Defendants responsible based on supervisory liability for the actions of teachers or other third parties within the District, the Court likewise concludes that Plaintiffs have failed to state a claim for relief.  To state a claim based on supervisory liability under Section 1983, a plaintiff must demonstrate that the named defendant participated in the alleged violation of rights, that he or she directed others to violate the plaintiff's rights, or that he or she had knowledge of and acquiesced in his subordinates' alleged violations of the plaintiffs' rights.  Baker v. Monroe Township, 50 F.3d 1186, 1191 (3d Cir. 1995).  Plaintiffs' Complaint does not allege facts related to the conduct of Defendants Helms, Isaacs, Cohee, Hastings, Bunting, Bireley, McCabe, and Savage in their individual capacities.  See Ellis v. Norris, 179 F.3d 1078 (8th Cir. 1999) (dismissing complaint where plaintiff failed to allege

facts demonstrating individual's personal involvement in and/or responsibility for alleged constitutional violation). As to the other Defendants, Plaintiffs have not demonstrated that they personally participated in, directed, or acquiesced in the alleged violations of Plaintiffs' rights. See Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987) (holding that conclusory allegation of supervisor's failure to investigate is insufficient to establish supervisory liability). Moreover, the Court concludes that any inaction by the individual School Board Defendants is shielded by absolute immunity, because their inaction is connected with the exercise of their legislative responsibilities as School Board members, and thus, within the purview of legislative immunity. Accordingly, the Court will grant the individual Defendants' Motion To Dismiss. Having concluded that Defendants are entitled to dismissal of Plaintiffs' claims against them in their individual capacities, the Court will not discuss the issue of qualified immunity.

### CONCLUSION

For the reasons discussed, the Court will grant the Motion To Dismiss All Claims Against Him In His Individual Capacity (D.I. 7) filed by Defendant Reginald L. Helms. The Motion To Dismiss On Behalf Of Defendants Walls, Isaacs, Evans, Cohee, Hastings, Bunting, Bireley, Hattier, McCabe, Hobbs, Savage And

24

The Indian River School Board And Indian River School District
(D.I. 32) will be granted as to Defendants Walls, Isaacs, Evans,
Cohee, Hasting, Bunting, Bireley, Hattier, McCabe, Hobbs and
Savage in their individual capacities and denied as it pertains
to claims based on allegations outside the two-year limitations
period.  The Motion is granted-in-part and denied-in-part on the
issue of standing as set forth in this Opinion.

An appropriate Order will be entered.