# EXHIBIT A



Not Reported in F.Supp.2d                                                                                                           Page 1

Not Reported in F.Supp.2d, 2003 WL 1089394
**(Cite as: Not Reported in F.Supp.2d)**

C
Not Reported in F.Supp.2d, 2003 WL 1089394
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Charlene JOHNSON, Plaintiff
v.
DAIMLERCHRYSLER CORPORATION,
Defendant.
No. C.A. 02-69 GMS.

March 6, 2003.

*MEMORANDUM AND ORDER*

SLEET, J.

### I. INTRODUCTION

*1 Charlene Johnson filed the above-captioned suit against DaimlerChrysler Corporation (" DaimlerChrysler") on January 29, 2002, alleging racial discrimination and sexual harassment. On October 24, 2002, the court dismissed all of the plaintiff's claims except her Title VII racial discrimination claim. At that time, the court denied the defendant's motion for summary judgment as to that claim, but granted the parties leave to file further dispositive motions regarding the claim. Presently before the court is the defendant's Motion to Dismiss the Plaintiff's First Amended Complaint or, in the Alternative, Motion for Summary Judgment (D.I.33). For the reasons that follow, the court will grant the motion.

### II. STANDARD OF REVIEW

The defendant moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal is appropriate pursuant to this Rule if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In this inquiry, the court must accept as true and view in the light most favorable to the non-movant the well-pleaded allegations of the complaint. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir.2000). The court 'need not accept as true "unsupported conclusions and unwarranted inferences." ' *Id.* (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n. 13 (3d Cir.1998) ) (quoting *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir.1997)). However, it is the duty of the court 'to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable.' *Id.* at 184 (quoting *City of Pittsburgh*, 147 F.3d at 263).

Alternatively, the defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, and to the extent the court relies upon matters outside the scope of the pleadings, it treats the present motion as such. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Boyle v. County of Allegheny Pa.*, 139 F.3d 386, 392 (3d Cir.1998). Thus, summary judgment is appropriate only if the moving party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *Boyle,* 139 F.3d at 392. A fact is material if it might affect the outcome of the suit. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986)). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.* In deciding the motion, the court must construe all facts and inferences in the light most favorable to the non-moving party. *Id.; see also Assaf v. Fields*, 178 F.3d 170, 173-74 (3d Cir.1999).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2003 WL 1089394
**(Cite as: Not Reported in F.Supp.2d)**

### III. DISCUSSION

*2 The defendant moves for dismissal or summary judgment because it contends the plaintiff's Title VII racial discrimination claim is untimely due to a limitations clause in Johnson's employment contract with DaimlerChrysler. The plaintiff responds with three arguments. First, she asserts that the defendant has waived the affirmative defense of untimeliness because the defendant failed to raise it in its Answer or first responsive pleading. Second, she argues that the contractual limitations period of six months is unreasonable. Third, Johnson urges that the limitations clause violates public policy as applied to a Title VII discrimination claim. The court will address each of these arguments in turn.

### A. Waiver of the Defense

The court cannot agree that the defendant has waived the right to raise the contractual limitations period as an affirmative defense. In its Answer, filed on April 22, 2002, the defendant asserted the statute of limitations as its third affirmative defense. The defense reads: "Plaintiff's claims are barred by the appropriate statute of limitations." This may have sufficed to put the plaintiff on notice that the defendants intended to challenge the timeliness of the plaintiff's claims. To the extent the third affirmative defense did not raise the issue of the *contractual* limitations period, however, the court does not ground its ruling solely on this pleading.

Federal Rule of Civil Procedure 8(c) requires all affirmative defenses to be pleaded in the defendant's answer. Nonetheless, courts have permitted defendants to raise affirmative defenses in a motion for summary judgment when no prejudice to the plaintiff results. In this context, prejudice does not exist if the non-movant has "fair notice" of the defense and is afforded the opportunity to respond. *See, e.g., Pantzer v. Shields Dev. Co.,* 660 F.Supp. 56, 61 (D.Del.1986) (deeming defendant's affirmative defense, raised in motion for summary judgment, as included in answer where plaintiff had fair notice of the defense and responded to it). As one court explained, "this approach 'is more in keeping with the general purpose of the Federal Rules to avoid decisions based on pleading technicalities rather than the merits of the case." ' *Id.* (quoting 2A J. Moore & J. Lucas, Moore's Federal Practice at 8-207 to 8-208 (1986)). Thus, "[w]here there is no genuine issue of material fact regarding the affirmative defense, *Moore's* indicates that the summary judgment is proper even when the defense was not originally pleaded." *Id.* Indeed, in some contexts, the Third Circuit has permitted an affirmative defense to be raised in an appeal even when it was not pled at trial. *See, e.g., Prinz v. Greate Bay Casino Corp.,* 705 F.2d 692, 694-95 (3d Cir.1983) (holding that affirmative defense could be raised on appeal when "the facts underlying the affirmative defense [were] pleaded").

In the present case, the defendant raised the issue of the contractual limitations period in its Reply in Support of its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (D.I.28), filed on October 22, 2002. The court, on October 24, 2002, declined to dismiss the plaintiff's Title VII race discrimination claim on the basis of the contractual limitations period because this defense was raised for the first time in the defendant's reply brief and only two days prior to the conference. To afford the plaintiff adequate notice and sufficient time to respond to such a defense, the court permitted the parties to raise the issue in further dispositive motions. Such defense, of course, was raised in the present motion, filed November 5, 2002.

*3 The plaintiff has had fair notice of the defendant's position that Johnson's claims are time-barred. The plaintiff also was afforded a renewed opportunity to respond to the defense. The court finds that the affirmative defense has not been waived and may be raised through a motion for summary judgment.

### B. The Contractual Limitations Period

It is well-settled under Delaware and federal law that parties may validly contract to limit the time period for filing a federal cause of action. *See, e.g., Missouri, Kansas & Texas R.R. Co. v. Harriman Bros.,* 227 U.S. 657, 672-73 (1913) ("The policy of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

statutes of limitations is to encourage promptness in the bringing of actions.... [T]here is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period the time is not unreasonably short."); *Order of United Commercial Travelers of America v. Wolf,* 331 U.S. 586, 608 n. 20 (1947) ("[I]t is well established that ... a provision in a contract may validly limit, between the parties, the time for bringing an action ... to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period."); *Shaw v. Aetna Life Ins. Co.,* 395 A.2d 384, 386 (Del.Super.1978) ("[A]n express provision in a contract which *abbreviates* the time for filing a claim, so long as it remains a reasonable time, hastens the enforcement and complements the policy behind the statute of limitations.") (citing 1A Corbin on Contracts § 218 (1963); 20 Appleman, Insurance Law and Practice § 11601).

When the plaintiff applied for employment with DaimlerChrysler, she signed and dated an Employment Application Agreement. The agreement states, in relevant part:

> In consideration of Chrysler's review of my application, I agree that any claim or lawsuit arising out of my employment with, or my application for employment with, Chrysler Corporation or any of its subsidiaries must be filed on more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY. Should a court determine in some future lawsuit that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit barred unless it was brought within the minimum reasonable time within which the suit should have been commenced.

Application for Employment, Ex. A to Defendant's Motion to Dismiss (emphasis in original). The plaintiff has acknowledged that she read the agreement before signing it. *See* Deposition of Charlene Johnson at 16, lns. 12-21. There is no dispute that the plaintiff was discharged from DaimlerChrysler on January 7, 2000, and that she filed the instant action alleging discriminatory discharge on January 18, 2002. Thus, there is no dispute that, on its face, the present claim is time-barred by the contractual limitations period.

1. Reasonableness of the Contractual Limitation

**\*4** The plaintiff argues, however, that the contractual limitation period of six months is "patently unreasonable in its application to a Title VII claim for discrimination." Memorandum in Support of Plaintiff Charlene Johnson's Response at 2. This is true, Johnson argues, because a Title VII discrimination claimant must receive a "Notice of Right to Sue" from the Equal Employment Opportunity Commission before filing suit in court. In Johnson's case, the EEOC investigated her claim and issued the right to sue letter some 15 months later. Thus, the plaintiff argues, because she did not receive such letter until many months after the contractual limitations period had expired, the contractual limitations period should be deemed unreasonable.

The plaintiff cites no authority for her assertion that a six-month limitations period is unreasonable, either generally or in the context of a Title VII discrimination claim. In fact, the caselaw points to the opposite conclusion. Indeed, several courts have upheld identical six-month limitation periods contained in other DaimlerChrysler employment contracts. *See Wright v. DaimlerChrysler Corp.,* 220 F.Supp.2d. 832 (E.D.Mich.2002) (citing cases). As those courts noted, six months is ample time to investigate one's legal rights and obligations and to file an action. The time is not so short as to work a practical abrogation of Johnson's right of action, nor did it bar the plaintiff's right to sue before she was able to ascertain that a loss or damage had occurred. It is undisputed that Johnson was discharged on January 7, 2000. The plaintiff alleges that this discharge was discriminatory. Thus, Johnson believed on January 7, 2000 that a loss or damage had occurred. Beyond her public policy objection,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4

Not Reported in F.Supp.2d, 2003 WL 1089394
**(Cite as: Not Reported in F.Supp.2d)**

discussed below, the plaintiff has presented no evidence or argument as to why she could not reasonably have been expected to file her discrimination claim within six months of that date. The court declines to find the contractual limitations clause unreasonable.

Moreover, even assuming that six months is an unreasonably short period of time in which Johnson could be contractually required to bring her claim, the court certainly could not find a one year limitations period unreasonable. There is no reason to believe that one year is not sufficient to institute an employment discrimination claim, either generally, or in the present case. Indeed, cases abound in which courts have approved a contractual limitations period of one year, even when this period is shorter than the relevant statute of limitations. *See, e.g., John M. Kelley Contracting Co. v. United States Fidelity & Guaranty Co.,* 278 F. 345, 347 (3d Cir.1922) (upholding as reasonable indemnity contract provision requiring party to file default action within one year); *Closser v. Penn Mut. Fire Ins. Co.,* 457 A.2d 1081, 1083 (Del.1983) ( "It is well-settled Delaware law ... that a one year limitation on suit on an insurance contract is reasonable and binding on an insured."); *Goodyear v. Fleece,* 1988 WL 130470 (Del.Super.1988) (two-year contractual limitations period reasonable despite statutory limitations period of three years); *see also Ciccarelli v. Carey Canadian Mines, Ltd.,* 757 F.2d 548, 555 (3d Cir.1985) (holding statute of limitations does not violate due process because it was reasonable, and noting that such statutes are valid even when they "in effect extinguish rights before they accrue").

*5 In the present case, however, Johnson did not file her Title VII claim within even one year of her discharge. As noted above, the plaintiff filed the present lawsuit almost two years after she was discharged from DaimlerChrysler. Furthermore, it is undisputed that the plaintiff received the EEOC right to sue letter on October 19, 2001, and then waited nearly three additional months before filing the present action. Thus, even substituting a contractual limitation period of one year, Johnson's claim would be time-barred.

2. Violation of Public Policy

The plaintiff also contends that the six-month limitation period violates public policy because it would require her to file suit before having received a right to sue letter from the EEOC. This precise argument has been rejected by at least one court of appeals. In *Taylor v. Western & Southern Life Ins. Co.,* the plaintiff argued that the six-month limitation clause in his employment contract would require him to initiate Title VII claims before receiving his right to sue letter from the EEOC and that the contractual limitation clause therefore violated public policy. *Taylor,* 966 F.2d 1188, 1205-06 (7th Cir.1992). The court disagreed, finding that "Title VII provides no public policy contrary to the six-month limitation of actions clause." *Id.* at 1206; see also *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454 (1975) (holding that statute of limitations governing 42 U.S.C. § 1981 claim is not tolled while Title VII claim arising from same events is pending before EEOC). Furthermore, as the lower court in Taylor indicated, the plaintiff could have filed suit and moved the court for a stay pending receipt of a right to sue letter. The same is true in the present case.

This conclusion is not altered by the fact that Johnson was acting *pro se* at the time she initiated the EEOC administrative complaint procedure. Again, the plaintiff cites no caselaw that would support a contrary proposition. Further, the court is not persuaded that Johnson's *pro se* status at the time she filed the EEOC complaint somehow renders the contractual limitations period unreasonable, violative of public policy, or otherwise invalid. *See, e.g., James v. United States Postal Serv.,* 835 F.2d 1265, 1267 (8th Cir.1988) (declining to equitably toll statutory filing requirement for appellant who was "unassisted by counsel, unable to find a lawyer, and unfamiliar with the legal process"). This is particularly true because Johnson was free to seek legal advice during the six months after she was discharged. Her failure to do so or to otherwise pursue her contractual and statutory rights is not grounds to completely disregard the contractual limitations period to which she agreed.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 5
Not Reported in F.Supp.2d, 2003 WL 1089394
**(Cite as: Not Reported in F.Supp.2d)**

IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Because the court has granted the defendant's Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, Motion for Summary Judgment, the defendant's pending Motion for Summary Judgment (D.I.47) is denied as moot.

V. CONCLUSION

*6 In sum, the court finds no valid justification for stripping the contractual limitations period, to which the plaintiff knowingly agreed, of all meaning and purpose. Even if the court were to substitute a one-year limitation for the filing of the plaintiff's claims, Johnson's claims would be untimely. Although she was required to await the conclusion of the EEOC's investigation and receipt of a right to sue letter, the plaintiff had other reasonable courses of action available to her. As noted above, Johnson could have filed suit within the six month period after she was discharged and then asked the court to stay the proceeding pending the outcome of the EEOC investigation. If Johnson had filed the instant suit within one year of her discharge, or perhaps if she had initiated the case immediately after receiving her right to sue letter, the court may have taken a different view of her present predicament. These are not the facts, however. The court cannot conclude that the contract the plaintiff entered was unreasonable, repugnant to public policy, or otherwise appropriate for judicial modification. As such, the plaintiff's present claim is untimely.

For these reasons, IT IS HEREBY ORDERED that:
1. The defendant's Motion to Dismiss Plaintiff's First Amended Complaint or, in the Alternative, Motion for Summary Judgment (D.I.33) is GRANTED.
2. The defendant's Motion for Summary Judgment (D.I.47) is DENIED.

D.Del.,2003.
Johnson v. DaimlerChrysler Corp.
Not Reported in F.Supp.2d, 2003 WL 1089394

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B



Not Reported in F.Supp.2d                                                                                                    Page 1

Not Reported in F.Supp.2d, 1999 WL 782516
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Not Reported in F.Supp.2d, 1999 WL 782516
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Brian J. WINWARD, et. al
v.
George HILL
**No. Civ.A. 92-2116.**

Sept. 27, 1999.

Andre L. Dennis, Stradley, Ronon, Stevens & Young, LLP, Phila, PA, Brian J. Winward, Smyrna, DE, Plaintiff, pro se.
Robert M. Diorio , Diorio & Falzone, Media, PA, for George Hill, Defendant.
Dolores B. Spina , Charles T. Roessing , White and Williams, Paoli, PA, for Prison Health Services, Defendant.
Dennis Boyer, Delaware County Prison, Thornton, PA, Plaintiff, pro se.
Eric White, Delaware County Prison, Thornton, PA, Plaintiff, pro se.

MEMORANDUM/ORDER

POLLAK, J.
*1 Plaintiff Brian Winward has moved for partial summary judgment in this § 1983 action, which alleges various unconstitutional prison conditions in the Delaware County Prison. The basic facts on which Mr. Winward seeks summary judgment are as follows: the prison was overcrowded, unsanitary, violent, and overheated; the law clerk responsible for assisting inmates was incompetent; defendant received complaints concerning the legal services program; defendant settled two other inmates' claims based on the law library's inadequacy; the law library was expanded, new books were placed on the shelves, and a direct access policy was implemented; prison fans were ordered and installed; Senator Arlen Spector declared Delaware County Prison conditions to be poor; and in 1998, the facility remained overcrowded.

Summary judgment is appropriate only where no genuine dispute exists concerning a material fact. In the Third Circuit, however, "[s]ummary judgment may be had as to one claim among many, but it is well settled that neither [56(a) nor 56(b) ] allows such a judgment as to one portion [of] a claim." *Kendall McGaw Laboratories,* Inc., 125 F.R.D. 420, 421 (D.N.J.1989); *see RePass v. Vreeland,* 357 F.2d 801, 805 (3d Cir.1966) ; *Coffman v. Federal Laboratories, Inc.,* 171 F.2d 94, 98 (3d Cir.1948). The only exception to this principle is 56(c), which explicitly allows summary judgment regarding liability, even though might there be a genuine factual dispute regarding damages.

In this case, Mr. Winward seeks summary judgment only with respect to particular facts alleged in his claim. Allowing such motions would promote piecemeal summary adjudication, thereby causing needless duplication of judicial effort where, as here, the allegations may have to be relitigated to try the plaintiff's claim as a whole. Since none of the facts advanced in this motion, taken separately or together, would establish liability against Mr. Hill, summary judgment is procedurally inappropriate at this time.

Plaintiff's Motion for Partial Summary Judgment is DENIED.

E.D.Pa.,1999.
Winward v. Hill
Not Reported in F.Supp.2d, 1999 WL 782516

Briefs and Other Related Documents (Back to top)

• 2:92CV02116 (Docket) (Apr. 10, 1992)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.