IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-cv-00120-JJF |
| | ) | |
| HARVEY L. WALLS, et al., | ) | **E-FILED** |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF OF DEFENDANTS WALLS, ISAACS, EVANS, COHEE, HASTINGS, BUNTING, BIRELEY, HATTIER, MCCABE, HOBBS AND SAVGAE AND THE INDIAN RIVER SCHOOL BOARD AND INDIAN RIVER SCHOOL DISTRICT,  IN SUPPORT OF
HELMS' MOTION FOR SUMMARY JUDGMENT**

John Balaguer, Esq. (Bar I.D. 2537)
William L. Doerler, Esq. (Bar I.D. 3627)
WHITE & WILLIAMS LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424

and

John F. Cafferky (pro hac vice)
William Porter (pro hac vice)
Andrea D. Gemignani (pro hac vice)
BLANKINGSHIP & KEITH
4020 University Dr., Suite 300
Fairfax, Virginia 22030

*Counsel for the Defendants Harvey L. Walls, Mark A. Issacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, Earl J. Savage, the Indian river School Board and the Indian River School District*

Dated:  August 26, 2005

**Table of Contents**

I.   Statement of Nature and Stage of Proceedings ……………………………………….. 1

II.  Summary of Argument ……………………………………………………………... 2

III. Concise Statement of Facts ……………………………………………………………… 2

IV. Argument…………………………………………………………………………….. 3

    A.    The Non-Helms Defendants Support the Legal Position Asserted by Helms in his Motion for Summary Judgment…………………………………………...3

    B.    Helms' Summary Judgment Motion on School Prayer is Not Moot …………4

    C.    Discovery is Not Necessary on the Second or Third Prong of the *Marsh* Test in Order to Decide Motion for Summary Judgment ………………………….4

    D.    The Court Should Not Lift the Stay of Discovery at this Time Since Addressing Helms' Motion Need Not Derail Settlement Efforts on Other Issues …………………………………………………………………………….5

V.   Conclusion……………………………………………………………………………..6

## **Table of Authorities**

**CASES**

Marsh v. Chambers, 463 U.S. 783 (1983) ……………………………………………..4

Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs and Earl J. Savage, in their official capacity, and the Indian River School Board and Indian River School District (collectively "the Non-Helms Defendants"), by counsel, file this Reply Brief in Support of Defendant Reginald Helms' Motion for Partial Summary Judgment.

## I.  Statement of Nature and Stage of Proceedings

On February 28, 2005, Plaintiffs filed a complaint seeking declaratory, injunctive and monetary relief against the School Board, the School District, and individual Board members and employees in both their individual and official capacities for alleged violations of their First Amendment rights. (D.I. #1). In response to Defendants' motions to dismiss for failure to state a claim, on August 2, 2005, the Court dismissed all of the individual defendants in their individual capacities. The remaining parties then proceeded to mediation with Magistrate Judge Mary Pat Thynge on August 4, 2005, as referred by the Court. (D.I. #53). In the context of the mediation conference and subsequently (including a conference call with Judge Thynge on August 18, 2005), the parties have engaged in good faith negotiations in an attempt to resolve or narrow many of the claims in this case. The parties have agreed to continue these discussions and to return to a mediation conference with Judge Thynge on September 14, 2005. In accordance with the Court's order of June 13, 2005, all discovery except initial disclosures has been stayed in order to facilitate mediation. (D.I. #53).

Currently before the Court is Defendant Reginald L. Helms' Motion for Summary Judgment on the Board's Voluntary Prayer Policy as Written, which was filed on August 5, 2005 (D.I. # 60) and opposed by Plaintiffs on August 19, 2005 (D.I. # 63).

## II.  Summary of Argument

1. Defendant Reginald L. Helms' Motion for Summary Judgment on the Board's Voluntary Prayer Policy as Written has merit and is not moot.

2. Discovery is not required on any of the issues asserted by Plaintiff in order for the Court to properly decide Defendant Helms' Motion for Summary Judgment.

3. The Court should not lift the stay of discovery at this time to permit Plaintiffs to conduct the broad-reaching discovery they request because this will have significant negative implications for the otherwise productive mediation process.

## III.  Concise Statement of Facts

Defendant Helms has adequately described the current state of the pleadings in this case and the facts presently before the Court. Therefore, rather than repeating all the relevant facts regarding Helms' Motion for Summary Judgment, following is a statement of only those additional facts relevant to this response.

The School Board's voluntary prayer policy, which is the basis of Helms' Motion and Plaintiffs' response and which is referenced in Plaintiffs' Complaint (D.I. #1) at paragraphs # 118-136, states:

1. In order to solemnify its proceedings, the Board of Education may choose to open its meetings with a prayer or a moment of silence, all in accord with the freedom of conscience of the individual adult Board member.
2. On a rotating basis one individual adult Board member per meeting will be given the opportunity to offer a prayer or request a moment of silence. If the member chooses not to exercise this opportunity, the next member in the rotation shall have the opportunity.

3. Such opportunity shall not be used or exploited to proselytize, advance or convert anyone, or to derogate or otherwise disparage any particular faith or belief.
4. Such prayer is voluntary, and it is among only the adult members of the Board. No school employee, student in attendance or member of the community in attendance shall be required to participate in any such prayer or moment of silence.
5. Any such prayers may be sectarian or non-sectarian, denominational or non-denominational, in the name of a Supreme Being, Jehovah, Jesus Christ, Buddha, Allah, or any other person or entity, all in accord with the freedom of conscience, speech and religion of the individual Board member, and his or her particular religious heritage.

(D.I. 31, Ex. B). By the very terms of the policy, the School Board allows only voluntary prayer by its members consistent with their own personal beliefs at the opening of school board meetings. The policy expressly prohibits proselytizing and disparaging of others' beliefs. The policy also expressly states that any individuals present at meetings, whether adults or students, need not participate in any prayer that is inconsistent with their own beliefs.

## IV.    Argument

### A.    The Non-Helms Defendants Support the Legal Position Asserted by Helms in his Motion for Summary Judgment

While the Non-Helms Defendants did not file their own Motion for Summary Judgment, they do support Helms' legal position and believe that his motion can be properly granted at this time. Specifically, all Defendants agree that the School Board's voluntary prayer policy, as written, is constitutional. Therefore, Plaintiffs' claims alleging establishment clause and free exercise violations based on the School Board's voluntary prayer policy can and should be dismissed. In this respect, Helms' argument is incorporated by reference.

### B.  Helms' Summary Judgment Motion on School Prayer is Not Moot

The Court's August 2, 2005 decision and order are not dispositive on the issues raised in Helms' Motion for Summary Judgment, and the motion is not moot. It does not appear from the Court's decision that the issue of the constitutionality of the School Board's voluntary prayer policy as written has been resolved by the Court at this time. In addition, while the Court properly recognized that many of the Plaintiffs did not properly have standing to assert the variety of claims in this case, the Court expressly held that Plaintiff Marco Dobrich did have standing to seek relief against the School Board and the School District specifically based upon prayer at School Board meetings. (D.I. #58 at p. 2-3). This ruling would have been unnecessary if the issue of prayer at School Board meetings did not remain an issue in this case. Therefore, Helms' motion for summary judgment presents a current controversy that the Court can decide at this time.

### C.  Discovery is Not Necessary on the Second or Third Prong of the *Marsh* Test in Order to Decide Motion for Summary Judgment

Plaintiffs attempt to seek broad discovery from all Defendants at this time by claiming that such discovery is necessary to show that the challenged prayer at School Board meetings are "not readily susceptible to religious indoctrination" and are not "exploited to proselytize or advance any one, or to disparage any other, faith or belief" as required by the second and third prongs of the test provided by the U.S. Supreme Court in Marsh v. Chambers, 463 U.S. 783 at 792, 794-5 (1983), in order to establish that the offered prayer is not unconstitutional. Such broad-reaching discovery is inconsistent with the Court's attempts to facilitate mediation in this case, and is also unnecessary to decide the issue presented by Defendant Helms in his Motion for Summary Judgment.

4

Specifically, Helms' motion clearly applies to the School Board's voluntary prayer policy *as written*. As written, the Board's policy, which is presently before the Court for consideration, expressly states that the opportunity for a School Board member to offer a prayer or a moment of silence at the beginning of School Board meetings in order to solemnify the proceedings "shall not [be] used or exploited to proselytize, advance or convert anyone or to derogate or otherwise disparage any particular faith or belief." (D.I. #31, Ex. B). Similarly, the School Board's policy as written expressly states that the offered prayer is voluntary, is among the adult members of the Board and that no students in attendance are required to participate. Id.

Therefore, since Helms' motion is restricted to resolving the issue of the constitutionality of the School Board's voluntary prayer policy as written, the Court need not permit the Plaintiffs' requested discovery in order to address Helms' claims.

### D. The Court Should Not Lift the Stay of Discovery at this Time Since Addressing Helms' Motion Need Not Derail Settlement Efforts on Other Issues

As Plaintiffs recognize, the current order staying discovery in this case allows the parties to engage in mediation in good faith in an attempt to resolve many of the issues before the Court. Allowing such broad discovery at this time as is requested by Plaintiff in their brief in opposition to Helms' summary judgment motion has the potential to derail otherwise productive settlement efforts regarding those issues. Indeed, avoiding the burden and expense of discovery is a primary factor that animates efforts at resolution of this, and most other, cases. Since the requested discovery is not necessary to the resolution of Helms' Motion and since the requested discovery is substantially broad,

costly and burdensome on all defendants, the Court should not lift the stay of discovery at this time.

## Conclusion

For the foregoing reasons, Defendants Harvey L Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs and Earl J. Savage, in their official capacity, the Indian River School Board and the Indian River School District pray that the Court grant Helms' Motion for Partial Summary Judgment.

Respectfully submitted,

WHITE and WILLIAMS LLP

By:   ___/s/ William L. Doerler
John Balaguer (Bar I.D. 2537)
William L. Doerler (Bar I.D. 3627)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
Fax: (302) 654-0245

and

John F. Cafferky, Esq.
William Porter, Esq.
Andrea D. Gemignani, Esq.
BLANKINGSHIP & KEITH
4020 University Dr., Suite 300
Fairfax, Virginia 22030
*Counsel for the Defendants Harvey L. Walls, Mark A. Issacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, Earl J. Savage, the Indian river School Board and the Indian River School District*

Dated: August 26, 2005

**Certificate of Service**

I certify that on the 26th day of August 2005, I electronically filed and served the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

    Thomas J. Allingham II, Esq.
    Robert S. Saunders, Esq.
    One Rodney Square, P.O. Box 636
    Wilmington, Delaware 19899
    *Counsel for Plaintiffs*

    Thomas S. Neuberger, Esq.
    Stephen J. Neuberger, Esq.
    The Neuberger Firm, P.A.
    Two East Seventh Street, Suite 302
    Wilmington, Delaware 19801
    *Counsel for Defendant Reginald L. Helms*

    _/s/ William L. Doerler_
    William L. Doerler, Esq.