IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : No. 05-cv-00120-JJF |
| | : |
| HARVEY L. WALLS, et al., | : |
| | : |
| Defendants. | : |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DENY
OR CONTINUE HELMS'S MOTION FOR SUMMARY JUDGMENT**

Thomas J. Allingham II (#476)
Robert S. Saunders (#3027)
Rosemary S. Goodier (#3585)
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000
Attorneys for Plaintiffs

DATED: September 2, 2005

**TABLE OF CONTENTS**

                                                                                 **PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     THE SUMMARY JUDGMENT MOTION IS MOOT BECAUSE THE
       COURT HAS ALREADY RULED ON THE CONSTITUTIONALITY OF
       SCHOOL BOARD PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    EVEN IF THE CONSTITUTIONALITY OF SCHOOL BOARD PRAYER
       WERE STILL BEFORE THIS COURT, SUMMARY JUDGMENT WOULD
       NOT BE APPROPRIATE BECAUSE PLAINTIFFS ARE ENTITLED TO
       DISCOVERY EVEN IN A CHALLENGE TO THE SCHOOL BOARD'S
       POLICY *AS WRITTEN*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.    The Same Test Applies In Both Facial And As-Applied Chal-
               lenges, And The Test Requires Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          B.    The Prayer Policy Makes Factual Assertions That Plaintiffs
               Contest, And The Parties Need Discovery To Resolve The
               Dispute. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          C.    The Prayer Policy On Its Face Permits Discretion Which In
               Turn Requires The Court To Examine Context. . . . . . . . . . . . . . . . . . 8

          D.    The Court Should Not Permit Defendants To Litigate This
               Case Piecemeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III.   HELMS'S ALLEGATIONS OF BAD FAITH ARE FRIVOLOUS. . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**TABLE OF AUTHORITIES**

CASES                                                                                                         PAGE(S)

Baum v. Gillman,
    648 F.2d 1292 (10th Cir. 1981) .................................................................. 11, 12

Bowen v. Kendrick,
    487 U.S. 589 (1988) ............................................................................................. 4, 5

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ........................................................................................... 10, 11

Chambers & Co. v. Equitable Life Assurance Soc'y,
    224 F.2d 338 (5th Cir. 1955) .................................................................................. 12

Farris v. Moeckel,
    664 F. Supp. 881 (D. Del. 1987) ............................................................................ 11

Forsyth County v. Nationalist Movement,
    505 U.S. 123 (1992) ................................................................................................. 8

Good News Club v. Milford Cent. Sch.,
    533 U.S. 98 (2001) ................................................................................................... 4

Gostin v. Nelson,
    41 F.R.D. 48 (D. Del. 1965), aff'd, 363 F.2d 371 (3d Cir. 1966) ........................ 12

Ingebretsen v. Jackson Pub. Sch. Dist.,
    88 F.3d 274 (5th Cir. 1996) ..................................................................................... 5

Int'l Bhd. of Boilermakers v. Kelly,
    815 F.2d 912 (3d Cir. 1987) .................................................................................... 7

Lemon v. Kurtzman,
    403 U.S. 602 (1971) ................................................................................................ 4

Marsh v. Chambers,
    463 U.S. 783 (1983) .................................................................................. 2, 6, 7, 14

Metallgesellschaft AG v. Foster Wheeler Energy Corp.,
    143 F.R.D. 553 (D. Del. 1992) .............................................................................. 11

Miller v. Beneficial Mgmt. Corp.,
    977 F.2d 834 (3d Cir. 1992) .................................................................................. 11

Proctor v. Sagamore Big Game Club,
    265 F.2d 196 (3d Cir. 1959) .................................................................................. 12

Reiver v. Murdoch & Walsh, P.A.,
    625 F. Supp. 998 (D. Del. 1985) ............................................................................ 7

Robin Consrt. Co. v. United States,
    345 F.2d 610 (3d Cir. 1965) .................................................................................. 12

S. Rambler Sales, Inc. v. America Motors Corp.,
    375 F.2d 932 (5th Cir. 1967) ............................................................................ 12, 13

Walker v. San Francisco. Unified Sch. Dist.,
    46 F.3d 1449 (9th Cir. 1995) ................................................................................ 5, 8

AUTHORITIES

Richard H. Fallon, Fr. et al., Hart And Wechsler's The Federal Courts
    And The Federal System 93 (4th ed. 1996) ............................................................ 7

Plaintiffs Mona Dobrich, Marco Dobrich, Alexander Dobrich, Jane Doe, John Doe, Jordan Doe and Jamie Doe (collectively, "Plaintiffs"), by and through their attorneys, respectfully submit this reply brief in support of their motion to deny or continue Defendant Reginald L. Helms's Motion for Summary Judgment on the Board's Voluntary Prayer Policy as Written (the "Summary Judgment Motion").[1]

**NATURE AND STAGE OF THE PROCEEDINGS**

On February 28, 2005, Plaintiffs filed the complaint in this action (the "Complaint") seeking damages and injunctive relief for a pattern and practice of unconstitutional behavior on the part of the School Board, the District and District employees. On various dates in April 2005, Defendants answered the Complaint and moved to dismiss in their individual capacities.

On June 13, 2005, this Court referred the case to mediation and stayed discovery indefinitely "[i]n deference to the mediation process. . . ." (June 13, 2005 Mem. Order, D.I. 53 at 1-2 ("All discovery except initial disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 16.2 is **STAYED** until further order of the Court."))

---

[1] Defendants the Indian River School District (the "District"), the Indian River School Board (the "School Board"), Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs and Earl J. Savage (collectively, the "Non-Helms Defendants" and together with Defendant Helms, "Defendants") filed a six page reply brief in support of Helms's Motion on August 26, 2005.

On August 2, 2005, this Court issued an opinion (the "Opinion") and an order granting in part and denying in part Defendants' motions to dismiss. Three days later, Defendant Helms submitted his Summary Judgment Motion.

Plaintiffs responded on August 19, 2005 with a motion to deny or continue the Summary Judgment Motion, together with a brief and affidavit in support of that motion. Defendant Helms and the Non-Helms Defendants filed answering briefs on August 26. This is Plaintiffs' reply.

## ARGUMENT

### I. THE SUMMARY JUDGMENT MOTION IS MOOT BECAUSE THE COURT HAS ALREADY RULED ON THE CONSTITUTIONALITY OF SCHOOL BOARD PRAYER.

In its August 2 Opinion, this Court dismissed Plaintiffs' challenge to school board prayer, holding that "Plaintiffs cannot prevail on a claim based on a prayer being said before a School Board meeting," because such conduct is constitutional under Marsh v. Chambers, 463 U.S. 783 (1983). (Op., D.I. 57 at 20-21) Helms understands the Court's ruling on school board prayer. Indeed, Helms's counsel was quoted in the press after the issuance of the August 2 Opinion saying "[The Court] ruled that board prayer is constitutional, period." Patrick Varine, U.S. District Court Dismisses Part of IRSD Religion Suit, SUSSEX COUNTIAN, Aug. 10, 2005, at 3A.

Helms's Summary Judgment Motion asks the Court to resurrect temporarily Plaintiffs' dismissed challenge to school board prayer solely to knock it

2

down again on summary judgment. The only conceivable purpose for this proposed dead-horse beating is that Helms believes that if and when Plaintiffs appeal the school board prayer ruling, a summary judgment would be more defensible than the dismissal. That is an obvious waste of the parties' and the Court's time and should be rejected.

No legitimate purpose can be served by litigating a motion for summary judgment on a claim the Court has already dismissed as a matter of law. Helms's Summary Judgment Motion should be denied as moot.

II.   **EVEN IF THE CONSTITUTIONALITY OF SCHOOL BOARD PRAYER WERE STILL BEFORE THIS COURT, SUMMARY JUDGMENT WOULD NOT BE APPROPRIATE BECAUSE PLAINTIFFS ARE ENTITLED TO DISCOVERY EVEN IN A CHALLENGE TO THE SCHOOL BOARD'S POLICY *AS WRITTEN*.**

Even if Plaintiffs' challenge to school board prayer were still before the Court, Plaintiffs would be entitled to an opportunity to take discovery before being required to respond to Helms's Summary Judgment Motion. Helms's principal argument against discovery depends upon the neat distinction he proposes between facial and as-applied challenges to the School Board's policy on Board Prayer At Regular School Board Meetings (the "Prayer Policy"). (Helms Ans. Br., D.I. 67 at 5-9) To begin with (as discussed further below), even assuming that distinction were meaningful, it is hard to see what purpose would be served by litigating the theoretical question of whether the Prayer Policy is *facially* constitutional while leaving for

3

another day the real-world question of whether it is constitutional *as-applied*. In any event, in Establishment Clause cases the facial/as-applied distinction is not nearly as simple as Helms suggests. Even if this Court accepts the invitation to examine the Prayer Policy *as written*, it must consider both the exception set out in Marsh, and the test established in Lemon v. Kurtzman, 403 U.S. 602 (1971). Both legal standards are fact-intensive, and restricting the scope of a decision to the constitutionality of the Prayer Policy *as written* does nothing to diminish the need for discovery. Put simply, in Establishment Clause cases, the facts matter, and "both parties . . . should have a fair opportunity to fill the evidentiary gap. . . ." Good News Club v. Milford Cent. Sch., 533 U.S. 98, 129 (2001) (Breyer, J., concurring).

A.  **The Same Test Applies In Both Facial And As-Applied Challenges, And The Test Requires Facts.**

Helms suggests that "[t]here is . . . precedent [in Establishment Clause cases] for distinguishing between the validity of a statute on its face and its validity in particular applications." Bowen v. Kendrick, 487 U.S. 589, 602 (1988). But Helms is wrong to suggest that the facial/as-applied distinction somehow makes things easy, because the Supreme Court's opinions have not explicitly delineated the "consequences of this distinction." Id.[2]

---

[2]  Indeed, the Bowen Court recognized that it is less than clear as to whether Plaintiffs should bring a challenge to a policy that violates the Establishment Clause as a "facial" challenge, an "as applied" challenge, or an amalgamation
(continued...)

4

If this Court divides this case into facial and as-applied components, the division does little for the Court or the parties because the same legal standards will apply to both parts of the case, and those legal standards require the application of facts. See, e.g., Walker v. San Francisco Unified Sch. Dist., 46 F.3d 1449 (9th Cir. 1995). In Walker, for example, the parties failed to make a distinction between the validity of the challenged statute on its face and as-applied. Id. at 1455 n.9. The Court of Appeals approved, noting that because "both methods of analysis require[d] reference to the Lemon test" the "distinction carrie[d] little utility." Id. Similarly, in Ingebretsen v. Jackson Pub. Sch. Dist., 88 F.3d 274 (5th Cir. 1996), the Fifth Circuit rejected a litigant's proposed distinction between a facial and an as-applied challenge, noting that the Lemon test applied either way. 88 F.3d at 279 n.2.

Here, as in Walker and Ingebretsen, the facial/as-applied distinction offers little because the Court must apply the factors set out in Marsh regardless. Helms does not dispute the importance of Marsh to both the facial and the as-applied components of the case. Instead, he claims that the application of Marsh changes depending upon the posture of the case – if the Court considers the Prayer Policy as written, Helms wrongly argues, it need not consider the Prayer Policy's context. (Helms Ans. Br., D.I. 67 at 7-9)

---

²     (...continued)
of the two. Bowen, 487 U.S. at 600-01.

5

Helms asks for too much. If the Court ignores context, it cannot apply Marsh, since it cannot examine any of the three factors which guide its application. To invoke Marsh, a defendant must demonstrate that the challenged prayer meets three criteria. First, the prayer must open sessions of legislative or other deliberative public bodies. Marsh, 463 U.S. at 786. Second, the recipients of the prayer must be "adult[s] . . . not readily susceptible to 'religious indoctrination' or peer pressure. . . ." Id. at 792 (citation omitted). Third, there must be "*no indication* that the prayer opportunity has been exploited to proselytize or advance any one, or to disparage any other, faith or belief." Id. at 794-95 (emphasis added). Helms's assertion that the parties can brief these issues (and the Court can decide them) without discovery or any reference to context is simply baffling.

**B.     The Prayer Policy Makes Factual Assertions That Plaintiffs Contest, And The Parties Need Discovery To Resolve The Dispute.**

Helms argues that Plaintiffs do not need discovery to determine whether the Prayer Policy satisfies Marsh because the Prayer Policy deals with each of the contested Marsh factors explicitly.[3] (Helms Ans. Br., D.I. 67 at 8) For instance, the Prayer Policy states that the School Board's prayer is meant only for "the adult

---

[3]     Even on Helms's wrongheaded theory that a policy can somehow satisfy Marsh merely by incanting the words of each of the Marsh factors, Helms would still not be entitled to summary judgment because the Prayer Policy fails to state that the School Board is a legislature or a public deliberative body.

6

members of the [School] Board" and not for the "student[s] in attendance." INDIAN RIVER SCHOOL DISTRICT, BDA.1 at ¶ 4. But Plaintiffs have alleged that students are routinely present at School Board meetings that begin with prayer and that, in some cases, student attendance is mandatory. (Compl., D.I. 1 at ¶¶ 52-53, 55-64 and 69) Plaintiffs need discovery to present a complete record that children, who are readily susceptible to the coercion and peer pressure that Marsh prohibits, are recipients of the School Board's prayer. Marsh, 463 U.S. at 792.

Of course, if this Court were to accept the bald assertions of the Prayer Policy as true, and if those assertions later turn out to be false, Defendants will have succeeded in tempting the Court to issue an advisory opinion based on a purely "'hypothetical state of facts.'" Int'l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 915 (3d Cir. 1987) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937)); see also Reiver v. Murdoch & Walsh, P.A., 625 F. Supp. 998, 1007 (D. Del. 1985) (refusing to decide a partial summary judgment motion until the existence of a case or controversy could be ascertained). Doing so would violate "'the oldest and most consistent thread in the federal law of justiciability.'" RICHARD H. FALLON, JR. ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 93-94 (4th ed. 1996) (quoting WRIGHT, LAW OF FEDERAL COURTS 65 (5th ed. 1994)).

7

### C. The Prayer Policy On Its Face Permits Discretion Which In Turn Requires The Court To Examine Context.

The Prayer Policy calls on School Board members to exercise their discretion. The School Board "may choose to open its meetings with a prayer or moment of silence, all in accord with the freedom of conscience of the individual adult [School] Board member." INDIAN RIVER SCHOOL DISTRICT, BDA.1 at ¶ 1. Individual School Board members decide the content of the prayers they will offer, as well as whether a prayer would be appropriate under the circumstances. Id. at ¶ 2. The Prayer Policy's provision for discretion presents another problem only discovery can resolve.

Where a policy challenged on its face gives municipal officials discretion, a court "must consider the [municipality's] authoritative constructions of the [policy], including its own implementation and interpretation of [the policy]." Forsyth County v. Nationalist Movement, 505 U.S. 123, 131 (1992); cf. Walker, 46 F.3d at 1455 n.5 (a facial challenge under Lemon to the "validity of a statute is informed by how that statute is applied"). Since the Prayer Policy gives the individual School Board members the discretion to begin a School Board meeting with prayer, their choices are relevant to whether the Prayer Policy is constitutional on its face.

8

### D. The Court Should Not Permit Defendants To Litigate This Case Piecemeal.[4]

Finally, as suggested above, in addition to its legal deficiencies Helms's Summary Judgment Motion raises at least two practical problems. First, the result Defendants seek – if it is as narrow as they say it is – will not materially advance the case toward a conclusion. No matter who wins, there will be little cause for concern on either side, since a decision on School Board prayer without the benefit of context means little when the real fight – the as-applied challenge – remains to be litigated after discovery.

Second, the Court will have to apply the same legal principles to the same prayer policy all over again during the as-applied challenge. Two rounds of summary judgment briefing on the same issues will waste the time and money of the Court and the litigants. Only in round two will the Court and the parties have the benefit of full and fair discovery, and only in round two will the Court's decision assume a scope broad enough to resolve the School Board prayer issue completely.

---

[4] In his Answering Brief, Helms attacks Plaintiffs for claiming that the Court cannot grant partial summary judgment. (Helms Ans. Br., D.I. 67 at 4) Helms misses the point. Of course partial summary judgment is sometimes appropriate. Here, however, partial summary judgment is inappropriate because briefing on the motion and the judicial effort required to resolve it would at this early stage impose needless costs on the Court and the litigants.

### III. HELMS'S ALLEGATIONS OF BAD FAITH ARE FRIVOLOUS.

Helms claims that Plaintiffs' Rule 56(f) affidavit and brief are "nothing but a transparent attempt to gain an improper tactical advantage." (Helms Ans. Br., D.I. 67 at 9) According to Helms, Plaintiffs "disingenuously seek . . . to gain . . . substantially more time than they are permitted under the Local Rules to work on a merits brief and seek help from their allies nationwide when they should have been prepared for briefing when they filed their case." (Helms Ans. Br., D.I. 67 at 10-11) Ironically, just pages before his panicky complaint that he "will suffer great prejudice as a result of plaintiffs' [motion under Rule 56(f)]" because "[n]ow, ... plaintiffs will have literally months to work on an argument with other like minded cause [sic] attorneys from throughout the country" (Helms Ans. Br., D.I. 67 at 11), Helms confidently asserted that his Opening Brief "approached, addressed and knocked down every possible legal argument plaintiffs could hope to make. . . ." (Id. at 6) Of course, if that were true, he could suffer no prejudice from the proposed delay.

In any event, Helms's conspiracy theory is baseless. Plaintiffs do not need additional time to research their case, they need discovery. As explained in our opening brief and above, many of the facts that will inform the application of the Marsh exception are in Defendants' possession, and Plaintiffs have had no opportunity to conduct discovery beyond the exchange of initial disclosures. This is precisely the circumstance for which Rule 56(f) was written. Celotex Corp. v. Catrett, 477 U.S.

10

317, 326 (1986) (explaining that Rule 56(f) allows a court to deny a summary judgment motion or to continue the hearing on the motion "if the nonmoving party has not had an opportunity to make *full* discovery.") (emphasis added); see also Metallgesellschaft AG v. Foster Wheeler Energy Corp., 143 F.R.D. 553, 559 n.8 (D. Del. 1992) (explaining that summary judgment is inappropriate "unless the nonmoving party has been given the opportunity to pursue discovery in connection with the issues addressed by the summary judgment motion."); Farris v. Moeckel, 664 F. Supp. 881, 890 (D. Del. 1987) (summary judgment was "neither warranted nor appropriate" where "[n]o discovery ha[d] taken place"). Under the circumstances, a request for relief under Rule 56(f) is neither extraordinary nor unreasonable. See Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 845 (3d Cir. 1992) ("'where the facts are in possession of the moving party[,] a continuance of a motion for summary judgment . . . should be granted almost as a matter of course.'") (quoting Costlow v. United States, 552 F.2d 560, 564 (3d Cir. 1977)).

None of the cases cited by Helms suggest that a party subject to a Court-ordered stay of discovery should be forced to respond to a summary judgment motion. Helms first cites to Baum v. Gillman, 648 F.2d 1292 (10th Cir. 1981), stating broadly that "'[a]n acknowledged failure to prepare within the requested time, a refusal to go forward at [a] hearing with facts to meet the motion, cannot serve as an excuse for a complete failure to comply with Rule 56.'" (Helms Ans. Br., D.I. 67 at

11

13) What Helms fails to mention is that the plaintiffs in <u>Baum</u> "made no assertion under Rule 56(f) that further discovery was necessary in order to prepare a response to the motion for summary judgment." <u>Baum</u>, 648 F.2d at 1295. Moreover, in <u>Baum</u>, "discovery was complete." <u>Id.</u> Here by contrast, discovery has not even begun, and Plaintiffs have explicitly invoked Rule 56(f).

Helms's other authorities suffer from similar defects. In each case, the party opposing summary judgment either failed to invoke Rule 56(f) or failed to avail itself of an opportunity to conduct discovery. See <u>Proctor v. Sagamore Big Game Club</u>, 265 F.2d 196, 201 (3d Cir. 1959) (plaintiffs did not move for a continuance under Rule 56(f) but instead opposed summary judgment on the merits); see also <u>Gostlin v. Nelson</u>, 41 F.R.D. 48, 50 (D. Del. 1965) (party opposing summary judgment failed to take the depositions of two witnesses to support his argument), aff'd, 363 F.2d 371 (3d Cir. 1966); <u>Chambers & Co. v. Equitable Life Assurance Soc'y</u>, 224 F.2d 338 (5th Cir. 1955) (both parties conducted discovery and each separately moved for summary judgment claiming there was no material dispute of fact). Indeed, Helms relies on a sizable block quote from <u>Robin Constr. Co. v. United States</u>, 345 F.2d 610, 613 (3d Cir. 1965), without mentioning the fact that the plaintiffs in that case "had [a] full opportunity to examine by . . . depositions all of the persons . . . upon whom the [movant's] case . . . rest[ed] . . . [and] neither availed themselves of this opportunity nor . . . indicated any desire to do so"). Likewise, in <u>S. Rambler</u>

12

Sales, Inc. v. Am. Motors Corp., 375 F.2d 932 (5th Cir. 1967), the plaintiff "had from May until August to employ the tools and devices of discovery . . . but failed to do so." Id. at 936.

      Helms's argument that Plaintiffs have failed to meet the standard for application of Rule 56(f) is also without merit. Helms complains that "Plaintiffs have failed to provide proper evidentiary support" for their allegation that the School Board has created a "revival meeting atmosphere" at some School Board meetings. Of course, in making that complaint Helms fails to mention that the School Board has the best evidence of this "revival meeting atmosphere" – a videotape of the August 24, 2004 School Board meeting that Plaintiffs cannot obtain because of the stay of discovery. (Rule 26(a)(1) Disclosure of the Non-Helms Defendants at 5) Similarly, Helms points out that Plaintiffs have not yet offered affidavits from eyewitnesses (Helms Ans. Br., D.I. 67 at 15), but fails to explain how eyewitnesses are to testify regarding the motives of the School Board members, or whether the School Board members themselves expect students to attend School Board meetings.

      Particularly remarkable is Helms's criticism of Plaintiffs for failing to offer evidence that there are non-public meetings of the School Board. (Helms Ans. Br., D.I. 67 at 15-16) Helms knows full-well that, almost by definition, Plaintiffs cannot offer evidence of non-public School Board meetings without discovery. Helms and the rest of the School Board are likely to be the only eyewitnesses –

13

perhaps that is why Helms is comfortable claiming that the meetings do not occur.[5] Indeed, Plaintiffs might not have ever known that the School Board does not open its non-public meetings with prayer[6] if the Non-Helms Defendants had not affirmatively pled that information in their Answer. (See Non-Helms Ans., D.I. 29 at ¶ 52 (stating that "closed meetings [of the School Board] . . . are not opened with a prayer")). Of course, Helms's emphasis on the absence of evidence only proves Plaintiffs' point – discovery must proceed before the Court decides the Summary Judgment Motion on the merits.

Finally, Helms shows considerable chutzpah in accusing Plaintiffs of lack of diligence in pursuing discovery. There has been no discovery in this case because on June 16, 2005, the Court stayed discovery. (June 13, 2005 Mem. Order, D.I. 53 at 1-2) Surely Plaintiffs cannot be expected to have pursued discovery in violation of that order. Nor should Plaintiffs be expected to brief a summary

---

[5] Helms argues that there could not have been non-public meetings because they are illegal. (Helms Ans. Br., D.I. 67 at 15-16) With this argument, Helms not only contradicts the Non-Helms Defendants, but also accuses his fellow School Board members of violating the law. (Non-Helms Ans., D.I. 29 at ¶ 52)

[6] Plaintiffs still do not know why the School Board does not open its non-public meetings with prayer and if that decision indicates an "impermissible motive." Marsh, 463 U.S. at 793.

14

judgment motion on the merits now, when evidence necessary to resolve the motion remains in the possession of the moving party.[7]

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their opening Brief, Plaintiffs respectfully request that the Court deny or continue the Summary Judgment Motion.

*/s/*

Thomas J. Allingham II (#476)
Robert S. Saunders (#3027)
Rosemary S. Goodier (#3585)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Attorneys for Plaintiffs

DATED: September 2, 2005

---

[7] Helms also wastes the Court's time with an argument that an executed affidavit from a member of the bar of this Court and filed with the Court by the affiant himself is somehow deficient for lack of notarization. (Helms Ans. Br., D.I. 67 at 16-17) Plaintiffs will moot the issue by submitting a substantively identical Declaration under 28 U.S.C. § 1746.