IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| Plaintiffs, | : |
| v. | : No. 05-cv-00120-JJF |
| HARVEY L. WALLS, et al., | : |
| Defendants. | : |

**DECLARATION OF THOMAS J. ALLINGHAM II
IN SUPPORT OF PLAINTIFFS' MOTION TO DENY
OR CONTINUE HELMS'S MOTION FOR SUMMARY JUDGMENT**

Thomas J. Allingham II declares as follows:

1.   I am co-counsel for Mona Dobrich, Marco Dobrich, Alexander Dobrich, Jane Doe, John Doe, Jordan Doe and Jamie Doe (collectively, "Plaintiffs") in this matter. I am a member in good standing of the Bar of the Supreme Court of the State of Delaware and of the United States District Court for the District of Delaware. Pursuant to Federal Rule of Civil Procedure 56(f), I respectfully submit this affidavit in support of Plaintiffs' Motion to Deny or Continue Defendant Helms's Motion for Summary Judgment on the Board's Voluntary Prayer Policy as Written (the "Summary Judgment Motion"). The Summary Judgment Motion seeks judgment on the constitutionality of the Indian River School District's (the "District") policy on "Board Prayer at Regular Board Meetings" (the "Policy").

2. I am actively involved in the prosecution of the above-captioned action and have acquired firsthand knowledge of the types of evidence, and probable sources of evidence, that Plaintiffs must have an opportunity to pursue through discovery in order to present the full array of genuine disputes of material fact that preclude summary judgment. I also have firsthand knowledge of the reasons why this evidence cannot be presented to this Court without the benefit of discovery from Defendant Helms and the other defendants (the "Non-Helms Defendants").

3. To date, Plaintiffs have not had an opportunity to conduct any discovery beyond the exchange of initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). On June 13, 2005, the Court stayed all discovery in deference to mediation pending before Magistrate Judge Mary Pat Thynge. In compliance with this order, Plaintiffs have not served any discovery requests on opposing counsel.

4. Although I believe that there are genuine issues of material fact that exist that preclude summary judgment at this time, Plaintiffs must recognize the possibility that the Court will disagree, and they cannot abandon arguments that are dependent upon information in Defendants' possession.

5. Helms argues that there are no genuine disputes of material fact that preclude a determination that the School Board's written policy regarding prayer at School Board meetings is constitutional. Helms argues that 1) there is no

factual dispute regarding his assertion that the only recipients of School Board prayer are the members of the School Board and 2) there is no evidence indicating that the School Board uses the prayer opportunity to proselytize, advance or disparage a particular religion.

6. First, Plaintiffs need to depose past and current School Board members and other District officials to test Helms's assertion that the only recipients of School Board prayer are the adult members of the School Board. Plaintiffs also need records currently in the possession of Defendants, including invitations to students to attend School Board meetings and the minutes and audio or visual recordings of those meetings. I believe that this evidence will demonstrate that students attend every public School Board meeting, that the School Board frequently invites school children to attend those meetings, and that in some cases their attendance is mandatory.

7. Although Plaintiffs could submit minutes and agendas of School Board meetings that indicate student attendance at those meetings, Plaintiffs must recognize the possibility that this Court will find that evidence alone insufficient to create a genuine issue of material fact regarding whether children are recipients of School Board prayer.

8. Second, Plaintiffs need discovery to test Helms's claim there is no evidence that the School Board members exploit the prayer opportunity to

proselytize or advance any one, or to disparage any other, faith or belief. Plaintiffs need to depose past and current School Board members, to review records of past School Board meetings, including copies of minutes and audio or visual recordings of School Board meetings, and to review documents related to the District's current and former policies on School Board prayer, including notes, memoranda, correspondence and draft copies related to those policies, to show that the School Board chooses to open its public meetings with prayer in order to advance Christianity.

9.  The Non-Helms Defendants have admitted that the School Board has chosen to open its non-public meetings without a prayer. While this fact alone may raise a genuine issue of material fact as to whether the School Board exploits the prayer opportunity to proselytize, Plaintiffs cannot assume that the Court will agree.

10.  The discovery Plaintiffs seek is necessary to present the Court with genuine disputes of material fact that preclude a determination that the School Board's written policy regarding prayer at School Board meetings is constitutional under Marsh v. Chambers, 463 U.S. 783 (1983).

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 6, 2005.

Thomas J. Allingham II

426195-Wilmington S1A                4