IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : No. 05-cv-00120-JJF |
| | : |
| HARVEY L. WALLS, et al., | : |
| | : |
| Defendants. | : |

**PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO HELMS'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' REPLY BRIEF AND DECLARATION IN SUPPORT OF PLAINTIFFS' RULE 56(f) MOTION**

Thomas J. Allingham II (#476)
Robert S. Saunders (#3027)
Rosemary S. Goodier (#3585)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Attorneys for Plaintiffs

DATED: September 22, 2005

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.     PLAINTIFFS WERE ENTITLED TO FILE A RULE 56(f) MOTION, WITH OPENING AND REPLY BRIEFS IN SUPPORT. . . . . . . . . . . . . . . . . . . . . 4

II.    PLAINTIFFS HAVE NEVER ADDRESSED THE MERITS OF THE SUMMARY JUDGMENT MOTION AND ARE NOT OBLIGATED TO DO SO UNLESS AND UNTIL THE COURT DENIES THEIR MOTION UNDER RULE 56(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.   DEFENDANT'S CLAIMS OF SANDBAGGING ARE WITHOUT MERIT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.   THE COURT MAY CONSIDER PLAINTIFFS' RULE 56(f) DECLARATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE(S)**

Brill v. Gen. Indus. Enters., Inc.,
    234 F.2d 465 (3d Cir. 1956) .................................................................................... 6

Cavendish Farms v. Fleming Cos. (In re Fleming Cos.),
    316 B.R. 809 (D. Del. 2004) ..................................................................................... 8

Fed. Ins. Co. v. Signtactics, Inc.,
    C.A. No. 97-343-SLR, 1998 WL 175882 (D. Del. Mar. 26, 1998) ....................................... 8

Hood v. George,
    C.A. No. 00-538-SLR, 2002 WL 655470 (D. Del. Apr. 12, 2002) ....................................... 6

Miller v. DaimlerChrysler Corp.,
    C.A. No. 01-827-JJF (D. Del. Dec. 12, 2002) .......................................................... 4, 5, 8, 9

Sames v. Gamble,
    732 F.2d 49 (3d Cir. 1984) ....................................................................................... 8

St. Surin v. V.I. Daily News, Inc.,
    21 F.3d 1309 (3d Cir. 1994) .................................................................................. 4, 8

**STATUTES**                                                                                       **PAGE(S)**

28 U.S.C. § 1746 ..................................................................................................... 2

Plaintiffs Mona Dobrich, Marco Dobrich, Alexander Dobrich, Jane Doe, John Doe, Jordan Doe and Jamie Doe (collectively, "Plaintiffs"), by and through their attorneys, respectfully submit this brief in opposition to Defendant Helms' Motion to Strike Portions of Plaintiffs' Reply Brief (D.I. 68) and Declaration (D.I. 69) for Failure to Comply with Local Rule 7.1.3 ("Motion to Strike") (D.I. 70).[1]

## NATURE AND STAGE OF THE PROCEEDINGS

Defendant Helms began this complicated briefing process on August 5, 2005 when he filed a motion for summary judgment ("Summary Judgment Motion") (D.I. 60) and a supporting brief ("Summary Judgment Brief") (D.I. 61) requesting that the Court declare the Indian River School District's policy on prayer at School Board meetings constitutional.[2]

On August 19, 2005, Plaintiffs filed a motion ("Rule 56(f) Motion") (D.I. 63) and a supporting brief ("Rule 56(f) Brief") (D.I. 64) and affidavit ("Rule

---

[1] Defendants the Indian River School District (the "District"), the Indian River School Board (the "School Board"), Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs and Earl J. Savage (collectively, the "Non-Helms Defendants" and together with Defendant Helms, "Defendants") have not filed a brief in support of Defendant Helms's Motion to Strike.

[2] Helms's Summary Judgment Motion was either late or premature -- late because the Court already determined the constitutionality of prayer at School Board meetings, and if it did not, premature because the parties had not had any opportunity to conduct discovery beyond the exchange of initial disclosures.

56(f) Affidavit") (D.I. 65) asking this Court to deny the Summary Judgment Motion as moot or, in the alternative, deny or continue it as premature.

On August 26, 2005, Defendant Helms filed a response brief ("Response Brief") (D.I. 67) to the Rule 56(f) Motion. For the first time in that Response Brief, Defendant Helms argued that discovery was irrelevant because of a bright-line distinction between facial and as-applied challenges to policies that violate the Establishment Clause. Defendant Helms also claimed that the issue of school board prayer was not moot.[3]

On September 2, 2005, Plaintiffs filed a reply brief ("Reply Brief") (D.I. 68) addressing Helms's arguments. Plaintiffs also cured any possible defect in their Rule 56(f) Affidavit by offering a substantively identical declaration ("Declaration") (D.I. 69) pursuant to 28 U.S.C. § 1746.

Defendant Helms filed his Motion to Strike on September 8, 2005. This is Plaintiffs' brief in opposition.

---

[3]  Helms's position contradicts statements his own lawyer made to the press. (Compare D.I. 67 at 3 with Patrick Varine, U.S. District Court Dismisses Part of IRSD Religion Suit, SUSSEX COUNTIAN, Aug. 10, 2005 at 3A (quoting Thomas Neuberger as saying "'[The Court] ruled that board prayer is constitutional, period.'"))

In his Response Brief, Defendant Helms also threatened Plaintiffs with a Motion to Strike, apparently in an attempt to cow Plaintiffs into waiving their right to file a reply brief in support of their Rule 56(f) Motion. (D.I. 67 at 2 n.3)

2

## ARGUMENT

Helms's Motion to Strike must fail for several reasons. First, Plaintiffs were entitled to bring a Rule 56(f) *Motion* to deny or continue Helms's Summary Judgment Motion. In doing so, Plaintiffs did not employ a devious scheme to withhold arguments and unleash them in a disguised sur-reply. Rather, Plaintiffs simply followed the briefing schedule set out by the Local Rules.

Second, Plaintiffs' Rule 56(f) Brief was not a disguised answering brief that attacked the Summary Judgment Motion on the merits. Although the Rule 56(f) Brief pointed out that the Summary Judgment Motion was moot, a dispute over whether a controversy is live is not a dispute on the merits. Plaintiffs' Rule 56(f) Brief addressed procedural and jurisdictional questions separate and apart from the merits of the underlying dispute.

Third, Plaintiffs did not raise new arguments in their Reply Brief that they should have raised in their Rule 56(f) Brief. Plaintiffs simply responded to arguments Helms made in his Response Brief in the sequence contemplated by the Local Rules.

Finally, Helms's argument regarding the supposed technical deficiencies of the now corrected Rule 56(f) Affidavit fails. This Court has at least once allowed a party to file a Rule 56(f) affidavit to correct alleged deficiencies in an initial

3

Rule 56(f) filing. Similar treatment is appropriate here, where the now-corrected deficiency was not a matter of substance, but the absence of a notary stamp.

I. **PLAINTIFFS WERE ENTITLED TO FILE A RULE 56(f) MOTION, WITH OPENING AND REPLY BRIEFS IN SUPPORT.**

Plaintiffs' Rule 56(f) Brief was an opening brief in support of a motion. Helms was entitled to an answering brief, and Plaintiffs were entitled to a reply brief under Local Rule 7.1.2(a)(3). Helms disagrees of course, claiming that a motion under Rule 56(f) is inappropriate, that Plaintiffs' Rule 56(f) Brief should be construed as an answering brief on the merits and that Plaintiffs' Reply Brief should be stricken as an improper sur-reply. As explained below, however, it is appropriate for a party seeking relief under Rule 56(f) to do so by motion, and Helms offers no good reason to cut short the ordinary schedule set out by the Local Rules for briefing on a motion.

Helms has not cited any case to support the proposition that a motion under Rule 56(f) is inappropriate or that full briefing on that motion is unfair. Although the Federal Rules of Civil Procedure are silent as to whether a motion and a separate briefing schedule are appropriate when a party seeks relief under Rule 56(f), Third Circuit cases indicate that filing a motion is appropriate. See, e.g., St. Surin v. V.I. Daily News, Inc., 21 F.3d 1309, 1313-14 (3d Cir. 1994).

Precedent in this district also supports the proposition that the filing of a motion under Rule 56(f) is entirely appropriate. See Miller v. DaimlerChrysler Corp., C.A. No. 01-827-JJF (D. Del. Dec. 12, 2002) (memorandum order) ("Miller

4

Mem. Op.") (Exhibit A). In <u>Miller</u>, the plaintiff filed and briefed the equivalent of a Rule 56(f) motion[4] after the defendant filed an allegedly premature summary judgment motion. The Court permitted a full round of briefing on the Rule 56(f) motion (including a reply brief in support) and then granted the Rule 56(f) motion over the defendant's objections. <u>Miller</u> Mem. Op. Remarkably, the plaintiff in <u>Miller</u> was represented by the very same attorney who now represents Helms and asks the Court to deny Plaintiffs the relief the Court granted to his other client when faced with a premature summary judgment motion.

Plaintiffs' Rule 56(f) Motion was not extraordinary, and their Reply Brief simply completes the briefing schedule contemplated by the Local Rules.

## II.    PLAINTIFFS HAVE NEVER ADDRESSED THE MERITS OF THE SUMMARY JUDGMENT MOTION AND ARE NOT OBLIGATED TO DO SO UNLESS AND UNTIL THE COURT DENIES THEIR MOTION UNDER RULE 56(f).

In an attempt to bolster his claim that Plaintiffs' Rule 56(f) Brief should be construed as an answering brief, and that Plaintiffs' Reply Brief should be considered an improper sur-reply, Helms argues that Plaintiffs addressed the merits of his Summary Judgment Motion in their Rule 56(f) Brief. Specifically, Helms claims that Plaintiffs' motion and briefing to deny the Summary Judgment Motion as moot were a "merits argument in answer to" the Summary Judgment Motion. (D.I. 70 at 3)

---

[4]    The plaintiff styled her Rule 56(f) equivalent a "Motion for Extension of Time."

5

Mootness, however, is not a merits argument. Any federal court must decide whether it has jurisdiction before reaching the merits of a case. Hood v. George, C.A. No. 00-538-SLR, 2002 WL 655470, at *1 (D. Del. Apr. 12, 2002) (federal courts must resolve mootness issues before turning to the merits) (Exhibit B); see also Brill v. Gen. Indus. Enters., Inc., 234 F.2d 465 (3d Cir. 1956) (court granted motion to dismiss appeal as moot). If a court's decision on whether an issue is moot is not part of the merits of the case, then Plaintiffs' opposition to the Summary Judgment Motion as moot is not a merits challenge to the Summary Judgment Motion. Helms offers no authority to the contrary.

Moreover, Helms's new claim that Plaintiffs raised various merits arguments in their Rule 56(f) Brief is flatly inconsistent with the position he took in his Response Brief. (See D.I. 67 at 9-10 ("[P]laintiffs' numerous counsel are apparently unwilling . . . to respond on the merits to Helms' . . . legal argument that the Board's voluntary prayer policy as written, meets and exceeds constitutional standards."))

Plaintiffs' request that the Court deny the Summary Judgment Motion on mootness grounds is analogous to a motion to strike, not a merits-based response as Helms suggests. Presumably Helms believes that a full briefing schedule is appropriate on a motion to strike. Plaintiffs' Rule 56(f) Motion deserves no less.

6

### III. DEFENDANT'S CLAIMS OF SANDBAGGING ARE WITHOUT MERIT.

In their Reply Brief, Plaintiffs addressed Defendant Helms's claims that the Court could consider the facial unconstitutionality of the School Board's policy on Board Prayer at Regular Board Meetings ("Prayer Policy") without discovery related to the application of that policy. (D.I. 68 at 4-8) Helms first briefed this issue in his Response Brief. (D.I. 67 at 5-7) He made no attempt to brief this issue in his Summary Judgment Brief even though he could certainly have anticipated that Plaintiffs would point out that summary judgment would be premature when all discovery, except for the exchange of Rule 26(a)(1) initial disclosures, in the case had been stayed. After Plaintiffs did just that in their Rule 56(f) Motion, Helms articulated a legal argument based on the facial/as-applied distinction suggesting discovery was unnecessary. In their Reply Brief, Plaintiffs simply responded to that new argument.

Plaintiffs did nothing more than reply. First, they pointed out that facial challenges to policies that violate the Establishment Clause require facts that would otherwise relate to an as-applied challenge. (D.I. 68 at 4-6) Second, Plaintiffs pointed out that the Prayer Policy makes factual assertions as to its application which necessarily require discovery lest the court issue an advisory opinion on a hypothetical state of facts. (D.I. 68 at 6-7) Third, Plaintiffs replied that the Prayer Policy grants School Board members discretion and that Plaintiffs need discovery as to the Prayer

7

Policy's application to show that the Prayer Policy is facially unconstitutional. (D.I. 68 at 8)

In sum, each of Plaintiffs' arguments on pages 4 through 8 of the Reply Brief were "either in the [Rule 56(f) Brief] or in response to [Defendant Helms's] arguments in opposition [to the Rule 56(f) Brief]," and therefore permissible. Cavendish Farms v. Fleming Cos. (In re Fleming Cos.), 316 B.R. 809, 815 n.3 (D. Del. 2004); see also Fed. Ins. Co. v. Signtactics, Inc., C.A. No. 97-343-SLR, 1998 WL 175882, at *2 (D. Del. Mar. 26, 1998) (observing that defendant did not violate Local Rule 7.1.3(c)(2) by addressing in a reply brief legal arguments raised by the plaintiff in an answering brief) (Exhibit C).

## IV.   THE COURT MAY CONSIDER PLAINTIFFS' RULE 56(f) DECLARATION.

Although the Third Circuit recognizes that Rule 56(f) requires an affidavit, the Third Circuit does not bar a filing requesting a stay or continuance that fails to match that requirement. See Sames v. Gamble, 732 F.2d 49 (3d Cir. 1984) (district court erred in granting summary judgment where discovery was outstanding, even though party opposing summary judgment failed to file a Rule 56(f) affidavit). "[F]ailure to support a Rule 56(f) motion by affidavit is not automatically fatal to its consideration." St. Surin, 21 F.3d at 1314; see also Miller Mem. Op. at 8. A court may consider a filing under Rule 56(f) where it identifies the reasons for delaying

8

consideration of summary judgment and complies with the other requirements of a Rule 56(f) affidavit. Id.

In this case, not only did Plaintiffs file a Rule 56(f) Affidavit, but they filed a substantively identical Declaration to cure the alleged deficiency of the affidavit when Helms complained. Helms cannot claim any prejudice from this sequence of events.

In Miller, counsel for the plaintiff not only filed the equivalent of an initial Rule 56(f) motion *without* an accompanying Rule 56(f) affidavit (Miller D.I. 73), but also filed a Rule 56(f) affidavit (Miller D.I. 79) after both the due date for filing the response brief to a summary judgment motion expired and after the opposing party filed its response brief challenging the initial motion because of the absence of a Rule 56(f) affidavit. Nevertheless, the Court accepted the subsequently filed Rule 56(f) affidavit and granted a continuance to permit the needed discovery. Miller Mem. Op. Here, where Plaintiffs submitted an affidavit and later a substantively identical declaration, the Court need not ignore both filings for lack of a notary stamp on the former.

9

## CONCLUSION

For the foregoing reasons, this Court should deny Helms's Motion to Strike.

_____
Thomas J. Allingham II (#476)
Robert S. Saunders (#3027)
Rosemary S. Goodier (#3585)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Attorneys for Plaintiffs

DATED: September 22, 2005