# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MONA DOBRICH, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A.No. 05-120-JJF |
| | : | |
| | : | |
| **HARVEY L. WALLS, et al.,** | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT REGINALD L. HELMS' REPLY BRIEF IN SUPPORT OF HIS MOTION TO STRIKE PORTIONS OF PLAINTIFFS' REPLY BRIEF (D.I. 69) FOR FAILURE TO COMPLY WITH LOCAL RULE 7.1.3

**THE RUTHERFORD INSTITUTE**
**JOHN W. WHITEHEAD, ESQ.**
**DOUGLAS MCKUSICK, ESQ.**
P.O. Box 7482
Charlottesville, VA 22906
(434) 978-3888
JohnW@Rutherford.org
DouglasM@Rutherford.org

Of Counsel

**THE NEUBERGER FIRM, P.A.**
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Defendant Reginald L. Helms

Dated: September 29, 2005

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

NATURE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES

**Cases**

Sames v. Gamble, 732 F.2d 49 (3d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

St. Surin v. Virgin Islands Daily News, 21 F.3d 1309 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 4

**Rules**

Fed. R. Civ. P. 56(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-5

Fed. R. Civ. P. 7(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Local Rule 7.1.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

## NATURE OF PROCEEDINGS

On August 5, 2005, Defendant Reginald Helms filed a motion for summary judgment and supporting brief (D.I. 60, 61) requesting a finding that the Indian River School Board's voluntary prayer policy, as written, is not violative of the First Amendment to the United States Constitution. Instead of simply responding to that brief with an Answering Brief as contemplated by this Court's rules and in accordance with customary practice, the Plaintiffs filed their own "motion" and supporting brief (D.I. 63, 64), requesting that the summary judgment motion be denied. Defendant Helms filed his reply brief to the Plaintiffs' submission (D.I. 67). The Plaintiffs then made an additional submission on September 2, 2005, labeling the filing as their reply brief in support of their "motion to deny" Defendant Helms' summary judgment motion (D.I. 68).

In response, Defendant Helms filed a motion to strike portions of the September 2 reply brief of the Plaintiffs (D.I. 70), and the Plaintiffs filed an Answering Brief to this motion (D.I. 71).

## SUMMARY OF THE ARGUMENT

The Plaintiffs' second response to Defendant Helms' summary judgment motion (D.I. 68) cannot be legitimized as simply their reply brief on their request for relief under Fed. R. Civ. P. 56(f). That unauthorized sur-reply brief went well beyond addressing simply whether resolution of Helms' motion should be delayed in order for more discovery to be had. It addressed issues raised by Helms in his summary judgment motion and raised new matters that should have been included in the Plaintiffs' answering brief. The second response is a thinly-veiled attempt at

1

sandbagging and must be rejected by granting Helms' motion to strike.

## ARGUMENT

The Plaintiffs' attempt to rely upon Fed. R. Civ. P. 56(f) as a justification for its shrewd attempt to submit a sur-reply to Defendant Helms' summary judgment motion is discredited by its own conduct and statements. In their reply to the instant motion to strike, the Plaintiffs contend that their initial response to Helms' motion was simply their own independent motion under Rule 56(f) to which a separate briefing sequence applied under this Court's Local Rule 7.1.2. Even if the Plaintiffs were allowed to respond by a motion under Rule 56(f) to a delay or continue resolution of Defendant Helms' summary judgment motion, that is not what the Plaintiffs did in this case.

In their "motion" requesting that Helms' summary judgment motion be denied, the Plaintiffs candidly confessed that "[t]his is Plaintiffs' response" to that motion (D.I. 64 at 2). That "response" constituted the Plaintiffs' Answering Brief to Helms' summary judgment motion for purposes of Local Rule 7.1.2(a). Indeed, the Plaintiffs' formal motion to deny the summary judgment motion (D.I. 63) nowhere mentions Rule 56(f). *See* Fed. R. Civ. P. 7(b)(1) (a motion seeking a court order "shall state with particularity the grounds therefor[.]").

Additionally, the Plaintiffs' response to Helms' summary judgment motion went well beyond the scope of matters to be considered when Rule 56(f) is invoked. That rule allows a court to refuse an application for summary judgment or order a continuance to allow additional discovery should it appear that the party opposing summary judgment cannot present facts essential to the opposing party's position. Fed. R. Civ. P. 56(f). The Plaintiffs' August 19

"response" to Helms' summary judgment motion did not merely assert that a delay was necessary in order to allow more discovery; the Plaintiffs affirmatively addressed the entitlement of Helms to the judgment requested by the motion. Thus, the Plaintiffs argued that Helms' motion should be denied as moot and that the Court should not allow "piecemeal" litigation of the case. These contentions did not address the Plaintiffs' need to additional discovery in order to meet Helms' motion. Instead, they exceeded the scope of matters relevant to a Rule 56(f) request and constituted the Plaintiffs' response and answer to Helms' motion for purposes of Local Rule 7.1.2(a).

Once they had answered the merits of Helms' motion, the Plaintiffs were not allowed another opportunity to address the motion. The case law previously cited by Helms establishes that conduct amounting to "sandbagging" in the briefing process will not be condoned and will be remedied by a motion to strike. The Plaintiffs' ploy of labeling their response to Helms' summary judgment motion is an attempt to trap Helms and gain a tactical advantage not allowed by the rules of this Court.

The Plaintiffs' argument that Helms is attempting to preclude them from seeking relief under Rule 56(f) (D.I. 71 at 4) is completely wrong. The motion to strike plainly states that it targets matters in the Plaintiffs' Reply Brief (D.I. 68), "with the exception of Rule 56(f) arguments[.]" (D.I. 70 at 2). The motion also provides that "Defendant Helms respectfully submits that only the portions of this Reply Brief addressing the Rule 56(f) issue are proper[.]" (D.I. 70 at 3).

What the instant motion does target are the matters contained in the Reply Brief that have nothing whatsoever to do with relief under Rule 56(f). That Reply Brief improperly addressed

3

the mootness claim for a second time (D.I. 68 at 2-3), and the mootness claim is wholly irrelevant to the request for relief under Rule 56(f).

Argument II in the Plaintiffs' disguised sur-reply brief also must be stricken because it attempts to argue that questions of fact exist as to the validity of the voluntary prayer policy as written (D.I. 68 at 3-9).  These arguments and supporting authority should have been included in the Plaintiffs' response to Helms' summary judgment motion because they address whether there are material factual issues that preclude summary judgment.  Whether a material factual dispute exists is the essential issue on a summary judgment motion, and the Plaintiffs should have submitted arguments and authority on that issue in their response to Helms' motion, not in a delayed manner under the guise of seeking relief under Rule 56(f).  The Plaintiffs' assertion (D.I. 71 at 7) that Helms raised the issue concerning an "as written" challenge anew in his reply brief ignores the record here.  Helms' original motion and supporting brief sought summary judgment on the voluntary prayer policy "as written" (D.I. 60 and 61, Cover Pages).  This was made plain in the Conclusion to Helms' Opening Brief (D.I. 61 at 39):

> The <u>written</u> Policy is constitutional <u>as written</u>.  Summary judgment should be granted for Defendant Helms.  <u>Any as applied challenge awaits another day</u>.  (emphasis added).

Helms did not raise new issues in his reply to the Plaintiffs' motion, and the Plaintiffs cannot justify their filing of a sur-reply as necessary to meet new matters raised by Helms.

Other than suggesting that this Court should overlook the default in complying with the affidavit requirement of Rule 56(f), the Plaintiffs also have offered no substantial basis for allowing consideration of the belated declaration in support of the Rule 56(f) request (D.I. 69).  In support of allowing the new and improved declaration, they cite the decision in <u>Sames v.</u>

4

Gamble, 732 F.2d 49 (3d Cir. 1984). However, that case hardly stands for the proposition that a failure to submit a timely and proper Rule 56(f) affidavit is excusable neglect. The court took pains to criticize the plaintiff there for failing to comply with Rule 56(f)'s affidavit requirement, pointing out that the plaintiff was largely responsible for any premature grant of summary judgment. Id. at 52, n. 3. Similarly, in St. Surin v. Virgin Islands Daily News, 21 F.3d 1309, 1313-14 (3d Cir. 1994), the court underscored the benefits of technical and full compliance with Rule 56(f). While the failure to submit a proper affidavit in this case may be neglect, the Plaintiffs have offered no reason for excusing that neglect.

## CONCLUSION

The Plaintiffs' second reply to Defendant Helms' summary judgment motion must be stricken to the extent it covers matters that are not pertinent to Rule 56(f). Local Rule 7.1.2 establishes the briefing sequence on motions like the summary judgment motion filed by Defendant Helms, and the Plaintiffs have attempted to flout that rule by presenting a motion in opposition or to deny Helms' motion. The trick and attempt to sandbag has been discovered, and the improper arguments and factual proffers must be stricken.

Respectfully submitted,

/s/ Thomas S. Neuberger
**THE NEUBERGER FIRM, P.A.**
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Defendant Reginald L. Helms


**THE RUTHERFORD INSTITUTE**
**JOHN W. WHITEHEAD, ESQ.**
**DOUGLAS MCKUSICK, ESQ.**
P.O. Box 7482
Charlottesville, VA 22906
(434) 978-3888
JohnW@Rutherford.org
DouglasM@Rutherford.org

Of Counsel

Dated: September 29, 2005

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on September 29, 2005, I electronically filed this **Brief** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following individuals:

>Thomas J. Allingham II, Esq.
>Robert S. Saunders, Esq.
>One Rodney Square
>P.O. Box 636
>Wilmington, DE 19899

>John D. Balaguer, Esq.
>824 Market St., Suite 902
>P.O. Box 709
>Wilmington, DE 19899

>John F. Cafferky, Esq.
>William A. Porter, Esq.
>Andrea D. Gemignani, Esq.
>Blankingship & Keith
>4020 University Drive, Suite 300
>Fairfax, VA 22030


>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

cc:   Thomas S. Neuberger, Esq.
      John W. Whitehead, Esq.
      Douglas McKusick, Esq.
      Mr. Reginald L. Helms

Helms \ Briefs \ Reply Brief Supporting Motion to Strike.final

7