IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | x |
| Plaintiffs, | **REDACTED PUBLIC VERSION** |
| v. | Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | CONFIDENTIAL VERSION FILED: March 13, 2006 |
| Defendants. | REDACTED VERSION FILED: March 17, 2006 |

**PLAINTIFFS' MOTION FOR RELIEF FROM MEDIATION ORDER**

Pursuant to Federal Rule of Civil Procedure 60(b)(6), Plaintiffs Mona Dobrich and Marco Dobrich, in their own right and as legal guardians of Alexander Dobrich and Samantha Dobrich (collectively, the "Dobriches"), and John Doe and Jane Doe, in their own right and as legal guardians of Jordan Doe and Jamie Doe (collectively, the "Does," and together with the Dobriches, "Plaintiffs"), respectfully move the United States District Court for the District of Delaware (the "Court") to grant relief from paragraph 7 (the "Confidentiality Provision") of the Court's June 20, 2005 Mediation Order (the "Mediation Order"). The grounds for the Motion for Relief are as follows:

1. On February 28, 2005, Plaintiffs filed the complaint (the "Complaint") in this action seeking damages and declaratory and injunctive relief for an alleged pattern and practice of unconstitutional behavior on the part of the School Board, the District and District employees (the "Defendants").

2. On June 16, 2005, the Court referred the case to mediation with Magistrate Judge Mary Pat Thynge.

3. On June 20, 2005, Magistrate Judge Thynge entered the Mediation Order, which detailed the rules of the mediation and noted that there would be sanctions for parties that violate the Confidentiality Provision. Ex. A, Mediation Order.

4. Pursuant to the Confidentiality Provision of the Mediation Order, the parties agreed that "[t]he contents of the mediation conference statements and the conference discussion, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation, nor any other litigation presently pending or filed in the future, and shall not be construed as nor constitute an admission." *Id.* ¶ 7.

5. Pursuant to the Confidentiality Provision of the Mediation Order, the parties further agreed that a "[b]reach of the [Confidentiality Provision] shall subject the violator to sanctions." *Id.*

6. On August 5, 2005, Magistrate Judge Thynge confirmed that the Confidentiality Provision would remain in full force and effect. Ex. B, August 5, 2005 Order.

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

**REDACTED**

WHEREFORE, Plaintiffs respectfully request that the Court grant relief from the Confidentiality Provision in the Mediation Order.

*[signature]*

Thomas J. Allingham II (I.D. No. 476)
One Rodney Square
P. O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

Attorney for Plaintiffs.

DATED: March 13, 2006