IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al., :
:
        Plaintiffs, :
:
v. : Civil Action No. 05-120-JJF
:
HARVEY L. WALLS, et al., :
:
        Defendants. :

### MEMORANDUM ORDER

Pending before the Court is a Motion To Strike Immaterial And Scandalous Allegations (D.I. 30) filed by Defendants, Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Birley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, Earl J. Savage, The Indian River School Board and the Indian River School District (collectively "Defendants").[1] By their Motion, Defendants request the Court to strike the Complaint in its entirety, or in the alternative, to strike paragraphs 12, 78, 85-87, 89-90, 96-97, 99-100, 103, 106-110 of the Complaint on the grounds that the Complaint contains immaterial, impertinent and scandalous allegations.

Plaintiffs have filed a response to Defendants' Motion contending that the Motion is untimely under Rule 12(f).

---

[1] The Court notes that Defendant Reginald Helms did not join in the filing of the Motion To Strike.

Plaintiffs also contend that Defendants have not demonstrated that the allegations are scandalous or immaterial, and have not shown that they have been prejudiced by the allegations to which they refer.

In full, Rule 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motions made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

Fed. R. Civ. P. 12(f). In addition, Rule 12(g) provides that a party making a motion under the rule may join with it other motions that are then available to the party. Fed. R. Civ. P. 12(g).

In this case, the Indian River School Board (the "School Board"), the Indian River School District (the "School District") and the Individual Defendants in their official capacities filed an Answer to the Complaint on April 27, 2005, which included Rule 12(f) as a basis for dismissal of the Complaint. The Individual Defendants in their individual capacities did not file an Answer to the Complaint, but instead joined with the School District and the School Board in filing a Motion To Dismiss.[2] Unlike the

---

[2] The Motion To Dismiss was brought by the Individual Defendants in both their individual and official capacities.

2

cases cited by Plaintiffs in which the motions to strike were filed several days, and in some cases months, after answers to the complaints were filed[3], in this case the Motion To Dismiss was filed on the same day as the Motion To Strike. Accordingly, in light of the requirements of Rule 12(f) and the provisions of Rule 12(g) regarding the filing of multiple motions under Rule 12, the Court cannot conclude that the Motion To Strike is untimely.

At this juncture, however, the Court concludes that Defendants have not established prejudice or that the allegations cited in the Complaint are irrelevant to Plaintiffs' claims. For the most part, the allegations cited by Defendants pertain to the community's reaction to Plaintiffs' position on the school prayer issue. Although these allegations recite alleged conduct by individuals other than Defendants, Plaintiffs have alleged a nexus between Defendants' alleged actions and the alleged backlash from the community against Plaintiffs which may be relevant to Plaintiffs' claims for damages resulting from emotional distress. See e.g., D.I. 1, ¶ 110 ("As a direct result

---

[3] See e.g., Schmid v. Roehm GmbH, 544 F. Supp. 272, 273 (D. Kan. 1982) (denying plaintiffs' motion to strike defenses raised in answer where motion was filed 38 days after answer was filed); First Nat'l City Bank v. Burton M. Saks Constr. Corp., 70 F.R.D. 417 (D.V.I. 1976) (denying motion to strike affirmative defenses where motion to strike was filed six months after answer).

of the policies and practices of the School Board and the District, <u>and the environment they fostered</u>, the Dobriches decided that they had to leave.") (emphasis added).  Because the scope of discovery is defined by the pleadings, the Court will permit the allegations to stand so that they can be "fleshed out" more thoroughly during the discovery process.  However, Defendants shall be given leave to renew their Motion To Strike at the close of all fact discovery, if necessary.

    NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion To Strike Immaterial And Scandalous Allegations (D.I. 30) is **<u>DENIED</u>** with leave to renew upon the close of all fact discovery.

_March 24, 2006_
Date

_____
UNITED STATES DISTRICT JUDGE