ONE RODNEY SQUARE
BOX 636
WILMINGTON, DELAWARE 19899-0636

(302) 651-3000

April 7, 2006

**VIA E-FILE AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
844 North King Street
Lock Box 27
Wilmington, Delaware 19801

      RE: <u>Dobrich, et al., v. Walls, et al., D. Del. No. 05 - 120</u>

Dear Judge Farnan:

  Enclosed for this Court's review is a proposed scheduling order (the "Scheduling Order") on the constitutionality of the Indian River School Board's (the "School Board") Prayer Policy as written and as applied (the "School Board Prayer Issue"). Plaintiffs and defendants, the Indian River School District (the "District) and the School Board, have reached agreement on all the provisions of the Scheduling Order except for: (1) whether disclosure of the Does' identities would take place during discovery on the School Board Prayer Issue, and the restrictions on such disclosure; and (2) whether to foreclose the possibility that expert testimony may be helpful to the fact-finder. The language that the parties dispute has been bolded in the proposed Scheduling Order.

**Plaintiffs should not be required to disclose**
**the Does' identities without an appropriate protective order**

  Plaintiffs believe that disclosure of the Does' identities to the attorneys for the District and School Board must wait until an appropriate protective order is in place. On September 22, 2005, the Court granted plaintiff's Motion to Proceed Under Pseudonyms. As the parties have not yet agreed to an appropriate protective order, plaintiffs cannot agree to the defendants' demand that the Does be identified by April 21, 2006. However, should the Court decide that the Does' identity must be disclosed during discovery on the School Board Prayer Issue, the

The Honorable Joseph J. Farnan, Jr.
April 7, 2006
Page 2

disclosure should be limited only to the District and School Board's attorneys of record.

Local Rule 26.2 provides that if "the parties have not been able to agree on an appropriate protective order, until a protective order is in effect, disclosure should be limited to members and employees of the firm of trial counsel who have entered an appearance, and, where appropriate, have been admitted *pro hac vice*. Such persons are under an obligation to keep such documents confidential and to use them only for purposes of litigating the case." Unfortunately, the local rule does not provide adequate protection that an appropriate protective order would otherwise provide.

Plaintiffs believe Defendants can offer no reason for the Does' identities to be revealed beyond the attorneys of record for the District and School Board, Messrs. Balaguer and Cafferky. As demonstrated in Plaintiffs' Motion For Relief From Mediation Order (D.I. # 81), defendants who appear in this case in their official capacity, including School Board President Charles Bireley and School Board member Reginald Helms, have already violated previous confidentiality orders that the Court had entered in this case. *See* Lauren Hughes, *Indian River Lawsuit Settlement Meeting Scheduled*, DELAWARE WAVE, Jan. 4, 2006 (Messrs. Helms and Bireley commenting on the confidential settlement agreement) (D.I. 83 Exhibit D). The District and School Board claim that they need to know the Does' identities so that they can determine whether the Does have standing to pursue the School Board Prayer Issue. However, disclosing the Does' identities to the District and School Board's attorneys of record will be more than sufficient for those attorneys to conduct their own review of the District's records to confirm that the Does have standing.

Further, it is apparent on the face of newspaper accounts that Thomas Neuberger has also willfully violated confidentiality orders in this case. (*See* D.I. 83 at 3-4) Before the Does' identities are disclosed to the defendants, plaintiffs must be assured that under no circumstances will the Does' identities be disclosed to Thomas Neuberger or anyone associated with the Neuberger Firm.

This last requirement should pose no problem. First, "[i]t's clear that Mr. Helms is no longer in this lawsuit individually." (D.I. 88 at 19) Therefore, Mr. Neuberger is representing Mr. Helms only in his official capacity. "As a member of the School Board sued in his official capacity Mr. [Helms] has no personal stake in the outcome of the litigation. . . ." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543-44 (1986). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . [T]he real party in interest is the entity."

The Honorable Joseph J. Farnan, Jr.
April 7, 2006
Page 3

*Id.* at 544 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, the Does' identities do not need to be disclosed to Mr. Neuberger because he does not represent a real party in interest.

Further, newspaper accounts -- as well as their motion practice before the Court -- demonstrate that Mr. Helms and his attorneys wish to take this case through the court system so that they can obtain a final ruling on the merits of the School Board Prayer Issue. *See* Lauren Hughes, *Indian River Lawsuit Settlement Meeting Scheduled*, DELAWARE WAVE, Jan. 4, 2006 (Mr. Helms stating that the School Board needs to litigate so that the courts can issue a ruling that would apply in the future); *see also* James Diehl, *Indian River School Board to Ponder Settlement*, THE SUSSEX POST, Dec. 22, 2005 (Mr. Neuberger argued against any settlement which would prevent "any legal precedent from being established which would protect the board from claims in the future or benefit other public bodies elsewhere in the country") (D.I. 83 Exhibit C). Because Mr. Neuberger and his client desire a final determination of the constitutionality of school board prayer, the standing of any of the plaintiffs should be irrelevant to them. *See Bender*, 475 U.S. at 546 n.8 (standing is a threshold determination and if a party has no standing, then the court has no remedial powers).

**The Scheduling Order should not foreclose expert testimony on the factual issues that may be helpful to the fact-finder.**

The second remaining issue is whether the Scheduling Order should contain any provision permitting expert reports directed to the School Board Prayer Issue. Defendants contend that it should not. Plaintiffs submit, however, that the Scheduling Order should not prejudge the potential relevance of expert testimony. The case law for both school board prayer and legislative prayer has shown that any inquiry into the constitutionality of those practices is fact intensive. *See, e.g., Wynne v. Town of Great Falls, South Carolina*, 376 F.3d 292, 294-96 (4th Cir. 2004) (factual background in case holding legislative prayer unconstitutional included examples of prayers, responses to complaints and evidence that the town council would ignore its own policies); *Coles v. Cleveland Bd. of Educ.*, 171 F.3d 369, 372-74 (6th Cir. 1999) (factual background in case hold that school board prayer was neither legislative prayer nor constitutional included example of prayer, and the history of student attendance and participation at school board meetings). Moreover, Defendant Helms previously submitted an affidavit to the Court in support of his motion for summary judgment on the School Board Prayer Issue referring to what he contends is a "history and tradition" of board prayer. (D.I. 61; Unsworn Declaration of Reginald L. Helms at ¶¶ 3-5 and 7) Plaintiffs believe that the Scheduling Order should not foreclose the possibility that expert testimony on such factual issues may be helpful to the fact-finder. *Cf. Kitzmiller v. Dover Area Sch. Dist.*, 400 F. Supp. 2d

The Honorable Joseph J. Farnan, Jr.
April 7, 2006
Page 4

707, 719-45 (M.D. Pa. 2005) (testimony by expert witness on the history of intelligent design).

        For the foregoing reasons, Plaintiffs request that the Court enter the proposed Scheduling Order with the bolded language.

Respectfully,

*Robert S. Saunders /RSH*

Robert S. Saunders (#3027)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Attorneys for Plaintiffs

cc:    John D. Balaguer, Esquire (by e-file)
       Thomas S. Neuberger, Esquire (by e-file)