IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| Plaintiffs, | : |
| v. | : No. 05-cv-00120-JJF |
| HARVEY L. WALLS, et al., | : |
| Defendants. | : |

**SCHEDULING ORDER FOR DISCOVERY
PERTAINING TO THE INDIAN RIVER SCHOOL BOARD'S
PRAYER POLICY AS WRITTEN AND AS APPLIED**

On March 24, 2006, the Court divided discovery in the above captioned litigation into two categories: (1) the constitutionality of the Indian River School Board's Prayer Policy as written and as applied (the "School Board Prayer Issue"), and (2) all remaining issues (the "Remaining Issues"). This Scheduling Order shall govern discovery pertaining to the School Board Prayer Issue. A scheduling order governing discovery pertaining to the Remaining Issues shall be forthcoming, and will address any issues left unresolved by this Scheduling Order, including but not limited to **identification by plaintiff's counsel of the Does' identities**, joinder of other parties and the deadline for filing an amended complaint.

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** On July 8, 2005, the parties, with the exception of Reginald L. Helms, exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

(a) Exchange and completion of interrogatories, identification of all fact witnesses and document production concerning the School Board Prayer Issue shall be commenced so as to be completed by June 22, 2006.

(b) The party upon whom an initial request for the production of documents have been served shall object or respond to the initial request, within twenty-one (21) days after the service of the initial request for the production of documents; provided, however, that the parties must produce documents for examination, inspection and copying within thirty (30) days after service of the initial request for the production of documents.

(c) Maximum of twenty-five (25) interrogatories concerning the School Board Prayer Issue by each side to any other side. The side upon whom the interrogatories have been served shall serve a copy of the answers or objections within twenty-one (21) days after the service of the interrogatories.

(d) Maximum of twenty-five (25) requests for admission concerning the School Board Prayer Issue by each side to any other side. The side upon whom the requests for admission have been served shall serve a written answer or objection to the matter within twenty-one (21) days after the service of the requests for admission.

(e) Absent agreement of the parties or leave of Court for good cause shown, the plaintiffs as a group and the defendants as a group shall each take a maximum of ten (10) non-party, non-expert depositions concerning the School Board Prayer Issue, which shall not exceed five (5) hours in length. The plaintiffs as a group and the defendants as a group shall each take a maximum of twelve (12) depositions concerning the School Board Prayer Issue from

individuals, and their successors in office, appearing in this case as a party either in an individual or official capacity, which shall not exceed six (6) hours in length. The depositions of individuals, and their successors in office, appearing in this case as a party either in an individual or official capacity shall not count towards any party's maximum number of non-party, non-expert depositions. Depositions may commence thirty (30) days after the entry of this order and shall be completed by June 22, 2006.

    (f) **Reports concerning the School Board Prayer Issue from retained experts required by Fed. R. Civ. P. 26(a)(2)(B) are due from the parties by May 22, 2006. Evidence solely intended to rebut or contradict the above reports are due from the parties by June 5, 2006.**

    (g) **Any party desiring to depose an expert witness shall notice and complete said deposition no later than June 22, 2006.**

    (h) Only after a party's initial requests for production of documents, interrogatories or requests for admission have been responded to may that party serve supplemental requests for production of documents, interrogatories or requests for admission, respectively. Responses and objections to any supplemental requests for production of documents, interrogatories or requests for admission shall be served no later than ten (10) days after the service of the supplemental requests for production of documents, interrogatories or requests for admission.

   3. **Discovery Disputes.**

    (a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure

and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

       (b)    All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

       (c)    Upon receipt of the answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

       (d)    Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

       (e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

       4.    **Case Dispositive Motions.** Any dispositive motions concerning the School Board Prayer Issue, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on July 21, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2. No dispositive motions concerning the School Board Prayer Issue may be filed before July 21, 2006.

       5.    **Applications by Motion.**

       (a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and

requests submitted by letter or in a form other than a motion.

    (b)  No facsimile transmissions will be accepted.

    (c)  No telephone calls shall be made to Chambers.

    (d)  Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

_____            _____
DATE                       UNITED STATES DISTRICT JUDGE