# White and Williams LLP

*824 N. Market Street, Suite 902*
*P.O. Box 709*
*Wilmington, DE  19899-0709*
*Phone: 302.654.0424*
*Fax: 302.654.0245*

*John D. Balaguer*
*Direct Dial: 302.467.4501*
*Direct Fax: 302.467.4551*
*balaguerj@whiteandwilliams.com*

April 10, 2006

**VIA EFILING**
Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street
Lock Box 27
Wilmington, DE 19801

RE:   **Dobrich, et al. v. Indian River School District,** *et al*.
       **Civil Action No. 05-CV-00120-JJF**

Dear Judge Farnan:

I write to put forward the position of the Indian River School Board and District concerning the two matters in dispute in the parties' jointly submitted Scheduling Order for the Board Prayer issue.

   I.   Identification of the Doe Plaintiffs.

The identification of the Doe plaintiffs should not be put off until the second phase of discovery.  The Court's August 2, 2005 Memorandum Opinion (D.I. 57) at pages 10-11 makes it clear that standing to complain about the Board  Prayer policy requires having children enrolled (or ready to enroll) in the District and/or actual attendance at Board meetings.  In order to address the question of whether the Doe plaintiffs have standing to pursue claims on the Board Prayer issue, we need to know who they are, and we need to depose them.  In addition, counsel for the Board and District will need to share the Does' identities with the Board Members and

Honorable Joseph J. Farnan, Jr.
April 10, 2006
Page 2

some District employees in the process of investigating their averments regarding standing. We ask, therefore, that the Court order that the Doe plaintiffs be identified by April 21, 2006, subject to the terms of a jointly negotiated confidentiality order.

    II.  <u>Expert Discovery</u> (<u>Paragraphs 2(f) and (g)</u>).

The Board Prayer issue is essentially a legal one, involving a basic core of facts, making it susceptible of summary adjudication. The Court's anticipated schedule, allowing only a little over 10 weeks in total for discovery on this issue, is consistent with that approach. Furthermore, resolution of this issue will not require expert opinion, and in fact, Your Honor should not allow testimony from retained experts to address an issue the resolution of which is completely within the province of the Court.

Moreover, as a practical matter, in the 10 weeks allotted, there will barely be sufficient time to complete the fact discovery contemplated by the parties, much less to have the product of that discovery reviewed by experts, reports and rebuttal reports produced and expert depositions taken. For example, the expert discovery schedule suggested by the plaintiffs provides for initial expert reports to be produced in the middle of fact discovery, only about six weeks from now, and for rebuttal reports to be produced two weeks after that, with the Memorial Day Holiday in between. This is simply unrealistic and an unreasonable and unnecessary burden on the parties. Consequently, we ask the Court to strike paragraphs 2(f) and (g) from the Scheduling Order.

Honorable Joseph J. Farnan, Jr.
April 10, 2006
Page 3

      Thank you for your consideration of these matters.

      Respectfully Submitted,

**WHITE AND WILLIAMS LLP**

By: _/s/ J.D. Balaguer_
John D. Balaguer (Bar ID #2537)

JDB:js

cc:    Robert S. Saunders, Esquire (via efiling)
        John F. Cafferky, Esquire (via efiling)
        Thomas S. Neuberger, Esquire (via efiling)