# THE NEUBERGER FIRM
ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

| | |
|---|---|
| THOMAS S. NEUBERGER, ESQUIRE | PHONE: (302) 655-0582 |
| STEPHEN J. NEUBERGER, ESQUIRE | FAX: (302) 655-9329 |

April 12, 2006                                                                          <u>Via CM/ECF Filing</u>

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 North King Street
Lock Box 27
Wilmington, DE 19801

RE:   **<u>Dobrich, et al. v. Walls, et al.</u>**, Civil Action No. 05-120-JJF

Dear Judge Farnan:

This is defendant Helms' response regarding the proposed scheduling order and the recent letter submissions from the other parties. (<u>See</u> D.I. 92-93).

First, plaintiffs' letter (D.I. 92) states that the Scheduling Order was submitted on behalf of all of the defendants. That representation is incorrect. Although I provided input to plaintiffs on the proposed order, few if any of my suggestions and thoughts were incorporated into the draft submitted to the Court. Nor did I approve the draft submitted to the Court. Accordingly, defendant Helms has the following objections to the proposed order.

- ¶ 2 (b) & (c) & (d). The response time for requests for production, interrogatories and requests for admissions should be 30 days as expressly provided by Rules 33, 34 and 36 of the Fed.R.Civ.P., rather than the 21 days in plaintiffs' submission.

- ¶ 2(e). Given that party depositions are not being counted towards the non-party deposition total, the total number of depositions on the Prayer Policy issue should be a maximum of 5 per side.

- ¶ 2(h). This paragraph governing supplemental discovery requests is improper. All such requests are already governed by ¶ 2, subsections (b), (c) and (d).

The Honorable Joseph J. Farnan, Jr.
April 12, 2006
Page 2

    Adding subsection (h) into the mix invites confusion and is unnecessary in light of the prior paragraphs.

  On the issue of expert discovery, the need for such discovery is unnecessary. The board prayer issue is ultimately a legal one, both as applied and as written. I do not believe that expert testimony on this issue is necessary or proper. For example, retaining a law professor to address the legality of the prayer policy in light of the case law would invade the province of the Court.

  On the identity of the Doe plaintiffs. I believe the revelation of their identities is necessary in light of the Court's prior written opinion on this issue and that their identities should be revealed to all parties.

  Plaintiffs also make various disparaging charges against my client Mr. Helms as well as my co-counsel Mr. Thomas Neuberger. All of them are false. My brief response is as follows.

  The Court has already denied plaintiffs' sanctions motion in this regard and also has vacated the mediation order. As a result, my client has never had the opportunity to respond and disprove plaintiffs' false allegations. Had that opportunity been given, I would have submitted evidence to the Court demonstrating the following:

  (1) Neither my client nor Mr. Neuberger's statements violated either the letter or the spirit of the mediation order,[1]

  (2) Plaintiffs' counsel and their clients have made the same and similar statements to the media, yet notably had not moved to hold themselves in contempt, and

  (3) Magistrate Judge Thynge was notified of and approved the statements made by Mr. Neuberger to the media prior to them being made. She subsequently indicated in writing that his statements did not violate the mediation order.

  As to plaintiffs' claim that my client is not entitled to representation in this case, at the scheduling conference, the Court indicated that it would proceed on this issue by questioning my client Mr. Helms as to what attorney or law firm he wants to represent him in this action. To help the Court in this regard, Mr. Helms submitted a declaration pursuant to 28 U.S.C. § 1746 in which he expressed his wish to be represented by The Neuberger Firm in this case. (See D.I. 90 at Tab A). Absent further direction from the Court, I believe the Court's thinking in this regard at the scheduling conference was correct.

---

[1] I note that similar charges also were made against defendant Bireley. Although he is not my client, the charges against him are similarly baseless.

The Honorable Joseph J. Farnan, Jr.
April 12, 2006
Page 3

  However, if the Court believes that briefing is necessary prior to making its decision whether to deprive my client of his counsel of choice, I am happy to proceed in that regard and submit legal authority rebutting and explaining the inapplicability of plaintiffs' citation to <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 543-44 (1986), and also explaining the weighty First Amendment interests that are implicated when a civil litigant is deprived of his chosen counsel.

  I am at the Court's disposal to address these matters further.

Respectfully submitted,

/s/ Stephen J. Neuberger

Attorney for Defendant Reginald L. Helms


cc: Thomas S. Neuberger, Esq. (via CM/ECF)
   John W. Whitehead, Esq. (via E-mail)
   Douglas McKusick, Esq. (via E-mail)
   Mr. Reginald L. Helms (via E-mail and U.S. Mail)
   John D. Balaguer, Esq. (via CM/ECF)
   John F. Cafferky, Esq. (via CM/ECF)
   William B. Porter, Esq. (via CM/ECF)
   Robert Scott Saunders, Esq. (via CM/ECF)

Helms \ Letters \ Farnan.05