# White and Williams LLP

**WW**

824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245

John D. Balaguer
Direct Dial: 302.467.4501
Direct Fax: 302.467.4551
balaguerj@whiteandwilliams.com

April 26, 2006

**VIA E-FILING**

Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street
Lock Box 27
Wilmington, DE 19801

RE:  **Dobrich, *et al.* v. Walls, *et al.***
     **Civil Action Number: 05-CV-00120-JJF**

Dear Judge Farnan:

Counsel for the parties had the opportunity over the last few weeks to confer concerning a Rule 16 Scheduling Order for all remaining issues other than the Indian River School Board's prayer policy as written and as applied (the "Remaining Issues"), as required by Fed. R. Civ. P. 26(f) and your March 24, 2006 Order. I am pleased to report that counsel for plaintiffs and counsel for defendants other than Reginald Helms in his official capacity (the "School Board") were able to agree on most of the provisions of a Rule 16 Scheduling Order for the Remaining Issues, with three important exceptions. Counsel for Reginald Helms in his official capacity did provide some input into the process but as he has made abundantly clear, we do not speak for him. Below is a brief summary of the School Board's position on the disputed points. By agreement, plaintiffs' counsel is submitting a proposed order with the disputed points left blank.

Paragraph 3(d): Number and Duration of Non-Party, Non-Expert Depositions

The number and length of third-party fact witness depositions to be conducted by each side was an issue originally presented to the Court last summer. My letter to the Court dated June 8, 2005 (copy attached) more fully addresses the School Board's position on this issue. In short, there is significant disagreement between plaintiffs and defendants as to the number, and duration, of non-expert, non-party depositions that should be permitted. Plaintiffs have contended that they should be permitted sixty (60) depositions. This number does not include any depositions plaintiffs may take during the Board prayer phase of discovery. The School Board submits that this amount of deposition discovery – or even half of that amount – would be significantly and unduly burdensome upon the operation of the school system, and vastly

*Allentown, PA • Berwyn, PA • Cherry Hill, NJ*
*New York, NY • Paramus, NJ • Philadelphia, PA • Pittsburgh, PA*

DOCS_DE 125238v.1

exceeds the needs of this case. The School Board submits that the number of non-party, non-expert depositions should be limited to twenty (20), ten (10) of which shall not exceed three (3) hours.

We are not referring here to depositions of the parties (the parties have agreed to twenty (20) party depositions), or expert witnesses that the parties will later identify. We are referring, and are concerned, here only with the depositions of teachers, coaches, principals and assistant principals, other school administrators, and possibly other un-named third parties.

Imposing reasonable limitations upon depositions is something well within the Court's sound discretion under Fed. R. Civ. P. 26. See, e.g. Whittingham v. Amherst College, 163 F.R.D. 170 (D. Mass 1995) (motion for leave to take more than ten depositions denied, where plaintiff has not exhausted other discovery means to obtain the information, and has not specified the individuals whom he intends to depose); Sigala v. Spikouris, 2002 U.S. Dist LEXIS 10743 (E.D. N.Y. 2002) (number of depositions limited to ten, where party produced no evidence beyond pure speculation that additional persons he desired to depose would provide evidence not cumulative of that available from parties he was permitted to depose) With all due respect, Defendants submit that this is precisely the type of "exorbitantly expansive discovery" decried in Whittingham, 163 F.R.D. at 172.

Paragraph 3(g)(3): Location of Rule 35 Examination

Plaintiffs have proposed that the location of the Rule 35 examination take place within a limited geographic area, amounting to the examinee's home county and one additional city. There is no support for plaintiffs' position in Fed. R. Civ. P. 35, and it otherwise is unduly restrictive. At this point in the litigation, in addition to not knowing the identities of some of the plaintiffs, defendants do not know what issues or complaints plaintiffs may raise that would be subject to a Rule 35 examination. Therefore, defendants do not know what types of experts may be required to conduct the Rule 35 examinations. Moreover, based on the School Board's counsels' experience, experts will not normally travel to conduct a Rule 35 examination, which creates the practical problem of limiting the pool of potential experts to those that live within the examinee's home county or one additional city. Finally, because plaintiffs' proposal requires mutually exclusive areas for each family, the School Board might be faced with the unreasonable requirement that it find multiple experts of the same specialty within different geographic areas. The School Board has proposed that the Rule 35 examination take place either (1) within the State of Delaware, or (2) within 25 miles of the State of Delaware.

Paragraph 6: Limitation on Case Dispositive Motions

The only area of disagreement between the plaintiffs and the School Board on this issue is plaintiffs' request that each side be limited to one case dispositive motion on the Remaining

Honorable Joseph J. Farnan, Jr.
April 26, 2006
Page 3

Issues. While this ordinarily would not be an area of disagreement, since Reginald Helms is separately represented in his official capacity, the School Board can not agree to the limitation because it would limit the ability of Mr. Helms to file a case dispositive motion if the School Board filed a case dispositive motion and <u>vice versa</u>.

<u>Conclusion</u>

For the foregoing reasons, the School Board requests that the Court enter its version of the Scheduling Order.

Very truly yours,

**WHITE AND WILLIAMS LLP**

By: _____
John D. Balaguer

cc:   John F. Cafferky, Esquire (by e-file)
      William B. Porter, Esquire (by e-file)
      Thomas J. Allingham, II, Esquire, (by e-file)
      Thomas S. Neuberger, Esquire (by e-file)

DOCS_DE 125238v.1

# ATTACHMENT

# White and Williams LLP

**WW**

824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.654.0424
Fax: 302.654.0245

John D. Balaguer
Direct Dial: 302.467.4501
Direct Fax: 302.467.4551
balaguerj@whiteandwilliams.com

June 8, 2005

**By Hand Delivery and E-file**

Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street
Lock Box 27
Wilmington, DE 19801

RE: **Dobrich, et al. v. Walls, et al.**
<u>Civil Action No. 05-120</u>

Dear Judge Farnan:

Counsel for the parties had the opportunity earlier this week to confer concerning a plan of pretrial discovery, as required by Fed. R. Civ. P. 26(f) and your May 20, 2005 Order. I am pleased to report that counsel were able to agree on all of the provisions of a Rule 16 Scheduling Order, with one important exception. The proposed order, including blanks in the applicable paragraph, is being forwarded to you today by Plaintiffs' counsel. By agreement, the parties are filing simultaneous submissions to state their position concerning the area of disagreement. This letter is submitted on behalf of all of the defendants.

<u>Remaining Area of Disagreement: Number and Duration of Non-Party, Non-Expert Depositions</u>

The one remaining area of dispute concerns the number and length of third-party fact witness depositions to be conducted by each side, ¶ 4(d) of the proposed order. Specifically, there is significant disagreement between Plaintiffs and Defendants as to the number, and duration, of non-expert, non-party depositions which should be permitted. Plaintiffs have contended that they should be permitted one hundred depositions. Defendants Indian River School Board, its Board Members, Superintendent and Assistant Superintendent, however, submit that this amount of deposition discovery – or even half or a third of that amount – would be significantly and unduly burdensome upon the operation of the school system, and vastly exceeds the needs of this case. These Defendants submit that the number of non-party, non-expert depositions should be limited to fourteen, with seven limited to two hours, and the other seven limited to four hours.

I want to emphasize that we are not referring here to depositions of the parties (Plaintiffs have named fourteen defendants), nor expert witnesses which the parties will later identify. We are

Honorable Joseph J. Farnan, Jr.
June 8, 2005
Page 2

referring, and are concerned, here only with the depositions of teachers, coaches, principals and assistant principals, other school administrators, and possibly other un-named third parties.

Imposing reasonable limitations upon depositions is something well within the Court's sound discretion under Fed. R. Civ. P. 26. See, e.g. Whittingham v. Amherst College, 163 F.R.D. 170 (D. Mass 1995) (motion for leave to take more than ten depositions denied, where plaintiff has not exhausted other discovery means to obtain the information, and has not specified the individuals whom he intends to depose); Sigala v. Spikouris, 2002 U.S. Dist LEXIS 10743 (E.D. N.Y. 2002) (number of depositions limited to ten, where party produced no evidence beyond pure speculation that additional persons he desired to depose would provide evidence not cumulative of that available from parties he was permitted to depose)  With all due respect, Defendants submit that this is precisely the type of "exorbitantly expansive discovery" decried in Whittingham, 163 F.R.D. at 172.

Indeed, Fed. R. Civ. P. 30 (a)(2)(A) requires leave of court for either side to take more than 10 depositions *in total*. In that light, the defendants' proposal, which contemplates 14 non-party non-expert depositions, is entirely reasonable. What's more, the proposed scheduling order provides that the limitation on depositions can be surpassed by agreement of the parties or with leave of court for good cause shown. Thus, if after taking 14 non-party fact witness depositions, the plaintiffs contend that they need more, the Court can, if necessary, address the issue at that time, in the context of the discovery already completed and consistent with the principles stated in Rule 26(b)(2).

Actual Factual Issues in the Case, and Information in the Hands of the Parties

This is not a class action, nor some sort of multi-district litigation. The Complaint has been filed by two families. Much of the information contained therein should therefore be in the hands of those plaintiffs. For example, the 2004 graduation about which they complain (Compl. ¶¶ 26-30, 70-74) was one which was attended by several of the plaintiffs, and many of the named defendants. The same is true for the seven School Board meetings referenced in the Complaint. (Compl. ¶¶ 52-69, 74-84, 89-105, 126-127, 132). The Complaint does make some reference to extraneous comments by third parties, such as comments of radio talk show hosts or anonymous callers (Compl. ¶¶ 87, 106), or a passerby at Ace Hardware (id. ¶ 107), but Defendants submit that these allegations are not germane to the issues properly before the Court, and have moved to strike them.

Moreover, the Complaint in this case is lengthy, and presumably is based upon the type of pre-filing investigation required by the rules. Nonetheless, only about a half-dozen non-parties are specifically identified in it. A limit of fourteen depositions would provide ample opportunity to depose those individuals, and several more in addition. There is no reason, however, for the Court to allow a dragnet of other depositions which would be five, ten or even fifteen times that number, as Plaintiffs have requested.

Honorable Joseph J. Farnan, Jr.
June 8, 2005
Page 3

Information Available, and to be Provided, through Other Discovery Means

Furthermore, considering all of the factual information which will be exchanged by other discovery processes, dozens of additional fact depositions should not be necessary. The agreed provisions of the order submitted to you will require that the parties submit their respective mandatory disclosures in 30 days. The parties will then have 3 ½ months thereafter to conduct document discovery, and propound over four-dozen interrogatories and/or requests for admission. The Defendants submit that given the information which all these processes will yield, dozens and dozens of non-party depositions are not reasonably necessary.

Burden Upon the School District

While the Indian River School District is not a tiny one, it is not a huge district either. As the Complaint notes, the school district has a total of about a thousand employees. (Compl. ¶ 15). Thus the Plaintiffs' request for 100 non-party, non-expert depositions could involve as much as ten percent of the District's total workforce. Moreover, taking dozens of teachers, principals, coaches, and administrators out of their schools for depositions, and associated preparation and review, would be highly disruptive to the core mission of the schools, i.e. to provide education to students. For the same reason, for those depositions which the Court does authorize, Defendants ask that they be limited in time so as not unduly to divert the deponent from his or her educational responsibilities.

Conclusion

For the foregoing reasons, Defendants request that paragraph 4(d) of the proposed order be completed with 14 non-expert, non-party depositions, of which 7 be limited to 2 hours in length, and seven limited to 4 hours in length.

Respectfully,

WHITE AND WILLIAMS LLP

By: _____
John D. Balaguer (Bar ID #2537)

cc:   John F. Cafferky, Esquire, via facsimile
      Thomas J. Allingham, II, Esquire, via e-file
      Thomas S. Neuberger, Esquire, via e-file