1

# Exhibit A

Case 1:05-cv-00120-JJF    Document 99-2    Filed 04/26/2006    Page 1 of 3

Westlaw.

Not Reported in A.2d                                                                                                   Page 1

Not Reported in A.2d, 2003 WL 21001033 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

C
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
GEROSKI
v.
BETTON
**No. Civ.A. 02C-02-012.**

April 8, 2003.

Dear Counsel:

WITHAM, J.
*1 Upon consideration of Defendant's Motion for Reconsideration of Commissioner's Order and given the facts of this case, it is hereby ordered that the Motion for Reconsideration is granted and that Plaintiff Beverly L. Geroski is ordered to undergo an examination with Dr. Richard I. Katz at his office in Philadelphia, PA. However, Defendant's request for costs, expenses, and attorney fees is hereby denied.

Upon consideration of the record and the parties' arguments and filings, I find that the Commissioner's order of February 20, 2003 denying Defendant's motion was an abuse of discretion. That motion was essentially a petition under Superior Court Civil Rule 35. After hearing argument on that petition, Commissioner Freud determined that Plaintiff Beverly L. Geroski could not be ordered to attend a physical examination in Dr. Katz's Philadelphia office because it would be inconvenient and also because she determined that Dr. Katz is not a specialist in Meniere's disease. However, I find that Philadelphia is not outside of the local medical community for purposes of an Independent Medical Examination ("IME") so as to make a visit to Dr. Katz's office unduly burdensome. It would also be inequitable to require Defendant to obtain an expert from within a very small part of the local medical community while permitting Plaintiff to obtain her expert from any location whatsoever. Furthermore, "inconvenience" is only one factor to be considered in determining a petition for an Order for Examination and is not the only factor to be considered. This is not to suggest that this Court would necessarily require a plaintiff to submit to an IME that would require extensive travel, but I find that a trip to Philadelphia for this purpose is not unduly burdensome.

An IME is a valid discovery tool under both Rule 26 and Rule 35. Those rules must be read harmoniously, not separately. Therefore, where a party's physical condition is at issue, as it is in this case, an IME may be warranted in the discovery process. If the parties can not agree to a time and place for such an examination, then this Court may be petitioned for an Order for Examination under Rule 35. Such a petition must then be considered in light of the factors for the scope and limits of discovery under Rule 26(b). However, it is common practice for the parties to agree to the terms of an IME amongst themselves as part of the discovery process, so that no such order is generally necessary.

I also find that an IME physician's particular expertise with regard to a specific injury or illness is an issue of credibility to be determined by a jury. Therefore, provided that Dr. Katz is a "suitably licensed or certified examiner" under Rule 35(a), he is qualified to perform an IME upon Plaintiff.

I hereby deny Defendant's request for costs, expenses, and attorney fees. With regard to the $200.00 cancellation fee, I find that Defendant scheduled the appointment for Plaintiff without consulting with Plaintiff's counsel as to convenient dates and times for Plaintiff. Defendant neither reached an agreement with Plaintiff as to scheduling of the IME nor obtained an order from this Court prior to scheduling the appointment. Therefore, Plaintiff can not be forced to pay a fee for cancelling an appointment that Defendant unilaterally set up without authorization. Since there was no agreement order in place at that time to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 2
Not Reported in A.2d, 2003 WL 21001033 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

require Plaintiff to attend the IME scheduled by Defendant, the present dispute has been argued in good faith. For these reasons, Defendant's request for expenses and attorney fees is also denied.

*2 I have also received Defendant's Request for Continuance of the trial scheduled to begin on May 12, 2003. Judgment on that Request for Continuance is deferred until the pre-trial conference scheduled for April 8, 2003 at 9:15 a.m. At that time, this request will be considered in light of my discussions with the parties.

IT IS SO ORDERED.

Del.Super.,2003.
Geroski v. Betton
Not Reported in A.2d, 2003 WL 21001033 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.