# Exhibit B

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                   Page 1
Not Reported in F.Supp.2d, 1999 WL 782516 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Brian J. WINWARD, et. al
v.
George HILL
**No. Civ.A. 92-2116.**

Sept. 27, 1999.

Andre L. Dennis, Stradley, Ronon, Stevens & Young, LLP, Phila, PA, Brian J. Winward, Smyrna, DE, Plaintiff, pro se.
Robert M. Diorio, Diorio & Falzone, Media, PA, for George Hill, Defendant.
Dolores B. Spina, Charles T. Roessing, White and Williams, Paoli, PA, for Prison Health Services, Defendant.
Dennis Boyer, Delaware County Prison, Thornton, PA, Plaintiff, pro se.
Eric White, Delaware County Prison, Thornton, PA, Plaintiff, pro se.

MEMORANDUM/ORDER

POLLAK, J.
*1 Plaintiff Brian Winward has moved for partial summary judgment in this § 1983 action, which alleges various unconstitutional prison conditions in the Delaware County Prison. The basic facts on which Mr. Winward seeks summary judgment are as follows: the prison was overcrowded, unsanitary, violent, and overheated; the law clerk responsible for assisting inmates was incompetent; defendant received complaints concerning the legal services program; defendant settled two other inmates' claims based on the law library's inadequacy; the law library was expanded, new books were placed on the shelves, and a direct access policy was implemented; prison fans were ordered and installed; Senator Arlen Spector declared Delaware County Prison conditions to be poor; and in 1998, the facility remained overcrowded.

Summary judgment is appropriate only where no genuine dispute exists concerning a material fact. In the Third Circuit, however, "[s]ummary judgment may be had as to one claim among many, but it is well settled that neither [56(a) nor 56(b) ] allows such a judgment as to one portion [of] a claim." *Kendall McGaw Laboratories,* Inc., 125 F.R.D. 420, 421 (D.N.J.1989); see *RePass v. Vreeland,* 357 F.2d 801, 805 (3d Cir.1966); *Coffman v. Federal Laboratories, Inc.,* 171 F.2d 94, 98 (3d Cir.1948). The only exception to this principle is 56(c), which explicitly allows summary judgment regarding liability, even though might there be a genuine factual dispute regarding damages.

In this case, Mr. Winward seeks summary judgment only with respect to particular facts alleged in his claim. Allowing such motions would promote piecemeal summary adjudication, thereby causing needless duplication of judicial effort where, as here, the allegations may have to be relitigated to try the plaintiff's claim as a whole. Since none of the facts advanced in this motion, taken separately or together, would establish liability against Mr. Hill, summary judgment is procedurally inappropriate at this time.

Plaintiff's Motion for Partial Summary Judgment is DENIED.

E.D.Pa.,1999.
Winward v. Hill
Not Reported in F.Supp.2d, 1999 WL 782516 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:92cv02116 (Docket) (Apr. 10, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.