IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | No. 05-cv-00120-JJF |
| : | |
| HARVEY L. WALLS, et al., : | |
| : | |
| Defendants. : | |

**RULE 16 SCHEDULING ORDER FOR ALL
REMAINING ISSUES OTHER THAN THE INDIAN RIVER
SCHOOL BOARD'S PRAYER POLICY AS WRITTEN AND AS APPLIED**

On March 24, 2006, the Court divided discovery in the above captioned litigation into two categories: (1) the constitutionality of the Indian River School Board's Prayer Policy as written and as applied (the "School Board Prayer Issue"), and (2) all remaining issues (the "Remaining Issues"). The parties submitted a scheduling order on the School Board Prayer Issue to the Court on April 7, 2006, with letters from each side requesting that the Court resolve the parties' differences. The Court has yet to enter the scheduling order on the School Board Prayer Issue. This Scheduling Order shall govern discovery pertaining to the Remaining Issues. The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Identification of the "Doe" plaintiffs.** The parties shall vigorously negotiate a confidentiality order governing disclosure of the "Does'" identities. If the parties cannot agree on a confidentiality order within twenty (20) days from the entry of this Scheduling Order, they shall each submit their own confidentiality order to the Court. Upon entry of a confidentiality

1

order, plaintiffs' counsel shall identify by full name and home address each of the "Doe" plaintiffs.

2. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before September 30, 2006.

3. **Discovery.**

(a) Exchange and completion of interrogatories, identification of all fact witnesses and document production shall commence on June 26, 2006 so as to be completed by January 5, 2007.

(b) Maximum of fifty (50) interrogatories by each group to any other group. For purposes of this subsection, the following shall each count as a group: (1) the Indian River School District defendants; (2) the Dobrich plaintiffs; and (3) the "Doe" plaintiffs.

(c) Maximum of fifty (50) requests for admission by each group to any other group. For purposes of this subsection, the following shall each count as a group: (1) the Indian River School District defendants; (2) the Dobrich plaintiffs; and (3) the "Doe" plaintiffs.

(d) Absent agreement of the parties or leave of Court for good cause shown, plaintiffs as a group and defendants as a group may take a maximum of ___ non-party, non-expert depositions, of which ___ shall not exceed three (3) hours in length. Plaintiffs as a group and defendants as a group shall each take a maximum of twenty (20) depositions from individuals, and their successors in office, appearing in this case as a party either in an individual or official capacity. The depositions of individuals, and their successors in office, appearing in this case as a party either in an individual or official capacity shall not count towards any party's maximum number of non-party, non-expert depositions. That an individual might be deposed in either an individual or an official capacity shall not be grounds for multiple depositions of that

individual. Depositions may commence sixty (60) days after the entry of this order and shall be completed by December 22, 2006.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from plaintiffs by October 9, 2006, from defendants by November 8, 2006, and rebuttal reports are due by December 9, 2006.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than December 22, 2006.

(g) Any plaintiff who contends that he or she has incurred a mental or physical condition as a result of the allegations in the Complaint or otherwise seeks damages for such mental or physical condition in this action shall submit to a physical or mental examination on or before October 9, 2006, by a suitably licensed or certified examiner selected by defendants. The following conditions apply to this subsection:

(1) Defendants' examiners' report(s) will be due on November 8, 2006, and plaintiffs' rebuttal reports are due by December 9, 2006. Depositions of examiners, if requested, shall be completed by December 22, 2006.

(2) During the examination of any minor, that minor's parent, legal guardian or attorney must be present during the course of the examination.

(3) Any examination must take place. . . .

4. **Discovery Disputes.**

(a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An answer to the Rule

3

37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

    (b)    All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

    (c)    Upon receipt of the answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

    (d)    Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

    (e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

    (f)    The Court will hold two discovery dispute conferences to resolve discovery disputes that develop during discovery on the Remaining Issues. The first discovery dispute conference shall be held during the week of September 4, 2006. The second discovery dispute conference shall be held during the week of November 13, 2006.

    5.    **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before September 30, 2006.

    6.    **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before January 26, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. . . .

    7.    **Applications by Motion.**

    (a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended

Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

       (b)    No facsimile transmissions will be accepted.

       (c)    No telephone calls shall be made to Chambers.

       (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

       8.    **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____                                                               _____
 DATE                                                                                 UNITED STATES DISTRICT JUDGE