# ATTACHMENT A

## ATTACHMENT A

### DOCUMENTS TO BE PRODUCED BY DEPONENT

Subject to the definitions and instructions which appear below, which are an integral part hereof, the following documents are requested:

1. Documents concerning School Board Prayer.

2. Communications between you and any person concerning:

    a) School Board Prayer;

    b) Religious Activities;

    c) The Litigation;

    d) School Board Meetings; and,

    e) The Settlement Agreement.

3. Documents concerning the attendance of any Parent, Student, Resident, District Administrator, School Administrator, or District Representative at a School Board Meeting.

4. Communications between you and any person concerning the attendance of any Parent, Student, Resident, District Administrator, School Administrator, or District Representative at a School Board Meeting.

5. Documents concerning School Board Meetings, including but not limited to notes, agendas, minutes, presentations, audio recordings, video recordings or preparation materials.

6. Communications between you and the Rutherford Institute concerning:

    a) School Board Prayer;

    b) Religious Activities;

  c) The Litigation;

  d) School Board Meetings; and,

  e) The Settlement Agreement.

7. Communications between you and the Alliance Defense Fund concerning:

  a) School Board Prayer;

  b) Religious Activities;

  c) The Litigation;

  d) School Board Meetings; and,

  e) The Settlement Agreement.

8. Documents concerning the Dobriches.

9. Communications between you and any person concerning the Dobriches.

10. Documents concerning the Does.

11. Communications between you and any person concerning the Does.

12. Media reports concerning:

  a) School Board Prayer;

  b) Religious Activities;

  c) The Litigation;

  d) School Board Meetings; and,

  e) The Settlement Agreement.

13. Documents that you contend support any answer concerning School Board Prayer in your Answer To The Complaint With Affirmative Defenses Of Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, And Earl J.

Savage, In Their Official Capacity, And The Indian River School Board, And The Indian River School District.

## DEFINITIONS

For purposes of this document request, the following words will have the meaning indicated below:

1. "Alliance Defense Fund" shall mean the non-profit corporation incorporated in the State of Arizona, any attorneys employed or affiliated with the Alliance Defense Fund, and each of their predecessors or successors and any of their present and former parents, subsidiaries, affiliates, divisions, joint ventures or Representatives.

2. "Communication" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

3. "Complaint" shall mean the complaint filed by plaintiffs in this action.

4. "Concerning" shall mean reflecting, relating to, referring to, describing, evidencing or constituting.

5. "District" shall mean the Indian River School District.

6. "District Administrators" shall mean the District's past or current: superintendent; assistant superintendent; administrator of student services; director of personnel; director of instruction; director of business and finance; administrative assistant; supervisor of building and grounds; supervisor of food services; supervisor of transportation; supervisor of secondary instruction; supervisor of elementary instruction; and supervisor of special education.

7. "District Representatives" shall mean Representatives of the District other than School Board Members, District Administrators or School Administrators.

8. "Dobriches" shall mean Mona Dobrich, Marco Dobrich, Alexander Dobrich and Samantha Dobrich.

9. "Document" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; communications; correspondence; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings, whether audio, video or digital; tapes; microfilms; minutes, records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. "Document" also means all non-identical copies of original documents and non-identical copies thereof.

10. "Does" shall mean Jane Doe, John Doe, Jordan Doe and Jamie Doe.

11. "Litigation" shall mean the case captioned *Mona Dobrich, et al. v. Indian River School District, et al.*, 05-120-JJF (D. Del.), which was commenced by the filing of the Complaint.

12. "Media" shall mean any newspaper, magazine, journal, television station, radio station or any other medium or entity, and their employees, used for the dissemination of information.

13. "Parent" shall mean any parent or legal guardian of any Student.

6

14. "Person" shall mean any natural person or any business, legal or governmental entity or association.

15. "Religious Activity" shall mean any activity, conduct, expression, observance, practice or path concerning religion or religious beliefs, including and without limitation: designation of religious days in District or School calendars; distribution of religious documents; performance of religious music; performance of religious plays; presentations concerning religion; prayer; religious clubs; or religious study.

16. "Representative" as used herein with regard to a person or entity means and shall include, both collectively and individually, each and every present and former employee, agent, independent consultant or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

17. "Resident" shall mean anyone whose domicile or place of business is located within the geographical limits of the District.

18. "Rutherford Institute" shall mean the non-profit corporation incorporated in the Commonwealth of Virginia, any attorneys employed or affiliated with the Rutherford Institute, and each of their predecessors or successors and any of their present and former parents, subsidiaries, affiliates, divisions, joint ventures, or Representatives.

19. "School" shall mean any school within the District.

20. "School Administrators" shall mean the principal, assistant principal(s), guidance counselor(s) or other administrators of any School.

21. "School Board" shall mean the school board authorized to administer and to supervise the free public schools of the District under 14 Del. C. § 1043.

22. "School Board Meeting" shall mean any meeting of the School Board sufficient to establish a quorum so that the School Board could transact business under 14 Del. C. § 1048.

23. "School Board Members" shall mean all past and current persons duly elected or appointed to the School Board and their Representatives.

24. "School Board Prayer" shall mean any prayer, invocation or other Religious Activity made at a School Board Meeting by a School Board Member or the Representative of the School Board or a School Board Member.

25. "Settlement Agreement" shall mean the settlement voted on by the School Board on February 27, 2006.

26. "Student" shall mean any past or current student attending any School.

27. The terms "all" and "each" shall be construed as "all and each."

28. The term "all" or "any" shall mean any and all.

29. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

30. "You" or "your" shall refer to Charles M. Bireley or any other person acting under his direction or control.

## INSTRUCTIONS

1. You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. In addition, documents are to be produced in full and unexpurgated form.

2. In responding to this Request for production, you shall produce all documents in your possession, custody or control, or in the possession, custody or control of your Representatives.

3. Unless otherwise indicated, the time period covered by this Request is September 1, 1991 to the present. Documents created prior to September 1, 1991 that have been examined, consulted or used in any way since September 1, 1991 shall be produced in response to this Request. Should you contend that any conduct predates September 1, 1991, then the time period covered by this Request shall extend back to the earliest date that you claim the conduct first occurred.

4. This Request shall be deemed continuing so as to require further and supplemental production in the event that you, or any of your Representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

5. If any document covered by this Request is withheld by reason of a claim of privilege, work product or other ground of nonproduction, you shall state the following information by way of written response: specific description of the document, including its type or nature and general subject matter; date the document was created, executed and received; author(s); recipient(s); title of the document; location of the document and its custodian; type of privilege claimed as grounds for withholding the document (if work-product immunity is being asserted, identify the proceeding for which the document was prepared); and request for production to which such claim relates.

6. If a portion of an otherwise responsive document contains information that would otherwise be withheld by reason of a claim of privilege, work product or other ground of

nonproduction, those portions of the document subject to the claim of privilege, work product or other ground of nonproduction shall be deleted or redacted from the document and the rest of the document shall be produced.

7. In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: general subject matter of the document; author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; reason for its disposal; person(s) authorizing the disposal; person(s) currently in possession of the document; and person disposing of the document.

8. The singular form of a word should be read in the plural, and vice versa, so as to bring within the scope of these production requests each document that might otherwise be outside the request.

9. You shall produce for examination, inspection and copying at the deposition the documents and other things designated above which are in your possession, custody or control, or in the possession, custody or control of your Representatives.