IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al., :
:
      Plaintiffs, :
:
v. : Civil Action No. 05-120-JJF
:
THE INDIAN RIVER SCHOOL :
DISTRICT, et al., :
:
      Defendants. :

---

Thomas J. Allingham II, Esquire, Robert S. Saunders, Esquire, and Rosemary S. Goodier, Esquire of SKADDEN ARPS SLATE MEAGHER & FLOM, LLP, Wilmington, Delaware.
Attorneys for Plaintiffs.

John D. Balaguer, Esquire of WHITE and WILLIAMS LLP, Wilmington, Delaware.
Of Counsel: John F. Cafferky, Esquire, William Porter, Esquire and Andrea D. Gemignani, Esquire of BLANKINGSHIP & KEITH, Fairfax, Virginia.
Attorneys for Defendants, the Indian River School Board, the Members of the Indian River School Board in their Official Capacities, and the Indian River School District.

Thomas S. Neuberger, Esquire and Stephen J. Neuberger, Esquire of THE NEUBERGER FIRM, P.A., Wilmington, Delaware.
Of Counsel: John W. Whitehead, Esquire and Douglas R. McKusick, Esquire of THE RUTHERFORD INSTITUTE, Charlottesville, Virginia.
Appearing on behalf of Defendant, Reginald L. Helms.

---

**MEMORANDUM OPINION**

May 2, 2006
Wilmington, Delaware

**Farnan, District Judge.**

By Order dated August 2, 2005, the Court concluded that the individual members of the Indian River School Board (the "School Board") were entitled to absolute immunity, and therefore, the Court dismissed the Complaint as it pertained to the School Board members in their individual capacities. The School Board remains a party to this action, and the members of the School Board are parties to this action, in their official capacities only.

At the Scheduling Conference held on March 26, 2006, the parties raised a concern regarding the representation of Defendant Reginald L. Helms. The Court requested all parties to submit their positions with respect to the representation of Mr. Helms in his official capacity by counsel independent of the School Board.

## DISCUSSION

The School Board, as an entity, has retained counsel. However, Mr. Helms seeks to have a separately retained lawyer enter an appearance and litigate on his behalf, independent of the School Board. While Mr. Helms is permitted to seek the advice of counsel he chooses on matters related to this litigation, the Court concludes that Mr. Helms is not entitled to have counsel participate on his behalf in this action independent of the School Board.

1

A lawsuit naming a person as a defendant in his/her official capacity is an action against the entity of which the individual is an agent or member. Bender v. Williamsport Area School District, 475 U.S. 534, 544 (3d Cir. 2003) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978)). Because Mr. Helms is a party to this action in his official capacity only as a member of the School Board, he "does not have a personal stake in the outcome of the litigation."[1] Id. at 543. Thus, the Court concludes that the School Board is the real party in interest in this case, and the attorneys for the School Board are the attorneys the Court must recognize as counsel of record. Accordingly, the Court concludes that Mr. Helms may not have counsel litigate on his behalf separately from the School Board.

An appropriate Order has been entered.

---

[1] Mr. Helms contends that the injunction sought against him by Plaintiffs may implicate his individual rights under the First Amendment. If, in the future, Mr. Helms believes an injunction entered against the School Board affects his individual rights under the United States Constitution, he can then seek relief from the Court.

2