ONE RODNEY SQUARE
BOX 636
WILMINGTON, DELAWARE 19899-0636

(302) 651-3000

May 22, 2006

**BY HAND AND E-FILE**

The Honorable Joseph J. Farnan, Jr.
844 North King Street
Lock Box 27
Wilmington, DE 19801

      Re: <u>Dobrich, et al. v. Walls, et al., D. Del. 05 - 120</u>

Dear Judge Farnan:

   I am writing in response to Defendant Reginald L. Helms's Motion To Reconsider The Court's April 28, 2006 Order (the "Motion"). The Court should reject the Motion because Mr. Helms had multiple opportunities to present his arguments and failed to do so, and the Motion makes no showing that the Court has made a clear error. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240-41 (D. Del. 1990).

   On March 26, 2006, the "Court requested all parties to submit their positions with respect to the representation of Mr. Helms in his official capacity by counsel independent of the School Board." (D.I. 114 at 1) On April 28, 2006, the Court denied Mr. Helms's request "to have counsel separate from counsel retained by the School Board litigate issues in this action independently on behalf of Mr. Helms." (The "April 28 Order") (D.I. 100)

   "In this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension." *Espeed, Inc., L.L.C. v. Brokertec USA, L.L.C.*, C.A. No. 03-612, 2005 WL 83471, at *1 (D. Del. Jan. 11, 2005). The motion for reconsideration "should not be used as a means to argue new facts or issues that inexcus-

The Honorable Joseph J. Farnan, Jr.
May 22, 2006
Page 2

ably were not presented to the court in the matter previously decided." *Brambles*, 735 F. Supp. at 1240.

The Court has neither patently misunderstood Mr. Helms's position nor made an error of apprehension. *Espeed*, 2005 WL 83471, at *1; *see also Brambles*, 735 F. Supp. at 1240. In two earlier filings, Mr. Helms argued his position in favor of having his attorneys litigate issues in this case independently from the School Board's attorneys. (*See* D.Is. 90 and 94) Whether Mr. Helms's new motion is better than his former letters is not significant. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). There is no reason to believe that the Court misunderstood Mr. Helms's position (to the contrary, the opinion directly addressed his arguments), and Mr. Helms cannot use a motion for reconsideration for a third chance to argue what he should have in his earlier filings.

Further, Mr. Helms has not demonstrated that the Court made a clear error. *See Brambles*, 735 F. Supp. at 1241 (motions for reconsideration are granted only "to correct clear error"). Mr. Helms claims that he has a personal stake in this litigation because Plaintiffs could "obtain an injunction that will infringe upon his exercise of First Amendment rights." (D.I. 117 at 2) However, Mr. Helms previously argued that "prayers intended to solemnize School Board meetings are part of the legislative process and *they are protected by absolute immunity*." (D.I. 8 at 6) (emphasis added). The Court agreed with Mr. Helms (although plaintiffs respectfully disagree) and found that these prayers are protected by legislative immunity. *Dobrich v. Walls*, 380 F. Supp. 2d 366, 377 (D. Del. 2005). Legislative immunity is absolute and protects an individual from actions seeking *declaratory and injunctive relief*. *See, e.g.*, *Sup. Ct. of Virginia v. Consumers Union*, 446 U.S. 719, 732-34 (1980). Now that Mr. Helms sees an advantage in changing his position, he wants the Court to ignore the *absolute* protection of legislative immunity. But Mr. Helms cannot have it both ways. Either Mr. Helms is absolutely immune for his legislative actions, or he can be held personally liable for his legislative actions. The Court should not allow Mr. Helms to pick and choose what relief Plaintiffs may sue him for when it suits his own agenda.[1]

---

[1]   If Mr. Helms now wishes to waive his immunity from *all* liability, then Plaintiffs
(continued...)

The Honorable Joseph J. Farnan, Jr.
May 22, 2006
Page 3

       Mr. Helms fails to distinguish *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986), from the facts here. Because he appears in this case only in his official capacity, the Court correctly cited to *Bender* in holding that Mr. Helms is not the real party in interest. The cases that Mr. Helms cited in an attempt to distinguish that proposition, *Bd. of Educ. V. Allen*, 392 U.S. 236 (1968) and *Sheriff/Coroner Jay Printz v. United States*, 854 F. Supp. 1503 (D. Mont. 1994), had plaintiffs who were confronted with conflicting legal obligations. Mr. Helms has no conflicting legal obligations, and thus no personal stake to justify having an attorney litigate on his behalf separately from the School Board's attorneys. Therefore, Mr. Helms cannot demonstrate that the Court made a clear error, and the Motion should be denied.

       The Court need not reach Mr. Helms's arguments that he has a First Amendment right to representation in his individual capacity because they go beyond the scope of the April 28 Order. The Court correctly determined that Mr. Helms is not the real party in interest because he only appears in this case in his official capacity, and the Court should deny the Motion.

       Respectfully,

       Thomas J. Allingham II (I.D. No. 476)
       Richard S. Horvath, Jr. (I.D. No. 4558)
       P.O. Box 636
       Wilmington, Delaware 19899
       Tel: (302) 651-3070
       Fax: (302) 651-3001

cc:    Warren Thomas Pratt, Esq. (By e-file)
       Thomas S. Neuberger, Esq. (By e-file)
       Stephen J. Neuberger, Esq. (By e-file)

---

[1]    (...continued)
    have no objection and will promptly serve appropriate discovery requests on him.

455931.03-Wilmington S1A