IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, *et al.*, | : | |
| | : | Case No. 05-120 |
| Plaintiffs, | : | |
| | : | |
| | : | **DEFENDANT REGINALD L. HELMS' REPLY TO PLAINTIFFS' RESPONSE TO HELMS' MOTION TO RECONSIDER THE COURT'S APRIL 28, 2006 ORDER (D.I. 100)** |
| HARVEY L. WALLS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

   COMES NOW Defendant Reginald L. Helms, by and through the undersigned counsel, in reply to Plaintiffs' response (D.I. 125) to Helms' motion to reconsider the April 28, 2006 Order of this Court (D.I. 100).

   The Plaintiffs' reliance upon cases setting forth the grounds for a motion to reconsider is wholly misplaced because those cases were decided after full presentation and briefing of issues under this Court's Local Rules 7.1 et seq. That did not occur in this case.

   The issue of Defendant Helms' representation was raised at the March 26, 2006 scheduling conference where the Court requested that the parties determine who Defendant Helms wished to represent him in this action. In accordance with this request, Defendant Helms submitted his declaration asserting his firm desire to be represented by The Neuberger Firm (D.I. 90). The School Board submission took no position on this issue (D.I. 89). Although no briefing was requested by the Court, the Plaintiffs submitted a letter that cited <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534 (1986), the sole authority relied upon in the Court's Memorandum Opinion (D.I. 114) explaining the basis for the denial. Defendant Helms responded to this letter and offered to provide legal

authority distinguishing Bender (D.I. 94), but refrained from doing so unless requested by the Court because the Court had not requested or otherwise ordered formal briefing of the issue and instead had made clear how it wished to proceed. No request for briefing was ever made or entered by the Court.

Thus, Defendant Helms has not had an opportunity to address and distinguish the sole authority supporting the denial of his claim, a claim that is grounded in fundamental First Amendment rights. This is not a case where a party is using reconsideration "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." eSpeed, Inc. v. Brokertec USA, L.L.C., 2005 WL 83471, *1 (D.Del. Jan. 11, 2005). The instant motion is simply an attempt by Defendant Helms to be heard upon and confront the legal basis for denying him his choice of counsel. Just as a criminal defendant must be allowed to confront his accusers, so Defendant Helms must be entitled to confront and challenge the legal basis for depriving him of his choice of counsel.

Because Defendant Helms did not have an opportunity to provide the authority distinguishing Bender, it is clear that the Court did make an "error of apprehension." Had the Court known the decisions in Board of Education v. Allen, 392 U.S. 236 (1968), and Sheriff/Coroner Jay Printz v. United States, 854 F. Supp. 1503 (D. Mont. 1994), it would have realized the limitations on the Bender decision. Furthermore, because Defendant Helms did not have the opportunity to present legal arguments in opposition to Bender, by definition the Court did not understand the position of Defendant Helms.

The Plaintiffs' legal arguments in opposition to reconsideration also are meritless. There is no inconsistency between Helms' present argument and his previously successful invocation of absolute legislative immunity. The Plaintiffs ignore the dichotomy between individual and official

2

capacity suits and the fact that an injunction against the School Board will affect him because of his official position on the School Board. As in the <u>Allen</u> case, Helms may be put to the Hobbesian choice between complying with an injunction or following his religious beliefs.

The Plaintiffs' further argument that Defendant Helms faces no conflict here because there are no conflicting "legal" duties is truly astounding. True to form, Plaintiffs discount the importance of an individual's religious beliefs and assert that a person does not have a personal stake in litigation where the outcome of the litigation may force him or her to violate those beliefs, as opposed to "legal" obligations. An individual's First Amendment freedoms clearly are of the highest order and present at least as compelling a conflict as was presented in the <u>Allen</u> and <u>Sheriff/Coroner Jay Printz</u> cases.

Wherefore, Defendant Reginald L. Helms renews his request that this Court reconsider, withdraw and vacate its prior order denying him separate counsel on the claims against him in his official capacity and instead order that The Neuberger Firm may fully participate in this action as attorney and counsel for Defendant Helms.

          Respectfully Submitted,

          **THE NEUBERGER FIRM, P.A.**

          /s/ Stephen J. Neuberger
          **STEPHEN J. NEUBERGER, ESQ. (#4440)**
          Two East Seventh Street, Suite 302
          Wilmington, Delaware 19801
          (302) 655-0582
          SJN@NeubergerLaw.com

Dated: May 28, 2006          Attorneys for Defendant Reginald Helms

# Unreported Opinions



Not Reported in F.Supp.2d                                                                                                                    Page 1
Not Reported in F.Supp.2d, 2005 WL 83471 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
**ESPEED**, INC.; Cantor Fitzgerald, L.P.; and CFPH, L.L.C., Plaintiffs,
v.
BROKERTEC USA, L.L.C.; Brokertec Global, L.L.C.; Garban, LLC; ICAP PLC; OM AB; and OM Technology (U.S.), Inc., Defendants.
**No. Civ.A.03-612-KAJ.**

Jan. 11, 2005.

Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Plaintiffs.

Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE, for Defendants.

Patricia C. Hannigan, U.S. Attorney's Office, Wilmington, DE, for Movant.

*MEMORANDUM ORDER*

JORDAN, J.

I. Introduction

**\*1** Presently before me is a motion (Docket Item ["D.I."] 530) filed by eSpeed, Inc., Cantor Fitzgerald, L.P., and CFPH, L.L.C. (collectively "eSpeed") seeking reconsideration of the October 25, 2004 Memorandum Opinion and Order in which Ikd ruled that prosecution history estoppel barred eSpeed from asserting the doctrine of equivalents in this case (D.I. 527, 528 at 9-12). Also before me is a motion (D.I.531) filed by BrokerTec USA, L.L.C., Garban, L.L.C., ICAP Technology AB, and OM Technology (US), Inc. (collectively "BrokerTec") seeking reconsideration of the same Opinion and Order to the extent that I denied their motion for Summary Judgment of Non-Infringement (D.I.527, 528). I have jurisdiction over this case pursuant to 28 U.S.C. § 1331. For the reasons that follow, the motions will be denied.

II. Background

Because the factual and procedural history of this case has been previously set forth (*see* D.I. 527), it will not be repeated here.

III. Standard of Review

Motions for reconsideration should be granted only "sparingly." *Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del.1991). In this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)). "Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Id.*

Further, a district court should grant a motion for reconsideration which alters, amends, or offers relief from a judgment only when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. *See Max's Seafood Café by Lou Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citation omitted).

IV. Discussion

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                  Page 2
Not Reported in F.Supp.2d, 2005 WL 83471 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

### A. eSpeed's Motion for Reconsideration

eSpeed argues that I should reconsider and vacate the October 25, 2004 Memorandum Opinion and Order because I "misapprehended key facts about patent prosecution practice." (D.I. 530 at 2.) Specifically, eSpeed argues that I misunderstood that the common policy used when filing a divisional application is to submit the original claims of a parent application and then cancel those claims by preliminary amendment. (*Id.*) eSpeed also argues that I "misapprehended a key point of law" related to rebutting the presumption that a narrowing amendment surrendered a particular equivalent. (*Id.*) Taking the last argument first, it simply asks that I reverse my interpretation of the law. Since I do not believe my legal conclusions or analysis were in error, I decline to reverse them. No further discussion of this point is necessary. *See Max's Seafood Café,* 176 F.3d at 677 (holding that reconsideration is reserved for clear errors of law).

**\*2** With respect to eSpeed's argument about the effect of filing a preliminary amendment, eSpeed asserts that a preliminary amendment is made before any substantive action is taken by the Patent and Trademark Office. (*Id.*) eSpeed cites 37 C.F.R. § 1.53(b) to show that it is proper to submit the original claims of a parent application when filing a divisional application. (*Id.* at 4.) They then go on to say that, because a continuing application ignores the prosecution history of the parent, it is necessary to add any earlier prosecution through the use of a preliminary amendment, if one wishes to retain such prosecution in the new file. (*Id.* at 5.) These assertions, however, are simply beside the point. The question is whether the inventor narrowed his claims. In this case, I have concluded that the answer to that question is yes because the inventor filed amendments to his original claim that restricted the scope of the claim in question.

eSpeed also asserts that I am not aware of the procedure for numbering claims upon issuance of a patent. (*Id.*) Consequently, they argue I compared two "wholly unrelated claims simply because they had the same number at different times." (*Id.*) It is true that the two claims I compared for the purpose of determining if prosecution history applied coincidentally are numbered identically and that before the patent issued they were not. Nowhere in my opinion, however, is this numbering coincidence relied on as a basis for my decision. Rather, the numbers are included to aid the parties in referencing the claims. What I did rest my opinion on was the fact that claim 20, as issued, contained the limitations at issue and the original claims did not contain such limitations. Accordingly, eSpeed's motion seeking reconsideration of the October 25, 2004 Memorandum Opinion and Order is denied.

### B. BrokerTec's Motion for Reconsideration

BrokerTec argues that reconsideration of the May 18, 2004 Memorandum Order should be granted because I misapprehended the workings of the BrokerTec ETN and the Garban ETC/ETN and their relationship to each other. (D.I. 531 at 1-3.) BrokerTec makes several arguments for why I should have granted Summary Judgment as to certain aspects of the case. The most direct answer to those assertions is that BrokerTec did not file a summary judgment motion fairly calling those aspects of the case into question.

As to BrokerTec's specific assertion that "there was no operative 'intertwining' whatsoever between the BrokerTec ETN and Garban ETC/GTN systems ... prior to September 15, 2003" (D.I. 531 at 7), that may be true, but it does not address the question of infringement after that date. The proposed temporal limitation was never argued. Also, the issue of limiting the summary judgment motion to a particular system was only raised in BrokerTec's reply (D.I. 510 at 11), and eSpeed was not properly put on notice of BrokerTec's. Consequently, BrokerTec's motion for reconsideration is also denied.

### V. Conclusion

**\*3** Accordingly, IT IS HEREBY ORDERED that both

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                            Page 3
Not Reported in F.Supp.2d, 2005 WL 83471 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

eSpeed's and BrokerTec's motions for reconsideration (D.I.531, 530) are DENIED.

D.Del.,2005.
eSpeed, Inc. v. Brokertec USA, L.L.C.
Not Reported in F.Supp.2d, 2005 WL 83471 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 3656266 (Trial Pleading) First Amended Complaint for Patent Infringement (Aug. 30, 2004)
• 1:03cv00612 (Docket) (Jun. 30, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on May 28, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following individuals:

      Thomas J. Allingham II, Esq.
      Robert S. Saunders, Esq.
      One Rodney Square
      P.O. Box 636
      Wilmington, DE 19899


      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQ.**