IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al., :
:
      Plaintiffs, :
:
v. : Civil Action No. 05-120-JJF
:
THE INDIAN RIVER SCHOOL :
DISTRICT, et al., :
:
      Defendants. :

### SCHEDULING ORDER FOR DISCOVERY PERTAINING TO THE INDIAN RIVER SCHOOL BOARD'S PRAYER POLICY

On March 24, 2006, the Court ordered that discovery would proceed in two phases: (1) the constitutionality of the Indian River School Board's Prayer Policy as written and as applied (the "School Board Prayer Issue"), and (2) all remaining issues (the "Remaining Issues"). The parties have proposed a scheduling order for the School Board Prayer Issue, which has been agreed to by the parties, with the exception of the issues related to the identification of the Doe Plaintiffs and the need for expert testimony. The Court has addressed the issue of the Doe Plaintiffs' identification by separate Memorandum Order and will incorporate that decision into the Scheduling Order on the Remaining Issues. On the issue of expert discovery, the Court concludes, at this juncture, that such discovery is not warranted. However, the Court will provide the parties with a mechanism in this Order for raising this issue again after the

completion of fact discovery, if necessary.

This Scheduling Order shall govern discovery pertaining to the School Board Prayer Issues. Issues not addressed by this Scheduling Order, including but not limited to identification by Plaintiff's counsel of the Doe Plaintiffs' identities, joinder of other parties, and the deadline for filing an amended complaint, shall be governed by the Scheduling Order entered by the Court on the Remaining Issues.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. **Pre-Discovery Disclosures.** On July 8, 2005, the parties, with the exception of Reginald L. Helms, exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. L.R. 16.2.

2. **Discovery.**

(a) Exchange and completion of interrogatories, identification of all fact witnesses and document production concerning the School Board Prayer Issue shall be commenced so as to be completed by June 22, 2006.

(b) The party upon whom an initial request for the production of documents have been served shall object or respond to the initial request, within twenty-one (21) days after the service of the initial request for the production of documents; provided, however, that the parties must produce documents for

examination, inspection and copying within thirty (30) days after service of the initial request for the production of documents.

    (c) Maximum of twenty-five (25) interrogatories concerning the School Board Prayer Issue by each side to any other side. The side upon whom the interrogatories have been served shall serve a copy of the answers or objections within twenty-one (21) days after the service of the interrogatories.

    (d) Maximum of twenty-five (25) requests for admission concerning the School Board Prayer Issue by each side to any other side. The side upon whom the requests for admission have been served shall serve a written answer or objection to the matter within twenty-one (21) days after the service of the requests for admission.

    (e) Absent agreement of the parties or leave of Court for good cause shown, Plaintiffs as a group and Defendants as a group shall each take a maximum of ten (10) non-party, non-expert depositions concerning the School Board Prayer Issue, which shall not exceed five (5) hours in length. Plaintiffs as a group and Defendants as a group shall each take a maximum of twelve (12) depositions concerning the School Board Prayer Issue from individuals, and their successors in office, appearing in this case in their official capacities, which shall not exceed six (6) hours in length. The depositions of individuals, and their

successors in office, appearing in this case in their official capacities shall not count towards any party's maximum number of non-party, non-expert depositions. Depositions may commence thirty (30) days after the entry of this Order and shall be completed by June 22, 2006.

    (f)  No expert discovery shall be conducted in this case without leave of Court. If, after fact discovery has been completed, a party believes that the summary judgment procedure will be aided by expert testimony, that party shall file a motion requesting permission to conduct expert testimony and setting forth the basis for the request. Briefing on such a motion shall be held in accordance with D. Del L.R. 7.1.2, unless the parties otherwise agree to a stipulated briefing schedule for the motion.

    (g)  Only after a party's initial requests for production of documents, interrogatories or requests for admission have been responded to may that party serve supplemental requests for production of documents, interrogatories or requests for admission, respectively. Responses and objections to any supplemental requests for production of documents, interrogatories or requests for admission shall be served no later than ten (10) days after the service of the supplemental requests for production of documents, interrogatories or requests for admission.

3.  **Discovery Disputes.**

(a)  A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1.  Said motion shall not exceed a total of four (4) pages.  An answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion.  No reply is permitted.

(b)  All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c)  Upon receipt of the answer, the movant shall notify Chambers by email at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d)  Upon receipt of the movant's e-mail the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)  There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

4.  **Case Dispositive Motions.**  Any dispositive motions concerning the School Board Prayer Issue, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on July 21, 2006.  Briefing shall be pursuant to D.

Del. L.R. 7.1.2. No dispositive motions concerning the School Board Prayer Issue may be filed before July 21, 2006.

5. **Applications By Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. L.R. 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a <u>true emergency</u> requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

_May 31, 2006_
Date

_____
UNITED STATES DISTRICT JUDGE