IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,                :
                                     :
          Plaintiffs,                :
                                     :
     v.                              :   Civil Action No. 05-120-JJF
                                     :
THE INDIAN RIVER SCHOOL              :
DISTRICT, et al.,                    :
                                     :
          Defendants.                :

Thomas J. Allingham II, Esquire, Richard S. Horvath, Jr., Esquire of SKADDEN ARPS SLATE MEAGHER & FLOM, LLP, Wilmington, Delaware.
Attorneys for Plaintiffs.

Warren Thomas Pratt, Esquire of DRINKER BIDDLE & REATH LLP, Wilmington, Delaware.
Attorneys for Defendants, the Indian River School Board, the Members of the Indian River School Board in their Official Capacities, and the Indian River School District.

Thomas S. Neuberger, Esquire and Stephen J. Neuberger, Esquire of THE NEUBERGER FIRM, P.A., Wilmington, Delaware.
Appearing on behalf of Defendant, Reginald L. Helms.

**MEMORANDUM OPINION**

June 2, 2006
Wilmington, Delaware

*Joseph J. Farnan Jr.*
**Farnan, District Judge.**

Presently before the Court is Defendant Reginald L. Helms' Motion To Reconsider The Court's April 28, 2006 Order (D.I. 117). By his Motion, Mr. Helms requests the Court to reconsider its decision denying Mr. Helms' request to have a separately retained attorney enter an appearance and litigate this action on his behalf, independent from counsel for the Indian River School District (the "School District") and the Indian River School Board (the "School Board"). The School Board has taken no position with respect to Defendant Helms' Motion; however, Plaintiffs have filed a letter response (D.I. 125) requesting the Court to deny the Motion on the grounds that Defendant Helms has failed to demonstrate that reconsideration of the Court's Order is warranted. For the reasons discussed, the Court will deny Mr. Helms' Motion.

## I. PROCEDURAL BACKGROUND

On March 26, 2006, the Court held a Scheduling Conference in this case during which the Court discussed with the parties the issue of Defendant Helms' representation. Explaining that Mr. Helms was no longer a party to this lawsuit in his individual capacity, the Court stated:

> It's clear that Mr. Helms is no longer in this lawsuit individually. I granted all the defendants absolute immunity which more and more in this circuit we're told to do earlier and earlier in the case, so

1

> that's what I tried to do.
>
> After having said all of that . . . I can't have two attorneys telling me different things about the same official capacity defendant.
>
> * * *
>
> So you two are going to have to work it out or else I'm going to have to have Mr. Helms in and make a decision whom I'm going to recognize after talking with him.

(D.I. 88 at 14-15).

Mr. Stephen Neuberger then stated that Mr. Helms wished to be represented by The Neuberger Firm in his official capacity. The Court then summarized the issue as follows, reiterating its position that one lawyer should be recognized on behalf of Mr. Helms:

> Here is the bottom line. Mr. Helms is in the case in his official capacity as a member of the board. Two lawyers have appeared today to represent him. I can only recognize one lawyer in the course of litigation.
>
> I'll give you an opportunity to tell me what's the status by March 31st, and if there is some other question of representation of the other defendants, Mr. Balaguer, you understand that applies on March 31st, unless you can provide me some reason to give [you] more time.[1]

(D.I. 88 at 16).

---

[1] The latter portion of the Court's remarks refer to a comment made by Mr. Stephen Neuberger that he believed that the School Board would be retaining new attorneys. In fact, the School Board has recently retained the firm of Drinker Biddle & Reath LLP in lieu of White and Williams LLP.

2

Thereafter, the Court received a letter from Mr. Balaguer, then counsel for the School Board, the School District and the School Board Members in their official capacity, indicating that his clients took no position on Mr. Helms' representation. Mr. Helms then filed an affidavit reiterating his request to be represented by The Neuberger Firm, and Plaintiffs filed a letter stating that it was apparent that an agreement was not reached on the issue of Mr. Helms' representation and that the Court's intervention would be necessary on this issue.

The issue of Mr. Helms' representation was revisited in the context of the parties' disputes over the Scheduling Order. Mr. Helms' counsel addressed the issue by reiterating his client's request that he be represented by The Neuberger Firm and offering to submit further briefing on why the Supreme Court's decision in Bender v. Williamsport Area Sch. Dist., 475 U.S. 534 (1986) was not applicable, if the Court required such briefing.

On April 28, 2006, the Court entered an Order denying Mr. Helms' request for separate representation. The Court's Memorandum Opinion setting forth the reasons for the Court's decision followed on May 2, 2006.

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered

3

evidence." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of the motion for reconsideration is not to "rehash arguments already briefed." Dentsply Int'l. Inc. v. Kerr Mfg. Co., 42 F. Supp.2d 385, 419 (D. Del. 1999). In order to succeed, the party requesting reconsideration must show that at least one of the following criteria applies: (1) a change in the controlling law; (2) availability of new evidence not available when the Court made its decision; or (3) need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d at 677). "As a general rule, motions for reconsideration should be granted 'sparingly.'" Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991).

### III. DISCUSSION

Reviewing Mr. Helms' Motion in light of the standards for reconsideration, the Court concludes that reconsideration of the Court's April 28, 2006 Order is not warranted. Mr. Helms does not advance a change in controlling law or the availability of new evidence. In addition, it is apparent from the record that the Court did not misapprehend or misunderstand Mr. Helms' position such that reconsideration is warranted. Mr. Helms has

made his wishes concerning his representation clear to the Court both through the representations of his counsel at the March 26, 2006 Scheduling Conference and in his later submissions to the Court.

Mr. Helms' counsel contends that he was not permitted to brief his legal arguments on this issue, and Mr. Helms was not permitted to appear before the Court to express his desires concerning his representation. However, in light of Mr. Helms' affidavit and the representations of his counsel both at the March 26 hearing and in his subsequent letter submissions (D.I. 90, 94), the Court is not persuaded that further testimony from Mr. Helms is needed to resolve this issue. Further, Mr. Helms has now briefed the relevant legal issues in the instant Motion For Reconsideration, and therefore, Mr. Helms' contention that he has been denied the opportunity to fully present this issue to the Court is moot.

The central issue raised by Mr. Helms' Motion For Reconsideration is whether he, as a defendant sued only in his official capacity, is entitled to have legal counsel litigate this action on his behalf separately from counsel retained by the School Board. The Court has concluded that, in the circumstances presented here, separate representation for Mr. Helms is neither appropriate nor necessary, and the Court is not persuaded that

5

its conclusion is erroneous such that reconsideration of this issue is warranted.

In considering this issue, the Court begins with the threshold question of whether Mr. Helms, as a defendant sued in his official capacity only, supports or opposes the Prayer Policy of the School Board being challenged by Plaintiffs. Mr. Helms has made it clear that he stands with the School Board in supporting its present Prayer Policy. Because Mr. Helms supports the School Board's Prayer Policy, at this juncture, he is aligned with all the other Defendants and cannot claim any potential constitutional violation particular to him. It is in this regard, that the cases cited by Mr. Helms to support his request for separate counsel are distinguishable. In <u>Board of Educ. v. Allen</u>, 392 U.S. 236 (1968), the United States Supreme Court upheld the constitutionality of a New York law providing state tax-raised funds to supply school books for use by students in schools owned and operated by religious organizations. The Supreme Court concluded that the local board members had standing to bring the action challenging the state statute. Specifically, the Supreme Court held that the local board members had a personal stake in the outcome of the litigation because failure to comply with the statute would result in their expulsion from office, while compliance with the statute would result in reduced

6

funds for their district.

Similarly, in <u>Sheriff/Coroner Jay Printz v. United States</u>, 854 F. Supp. 1503 (D. Mont. 1994), the local sheriff challenged a federal statute as unconstitutional on the grounds that Congress exceeded its constitutional authority in passing the statute. Specifically, the sheriff contended that he was unable to perform certain job duties required by state law, because the statute required him to devote his resources to other duties required by the federal statute. The court concluded that this resulted in an injury-in-fact sufficient to give the sheriff standing to challenge the constitutionality of the act.

Simply put, in both <u>Allen</u> and <u>Printz</u>, the aggrieved parties, to whom Mr. Helms analogizes himself, raised constitutional challenges to federal and state statutes that they claimed violated the United States Constitution. In this case, however, Mr. Helms stands in support of the policy concerning School Board Prayer that is being challenged, and at this juncture, he cannot claim a constitutional violation of his rights premised on that policy or a conflict with his official duties. Thus, Mr. Helms' interests are squarely aligned with that of the School Board. Further, as the Court pointed out in its previous Memorandum Opinion, no relief has been granted at this stage that challenges or impairs Mr. Helms' constitutional rights, and Mr. Helms can

7

seek relief from the Court in the event that future orders affect his constitutional rights. Moreover, nothing in the Court's decision prohibits Mr. Helms from continuing to consult with counsel of his choice on matters related to this case. For these reasons, the Court concludes that Mr. Helms, sued as a defendant in his official capacity only, does not have the right to have counsel separate from counsel retained by the School Board, and therefore, the Court will deny Mr. Helms' Motion For Reconsideration.

## CONCLUSION

Accordingly, the Court will deny Mr. Helms' Motion To Reconsider The Court's April 28, 2006 Order.

An appropriate Order will be entered.