IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MONA DOBRICH, et al., | x<br>:<br>: |  |
| Plaintiffs, | :<br>: |  |
| v. | :<br>: | Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | :<br>: |  |
| Defendants. | :<br>:<br>x |  |

### PLAINTIFFS' MOTION FOR LEAVE
### TO FILE FIRST AMENDED COMPLAINT

Mona Dobrich and Marco Dobrich, in their own right and as legal guardians of Alexander Dobrich; Samantha Dobrich (collectively, the "Dobriches"); and John Doe and Jane Doe, in their own right and as legal guardians of Jordan Doe and Jamie Doe (collectively, the "Does," and together with the Dobriches, "Plaintiffs"), by and through their attorneys, hereby move the Court for an order granting Plaintiffs leave to file Plaintiffs' First Amended Complaint (the "First Amended Complaint") pursuant to Rule 15 of the Federal Rules of Civil Procedure, and joining Samantha Dobrich as a plaintiff pursuant to Rule 20 of the Federal Rules of Civil Procedure. The First Amended Complaint is attached hereto as Exhibit A, and a version showing the differences between the First Amended Complaint and the complaint filed on February 28, 2005 (the "Original Complaint") is attached hereto as Exhibit B.

## BACKGROUND

1. In their Original Complaint, Plaintiffs alleged causes of action based on Defendants' violations of Plaintiffs' rights under the United States Constitution and the Constitution of the State of Delaware to be free from state-sponsored religion.

2. In response to the Original Complaint, Defendant Reginald Helms filed an answer (D.I. 9) and a motion to dismiss (D.I. 7) on April 5, 2005. On April 27, 2005, the Indian River School District (the "District"), the Indian River School Board (the "School Board") and the non-Helms School Board Members (collectively, and together with Helms, "Defendants") filed an answer (D.I. 29), a motion to dismiss (D.I. 32) and a motion to strike (D.I. 30) in response to the Original Complaint. On August 2, 2005, the Court issued an order (D.I. 58) and opinion (D.I. 57) granting in part and denying in part the motions to dismiss. On March 26, 2006, the Court denied Defendants' motion to strike. (D.I. 86)

3. On June 13, 2005, this Court stayed discovery and ordered the parties into mediation with Magistrate Judge Thynge. (D.I. 53) On June 20, 2005, Judge Thynge ordered the parties to attend the first mediation conference on August 4, 2005. On July 29, 2005, Plaintiffs sent a letter to Defendants (the "July 29 Letter," attached hereto as Exhibit C) stating that both families have claims for emotional distress against the District and that their damages should be considered part of Defendants' settlement position.

4. While the July 29 Letter stated that Plaintiffs "are considering amending the complaint to include these claims," Plaintiffs refrained from amending the Original Complaint because of the Court-ordered mediation and the possibility of

settlement. In particular, the Does were concerned that an amendment adding their individual claims for emotional distress would draw unwanted public attention to them and could result in the disclosure of identifying information – an unsavory prospect given the threats that already had been directed against the Dobriches. Because of the Court-ordered stay in discovery and the possibility of settlement, the Does decided to try to settle this litigation rather than risk exposing themselves to the same hostility that had been directed against the Dobriches. Finally, the Does faced a difficult decision in amending the Original Complaint to include an allegation for emotional distress on behalf of Jordan Doe given that Jordan is a minor.

5. Further, Samantha waited until now to join her family in this litigation because of her belief that, as a young woman about to start college, she could not devote the time and attention necessary to pursue this litigation. But as the First Amended Complaint demonstrates, Samantha was forced to withdraw from Columbia University and the Jewish Theological Seminary due to the financial burdens that Defendants' conduct placed on her family.

6. On September 14, 2005, the parties attended a second mediation conference ordered by Judge Thynge. Then, at a third mediation conference held on November 10, 2005, Plaintiffs and Defendants entered into a settlement in principle. As part of the settlement, Defendants insisted that Samantha – even though she was not a party to this litigation – release her claims against Defendants. Nonetheless, after Plaintiffs spent months negotiating and refining the terms of the settlement, the School Board unanimously rejected the settlement on February 27, 2006.

7.   After the School Board rejected the settlement, the Court held a scheduling conference on March 23, 2006. At the scheduling conference and in an order dated March 24, 2006, the Court divided discovery into two categories: (i) the constitutionality of the School Board's Prayer Policy as written and as applied (the "School Board Prayer Issue") and (ii) all remaining issues (the "Remaining Issues"). Discovery on the School Board Prayer Issue is ongoing, and Defendants have informed Plaintiffs that they plan to move the Court for an extension of discovery on the School Board Prayer Issue. No depositions on the School Board Prayer Issue have taken place. Discovery has not yet begun on the Remaining Issues, and will not begin until discovery on the School Board Prayer Issue is completed. (D.I. 88 at 6:17-2)

8.   While Defendants have given their verbal consent for Plaintiffs to file the First Amended Complaint, Defendants have not provided the written consent required by Rule 15(a). Therefore, Plaintiffs had to file this motion with the Court seeking leave to amend the Original Complaint. *See* FED. R. CIV. P. 15(a) ("a party may amend the party's pleading only by leave of court or by written consent of the adverse party").

**LEAVE TO FILE THE FIRST AMENDED COMPLAINT SHOULD BE GIVEN**

9.   Rule 15(a) requires a plaintiff to seek leave of the Court to file an amended complaint after defendants have served a responsive pleading. FED. R. CIV. P. 15(a). Leave to file an amended complaint "shall be freely given when justice so requires." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting FED. R. CIV. P. 15(a)). Thus, "'a liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).'" *United States ex rel. B & R, Inc. v. Donald Lane Constr.*, 19

F. Supp. 2d 217, 221 (D. Del. 1998) (quoting 3 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 15.14[1] at 15-26 (3d ed. 1998)).

   10. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend a complaint should be freely given unless the attempt to amend is because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.*; *see also Shane*, 213 F.3d at 115 (the grounds for a denial of leave to amend include undue delay, bad faith, dilatory motive, prejudice and futility).  "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (citing *Foman*, 371 U.S. at 183).

   11. The Third Circuit has emphasized that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)).  As discussed above, discovery has not commenced on the Remaining Issues, which make up the vast majority of the new allegations in the First Amended Complaint.  The possibility that the First Amended Complaint may broaden discovery on the School Board Prayer Issue would not in itself be evidence of prejudice.  *See Barkauskie v. Indian River Sch. Dist.*, 951 F. Supp. 519, 528 (D. Del. 1996) (noting that "while it is true additional discovery will be needed, the Court does not believe this will create 'undue prejudice' within the meaning of

5

*Foman*"). Because discovery for the School Board Prayer Issue is ongoing and Defendants possess the same documents that Plaintiffs relied on for many of their new allegations concerning the School Board Prayer Issue, Defendants can still develop facts or evidence in response to the new allegations. Therefore, Defendants would not be prejudiced by any amendments concerning the School Board Prayer Issue. *Bechtel*, 886 F.2d at 652.

13. Should Defendants claim that Plaintiffs filed the First Amended Complaint in bad faith, then the Court's inquiry is limited to whether Plaintiffs filed the motion to amend in bad faith, "not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith." *Trueposition, Inc. v. Allen Telecom, Inc.*, C.A. No. 01-823, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) (Exhibit D). Any inquiry into bad faith would focus on Plaintiffs' motives for not filing the First Amended Complaint sooner. *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 615 (3d Cir. 1987). Bald assertions of bad faith cannot overcome good faith reasons for delay. *Barkauskie*, 951 F. Supp. at 528.

13. From June 13, 2005 until February 27, 2006, Plaintiffs prepared for and participated in the Court-ordered mediation. Deference to those efforts delayed filing of the First Amended Complaint, and Plaintiffs cannot be faulted for abiding by the Court-ordered mediation process. Because they complied with the Court-ordered mediation and the concurrent stay in discovery, Plaintiffs have not acted with undue delay in filing the First Amended Complaint. *Cf. Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006) (noting that court-ordered stay of litigation was reason to find there was no undue delay in amending). Any potential arguments by

Defendants that Plaintiffs unduly delayed in filing the First Amended Complaint would be specious given that Plaintiffs spent over eight months preparing for and negotiating a settlement that the School Board rejected unanimously. Defendants should not be able to benefit from their conduct during the Court-ordered mediation to prevent Plaintiffs from filing the First Amended Complaint at this time.

14. Finally, futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane*, 213 F.3d at 115. "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* As the First Amended Complaint makes few changes to the substantive legal allegations that the Court has previously determined Plaintiffs could proceed upon,[1] and it has been timely filed with the Court, futility should be of little or no concern.

### RULE 15(a) PERMITS PLAINTIFFS TO AMEND THE COMPLAINT TO ADD SAMANTHA DOBRICH AS A PLAINTIFF

15. Samantha Dobrich is not yet a party to this litigation. Because Samantha may bring an action against Defendants independently, arguments concerning delay, prejudice or bad faith should have little relevance to her situation. In addition to the allegations found in the Original Complaint, Samantha now brings her own claims against Defendants. *See* Amended Complaint ¶¶ 11, 44, 49, 57, 77, 124-126, 162, 168 and 176 and Request for Relief A.

---

[1] While the First Amended Complaint alleges that the Official Capacity Defendants knew of the District's unconstitutional conduct, in addition to the pervasive customs and practices that established a policy of promoting, endorsing and establishing prayer and other religious activities throughout the District, (Amended Complaint ¶¶ 156-57) the Original Complaint demonstrates that the Official Capacity Defendants knew of the District's constitutional violations. (*See, e.g.*, Original Complaint ¶¶ 25, 69 and 115)

7

16. Since Samantha was not an original party to this lawsuit, this motion for leave to amend the Original Complaint to join her as a plaintiff implicates both Federal Rules of Civil Procedure 15 and 20. *See* 4 MOORE'S FEDERAL PRACTICE § 20.02[2][a][ii] at 20-13 (3d ed. 2006). Amending the complaint to include her as a plaintiff satisfies the requirements of Rule 20 because Samantha and the remaining Plaintiffs' claims (1) arise "out of a single transaction or occurrence or series thereof" and (2) will present "some [common] question of law or fact. . . ." *Mesa Computer Utils., Inc. v. Western Union Computer Utils, Inc.* 67 F.R.D. 634, 636 (D. Del. 1975) (citing FED. R. CIV. P. 20(a)). Samantha's claims against Defendants spring from the same unconstitutional conduct that gave rise to the claims of her family and the other Plaintiffs. In fact, many of Samantha's claims were "included in the [Original] Complaint; therefore, . . . Defendants will not be unduly prejudiced in maintaining new defenses." *Monahan v. City of Wilmington*, C.A. No. 00-505, 2004 WL 758342, at *4 (D. Del. Jan. 30, 2004) (Exhibit E).

17. Granting Plaintiffs leave to file the First Amended Complaint and to join Samantha as a party would promote judicial economy. Otherwise, Samantha "would be entitled to file a separate suit . . . (and would then, presumably, have a very good argument for consolidation of that action with this one)." *Centerforce Techs., Inc. v. Austin Logistics Inc.*, C.A. No. 99-243, 2000 WL 652943, at *6 (D. Del. Mar. 10, 2000) (Exhibit F); *see also Trueposition*, 2002 WL 1558531, at *2 (amendment promoted judicial economy where, if amendment were denied, plaintiff could file a second action against the defendant).

18. While there has been some delay in Samantha joining as a plaintiff, mere delay without prejudice or bad faith is not enough to deny leave to amend. *Dole Fresh Fruit Co. v. Delaware Cold Storage*, 961 F. Supp. 676, 686 (D. Del. 1997) (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir.1984)). Because Samantha's claims are similar to those that Plaintiffs already brought, "it is unlikely [Defendants] would have conducted [their] case any differently had [they] been aware of the claim[s]. . . ." *Dole Fresh Fruit Co.*, 961 F. Supp. at 686. Discovery on the Remaining Issues has not yet commenced, and discovery on the School Board Prayer Issue is still ongoing. Further, Defendants were on notice that Samantha could have brought these claims against them because Defendants demanded a release of Samantha's claims as part of settlement. *Monahan*, 2004 WL 758342, at *4 (defendants were not prejudiced by amendment adding plaintiffs because defendants were on notice of other potential plaintiffs). Defendants cannot claim that they would be prejudiced by the addition of Samantha's claims.

19. Samantha has no bad faith reasons for wanting to amend the complaint at this time. Samantha elected to wait until now to join her family in this litigation because of her good faith reason that, as a young woman about to start college, she could not devote the time and attention necessary to pursue this litigation. However, as the First Amended Complaint demonstrates, Samantha was forced to withdraw from Columbia University and the Jewish Theological Seminary due to the financial burdens that Defendants' conduct placed on her family. Finally, Samantha had relied on the Court-ordered mediation process and the possibility of her family settling with Defendants in deciding to delay seeking to join this lawsuit.

20. Samantha's claims are not futile because they are not time-barred. Samantha's claims are based on 42 U.S.C. § 1983, and therefore the applicable statute of limitations is two years. *See Dobrich v. Walls*, 380 F. Supp. 2d 366, 374 (D. Del. 2005). Samantha's cause of action against Defendants accrued at the earliest at the Sussex Central High School Graduation Ceremony on June 3, 2004. Plaintiffs respectfully request, in keeping with the proposed order they have submitted to the Court, that the First Amended Complaint be deemed entered as of the date of its filing with the Court, and not when the Court enters an order allowing the amendment. *See* D. Del. R. 15.1 ("The amended pleading shall be deemed filed as of the date of an order allowing the amendment, *unless the order otherwise provides*.") (emphasis added). Otherwise, the First Amended Complaint could potentially prove futile and the liberal policy favoring amendment where justice so requires would be thwarted.

21. This Court had previously held that "Plaintiffs' allegations are sufficient to establish the type of ongoing and continuing pattern needed for application of the continuing violation doctrine." *Dobrich v. Walls*, 380 F. Supp. 2d 366, 375 (D. Del. 2005). As such, the First Amended Complaint, like the Original Complaint, alleges a pattern and custom of behavior, so the continuing violation doctrine applies and Samantha may brings her claims that would otherwise lie outside of the two-year statute of limitations. Thus, if the First Amended Complaint were deemed effective on the same date it was filed with the Court, then Samantha's claims against the District are timely and amendment would not be futile.

### RULE 15(d) PERMITS PLAINTIFFS TO AMEND THE COMPLAINT TO ADD ALLEGATIONS CONCERNING THE DOBRICHES THAT DEVELOPED SINCE THE FILING OF THE ORIGINAL COMPLAINT

22.     The First Amended Complaint details events concerning the Dobriches that have occurred after the filing of the Original Complaint on February 28, 2005. Paragraphs 9, 122-126, 162, 167 and 176, and Request for Relief A enumerate certain events affecting the Dobriches over the past two years, including: (i) the Dobriches' need to sell their home of eighteen years; (ii) Alexander's suicidal behavior and depression and its impact on the Dobriches; and (iii) Samantha's withdrawal from the Jewish Theological Seminary and Columbia University, in addition to the adverse impact Defendants' conduct had on her health.

23.     The complaint includes these events as supplemental pleadings under Rule 15(d). This rule allows a court, "upon motion of a party" and "upon such terms as are just," to allow a supplemental pleading "setting forth transactions and occurrences or events that have happened since the date of the pleading sought to be supplemented." FED. R. CIV. P 15(d); *see* 3 MOORE'S FEDERAL PRACTICE § 15.30 at 15-106 (3d ed. 2006); *Griffin v. County School Bd. Of Prince Edward County*, 377 U.S. 218, 226-227 (1964) (noting supplemental pleading reinforces purpose of making pleading "a means to achieve an orderly and fair administration of justice").

24.     Allegations in a supplemental pleading need not arise out of the same transaction or occurrence as the original complaint; they must merely bear "some relationship to the subject of the original pleading." 3 MOORE'S FEDERAL PRACTICE § 15.30 at 15-108 (3d ed. 2006). The standard regarding when to grant leave to amend under Rule 15(d) is 'essentially the same' as that under Rule 15(a), and leave to

11

supplement should be granted unless it causes undue delay or undue prejudice. *Micron Tech., Inc.*, 409 F. Supp. 2d at 558 (quoting *Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 n.3 (D. Del. 2001)).

    25.    Because discovery has not commenced on the Remaining Issues, Defendants will not be prejudiced by the supplemental pleading and they have not been "unfairly disadvantaged or deprived of the opportunity to present facts or evidence. . . ." *Bechtel*, 886 F.2d at 652. Without prejudice or bad faith, delay in amending the Original Complaint to include these supplemental pleadings is not enough to justify denial of leave to amend. *See Dole Fresh Fruit Co.*, 961 F. Supp. at 686. Defendants cannot claim that Plaintiffs' good faith reliance on the Court-ordered mediation has been prejudicial to Defendants. *Cf. Micron Tech., Inc.*, 409 F. Supp. 2d at 558 (noting that court-ordered stay of litigation was reason to find there was no undue delay in amending).

### RULES 15(a) AND 15(d) PERMIT PLAINTIFFS TO AMEND THE COMPLAINT TO ADD ALLEGATIONS CONCERNING THE DOES

    26.    This Court has indicated that the Does lack standing to pursue claims based on incidents "for which they have not alleged they were present." *Dobrich*, 380 F. Supp. 2d at 373-74. Paragraphs 37, 41, 55 and 100 of the First Amended Complaint endeavor to cure that pleading defect. Such amendments are precisely of the sort that courts are inclined to grant. *See Shane*, 213 F.3d at 116 (plaintiffs in § 1983 cases should be given a reasonable opportunity to cure a lack of factual specificity in their pleadings); *see also* 3 MOORE'S FEDERAL PRACTICE § 15.15[3] at 15-47 (3d ed. 2006).

    27.    Further, in ¶¶ 131-134, 163, 168 and 177 and in Request for Relief B of the First Amended Complaint, the Does now bring their claims that they have

suffered emotional distress and damages caused by Defendants' unconstitutional conduct. These claims developed after Plaintiffs filed the Original Complaint, and are therefore supplemental pleadings under Rule 15(d).

28. As stated above, discovery on the Remaining Issues has not commenced and Defendants cannot claim that they would be prejudiced by the Does' amendments. Further, as part of the mediation, Plaintiffs put Defendants on notice of the Does' emotional distress and damages claims. Exhibit C. Defendants should have prepared – and could still prepare – their discovery strategy on the Remaining Issues accordingly.

29. Likewise, the Does' reliance on and good faith participation in the Court-ordered mediation show that they have not unduly delayed or acted in bad faith by seeking leave to amend at this time. Deference to the Court-ordered mediation delayed amendment, and the Does should not be faulted for abiding by the Court-ordered mediation process. *Cf. Micron Tech., Inc.*, 409 F. Supp. 2d at 558.

30. Further, the Does' claims are not time-barred and, thus, are not futile. The Does' claims for emotional distress and damages have occurred within the past two years, and therefore these supplemental claims are not barred by the two-year statute of limitations. *See Dobrich*, 380 F. Supp. 2d at 374.

31. Finally, these amendments relate back to the Original Complaint because they "arose out of the conduct, transaction, or occurrence" contained in the Original Complaint. FED. R. CIV. P. 15(c); *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004) (noting that "[i]n essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings"). The Original Complaint put

13

Defendants on notice of the substance of the Does' allegations, and the First Amended Complaint simply enables the Does to comply with this Court's earlier opinion.

### RULE 15(c) PERMITS PLAINTIFFS TO AMEND THE COMPLAINT TO INCLUDE GREATER SPECIFICITY AND TO AMPLIFY THEIR CLAIMS

32. The remaining proposed amendments provide greater specificity and amplification to claims previously alleged in the Original Complaint. Changes like these are among the "clearest cases for leave to amend." *United States v. Teeven*, C.A. No. 92-418, 1992 WL 683682, at *7 (D. Del. Oct. 27, 1992) (Exhibit G). "[A]mendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading fall within Rule 15(c)." *Bensel*, 387 F.3d at 310.

33. These amendments would not prejudice Defendants because discovery on the Remaining Issues has not yet commenced. *See Bechtel*, 886 F.2d at 652 (noting that parties "will [not] be deprived of the chance to present facts or evidence since the case is still in the initial stages of discovery"). Clarifying or even correcting allegations to comply with Plaintiffs' investigation (or materials Defendants have themselves made publicly available) will not prejudice Defendants – if anything, those clarifications will make this litigation more efficient. And, as stated above, Plaintiffs' participation in the Court-ordered mediation demonstrates that there has not been undue delay in amending these allegations. Finally, because these clarifications relate back to the filing of the Original Complaint, futility should be of no concern.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and enter the Order in a form substantially similar to that attached.

/s/
Thomas J. Allingham II (I.D. No. 476)
Robert S. Saunders (I.D. No. 3027)
Richard S. Horvath, Jr. (I.D. No. 4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Attorneys for Plaintiffs

DATED: June 2, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | x<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | : Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | :<br>: |
| Defendants. | :<br>x |

**STATEMENT PURSUANT TO LOCAL RULE 7.1.1**

I hereby state that I have made a reasonable effort to reach agreement with counsel for the Indian River School District and the Indian River School Board to resolve Plaintiffs' Motion for Leave to File First Amended Complaint, but no such agreement could be reached.

_____
Richard S. Horvath, Jr. (I.D. No. 4558)
One Rodney Square
P. O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000
Attorney for Plaintiffs

DATED: June 2, 2006

455850.02-Wilmington Server 1A - MSW