**DrinkerBiddle&Reath**
L L P

Jason P. Gosselin
215-988-3371
jason.gosselin@dbr.com

Law Offices

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

Established
1849

NS

June 23, 2006

**VIA E-FILING**

Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street
Lock Box 27
Wilmington, DE 19801

   RE: *Dobrich, et al. v. Walls, et al.*, No. 05-CV-00120-JJF

Dear Judge Farnan:

  Enclosed please find Defendants' proposed protective order with respect to the disclosure of the Doe plaintiffs' identities in the above-referenced matter. In accordance with this Court's Rule 16 Scheduling Order dated June 1, 2006, the parties have conferred and reached agreement on most of the provisions of the protective order. However, there are two substantive provisions upon which the parties have not been able to agree: Plaintiffs' proposed Paragraphs 5 and Defendants' proposed Paragraph 19. Because the parties were unable to reach a full agreement, the Defendants separately submit the enclosed proposed order as directed by the Rule 16 Scheduling Order.

Paragraph 5

  Paragraph 5 of the Plaintiffs' proposed order would provide that "under no circumstances will the names of the Does, the employers of the Does, and the schools that the Does have attended, currently attend or will attend, be disclosed to Reginald Helms." The Plaintiffs' proposed Paragraph 5 similarly singles out Thomas Neuberger, Mr. Helms' personal attorney. Paragraph 5 is unacceptable for two reasons.

  First, when defense counsel meet to confer with their clients, counsel meet typically with the entire school board in executive session.[1] As a member of the school board, Mr. Helms is an integral part of these meetings. It would be inappropriate to allow counsel to speak freely with nine members of the Board but not the tenth. It would also be very impractical to require Mr. Helms to leave the room whenever there was any possibility that identifying information might be discussed (*e.g.*, virtually any discussion with counsel regarding the damages aspect of this litigation). Paragraph 5 is also unnecessary in light of the fact that Mr. Helms would be subject to the restrictions of the protective order in any event, and subject to the authority of this Court should he violate the order, just like any other person covered by the order. Second, the Plaintiffs'

---

[1] These meeting also include Defendants Lois Hobbs and Earl Savage, who serve as the Superintendent and Assistant Superintendent, respectively, as well as other school administrators.

DrinkerBiddle&Reath
L L P

Honorable Joseph J. Farnan, Jr.
June 23, 2006
Page 2

proposed Paragraph 5 would preclude Mr. Helms from seeking independent legal advice from his personal attorneys once discovery on the School Board Prayer Policy issue has been completed.

<u>Paragraph 19</u>

Defendants seek the inclusion of Paragraph 19, which would provide that, should the Does opt to reveal their identities to the public, the protective order becomes void. The purpose of this provision is straightforward. Should there come a time when the Doe plaintiffs no longer wish to be anonymous, there is no reason to impose any further restrictions on the Defendants (and the Dobrichs) concerning the Does' identity.

For these reasons, the Defendants respectfully request that the Court enter the attached proposed protective order.

Respectfully,

Jason P. Gosselin

JPG

Enclosure (Defendants' Proposed Protective Order)
Enclosure (Redline Comparison of Defendants' Proposed Protective Order and Last Draft
of Plaintiffs' Proposed Protective Order Received by Defendants)

cc:   Thomas J. Allingham, II, Esquire (via e-file)
      Richard S. Horvath, Esquire (via e-file)
      Stephen J. Neuberger, Esquire (via e-file)
      Thomas S. Neuberger, Esquire (via e-file)
      William B. Porter, Esquire (via e-file)
      Robert Scott Saunders, Esquire (via e-file)

NS