IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : | |
| Defendants. | : | |

**PROTECTIVE ORDER**

WHEREAS, on March 24, 2006, the Court divided discovery in this litigation into: (1) the constitutionality of the Prayer Policy of the Indian River School Board (the "School Board") as written and as applied (the "School Board Prayer Issue"), and (2) all remaining issues (the "Remaining Issues"); and

WHEREAS, discovery on the School Board Prayer Issue will be completed before discovery on the Remaining Issues will commence; and

WHEREAS, on May 25, 2006, the Court ordered that, on the School Board Prayer Issue, "the Does' identities to initially be revealed only to counsel for the School Board and the School District, pursuant to a jointly negotiated protective order"; and

WHEREAS, on June 1, 2006, the Court ordered the parties to negotiate and submit a confidentiality order governing disclosure of the Does' identities by June 21, 2006; and,

WHEREAS, pursuant to the Court's May 25 and June 1 orders, the parties have submitted this jointly negotiated Protective Order to limit disclosure of the Does'

identities and information that could reasonably lead to disclosure of their identities (collectively, the "Identifying Information");

NOW THEREFORE, IT IS HEREBY ORDERED this ___ day of June 2006, that:

1. During discovery on the School Board Prayer Issue, Identifying Information (including but not limited to the Does' address, telephone number and employer, and the schools that the Does have attended, currently attend, have sought or seek to attend, or will attend) shall be available only to the attorneys of record and counsel for the School Board and the Indian River School District (the "School District," and together with the School Board, "Defendants") in this litigation (the "Attorneys of Record"), who shall not disclose or permit disclosure of Identifying Information to anyone, except to their law partners, associates and persons employed in the law offices of such attorneys.

2. During discovery on the Remaining Issues, and only after discovery on the School Board Prayer Issue has been completed, Identifying Information shall be available only to the Attorneys of Record, who shall not disclose or permit disclosure of Identifying Information to anyone except to their law partners, associates and persons employed in the law offices of such attorneys, and to the following persons:

(a) *Bona fide* outside experts and their employees, not on the staff of any party, consulted by such attorneys in the prosecution or defense of the claims herein;

(b) Court reporters employed in connection with this litigation;

  (c)  The employees, officials or representatives of Defendants who have first-hand knowledge of the facts alleged in the complaint, or as it may be amended, concerning the Does' individual claims for past damages;

  (d)  A person whose deposition is to be taken in this action, but only to the extent necessary for the deposition; and

  (e)  Any person who possesses information that is relevant to the Does' individual claims for past damages or Defendants' defense to the Does' individual claims for past damages, exclusive of those described in paragraphs 2(a) through (d) above.

3.  Before receiving any Identifying Information: each person to whom the identity of the Does is to be disclosed pursuant to paragraphs 2(a) through (e) of this Protective Order shall:

  (a)  Execute the "Agreement To Be Bound By Protective Order" attached as <u>Exhibit A</u> to this Order;

  (b)  Agree not to disclose Identifying Information to any person not entitled to know or possess Identifying Information under this Protective Order; and

  (c)  Agree not to use Identifying Information except in connection with the prosecution or defense of the claims herein.

4.  **BEFORE** information is disclosed to any person pursuant to paragraph 2(e) of this Protective Order, counsel for Defendants must confer with counsel for the Does as to whether such person possesses information relevant to the Does' individual claims for past damages. If agreement cannot be reached in writing as to

whether those persons fall within paragraph 2(e), the matter shall be determined by the Court.

      5.    [Omitted.]

      6.    During discovery on the School Board Prayer Issue, and notwithstanding anything to the contrary in this Protective Order, **under no circumstances** will Identifying Information be made available to third parties, including the members of the School Board or other employees of the School District, or to any attorneys (the "Personal Attorneys") representing those individuals in either an individual or official capacity so long as those attorneys are not the Attorneys of Record. If, notwithstanding this paragraph, members of the School Board, other employees of the School District or the Personal Attorneys receive Identifying Information, those individuals shall be subject to the provisions of this Protective Order

      7.    If Defendants believe that it is necessary in the defense of the claims herein for them to disclose Identifying Information to persons other than those specified in this Protective Order, **counsel for Defendants shall communicate with counsel for the Does** and, if agreement cannot be reached in writing, the matter shall be determined by the Court.

      8.    Attendance at any part of any deposition at which Identifying Information is disclosed shall be limited to persons to whom disclosure of Identifying Information can be made pursuant to this Protective Order, and only after such persons have complied with the terms of this Protective Order. Individual School Board members, employees of the School District or the Personal Attorneys may not attend the deposition of any plaintiff during discovery on the School Board Prayer Issue.

9. Identifying Information may be disclosed to the Court and its employees, pursuant to the terms of this Protective Order.  All papers (including affidavits and memoranda of law) including Identifying Information that are filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an identification of the contents of such sealed envelope or container, the words "HIGHLY CONFIDENTIAL MATERIAL" as appropriate, and an explanation that the information contained therein is protected by this Protective Order and shall not be disclosed by the Clerk or any other person except upon further order of this Court.

10. In the event additional parties join or are joined in this litigation, they shall not have access to Identifying Information until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Protective Order.

11. The parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, or an alternative thereto that is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered by the Court.

12. The provisions of this Protective Order shall, absent written permission of the parties or further order of the Court, continue to be binding throughout and after the conclusion of this litigation, including, without limitation, any appeals therefrom.  Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Identifying Information is permitted to be used, including the exhaustion of all possible appeals, all persons having received

Identifying Information shall, upon request of any party, either return all materials containing Identifying Information to counsel for the party that produced it or destroy all such material containing Identifying Information.  Outside counsel for the parties shall be entitled to retain court papers, depositions and trial transcripts and attorney work product (including discovery material containing Identifying Information), <u>provided</u> that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement by the parties.

13. If any person covered by this Protective Order who has received Identifying Information (the "Receiver") is subpoenaed in another action or proceeding, and such subpoena seeks Identifying Information, the Receiver shall (a) give prompt written notice by hand or facsimile transmission within three (3) business days of receipt of such subpoena to counsel for the Does and (b) refrain from communicating Identifying Information in response to such a subpoena until the earlier of (i) receipt of written notice from the parties that they do not object to the disclosure of Identifying Information or (ii) resolution of any objection asserted by the Does either by agreement or by final order of the court with jurisdiction over the objection of the Does.  The burden opposing the enforcement of any subpoena seeking Identifying Information shall fall solely upon the Does.  Compliance by the Receiver with any court order directing the disclosure of Identifying Information shall not constitute a violation of this Protective Order.

14. The Does will be referred to as John Doe, Jane Doe, Jordan Doe or Jamie Doe in all depositions, motions, pleadings and other documents related to this litigation, and the Does shall be allowed to endorse documents related to this litigation

(including affidavits) using the pseudonyms: John Doe, Jane Doe, Jordan Doe or Jamie Doe.

15. In all proceedings held before this Court, all counsel, witnesses and court personnel shall refer to the Does by their pseudonyms: John Doe, Jane Doe, Jordan Doe or Jamie Doe.

16. In all proceedings held before this Court, the Does' photographs shall not be taken by members of the media and the Does' pictures shall not be drawn by the courtroom artists.

17. Nothing in this Protective Order shall prevent the Does from filing a subsequent protective order with regard to public access at trial.

18. **FAILURE OF ANY PERSON TO ABIDE BY THE EXACT TERMS OF THIS ORDER SHALL SUBJECT THE VIOLATOR TO A CIVIL OR CRIMINAL PENALTY, AT THE DISCRETION OF THE COURT.**

19. In the event that Identifying Information is disclosed by the Does themselves to any person not entitled to know or possess Identifying Information under this Protective Order, the Protective Order shall be void and no longer binding upon either party.

20. The Court retains jurisdiction in perpetuity to enforce the terms of this Protective Order.

_____                    _____
DATE                                                              UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : |
| Defendants. | : |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby certify (i) my understanding that Identifying Information will be provided to me pursuant to the terms and restrictions of the Protective Order entered by the United States District Court for the District of Delaware in the above-captioned action, and (ii) that I have read the Protective Order. I understand the terms of the Protective Order, I agree to be fully bound by the Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purpose of enforcement of the Protective Order. I understand that any violation of the terms of the Protective Order shall subject me to a finding of civil or criminal contempt, the penalty for which may include incarceration.

Dated: _____       Signature:_____