# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH and MARCO DOBRICH, individually and as parents And next friend of ALEXANDER DOBRICH, SAMANTHA DOBRICH, JANE DOE and JOHN DOE, individually and as parents and next friend of JORDAN DOE and JAMIE DOE | : : : : : : : : |
| Plaintiff, | : : |
| v. | : Civ. Action No. 1:05-CV-120(JJF) |
| | : |
| INDIAN RIVER SCHOOL DISTRICT, INDIAN RIVER SCHOOL BOARD, HARVEY L. WALLS, MARK A. ISAACS, JOHN M. EVANS, RICHARD H. COHEE, GREGORY A. HASTINGS, NINA LOU BUNTING, CHARLES M. BIRELEY, DONALD G. HATIER, REGINALD L. HELMS, M. ELAINE McCABE, and their successors in Office, in their official capacities as members of the Indian River School Board, LOIS M. HOBBS, and her successors in office, in their official Capacities as District Superintendent, and EARL J. Savage, and his successors in office, in their Official capacities as Assistant Superintendent, | : : : : : : : : : : : : : : : |
| Defendants. | : |

## ANSWER TO AMENDED COMPLAINT

Defendants, by and through their attorneys, Drinker Biddle & Reath LLP, hereby answer

Plaintiffs' First Amended Complaint. In support of their answer, the Defendants aver as follows:

## PRELIMINARY STATEMENT

1.    Denied. The averments in paragraph 1 constitute conclusions of law, and no

response is required.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 2.

3.    Denied. The averments in paragraph 3 constitute conclusions of law, and no response is required.

4.    Denied.

5.    Admitted in part; denied in part. It is admitted that the Plaintiffs seek monetary damages for their various legal claims. It is denied that Plaintiffs are entitled to any such relief.

6.    Admitted in part; denied in part. It is admitted that Plaintiffs seek declaratory and injunction relief for their various legal claims. It is denied that Plaintiffs are entitled to any such relief.

## THE PARTIES

7. – 14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.

15.    Admitted.

16.    Admitted in part; denied in part. It is admitted that the School Board is a ten-member body. The remaining averments set forth in this paragraph 16 are denied as conclusions of law.

17.– 19.    Admitted.

## JURISDICTION

20.    Admitted in part; denied in part. It is admitted that this Court has jurisdiction. The remaining averments set forth in this paragraph 20 are conclusions of law, and no response is required.

## VENUE

21.    Admitted in part; denied in part. It is admitted that venue is proper. The remaining averments set forth in this paragraph 21 are conclusions of law, and no response is required.

## SUBSTANTIVE ALLEGATIONS

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 22.

### Graduation Ceremonies

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 23.

24.    Denied. The averments in paragraph 24 constitute legal arguments and conclusions of law, and no response is required.

25.    Denied. The averments in paragraph 25 are legal arguments and conclusions of law, and no response is required. To the extent that a response is deemed to be required, the averments are denied.

26.    It is denied that school officials invited Rev. Jerry Fike of Mt. Olivet Church of the Brethren in Georgetown to give the invocation and the benediction at Sussex Central's 2004 graduation exercises. By way of further answer, the Defendants state that Rev. Fike, a father of one of the graduating seniors.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 27.

28. – 30.          Admitted.

## Bible Club

31.    Denied.

32.    Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in this paragraph 32 because they are vague.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 33.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of averments set forth in this paragraph 34.

35.    Admitted in part; denied in part. It is admitted that during the 2004-05 school year, there was a book club at Selbyville Middle School, that met monthly, that interested students had to fill out an application, and that though space in the club was limited, all students who applied were able to join. The remaining allegations of paragraph 35 are denied.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 36.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 37.

### Schools Distributing Bible

38. – 41.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.

### Athletic Events

42. – 44.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.

**Potlucks, Ice Cream Socials and Academic Banquets**

45.    Admitted.

46.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set for in this paragraph 46.

47.    Admitted in part; denied in part. It is admitted that on one occasion at the beginning of the 2003-2004 school year, one team at Selbyville Middle School held a family covered dish dinner, and that Ms. Truitt offered grace. Defendants are without knowledge or information sufficient to form a belief as the remaining averments set forth in this paragraph 47 and they are therefore denied.

48. – 50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set for in these paragraphs.

**Religion in the Curriculum**

51.    Denied.

52. – 57.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.

**Religion At School Board Meetings**

58.    Admitted in part; denied in part. It is admitted that the District has opened some School Board meetings with a prayer. Defendants deny the characterization that they open "every" School Board meeting with a prayer.

59.    Admitted in part; denied in part. It is admitted that students may attend School Board meetings for purposes including receiving awards, speaking during a public session, and performing musical demonstrations for the crowd. The remaining allegations, including the averment that attendance is ever mandatory, are denied.

60.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set for in this paragraph 60.

61. – 63.    Admitted.

64.    Denied. The defendants deny the averments set forth in this paragraph 64 because they an incomplete and inaccurate recitation of Mr. Hattier's remarks, and are therefore denied as phrased.

65. – 67.    Admitted.

68.    Denied. The defendants deny the averment set forth in this paragraph 68 because they are an incomplete and inaccurate recitation of Mr. Evans' remarks, and are therefore denied as phrased.

69.    Admitted.

70.    Denied. The defendants deny the averment set forth in this paragraph 70 because they are an incomplete and inaccurate recitation of Mr. Evans' remarks, and are therefore denied as phrased.

71.    Admitted in part; denied in part. It is admitted that school employees, including teachers, administrators and School Board members, are present at School Board meetings and that the School Board uses the occasion to recognize teachers for their accomplishments. It is denied that school employees speak in their official capacities about issues affecting the District.

72.    Denied.

73. – 74.    Admitted.

75.    Admitted in part; denied in part. It is admitted that the School Board meetings are held in District schools, and are at times attended by teachers and students. The remaining

averments of this paragraph 75 are denied, including the statement that the prayers that start each School Board meeting are part of the public school system.

## The Dobriches' Reaction to the Prayer at Graduation

76. – 77.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth these paragraphs.

78.    Admitted in part; denied in part.  It is admitted that after the graduation, Ms. Dobrich confronted Ms. Hobbs.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph 78 and they are therefore denied.

79.    Admitted.

80.    Admitted in part; denied in part.  It is admitted that Ms. Dobrich telephoned Defendant Walls and he informed her that prayer at commencement ceremonies was a matter for the entire School Board.  It is further admitted that Mr. Walls told Ms. Dobrich that someone would need to put the topic on the agenda for the next meeting.  It is denied that Mr. Walls refused to put the issue on the agenda himself.

81.    Admitted.

## The June 15, 2004 School Board Meeting

82.    Admitted in part; denied in part.  Defendants admit the allegations set forth in the first two sentences in paragraph 82.  Defendants deny the remaining allegations set forth in this paragraph 82 because they are an incomplete and inaccurate recitation of Ms. Dobrich's remarks, and are therefore denied as phrased.

83.    Admitted in part; denied in part.  It is admitted that Bradley Layfield spoke at the June 15, 2005 School Board meeting.  Defendants deny the remaining allegations set forth in this

paragraph 83 because they are an incomplete and inaccurate recitation of Mr. Layfield's remarks, and are therefore denied as phrased.

84.     Admitted in part; denied in part.  It is admitted that items on the agenda were tabled, because, due to a personal situation concerning the School Board's counsel, information from counsel was not received in time to be reviewed by the School Board members. Defendants are without knowledge or information sufficient to form a belief as to the remaining averments set forth in paragraph 84.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 85.  By way of further answer, the Defendants deny the allegations set forth in paragraph 85 as phrased.

86.     Admitted.

### The July 27, 2004 School Board Meeting

87.     Admitted.

88.     Admitted in part; denied in part.  It is admitted that Defendant Walls allowed more than twice the normally allotted twenty minutes for public comments.  The remaining allegations set forth in this paragraph 88 are denied because the phrase "overwhelmingly endorsed" is insufficiently specific.

89.     Admitted in part; denied in part.  It is admitted that Mona Dobrich spoke at the School Board meeting.  Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the statements made by Mona Dobrich as set forth in this paragraph

90.     Admitted in part; denied in part.  It is admitted that Pastor Richard Blades and Pastor Marvin Morris were among those who spoke at the public comment portion of the meeting.  The remaining averments of this paragraph 90 are denied as stated.

91.    Admitted in part; denied in part.  It is admitted that at some point after the public comment period, the School Board met in executive session, and at some point after that, Dr. Hattier had a conversation with Mona Dobrich.  The remaining allegations set forth are denied as stated.

92.    Denied.  Defendants deny the allegations set forth in this paragraph 92 as phrased since the Policy Committee is a standing committee of the School Board.

### Local Talk Radio Picks Up the Story

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 93.

94.    Admitted.

95.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 95.

96.    Admitted in part; denied in part;  It is admitted that the School Board met in executive session on August 23, 2004.  The remaining averments set forth in this paragraph 96 are denied as stated.

### The August 24, 2006 School Board Meeting

97. – 100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.

101.    Admitted in part; denied in part.  It is admitted that Defendant Walls opened the School Board meeting on August 24, 2006.  The remaining allegations in  set forth in this paragraph 101 are denied as stated.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 102.

103.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 103. By way of further answer, the allegations set forth in this paragraph 103 are denied as stated.

104.   Admitted in part; denied in part. It is admitted that Mona Dobrich stood up and spoke. The remaining averments of this paragraph 104 are denied as stated.

105.   Admitted in part; denied in part. It is admitted that Samantha Dobrich read a statement to the School Board which she stated had been prepared by her brother Alex. The remaining averments of this paragraph 105 are denied as stated.

106. – 113.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.

114.   Admitted.

### The Lives of the Dobriches Since their Public
### Appearances Opposing School Prayer

115. – 126.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.

### The District Has Not Investigated
### Complaints of Constitutional Violations

127.   Denied.

128.   Defendants are without knowledge or information sufficient to respond to the averments in paragraph 128.

129.   Defendants are without knowledge or information sufficient to respond to the averments in paragraph 129.

130.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 130.

## The Life Of The Doe Family Since The Litigation Began

131. – 134.    Defendants are without knowledge or information sufficient to form a belief as of the truth of the averments set forth in these paragraphs.

## The District Has Refused to Distribute Its New Policies

135.    Admitted in part; denied in part. It is admitted that the School Board proposed three new policies (the "Policies"). It is denied that the School Board proposed the Policies under the threat of litigation.

136.    Denied.

137.    Admitted in part; denied in part. It is admitted that some of the school's policies are on its website. The remaining averments set forth in this paragraph 137 are denied as stated.

138.    Defendants are without knowledge or information sufficient to form a belief as of the truth of the averments set forth in this paragraph 138.

139.    Denied.

## The District Has Failed to Implement Its Policies

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 140.

141.    Defendants are without knowledge or information sufficient to form a belief as of the truth of the averments set forth in this paragraph 141.

142.    Admitted in part; denied in part. It is admitted that the School Board policy on "Board Prayer at Regular Meeting" provides that "[o]n a rotating basis one individual adult Board member per meeting will be given the opportunity to offer a prayer or request a moment of silence." The remaining averments on this paragraph 142 are denied as stated.

143.    Defendants are without knowledge or information sufficient to form a belief as of the truth of the averments set forth in this paragraph 143.

144.    Defendants deny the allegations of this paragraph 144 as stated.

145.    Denied.

## The District Has Failed to Respond to Good-Faith Efforts to Address Deficiencies in the Policies

146.    Admitted in part; denied in part. It is admitted that the attorneys acting on behalf of the Dobriches sent a letter to the District requesting clarification of the Policies. The remaining averments set forth in this paragraph 146 are denied as stated.

147.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 147. By way of further answer, it is admitted that Defendant Hattier began the November 16, 2004 meeting with a prayer.

148.    Admitted.

149.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph 149. By way of further answer, defendants deny the averments set forth in this paragraph 149 as stated.

150.    Defendants are without knowledge or information sufficient to form a belief as of the truth of the averments set forth in this paragraph 150.

151.    Admitted in part; denied in part. It is admitted that the attorneys for the District sent a letter dated January 7, 2005 to attorneys for Mona Dobrich, and that the letter suggested that the policies were sufficiently explicit, but indicated that the attorneys for Mona Dobrich were welcome to contact him further. The remaining averments in this paragraph 151 are denied as stated.

152.    Admitted in part; denied in part.  It is admitted that Mona Dobrich sent a letter to the District.  The remaining averments of this paragraph 152 are denied as the letter is a documents that speaks for itself.

153.    Denied.

## COUNT I

### The Customs and Practices of the District, School Board and Individual Defendants Have Violated the First Amendment and Created an Establishment of Religion

154.    Defendants incorporate each of their answers and denials to the above paragraphs as if set forth herein at length.

155. – 161.    Denied.  The averments set forth in these paragraphs constitute conclusions of law, and no response is required.

161. – 163.    Defendants are without knowledge or information sufficient to form a belief as of the truth of the averments set forth in these paragraphs.

164.    Denied.  The averments this paragraph 164 constitute conclusions of law, and no response is required.

## COUNT II

### The Customs and Practices of the District, School Board And Individual Defendants Have Violated the First Amendment and Violated Plaintiffs' Free Exercise Rights

165.    Defendants incorporate each of their answers and denials to the above paragraphs as if set forth herein at length.

166. (a) – (c).  The averments set forth in these paragraphs constitute conclusions of law, and no response is required.

167. – 168.    Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in these paragraphs.

168. – 169.    Denied.  The averments set forth in these paragraphs constitute conclusions of law, and no response is required.

## COUNTY III

### The District and School Board Have Failed to Train District Personnel to Avoid Establishing Religion Within the District and Violating the Free Exercise Rights of Students, Parents and Employees of the District

170.    Defendants incorporate each of their answers and denials to the above paragraphs as if set forth herein at length.

171. – 175    Denied.

176. – 178.    Defendants are without knowledge or information sufficient to form a belief as to the averments set forth in these paragraphs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' complaint fails, in whole or in part, to state a claim upon which relief can be granted as to Defendants.

### Second Affirmative Defense

Plaintiffs' have not suffered any constitutional deprivations, as a matter of law.

### Third Affirmative Defense

Plaintiffs' cannot prove that any action or inaction on the part of the Defendants was the proximate cause of any harm to any plaintiff.

### Fourth Affirmative Defense

The Plaintiffs' claims are barred by the Free Speech and Petition Clauses of the First Amendment of the United States Constitution.

### Fifth Affirmative Defense

Defendants' have at all time acted in accordance with the United States Constitution and applicable case law.

### Sixth Affirmative Defense

The allegations regarding School Board prayer are insufficient to state a claim because the School Board acted as a legislative body at all times.

### Seventh Affirmative Defense

Count II of Plaintiffs' complaint fails to state a claim, in whole or in part, for violations of Plaintiffs' rights under the Free Exercise Clause of the United States Constitution.

### Eighth Affirmative Defense

All or part of Plaintiffs' claims are moot by policy changes made prior to the commencement of this lawsuit.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, by whole or in part, by the applicable statue of limitations.

**WHEREFORE,** Defendants respectfully request that the complaint in this matter be dismissed with prejudice, and that this Honorable Court enter an award in Defendants' favor together with counsel fees, costs, and such other and further relief as this Court deems appropriate.

DRINKER BIDDLE & REATH LLP

*/s/ Warren Pratt*
Warren Pratt (DE Bar I.D. #4334)
Jason P. Gosselin (admitted *pro hac vice*)
Jarrod D. Shaw (admitted *pro hac vice*)
1100 N. Market Street
Suite 1000
Wilmington, DE 19801-1243
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

Attorneys for Defendants