IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MONA DOBRICH, et al., | x<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | : Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | :<br>: |
| Defendants. | :<br>:<br>x |

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO
REQUEST NOS. 1, 2, 9, 13, 18 & 19 DIRECTED TO DEFENDANTS**

Plaintiffs respectfully submit this motion to compel (the "Motion") defendants Indian River School District (the "District") and the Indian River School Board (the "School Board," and together with the District, "Defendants") to respond to Request Nos. 1, 2, 9, 13, 18 & 19 (including compliance with Definitions 13 and 22) in Plaintiffs' First Request for the Production of Documents from Defendants (the "Request") (Exhibit A), and for Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

**BACKGROUND**

The Motion arises from Defendants' objection to Plaintiffs' definition of School Board Prayer, and Defendants refusal to produce documents responsive to the Request seeking documents related to that definition. The Request defined School Board Prayer as "any prayer, invocation or other Religious Activity made at a School Board Meeting by a School Board Member or the Representative of the School Board or a School Board Member." (Exhibit A) The definition of School Board Prayer was incorporated into requests seeking documents concerning: School Board Prayer (Request Nos. 1 & 2); Media coverage of School Board Prayer

(Request Nos. 9 & 13); and any documents used by Defendants or School Board Members in support of their answers to Plaintiffs' complaint, where those allegations concerned School Board Prayer (Request Nos. 18 & 19). Defendants objected that the definition of School Board Prayer "expand[ed] . . . beyond the ordinary meaning of that phrase and beyond the limited issue as defined by the Court for discovery in this phase of the case." (Exhibit B) Defendants refused to produce documents fully responsive to requests using the defined term School Board Prayer.

On June 28, 2006, Plaintiffs sent Defendants a letter (the "Letter") (Exhibit C) in a good faith attempt to secure the documents sought by the Request. After almost three weeks, Defendants responded on July 17, 2006 to the Letter, maintaining their objection to the definition of School Board Prayer and claiming that "all that is relevant is whether prayer has occurred at school board meetings, the identity of the person speaking or leading the prayer, and whether the prayer invokes the name of Jesus Christ or the Christian faith in general." (Exhibit D)

## ARGUMENT

Although the defined term School Board Prayer employs conduct beyond the strict definition of "prayer," it is intentionally limited to conduct by the School Board or its Representatives that could reasonably be associated by an objective or reasonable observer with the School Board's purpose for its prayer policy BDA.1 (the "Policy") (Exhibit E) and practice of opening its meetings with prayer. In Establishment Clause cases, the facts matter and "both parties . . . should have a fair opportunity to fill the evidentiary gap." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 129 (2001) (Breyer, J., concurring).

Defendants' conduct will be central to the determination of the constitutionality of the Policy as written and as applied. *Doe v. Barrow County*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (plaintiff played a "relatively minor role" in challenge to government's religious conduct

and facts relevant to the challenge would come from sources other than the plaintiff). "[A]ctions alleging violations of § 1983 require especially generous discovery." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997). The history of School Board members' religious conduct – not just the text of prayers – "will matter" because "a history manifesting sectarian purpose . . . will be properly understood as demonstrating a preference for one group of religious believers as against another." *McCreary County v. Am. Civil Liberties Union*, 125 S. Ct. 2722, 2737 n.14 (2005); *cf. Marsh v. Chambers*, 463 U.S. 783, 794-95 (1983) ("legislative prayer" opportunity cannot be used to advance any one faith).

"In cases involving state participation in a religious activity, one of the relevant questions is 'whether an objective observer . . . would perceive [the participation] as a state endorsement of prayer in public schools.'" *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 308 (2000) (citations omitted). As defined, School Board Prayer encompasses "any prayer, invocation or other Religious Activity made at a School Board Meeting by a School Board Member or the Representative of the School Board or a School Board Member." (Exhibit A) As such, the term covers everything religious that the School Board or its Representatives would do at a School Board meeting – and not just the text of any prayer that might open that meeting. A reasonable observer of both a School Board meeting's opening prayer and any other religious conduct by School Board members or their Representatives at that meeting "could only think that the [School Board] meant to emphasize and celebrate the [opening prayer's] religious message." *McCreary*, 125 S. Ct. at 2738. Therefore, the Request seeks documents that will aid the Court in determining that a reasonable observer would conclude that the School Board members have a non-sectarian purpose for opening School Board meetings with prayer, and that the School Board

members are exploiting the prayer opportunity to "advance any one . . . faith or belief." *Marsh*, 463 U.S. at 794-95.

Given Supreme Court precedent holding that context matters for Establishment Clause cases, Defendants lack substantial justification for failing to produce any and all documents responsive to the Request. Therefore, Defendants should pay Plaintiffs' reasonable expenses, including attorneys' fees, for bringing the Motion. *Friction Div. Prods., Inc. v. E.I. Du Pont de Nemours & Co.*, 117 F.R.D. 535, 540 (D. Del. 1987); FED. R. CIV. P. 37(a)(4)(A).

For the foregoing reasons, Plaintiffs respectfully request that Defendants be compelled to provide a full and complete production to the Request, and to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

/s/ Richard S. Horvath, Jr.
Thomas J. Allingham II (I.D. No. 476)
Richard S. Horvath, Jr. (I.D. No. 4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000
Attorneys for Plaintiffs

DATED: July 31, 2006

463073.04-Wilmington Server 1A - MSW