# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 05-cv-00120-JJF |
| | : | |
| HARVEY L. WALLS, et al., | : | |
| | : | |
| Defendants. | : | |

PLAINTIFFS' FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANTS
INDIAN RIVER SCHOOL DISTRICT AND INDIAN RIVER SCHOOL BOARD

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiffs,

Monda Dobrich, Marco Dobrich, Alexander Dobrich, Jane Doe, John Doe, Jordan

Doe and Jamie Doe, by and through their attorneys of record, hereby request and

demand that defendants Indian River School District and the Indian River School

Board (the "Defendants") shall object or respond to this request within twenty-one

(21) days of the date of service hereof, and produce for examination, inspection and

copying within thirty (30) days of the date of service hereof, at One Rodney Square,

7th Floor, Wilmington, Delaware 19801, the documents and other things designated

below which are in their possession, custody or control, or in the possession, custody

or control of their School Board Members,[1] District Administrators, School Admin-

istrators, teachers, employees, attorneys, agents or others acting in concert with them

or on their behalf.

### DOCUMENTS TO BE PRODUCED

Any and all documents concerning, directly or indirectly, the follow-

ing:

1.    School Board Prayer.

2.    Communications concerning School Board Prayer.

3.    Communications made by or to the School Board concerning:

    a.    Religious Activities;

    b.    The Litigation; and,

    c.    The Settlement Agreement.

4.    Communications made by or to School Board Members

concerning:

    a.    Religious Activities;

    b.    The Litigation; and,

    c.    The Settlement Agreement.

---

[1]    See Definitions and Instructions infra.

5.    The attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

6.    Communications concerning the attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

7.    Any and all past or current District policies or procedures concerning complaints from Students, Parents, Residents or District Representatives.

8.    School Board Meetings, including but not limited to notes, agendas, minutes, presentations, audio recordings, video recordings or preparation materials.

9.    Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators with Media, including but not limited to:

a.    Dan Gaffney or any other Representative of WGMD;

b.    James Diehl or any other Representative of the Sussex Post;

c.    Lauren Hughes or any other Representative of the Delaware Wave;

3

      d.      Sean O'Sullivan, Molly Murray or any other Representa-

              tative of the News Journal; and,

      e.      Any Representative of WBOC.

10.      Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Rutherford Institute.

11.      Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Alliance Defense Fund.

12.      The Dobriches.

13.      Media reports concerning the School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement or School Board Meetings.

14.      Procedures for monitoring any public statement or news coverage of the District.

15.      Procedures for monitoring, storing, preserving or retaining documents.

16.      Procedures for monitoring, storing, preserving or retaining communications.

4

17.    Past and current procedures concerning any disciplinary action that the School Board could take or has taken concerning any Student, District Administrator, School Administrator or District Representatives.

18.    Documents that Defendant contends support any answer concerning School Board Prayer in the Defendant's Answer To The Complaint With Affirmative Defenses Of Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbbs, And Earl J. Savage, In Their Official Capacity, And The Indian River School Board, And The Indian River School District.

19.    Documents that Reginald L. Helms contends support any answer concerning School Board Prayer in his Answer Of Defendant Reginald L. Helms In His Official Capacity.

20.    All documents used by Defendants to answer plaintiffs' interrogatories or requests for admission.

## DEFINITIONS

For purposes of this discovery request, the following words will have the meaning indicated below:

1.    "Alliance Defense Fund" shall mean the non-profit corporation incorporated in the State of Arizona, any attorneys employed or affiliated with

the Alliance Defense Fund, and each of their predecessors or successors and any of their present and former parents, subsidiaries, affiliates, divisions, joint ventures or Representatives.

2.    "Communication" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

3.    "Complaint" shall mean the complaint filed by plaintiffs in this action.

4.    "Concerning" shall mean reflecting, relating to, referring to, describing, evidencing or constituting.

5.    "District" shall mean the Indian River School District.

6.    "District Administrators" shall mean the District's past or current: superintendent; assistant superintendent; administrator of student services; director of personnel; director of instruction; director of business and finance; administrative assistant; supervisor of building and grounds; supervisor of food services; supervisor of transportation; supervisor of secondary instruction; supervisor of elementary instruction; and supervisor of special education.

6

7.    "District Representatives" shall mean Representatives of the District other than School Board Members, District Administrators or School Administrators.

8.    "Dobriches" shall mean Mona Dobrich, Marco Dobrich, Alexander Dobrich and Samantha Dobrich.

9.    "Document" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; communications; correspondence; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings, whether audio, video or digital; tapes; microfilms; minutes, records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. "Document" also means all non-identical copies of original documents and non-identical copies thereof.

7

10.    "Litigation" shall mean the case captioned *Mona Dobrich, et al. v. Indian River School District, et al.*, 05-120-JJF (D. Del.), which was commenced by the filing of the Complaint.

11.    "Media" shall mean any newspaper, magazine, journal, television station, radio station or any other medium or entity, and their employees, used for the dissemination of information.

12.    "Parent" shall mean any parent or legal guardian of any Student.

13.    "Religious Activity" shall mean any activity, conduct, expression, observance, practice or path concerning religion or religious beliefs, including and without limitation: designation of religious days in District or School calendars; distribution of religious documents; performance of religious music; performance of religious plays; presentations concerning religion; prayer; religious clubs; or religious study.

14.    "Representative" as used herein with regard to a person or entity means and shall include, both collectively and individually, each and every present and former employee, agent, independent consultant or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

8

15.    "Resident" shall mean anyone whose domicile or place of business is located within the geographical limits of the District.

16.    "Rutherford Institute" shall mean the non-profit corporation incorporated in the Commonwealth of Virginia, any attorneys employed or affiliated with the Rutherford Institute, and each of their predecessors or successors and any of their present and former parents, subsidiaries, affiliates, divisions, joint ventures, or Representatives.

17.    "School" shall mean any school within the District.

18.    "School Administrators" shall mean the principal, assistant principal(s), guidance counselor(s) or other administrators of any School.

19.    "School Board" shall mean the school board authorized to administer and to supervise the free public schools of the District under 14 Del. C. § 1043.

20.    "School Board Meeting" shall mean any meeting of the School Board sufficient to establish a quorum so that the School Board could transact business under 14 Del. C. § 1048.

21.    "School Board Members" shall mean all past and current persons duly elected or appointed to the School Board and their Representatives.

9

22.    "School Board Prayer" shall mean any prayer, invocation or other Religious Activity made at a School Board Meeting by a School Board Member or the Representative of the School Board or a School Board Member.

23.    "Settlement Agreement" shall mean the settlement voted on by the School Board on February 27, 2006.

24.    "Student" shall mean any past or current student attending any School.

25.    The terms "all" and "each" shall be construed as "all and each."

26.    The term "all" or "any" shall mean any and all.

27.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.    You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. In addition, documents are to be produced in full and unexpurgated form.

10

2.      In responding to this Request for production, you shall produce all documents in your possession, custody or control, or in the possession, custody or control of your Representatives.

3.      Unless otherwise indicated, the time period covered by this Request is September 1, 1991 to the present. Documents created prior to September 1, 1991 that have been examined, consulted or used in any way since September 1, 1991 shall be produced in response to this Request. Should Defendants contend that any conduct predates September 1, 1991, then the time period covered by this Request shall extend back to the earliest date that Defendants claim the conduct first occurred.

4.      This Request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its Representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

5.      You shall produce not only the originals or exact copies of the originals of all documents requested above, but also copies of such documents which bear any notations or markings not found on the originals and all preliminary, intermediate, final or revised drafts of such documents.

6.      If any document covered by this Request is withheld by reason of a claim of privilege, work product or other ground of nonproduction, you shall

11

state the following information by way of written response: specific description of the document, including its type or nature and general subject matter; date the document was created, executed and received; author(s); recipient(s); title of the document; location of the document and its custodian; type of privilege claimed as grounds for withholding the document (if work-product immunity is being asserted, identify the proceeding for which the document was prepared); and request for production to which such claim relates.

7.      If a portion of an otherwise responsive document contains information that would otherwise be withheld by reason of a claim of privilege, work product or other ground of nonproduction, those portions of the document subject to the claim of privilege, work product or other ground of nonproduction shall be deleted or redacted from the document and the rest of the document shall be produced.

8.      In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: general subject matter of the document; author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; reason for its disposal; person(s) authorizing the disposal; person(s) currently in possession of the document; and person disposing of the document.

9.      The singular form of a word should be read in the plural, and

vice versa, so as to bring within the scope of these production requests each docu-

ment that might otherwise be outside the request.

Dated: April 20, 2006


By: *Richard S. Horvet, Jr.*

Thomas J. Allingham II (#0476)
Robert S. Saunders (#3027)
Richard S. Horvath, Jr. (#4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiffs

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,                    )
                                         )
                    Plaintiffs,          )
                                         )
vs.                                      )        Civil Action No. 05-cv-00120-JJF
                                         )
HARVEY L. WALLS, et al.,                 )
                                         )
                    Defendants.          )
                                         )

### DEFENDANTS INDIAN RIVER SCHOOL BOARD AND
### INDIAN RIVER SCHOOL DISTRICT'S AMENDED RESPONSES TO
### PLAINITFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Indian River School Board and Indian River School District

("Defendants"), by counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure hereby serve the following Revised Responses to Plaintiffs' First Request for

Production of Documents from Defendants propounded in the above-captioned action:

### General Objections

1.      Defendants object to the definitions and instructions to the extent they are

overly broad, unduly burdensome and purport to impose obligations beyond the scope of

Rule 26 of the Federal Rules of Civil Procedure, and/or beyond the scope of the Court's

March 24, 2006 Order ("Court's Order") limiting discovery to only the School Board

Prayer issue in this phase of the case.  Specifically, Defendants object to Definitions Nos.

13 and 22 as overly broad and beyond the scope of the Court's Order to the extent they

attempt to expand the definition of School Board Prayer beyond the ordinary meaning of

that phrase and beyond the limited issue as defined by the Court for discovery in this

phase of the case.  Defendants also object to Definition No. 9 to the extent it attempts to

1

define the term more broadly than provided by the Federal Rules of Civil Procedure. Defendants also object to Definition No. 14 and Instruction No. 2 to the extent they seek documents from Defendants beyond the scope of the Federal Rules of Civil Procedure.

2.    Defendants also object to the definitions and instructions to the extent to the extent they effectively constitute unnumbered additional subparts to every document request and/or constitute additional unnumbered interrogatories.  Specifically, Defendants object to Instructions Nos. 6 and 8 as constituting additional unnumbered interrogatories.

3.    Defendants object to the request to produce documents which concern the requests "indirectly" as vague and unclear.

4.    Defendants object to these  requests to the extent they seek personally identifiable information regarding other students, since this information is confidential and protected by the Family Education Rights Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

4.    Defendants object to Definition Nos. 6, 7, 14 and 21 as overly broad, and encompassing numerous individuals not within the employment or control of Defendants.

5.    Defendants object to the discovery to the extent it seeks the disclosure of information and communications protected by attorney/client privelege, attorney work-product doctrine, and/or other privileges and immunities.

6.    Subject to these general and the following specific objections, when responding to these Document Requests, Defendants expressly reserve the right: (a) to object to the admissibility at trial of any information produced in connection with such responses, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such a modification.

Defendants' General Objections are incorporated by reference into each specific response below. Without waiving any of the foregoing General Objections, Defendants provide the following specific objections to the individual requests for documents.

## Responses to Specific Requests for Documents

### DOCUMENTS REQUESTED:

Any and all documents concerning, directly or indirectly, the following:

    1.    School Board Prayer.

**RESPONSE:** Defendants object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product doctrine. Subject to the foregoing objections, Defendants will produce the following responsive documents: School Board Meeting agendas, minutes, attendance or sign-in sheets, correspondence, audio recordings, and other documents related to the School Board Prayer issue.

    2.    Communications concerning School Board Prayer.

**RESPONSE:** Defendants object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product doctrine. Defendants further object that this request is vague and unclear inasmuch as it does not identify by whom the communications sought are made. Subject to the foregoing objections, Defendants will produce the following responsive documents: Correspondence related to the School Board Prayer issue.

3.    Communications made by or to the School Board concerning:
    a.    Religious Activities;
    b.    The Litigation; and,
    c.    The Settlement Agreement.

**RESPONSE:** Defendants object to this request as overly broad and beyond the scope of the Court's Order, which limits discovery in this phase of the case to the School Board Prayer issue. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product.

4.    Communications made by or to School Board Members concerning:
    a.    Religious Activities;
    b.    The Litigation; and,
    c.    The Settlement Agreement.

**RESPONSE:** Defendants object to this request as overly broad and beyond the scope of the Court's Order, which limits discovery in this phase of the case to the School Board Prayer issue. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product.

5.    The attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

**RESPONSE:** Defendants object to this request to the extent it is overly broad, inasmuch as it request documents concerning the attendance of Residents, Administrators, or District Representatives. Defendants further object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board

4

Prayer issue in this phase of the case. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by FERPA. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product. Subject to the foregoing objections, Defendants will produce the following responsive documents: Attendance or sign-in sheets for School Board Meetings related to the School Board Prayer issue; School Board Meeting minutes listing persons in attendance for School Board Meetings related to the School Board Prayer issue; correspondence referencing attendance at School Board Meetings related to the School Board Prayer issue.

6.    Communications concerning the attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

**RESPONSE:** Defendants object to this request to the extent it is overly broad, inasmuch as it request documents concerning the attendance of Residents, Administrators, or District Representatives. Defendants further object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by FERPA. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product. Subject to the foregoing objections, Defendants will produce the following responsive documents:

Correspondence referencing attendance at School Board Meetings related to the School Board Prayer issue.

7.    Any and all past or current District policies or procedures concerning complaints from Students, Parents, Residents or District Representatives.

**RESPONSE:** Defendants object to this request to the extent it is overly broad and beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product. Subject to the foregoing objections, Defendants will produce the following responsive documents: Indian River School District policy manual.

8.    School Board Meetings, including but not limited to notes, agendas, minutes, presentations, audio recordings, video recordings or preparation materials.

**RESPONSE:** Defendants object to this request as overly broad and unduly burdensome and beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by the FERPA. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or the attorney work-product doctrine. Defendants further object to producing materials pertaining to closed meetings which concern personnel or other sensitive and confidential matters. Subject to the foregoing objections, Defendants will produce the following responsive documents: School Board Meeting agendas,

6

minutes, attendance or sign-in sheets, correspondence, audio recordings, and other

documents related to the School Board Prayer issue.


9.    Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators with Media, including but not limited to:

   a. Dan Gaffney or any other Representative of WGMD;
   b. James Diehl or any other Representative of the Sussex Post;
   c. Lauren Hughes or any other Representative of the Delaware Wave;
   d. Sean O'Sullivan, Molly Murray or any other Representative of the News Journal; and,
   e. Any Representative of WBOC.

**RESPONSE:** Defendants object to this request as overly broad and beyond the

scope of the Court's Order, which limits discovery to the School Board Prayer issue in

this phase of the case.  Subject to the foregoing objections, Defendants will produce the

following responsive documents: Press releases, correspondence, and/or notes of

conversation with Media related to the School Board Prayer issue, to the extent any such

documents are in the possession and/or control of Defendants.


10.    Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Rutherford Institute.

**RESPONSE:** Defendants object to this request to the extent it is overly broad

and beyond the scope of the Court's Order, which limits discovery to the School Board

Prayer issue at this phase of the case.  Defendants further object that this request seeks

privileged attorney/client communications and/or attorney work-product.

11.    Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Alliance Defense Fund.

**RESPONSE:** Defendants object to this request to the extent it is overly broad and beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue at this phase of the case. Defendants further object that this request seeks privileged attorney/client communications and/or attorney work-product.

12.    The Dobriches.

**RESPONSE:** Defendants object to the extent this request seeks privileged attorney/client communications and/or attorney work-product. Defendants further object to this request since, read together with Definition No. 8, it is overly broad. Defendants further object that this request does not comply with the Court's ordered limitation of discovery to only the School Board Prayer issue in this phase of the case. Subject to the foregoing objections, Defendants will produce the following responsive documents: School Board Meeting agendas, minutes, attendance or sign-in sheets, correspondence, audio recordings, and other documents related to the Dobriches and the School Board Prayer issue.

13.    Media reports concerning the School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement or School Board Meetings.

**RESPONSE:** Defendants object to this request to the extent it is overly broad and beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants further object to the extent this request

seeks privileged attorney/client communications and/or attorney work-product.

Defendants also object to the extent this request seeks documents that are publicly

available to which Plaintiffs have reasonably convenient access. Subject to the foregoing

objections, Defendants will produce the following responsive documents: Press releases

related to the School Board Prayer issue, to the extent any such documents are in the

possession and/or control of Defendants.


14.    Procedures for monitoring any public statement or news coverage of the
District.

**RESPONSE:** Defendants object to this request on the ground that the

information sought is not relevant to the claim or defense of any party to this action, nor

is it reasonably calculated to lead to the discovery of admissible evidence. Defendants

further object to this request as beyond the scope of the Court's Order, which limits

discovery to the School Board Prayer issue in this phase of the case. Defendants object

to the extent this request seeks privileged attorney/client communications and/or attorney

work-product.


15.    Procedures for monitoring, storing, preserving or retaining documents.

**RESPONSE:** Defendants object to this request as beyond the scope of the

Court's Order, which limits discovery to the School Board Prayer issue in this phase of

the case. Subject to the foregoing objections, Defendants will produce the following

responsive documents: Indian River School District Records Retention Schedule.

16.    Procedures for monitoring, storing, preserving or retaining communications.

**RESPONSE:** Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Subject to the foregoing objections, Defendants will produce the following responsive documents: Indian River School District Records Retention Schedule.

17.    Past and current procedures concerning any disciplinary action that the School Board could take or has taken concerning any Student, District Administrator, School Administrator or District Representatives.

**RESPONSE:** Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. This request is substantially over broad in potentially encompassing ever student discipline hearing or employee grievance hearing that the School Board has ever held. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by the FERPA. Defendants further object to the extent this request seeks privileged attorney/client communications. Subject to the foregoing objections, Defendants will produce the following responsive documents: Indian River School District policy manual.

18.    Documents that Defendant contends support any answer concerning School Board Prayer in the Defendant's Answer To The Complaint With Affirmative Defenses Of Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, And Earl J. Savage, In Their Official Capacity, And The Indian River School Board, And The Indian River School District.

**RESPONSE:** Defendants object to the extent this request seeks attorney work-product. Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants further object to the extent that this request is premature because Defendants have not yet filed an answer to the Plaintiffs' First Amended Complaint. Subject to the foregoing objections, Defendants will produce responsive documents as described in paragraphs 1, 2, 5, 6, 7, 8, 9, 12, 13, 15, 16, and 17 above.

19.    Documents that Reginald L. Helms contends support any answer concerning School Board Prayer in his Answer Of Defendant Reginald L. Helms In His Official Capacity.

**RESPONSE:** Defendants object to the extent this request seeks attorney work-product. Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants further object to the extent that this request is premature because Defendants have not yet filed an answer to the Plaintiffs' First Amended Complaint. Subject to the foregoing objections, Defendants will produce responsive documents as described in paragraphs 1, 2, 5, 6, 7, 8, 9, 12, 13, 15, 16, and 17 above.

20.    All documents used by Defendants to answer plaintiffs' interrogatories or requests for admission.

**RESPONSE:** Defendants object to the extent this request seeks privileged attorney/client communications and/or attorney work-product. Subject to the foregoing

11

objections, Defendants will produce responsive documents as described in paragraphs 1,

2, 5, 6, 7, 8, 9, 12, 13, 15, 16, and 17 above.

*Jason P Gosselin*

Warren T. Pratt (DE Bar I.D. #4334)
Jason P. Gosselin (*pro hac vice*)
Jarrod D. Shaw (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Suite 1000
Wilmington, DE 19801-1243
(302) 467-4200
(302) 467-4201 fax

*Attorneys for the Defendants
Indian River School Board, and
Indian River School District*

Dated: June 26, 2006

## Certificate of Service

I, Jeffrey M. Boerger, certify that on the 26th day of June, 2006, a true and correct copy of the attached Amended Responses to Plaintiffs' First Request for Production of Documents was served upon the following counsel by overnight courier:

> Thomas J. Allingham II, Esq.
> Robert S. Saunders, Esq.
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> Wilmington, DE 19899
> *Attorneys for Plaintiffs*

Jeffrey M. Boerger, Esquire

13

# Exhibit C

ONE RODNEY SQUARE

BOX 636

WILMINGTON, DELAWARE 19899-0636

(302) 651-3000

DIRECT DIAL
(302) 651-3035
EMAIL ADDRESS
RHORVATH@PROBONOLAW.COM

June 28, 2006

**BY E-MAIL AND FIRST-CLASS MAIL**

Jason P. Gosselin
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

      RE:  <u>Dobrich, et al., v. Indian River School District, et al.</u>

Dear Mr. Gosselin:

    I write in response to your e-mail of June 27, 2006, regarding discovery in connection with the constitutionality of the Indian River School Board's Prayer Policy as written and as applied (the "School Board Prayer Issue") in the above-captioned matter.

**I.  <u>DEFENDANTS' AND PLAINTIFFS' AVAILABILITY FOR DEPOSITIONS</u>**

    Although Plaintiffs have scheduled thirteen witnesses for depositions, your e-mail proposes to schedule all those depositions over four days in July. This compressed schedule is unrealistic, particularly because the thirteen depositions potentially could take as much as 77 hours combined and the parties have not agreed to take any depositions outside of normal business hours. Please provide us with *every* date on which your clients will be available for deposition. If you persist in seeking to impose artificial restrictions, such as *seriatim* depositions, we will renotice or subpoena your clients to be deposed at a time and place of our choosing.

    Once you have provided us with the dates that your clients are available for deposition, we will provide you with potential dates for the depositions of Mona Dobrich, Marco Dobrich, Jane Doe and John Doe.

Jason P. Gosselin
June 28, 2006
Page 2


## II.    DEFENDANTS' RESPONSES TO PLAINTIFFS' DOCUMENT REQUESTS AND INTERROGATORIES

Defendants' responses to Plaintiffs' First Request for the Production of Documents from Defendants Indian River School District and Indian River School Board (the "Document Requests") and Plaintiffs' Interrogatories Directed to Defendants (the "Interrogatories") are inadequate.[1] "Federal policy favors broad discovery in civil rights actions." *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D. N.Y. 1984). "Moreover, actions alleging violations of § 1983 require especially generous discovery." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D. N.Y. 1997). "A most important factor to be considered in the determination as to whether particular evidence should be discovered is the importance of the evidence to the plaintiffs' case." *Rebideau*, 102 F.R.D. at 128. Ultimately, the School Board Prayer Issue will depend almost exclusively on Defendants' conduct. *Cf. Doe v. Barrow County, Georgia*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (so long as plaintiff had standing, outcome of case challenging government's religious conduct turned solely on legal question). Defendants' counsel initially told Plaintiffs that there were at least *twenty linear feet* of documents pertaining to School Board Meetings,[2] yet Defendants have produced roughly *five inches* of documents. These obviously incomplete responses to the Document Requests and Interrogatories are inconsistent with the federal policy favoring broad discovery into unconstitutional governmental activity and must be supplemented without delay.

### A.    All Documents Related to School Board Meetings

Document Requests Nos. 5, 6, 7, 8, 13 and 17 are designed to obtain evidence relevant to the School Board Prayer Issue or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). As demonstrated in *Coles v. Cleveland Bd. of Educ.*, 171 F.3d 369, 380-83 (6th Cir. 1999), and *Doe v. Tangipahoa Parish Sch. Bd.*, C.A. No. 03-2870, 2005 WL 517341, at *7-9 (E.D. La. Feb. 24, 2005), whatever transpires at a School Board Meeting is relevant to the question of whether prayer before such a meeting is constitutional. Further, documents and communications concerning attendance at School Board Meetings are discoverable because they naturally would lead to the discovery of eyewitnesses to School Board Prayer whose names might otherwise be omitted from Defendants' responses.

---

[1]    Because of the inadequate responses and the factual record that needs to be developed, Plaintiffs will not prematurely limit the time they spend deposing School Board Members or District employees.

[2]    Capitalized terms shall have the same meaning as those found in the Interrogatories and Document Requests, unless this letter otherwise provides.

Jason P. Gosselin
June 28, 2006
Page 3

For the foregoing reasons, Defendants must produce *any and all*
documents beyond those documents already identified in Defendants' responses to
Document Requests Nos. 5, 6, 7, 8, 13 and 17. All documents and communications
sought in Document Requests Nos. 5 and 6 – not just the correspondence that
Defendants claim might contain a reference to "School Board prayer"[3] – are related
to the School Board Prayer Issue. Further, because there has been an ongoing
custom and practice of School Board Prayer, *any and all* documents sought by
Document Requests Nos. 7 and 17 concerning the Districts' past policies or
procedures with respect to: (1) complaints from Students, Parents, Residents or
District Representatives; and (2) disciplinary action against any Student, District
Administrator, School Administrator or District Representative, are relevant to the
School Board Prayer Issue. Likewise, *any and all* documents identified in Document
Request No. 8, beyond those documents that Defendants believe might refer to
"School Board prayer," are relevant to the School Board Prayer Issue. Finally, *any
and all* documents sought by Document Request No. 13 with respect to media
coverage of School Board Meetings – and not just press releases regarding "School
Board prayer" – are relevant to the School Board Prayer Issue, or are likely to lead to
the discovery of admissible evidence.

## B.    Religious Activity, the Litigation and the Settlement Agreement

Defendants' objections to Document Requests pertaining to Religious
Activity, the Litigation and the Settlement Agreement lack merit. In their statements
to the press, School Board members have linked the School Board and School Board
Prayer to Religious Activity, the Litigation and the Settlement Agreement. *See, e.g.*,
James Diehl, *Indian River Board to Ponder Settlement*, SUSSEX POST, Dec. 22, 2005
(School Board Member expresses desire to reject Settlement Agreement and to
litigate School Board Prayer issue, stating that "it's time for Christians to stand up for
our rights and I think the public supports us in that"); *see also* Molly Murray, *Indian
River Refuses Deal On Prayer*, NEWS JOURNAL, Feb. 28, 2006 (School Board
Member states: "Our court case, where we have been standing up to the ACLU,
provides the opportunity for the federal government to permanently uphold my right
not to be treated as a second class citizen, or to have to move to the back of the
bus"). Therefore, Document Requests Nos. 3, 4, 9, 10, 11, and 13, along with
Document Request Definitions 13 and 22, are designed to obtain evidence relevant to
the School Board Prayer Issue or reasonably calculated to lead to the discovery of
admissible evidence. Fed. R. Civ. P. 26(b)(1).

---

[3]   Because Defendants have objected to Plaintiffs' definition of School Board Prayer, the term
"School Board prayer" (in quotes) shall have the limited meaning used by Defendants in their
responses to the Document Requests and Interrogatories.

Jason P. Gosselin
June 28, 2006
Page 4

### C.    School Board Prayer

Apparently relying on the limited term "School Board prayer," Defendants appear not to have produced *any and all* documents concerning School Board Prayer. Because School Board Prayer concerns conduct "made *at a School Board Meeting* by a School Board Member or the Representative of the School Board or a School Board Member," Document Request Definition 22 (emphasis added), *any and all* documents concerning School Board Prayer are relevant to the School Board Prayer Issue. Therefore, Document Request No. 1 requires Defendants to produce *any and all* documents concerning School Board Prayer, and not just those documents that might reference "School Board prayer." Further, in response to Document Request No. 2, Defendants must produce *any and all* communications concerning School Board Prayer and not just those documents referencing the School Board Prayer Issue.

### D.    Documents

Rule 34 of the Federal Rules of Civil Procedure permits any party to serve a document request to produce any designated document, "including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. . . ." Document Request Definition 9 is consistent with Rule 34. Defendants must produce all documents in accordance with Document Request Definition 9.

### E.    Educational Records

The Family Education Rights Privacy Act ("FERPA"), 20 U.S.C. § 1232g , exempts from the definition of "educational records" all "[r]ecords of instructional, supervisory, and administrative personnel and education personnel ancillary thereto which are in the sole possession of the maker thereof and which are not accessible or revealed to any other person except a substitute." 20 U.S.C. § 1232g(a)(4)(B); *see also Owasso Indep. Sch. Dist. v. Falvo*, 534 U.S. 426, 435 (2002) ("education records are institutional records kept by a single central custodian"). Therefore, FERPA does not apply to communications, documents or information responsive to Document Requests Nos. 5, 6, 8 and 17 or the Interrogatories if they are not kept in a central location. Further, any document that Defendants may have legitimately withheld because it is a confidential educational record protected by FERPA can be produced by redacting the information that is "*directly* related to a student." 20 U.S.C. § 1232g(a)(4)(A)(i); *see also* Document Request Instruction 7. Plaintiffs can then determine, based on the redacted documents, whether to seek a subpoena to obtain the redacted information. *See*

Jason P. Gosselin
June 28, 2006
Page 5

*Victory Outreach Ctr. v. City of Philadelphia*, 233 F.R.D. 419 (E.D. Pa. 2005); *see also* 20 U.S.C. § 1232g(b)(1)(J)(ii).

### F.     Representatives and Definitions 6, 7, 14 and 21

The Document Requests require Defendants to produce documents within the possession, custody or control of Defendants and their Representatives. Defendants cannot use the fact that a Representative, or those individuals identified in Document Request Definitions 6, 7, 14 and 21, may have ceased their employment or association with the District as a reason for withholding any documents over which Defendants currently have possession, custody or control. Further, any documents and information within the possession of Defendants' former attorneys, including John Balaguer and John Cafferky, fall within the scope of the Document Requests and Interrogatories because Rule 1.16(d) of the Delaware Lawyers' Rules of Professional Conduct requires those attorneys to "surrender[] papers and property to which a client is entitled."

### G.     Document Request Instruction 6

For all documents claimed to be privileged or otherwise protected from production, Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that the party "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable [the opposing party] to assess the applicability of the privilege or protection." Plaintiffs will construe Defendants' refusal to provide a privilege log as a waiver of privilege and any other protection claimed (including any based on FERPA), and Plaintiffs will move to compel production of those documents.

### H.     Document Request Instruction 8

Document Request Instruction 8 is a standard demand for information pertaining to any destroyed, lost or discarded documents that would otherwise be responsive. Defendants have known about the possibility of this litigation since August 2004, and therefore should have preserved all documents pertaining to the Litigation, Religious Activity, the Settlement Agreement and School Board Prayer since that time.

### I.     Procedures for Monitoring Public Statements or News Coverage of the District

School Board Members have made many comments to the media and in public about the Litigation, Religious Activity, School Board Prayer, the

Jason P. Gosselin
June 28, 2006
Page 6

Settlement Agreement and other aspects of this case. Defendants' procedures for
monitoring public statements or news coverage could cause Plaintiffs to discover
other statements by Defendants or School Board Members that are relevant to the
School Board Prayer Issue. Therefore, Document Request No. 14 is designed to
obtain evidence relevant to the School Board Prayer Issue, or reasonably calculated
to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

J.    **Procedures for Monitoring and Storing Documents and
Communications**

Defendants' procedures for monitoring and storing documents and
communications are relevant to whether Defendants have retained documents
pertaining to this Litigation and the School Board Prayer Issue once they became
aware of the possibility of litigation. Please confirm that Defendants have no other
documents that are responsive to Document Requests Nos. 15 and 16. Unless such
confirmation is received, Plaintiffs will construe Defendants' silence as an admission
that Defendants have other documents that are responsive to Document Requests
Nos. 15 and 16. Should Plaintiffs subsequently learn that Defendants have lost or
destroyed documents that would otherwise be responsive to Plaintiffs' Discovery
Requests, Plaintiffs will seek the strongest available discovery sanctions based on
Defendants' failure to produce documents responsive to Document Requests Nos. 15
and 16.

Further, documents responsive to Document Requests Nos. 15 and 16
will enable Plaintiffs to determine the location(s) of responsive documents within
Defendants' possession, custody or control otherwise omitted from Defendants'
production. Plaintiffs can then proceed accordingly. Finally, Document Requests
Nos. 15 and 16 are relevant to determine whether Defendants have legitimately
withheld documents as "educational records" under FERPA. Therefore, Document
Requests Nos. 15 and 16 are designed to obtain evidence relevant to the School
Board Prayer Issue, or reasonably calculated to lead to the discovery of admissible
evidence. Fed. R. Civ. P. 26(b)(1).

K.    **Student Disciplinary or Employee Grievance Hearings**

Responses to Document Request No. 17 should be limited to those
hearings occurring from the earlier of either: (1) September 1, 1991; or (2) the date
that Defendants claim School Board Prayer first occurred. For the reasons stated
above, such information is relevant to what transpires at a School Board Meeting
and, thus, to the School Board Prayer Issue.

Jason P. Gosselin
June 28, 2006
Page 7

L.    **Rutherford Institute and Alliance Defense Fund**

The Rutherford Institute, through Thomas Neuberger, represented
School Board Member Reginald Helms and not the entire School Board. The School
Board had been separately represented by the Alliance Defense Fund prior to the
School Board's retention of White & Williams LLP and Blankingship & Keith, PC.
Based on these separate representations, communications that Helms had with the
Alliance Defense Fund, and communications that the non-Helms School Board
Members had with Thomas Neuberger or the Rutherford Institute, may not be
privileged. To the extent Defendants claim privilege with respect to these
communications, Plaintiffs demand that Defendants produce appropriate privilege
logs for the documents otherwise responsive to Document Requests Nos. 10 and 11.

M.    **Defendants' Answers to Plaintiffs' Original Complaint**

Document Requests Nos. 18 and 19 seek documents that Defendants
relied on to draft their answers to those paragraphs in the Complaint filed on
February 28, 2005, concerning School Board Prayer. Therefore, Defendants cannot
claim that such documents do not relate to the School Board Prayer Issue. Further,
once Defendants have answered Plaintiffs' First Amended Complaint, Rule 26(e)(2)
of the Federal Rules of Civil Procedure may require Defendants to supplement their
discovery responses. Document Requests Nos. 18 and 19 are designed to obtain
evidence relevant to the School Board Prayer Issue, or reasonably calculated to lead
to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Therefore, Defendants must produce *any and all* documents
responsive to Document Requests Nos. 18 and 19, and not just Defendants' limited
production identified in Defendants' responses to Document Requests Nos. 1, 2, 5, 6,
7, 8, 9, 12, 13, 15, 16 and 17.

N.    **Closed Meetings**

Defendants have stated that closed meetings, as opposed to regular
meetings, do not open with prayer. (D.I. 29 at ¶ 52) Therefore, what transpires at
closed meetings is relevant to whether the School Board has exploited the prayer
opportunity. As such, Document Request No. 8 is designed to obtain evidence
relevant to the School Board Prayer Issue, or reasonably calculated to lead to the
discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

O.    **Interrogatory Definitions 5 and 10**

For the reasons stated above in connection with Document Request
Definitions 13 and 22, Interrogatory Definitions 5 and 10 are designed to obtain

Jason P. Gosselin
June 28, 2006
Page 8

evidence relevant to the School Board Prayer Issue, or reasonably calculated to lead
to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

### P.    Interrogatory Definition 9

Plaintiffs seek information within the possession, custody or control
of School Board Members. The possibility that a particular School Board Member
may have ceased his or her employment or association with the District is not an
appropriate basis for withholding information covered by the Interrogatories if
Defendants currently have possession, custody or control of that information.

### Q.    Interrogatory No. 1

Interrogatory No. 1 required Defendants to "[d]escribe the content of
any and all School Board Prayers." To the extent Defendants have possession,
custody or control of information concerning the content of any and all School Board
Prayers, Defendants are required to describe that content. Defendants' bare reference
to paragraphs 3, 4 and 5 of Reginald Helms's August 4, 2005, declaration does not
answer the Interrogatory. Mr. Helms's only mention of the content of those prayers
is that they are "brief" and "non-proselytizing." Whether a prayer is brief or non-
proselytizing – or for that matter, has been used to advance a religious faith – is a
determination to be made by the Court. *See, e.g., Wynne v. Town of Great Falls,
South Carolina,* 376 F.3d 292, 300-302 (4th Cir. 2004) (after reviewing the *content*
of prayers said before town council meetings, court determined that the prayers
impermissibly advanced a particular religious faith). Defendants wanted to litigate
the School Board Prayer Issue, and this Litigation will follow the maxim that "suits
under 42 U.S.C. § 1983 should be resolved by a determination of the truth rather
than a determination that the truth shall remain hidden." *Rebideau,* 102 F.R.D. at
128.

### R.    Interrogatory No. 2

Plaintiffs remind Defendants of their obligation under Rule 26(e)(2)
of the Federal Rules of Civil Procedure to supplement Interrogatory No. 2 in the
event that Defendants recall or discover any instance in which a School Board
Member or the School Board invited, instructed or asked a student to attend a School
Board Meeting.

### S.    Interrogatory No. 5

Pursuant to the School Board Prayer Policy, only a School Board
Member may open a School Board Meeting with prayer. Thus, the religious faith of
each School Board Member is relevant to the School Board Prayer Issue. *See, e.g.,*

Jason P. Gosselin
June 28, 2006
Page 9


*Wynne*, 376 F.3d at 294 ("First, the court found that 'Town Council meetings always open with prayer,' that *the Mayor and all Council Members are Christian*, and that Council Member John Broom 'often' leads the prayer.") (emphasis added). Therefore, Interrogatory No. 5 is designed to obtain evidence relevant to the School Board Prayer Issue, or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

     T.     **<u>Interrogatory No. 6</u>**

     As shown above, School Board Members have linked School Board Prayer to the Litigation and Settlement Agreement. Therefore, School Board Members' communications with the Media concerning School Board Prayer, the Litigation or the Settlement Agreement are relevant to the School Board Prayer Issue. Thus, Interrogatory No. 6 is designed to obtain evidence relevant to the School Board Prayer Issue, or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

     As you know, the Court has ordered discovery on the School Board Prayer Issue to be completed by July 28, 2006. As a result, Defendants must act quickly to correct and supplement their responses to Plaintiffs' Document Requests and Interrogatories. Should Defendants delay, discovery deadlines may have to be extended and Plaintiffs may be forced to depose your clients a second time on the School Board Prayer Issue.

     Please let me know if you have any questions or comments.

     Very truly yours,

     Richard S. Horvath, Jr.

# Exhibit D

# DrinkerBiddle&Reath
### L L P

Jeffrey M. Boerger
215-988-2912
jeffrey.boerger@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

July 17, 2006

**VIA FIRST-CLASS MAIL AND E-MAIL**

Richard S. Horvath, Jr., Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

RE:    *Dobrich, et al. v. Indian River School District, et al.*

Dear Mr. Horvath:

I write in response to your June 28, 2006 letter regarding defendants' responses to plaintiffs' document requests and interrogatories. It is my understanding that Jason Gosselin has addressed the topic of depositions with you separately.

## A.    The Volume of Documents Produced

I would like to first address your expectation that we would produce "at least twenty linear feet of documents pertaining to School Board Meetings," based on your conversations with prior counsel for the defendants. You expressed your dismay at our production of only "roughly five inches" of documents in response to your document requests related to the School Board Prayer Policy issue.

While we are not aware precisely what prior counsel may have stated to you, your expectation with respect to the volume of relevant and responsive documents appears to be based on a misunderstanding or miscommunication. The "twenty linear feet" of documents referred to by prior counsel appears to be a complete set of school board meeting binders containing all publicly available agendas, minutes, and other documents related to school board meetings dating from 1968 through the present. While prior counsel may have been prepared to produce all of this material for your reading enjoyment, we could not in good faith produce this large volume of documents that are, for the most part, both irrelevant and non-responsive. In particular, much of this material relates to the 23-year period prior to September 1991, the earliest date for which you have requested information or documents. Moreover, most of the remaining material is not relevant to any of the plaintiffs' claims whatsoever, let alone relevant to the School Board Prayer Policy issue, to which discovery is currently limited by order of the Court.

To our knowledge, there simply do not exist *twenty linear feet* of relevant and responsive documents. While some additional volume of documents in these binders may be relevant and responsive to your requests in the upcoming Remaining Issues phase of discovery, I can assure you that, in addition to audio and video recordings (which do

*Established*
*1849*

DrinkerBiddle&Reath
L L P

Richard S. Horvath, Jr., Esquire
July 17, 2006
Page 2

not lend themselves easily to the same measure of volume), the "five inches" worth of
documents produced represents the sum of all non-privileged documents responsive to
your document requests and relevant to the School Board Prayer Policy issue.

**B.    Documents Related to School Board Meetings**

With respect to your Document Requests Nos. 5 and 6, all relevant non-privileged
documents responsive to these requests have been produced. In responding to these
document requests, we described the documents produced, which include attendance or
sign-in sheets for school board meetings related to the School Board Prayer issue,
minutes related to such meetings (in which select attendees are often named), and
correspondence referencing the author's or other individuals' attendance at such
meetings. To our knowledge, there are no additional relevant and responsive non-
privileged documents.

With respect to your Document Requests Nos. 7 and 17, all relevant non-
privileged documents responsive to these requests have been produced. In particular, the
Indian River School District policy manual was produced. To our knowledge, there are
no additional relevant and responsive policies or procedures.

With respect to your Document Request No. 8, all relevant non-privileged
documents responsive to this request have been produced. In responding to this
document request, we described the documents produced, which include agendas,
minutes, attendance or sign-in sheets, correspondence, audio recordings, and other
documents. To our knowledge, there are no additional relevant and responsive non-
privileged documents.

With respect to your Document Request No. 13, all relevant non-privileged
documents responsive to this request and not readily obtainable from other sources have
been produced. In particular, we have produced certain press releases in the possession
of the defendants. We have not produced media reports that are publicly available and to
which the plaintiffs' have reasonably convenient access. To our knowledge, there are no
additional relevant and responsive non-privileged documents.

**C.    Religious Activity, the Litigation, and the Settlement Agreement**

With respect to your various document requests seeking information or
documents regarding religious activity in general, this litigation, or the settlement
agreement previously contemplated by the parties, such documents are simply not
relevant to the School Board Prayer Policy issue, to which discovery is currently limited
by order of the Court. With respect to your Interrogatory No. 6, information regarding

DrinkerBiddle&Reath
L L P

Richard S. Horvath, Jr., Esquire
July 17, 2006
Page 3

this litigation or the settlement agreement is likewise not relevant to the School Board
Prayer Policy issue.

**D.     Documents related to School Board Prayer**

With respect to your concerns related to the definitions of "School Board Prayer"
and "documents," all non-privileged documents responsive to your document requests
and relevant to the School Board Prayer Policy issue have been produced.

**E.     Privileged documents withheld from production**

With respect to your concerns regarding Document Request Instruction No. 6,
production of a privilege log is forthcoming, as previously discussed.

**F.     Documents containing student information**

With respect to relevant and responsive documents containing directory
information[1] concerning students, we have forwarded for your review a proposed
stipulated protective order restricting the use of any such information to litigating this
case only. Documents containing personally identifiable information[2] other than
directory information will be appropriately redacted or withheld and described in the
forthcoming privilege log.

**G.     Document retention policies**

With respect to your Document Requests Nos. 15 and 16, all non-privileged
documents responsive to these requests have been produced. In particular, we have
produced the Indian River School District Records Retention Schedule. To our
knowledge, there are no additional relevant and responsive non-privileged documents.

**H.     Documents related to closed executive session proceedings**

With respect to your concerns regarding the withholding of documents pertaining
to closed executive session, such documents are protected by the deliberative process
privilege and under the Delaware Freedom of Information Act, 29 Del. C. § 10001 *et
seq.*, and will not be produced.

---

[1] *See* 34 C.F.R. § 99.3 (defining "directory information").
[2] *See id.* (defining "personally identifiable information").

DrinkerBiddle&Reath
L L P

Richard S. Horvath, Jr., Esquire
July 17, 2006
Page 4

## I.      The content of any and all School Board prayers

With respect to your Interrogatory No. 1, the content of prayers recited at school board meetings is evident from audio and video recordings of the open session portions of such meetings. Audio and video recordings of school board meetings relevant to the School Board Prayer Policy issue are forthcoming, as previously discussed.

## J.      The religious faith or denomination of individual school board members

With respect to your Interrogatory No. 5, the specific religious faith or denomination of each individual school board member is not relevant to the School Board Prayer Policy issue. As we understand the plaintiffs' claims with respect to the School Board Prayer Policy issue, all that is relevant is whether prayer has occurred at school board meetings, the identity of the person speaking or leading the prayer, and whether the prayer invokes the name of Jesus Christ or the Christian faith in general.

The remaining points raised in your letter do not appear to require response. If you have any further questions or comments, please feel free to contact me.

Sincerely yours,

Jeffrey M. Boerger

JMB

# Exhibit E

BDA.1

## BOARD PRAYER AT REGULAR BOARD MEETINGS

1.  In order to solemnify its proceedings, the Board of Education may choose to open its meetings with a prayer or moment of silence, all in accord with the freedom of conscience of the individual adult Board member.

2.  On a rotating basis one individual adult Board member per meeting will be given the opportunity to offer a prayer or request a moment of silence. If the member chooses not to exercise this opportunity, the next member in rotation shall have the opportunity.

3.  Such opportunity shall not be used or exploited to proselytize, advance or convert anyone, or to derogate or otherwise disparage any particular faith or belief.

4.  Such prayer is voluntary, and it is among only the adult members of the Board. No school employee, student in attendance, or member of the community in attendance shall be required to participate in any such prayer or moment of silence.

5.  Any such prayers may be sectarian or non-sectarian, denominational or non-denominational, in the name of a Supreme Being, Jehovah, Jesus Christ, Buddha, Allah, or any other person or entity, all in accord with the freedom of conscience, speech and religion of the individual Board member, and his or her particular religious heritage.

Adopted 10/19/04