IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MONA DOBRICH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN RIVER SCHOOL DISTRICT, et al.,<br><br>Defendants. | Civil Action No. 05-120-JJF |

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO
## REQUEST NOS. 5, 6, 7, 8 & 17 DIRECTED TO DEFENDANTS

Plaintiffs respectfully submit this motion to compel (the "Motion") defendants Indian River School District (the "District") and the Indian River School Board (the "School Board," and together with the District, "Defendants") to respond to Request Nos. 5, 6, 7, 8 & 17 in Plaintiffs' First Request for the Production of Documents from Defendants (the "Request") (Exhibit A), and for Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

### BACKGROUND

The Motion arises from Defendants' refusal to respond to the Request seeking documents that would demonstrate that School Board meetings are an integral part of the public school system, frequently involve children and are not meetings of a purely legislative body. The Request sought:

> I. All documents and communications "concerning the attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting." (Request Nos. 5 & 6)
> II. All documents concerning all "past or current District policies or procedures concerning complaints from Students, Parents, Residents or District Representatives."

(Request No. 7)

III. All documents concerning "School Board Meetings, including but not limited to notes, agendas, minutes, presentations, audio recordings, video recordings or preparation materials." (Request No. 8)

IV. All documents concerning "past and current procedures concerning any disciplinary action that the School Board could take or has taken concerning any Student, District Administrator, School Administrator or District Representatives." (Request No. 17)

Defendants objected that the Request was "overly broad and beyond the scope of . . . discovery to the School Board Prayer issue in this phase of the case. . . ." (Exhibit B)  Defendants produced a limited set of documents measuring only five inches and audio or video recordings for only nine out of the twenty-four School Board meetings since June 2004[1]. *Id.* (identifying documents that Defendants would produce).

On June 28, 2006, Plaintiffs sent Defendants a letter (the "Letter") (Exhibit C) in a good faith attempt to secure the documents sought by the Request. After almost three weeks, Defendants responded on July 17, 2006 to the Letter, rejecting further compliance and insisting that "all that is relevant is whether prayer has occurred at school board meetings, the identity of the person speaking or leading the prayer, and whether the prayer invokes the name of Jesus Christ or the Christian faith in general." (Exhibit D)  But Defendants' Sixth Affirmative Defense claims that the School Board "acted as a legislative body at all times" (D.I. 150 at 15) – telegraphing Defendants' intent to rely on *Marsh v. Chambers*, 463 U.S. 783 (1983), and placing the nature of all activities undertaken at, and participants and attendees of, School Board meetings squarely at issue.

## ARGUMENT

The business conducted at School Board meetings is relevant to whether those meetings are an integral part of the public school system, frequently involved children and if

---

[1] Plaintiffs have filed a separate motion to compel related to Defendants' untimely objection to the relevant time period for discovery.

2

those meetings are properly seen as meetings of a strictly legislative body, governed by *Marsh*.[2] In Establishment Clause cases, the facts matter and "both parties . . . should have a fair opportunity to fill the evidentiary gap." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 129 (2001) (Breyer, J., concurring).

Defendants' conduct will determine the constitutionality of the School Board's prayer policy BDA.1 (the "Policy") (Exhibit E) as written and as applied (the "School Board Prayer Issue"). *Doe v. Barrow County*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (facts relevant to Establishment Clause challenge would come from sources other than the plaintiff). "[A]ctions alleging violations of § 1983 require especially generous discovery." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997). The history of School Board members' conduct "will matter" because "a history manifesting sectarian purpose . . . will be properly understood as demonstrating a preference for one group of religious believers as against another." *McCreary County v. Am. Civil Liberties Union*, 125 S. Ct. 2722, 2737 n.14 (2005); *cf. Marsh*, 463 U.S. at 794-95 ("legislative prayer" opportunity cannot be used to advance any one faith).

As shown in *Coles v. Cleveland Bd. of Educ.*, 171 F.3d 369, 380-83 (6th Cir. 1999), and *Doe v. Tangipahoa Parish Sch. Bd.*, C.A. No. 03-2870, 2005 WL 517341, at *7-9 (E.D. La. Feb. 24, 2005) (Exhibit F), the business conducted at a School Board meeting is relevant to whether *Marsh* governs prayer at those meetings. The documents sought by the Request will enable the Court to determine what business the School Board does at its meetings and if that business is consistent with the School Board's "fundamental function of running the

---

2   Defendants failed to timely produce at least fifteen audio recordings of School Board Meetings since June 2004. Defendants never objected to producing these recordings. When Plaintiffs called Defendants to determine when they would receive copies of those missing meetings, Defendants said that Plaintiffs needed to review those tapes at the office of Defendants' counsel and then grant Defendants the opportunity to object to producing portions of those tapes. This proposal ignores the spirit of discovery into the Policy as applied, the instructions in the Request and that Defendants have waived any specific objection to recordings on those tapes. *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988). As part of this motion, Plaintiffs respectfully request that the Court order Defendants to produce complete copies of tapes of those meetings at the offices of Plaintiffs' counsel.

school system. . . ." *Coles*, 171 F.3d at 382. These documents are also relevant to "the unique role that students play at school board meetings," *id.*, and to show that these meetings are "not the equivalent of . . . a legislature where spectators are incidental to the work of the public body." *Id.*³ Defendants, because they intend to rely on *Marsh*, "cannot disclose only those facts beneficial to [their] case and refuse to disclose . . . related facts adverse to [their] position." *Friction Div. Prods., Inc. v. E.I. Du Pont de Nemours & Co.*, 117 F.R.D. 535, 538 (D. Del. 1987). Thus, these documents will give the Court the factual record it needs to determine the School Board Prayer Issue, and Plaintiffs the opportunity to "contradict" Defendants' Sixth Affirmative Defense. *Id.*

Given *McCreary*, *Coles* and *Tangipahoa*, Defendants lack substantial justification for failing to produce any and all documents responsive to the Request. Therefore, Defendants should pay Plaintiffs' reasonable expenses, including attorneys' fees, for bringing the Motion. *Friction Div. Prods.*, 117 F.R.D. at 540; FED. R. CIV. P. 37(a)(4)(A).

For the foregoing reasons, Plaintiffs respectfully request that Defendants be compelled to provide a full and complete production to the Request, and to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

/s/ Richard D. Horvath, Jr.
Thomas J. Allingham II (I.D. No. 476)
Richard S. Horvath, Jr. (I.D. No. 4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Attorneys for Plaintiffs

DATED: July 31, 2006

---

3   Defendants have stated that sometimes invitations for Students to attend School Board meetings have been sent to Parents. (Exhibit G) Because Students do not always receive every invitation, the Request seeks documents meant to lead to the discovery of other invitations that were indirectly extended to Students.

4