IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., :<br><br>Plaintiffs, :<br><br>v. :<br><br>INDIAN RIVER SCHOOL DISTRICT, et al., :<br><br>Defendants. : | Civil Action No. 05-120-JJF |

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUEST NOS. 3, 4, 9 & 13 AND AN ANSWER TO INTERROGATORY NO. 6 DIRECTED TO DEFENDANTS**

Plaintiffs respectfully submit this motion to compel (the "Motion") defendants Indian River School District (the "District") and the Indian River School Board (the "School Board," and together with the District, "Defendants") to respond to Request Nos. 3, 4, 9 & 13 (including compliance with Definition 13) in Plaintiffs' First Request for the Production of Documents from Defendants (the "Request") (Exhibit A) and to answer Interrogatory No. 6 (the "Interrogatory") in Plaintiffs' Interrogatories Directed to Defendants (Exhibit B), and for Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

## BACKGROUND

The Motion arises from Defendants' refusal to respond to the Request seeking:

I. Communications made by or to the School Board or School Board Members concerning: "a. Religious Activities; b. the Litigation; and, c. the Settlement Agreement" (Request Nos. 3 & 4)
II. Communications between the School Board, School Board Members or District Administrators with Media "concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings" (Request No. 9)
III. "Media reports concerning the School Board Prayer, Religious Activities, the

Litigation, the Settlement Agreement or School Board Meetings." (Request No. 13) Defendants also failed to answer the Interrogatory, which required Defendants to "[d]escribe any and all communications with Media concerning School Board Prayer, the Litigation or the Settlement Agreement." (Exhibit B)  Defendants objected to the Request and Interrogatory, claiming that they were "overly broad and beyond the scope of the Court's March 24, 2006 Memorandum Order, which limits discovery to the School Board Prayer issue only at this time. . . ." (Exhibits C and D). Defendants also stated that some "statements by Board members contained [in media reports] are not complete or necessarily accurate." (Exhibit D). The parties were unable to reach agreement as to whether documents or information concerning both the School Board and Religious Activities, the Litigation or the Settlement Agreement (collectively, the "Religious Statements") are relevant to whether the School Board's prayer policy BDA.1 (the "Policy") (Exhibit E) is constitutional as written or as applied (the "School Board Prayer Issue").

## ARGUMENT

Individual School Board members have publicly linked information constituting Religious Statements, as defined above and called for by the Request and Interrogatory, with the School Board's practice of opening its meetings with prayer, and a reasonable observer would consider this conduct in determining whether the School Board's prayer amounts to an establishment of religion. In Establishment Clause cases, the facts matter and "both parties . . . should have a fair opportunity to fill the evidentiary gap." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 129 (2001) (Breyer, J., concurring).

Defendants' conduct will principally determine the School Board Prayer Issue. *Doe v. Barrow County*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (facts relevant to Establishment Clause challenge would come from sources other than the plaintiff). "[A]ctions alleging

2

violations of § 1983 require especially generous discovery." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997). The history of Board members' religious conduct "will matter" because "a history manifesting sectarian purpose . . . will be properly understood as demonstrating a preference for one group of religious believers as against another." *McCreary County v. Am. Civil Liberties Union*, 125 S. Ct. 2722, 2737 n.14 (2005); *cf. Marsh v. Chambers*, 463 U.S. 783, 794-95 (1983) ("legislative prayer" opportunity cannot be used to advance any one faith).

The "caselaw is clear that . . . the religious purposes of individual Board members, including their statements made . . . in the broader course of the debate . . . is relevant in [an Establishment Clause challenge]." *Kitzmiller v. Dover Area Sch. Dist.*, No. 04-cv-2688, 2005 WL 4147867, at *1 (M.D. Pa. Sept. 22, 2005) (emphasis added) (Exhibit F). School Board Members have linked School Board prayer to the Religious Statements. *See, e.g.,* James Diehl, *Indian River Board to Ponder Settlement*, SUSSEX POST, Dec. 22, 2005 (School Board Member expresses desire to reject Settlement Agreement and to continue with the Litigation, stating that "it's time for Christians to stand up for our rights and I think the public supports us in that") (Exhibit G). Because these issues have been linked, the Religious Statements will help the Court determine whether Defendants have either "take[n] a position on questions of religious belief" or have made adherence to prayer relevant to a person's standing in the political community. *County of Allegheny v. Am. Civil Liberties Union*, 492 U.S. 573, 593 (1989).

"In cases involving state participation in a religious activity, one of the relevant questions is 'whether an objective observer . . . would perceive [the participation] as a state endorsement of prayer in public schools." *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. U.S. 290, 308 (2000) (citations omitted). As such, the community's collective judgment expressed in media reports is relevant – perhaps not dispositive, but certainly relevant to the determination of

3

a reasonable observer's perception – to whether the School Board's prayer policy advances religion. *Kitzmiller v. Dover Area Sch. Dist.*, 400 F. Supp. 2d 707, 732-33 (M.D. Pa. 2005). Because the Religious Statements and School Board prayer have been linked (both by individual Defendants and others) in media reports, the Court should have the opportunity to consider this context before deciding the School Board Prayer Issue.

Finally, Defendants claim that reported "statements by Board members . . . are not complete or necessarily accurate." (Exhibit D) If Defendants want to challenge the public perception they created, Plaintiffs should be able to obtain discovery that would put them on notice as to which statements are in question – and what the basis is for that contention. *Friction Div. Prods., Inc. v. E.I. Du Pont de Nemours & Co.*, 117 F.R.D. 535, 538 (D. Del. 1987).

Given the above precedent holding that context matters for Establishment Clause cases, Defendants lack substantial justification for their incomplete responses and answers. Therefore, Defendants should pay Plaintiffs' reasonable expenses, including attorneys' fees, for bringing the Motion. *Friction Div. Prods.*, 117 F.R.D. at 540; FED. R. CIV. P. 37(a)(4)(A).

For the foregoing reasons, Plaintiffs respectfully request that Defendants be compelled to respond to the Request and to answer the Interrogatory, and to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

/s/ *signature*
Thomas J. Allingham II (I.D. No. 476)
Richard S. Horvath, Jr. (I.D. No. 4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000
Attorneys for Plaintiffs

DATED: July 31, 2006

463518.04-Wilmington Server 1A - MSW