# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,                    :
                                          :
                 Plaintiffs,             :
                                          :
        v.                               :  No. 05-cv-00120-JJF
                                          :
HARVEY L. WALLS, et al.,                 :
                                          :
                 Defendants.             :

PLAINTIFFS' FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANTS
INDIAN RIVER SCHOOL DISTRICT AND INDIAN RIVER SCHOOL BOARD

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiffs,

Monda Dobrich, Marco Dobrich, Alexander Dobrich, Jane Doe, John Doe, Jordan

Doe and Jamie Doe, by and through their attorneys of record, hereby request and

demand that defendants Indian River School District and the Indian River School

Board (the "Defendants") shall object or respond to this request within twenty-one

(21) days of the date of service hereof, and produce for examination, inspection and

copying within thirty (30) days of the date of service hereof, at One Rodney Square,

7th Floor, Wilmington, Delaware 19801, the documents and other things designated

below which are in their possession, custody or control, or in the possession, custody

or control of their School Board Members,[1] District Administrators, School Admin-
istrators, teachers, employees, attorneys, agents or others acting in concert with them
or on their behalf.

## DOCUMENTS TO BE PRODUCED

Any and all documents concerning, directly or indirectly, the follow-
ing:

1.   School Board Prayer.

2.   Communications concerning School Board Prayer.

3.   Communications made by or to the School Board concerning:

    a.   Religious Activities;

    b.   The Litigation; and,

    c.   The Settlement Agreement.

4.   Communications made by or to School Board Members
concerning:

    a.   Religious Activities;

    b.   The Litigation; and,

    c.   The Settlement Agreement.

---

[1]   See Definitions and Instructions infra.

5.    The attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

6.    Communications concerning the attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

7.    Any and all past or current District policies or procedures concerning complaints from Students, Parents, Residents or District Representatives.

8.    School Board Meetings, including but not limited to notes, agendas, minutes, presentations, audio recordings, video recordings or preparation materials.

9.    Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators with Media, including but not limited to:

a.    Dan Gaffney or any other Representative of WGMD;

b.    James Diehl or any other Representative of the Sussex Post;

c.    Lauren Hughes or any other Representative of the Delaware Wave;

3

      d.      Sean O'Sullivan, Molly Murray or any other Representative of the News Journal; and,

      e.      Any Representative of WBOC.

10.      Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Rutherford Institute.

11.      Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Alliance Defense Fund.

12.      The Dobriches.

13.      Media reports concerning the School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement or School Board Meetings.

14.      Procedures for monitoring any public statement or news coverage of the District.

15.      Procedures for monitoring, storing, preserving or retaining documents.

16.      Procedures for monitoring, storing, preserving or retaining communications.

4

17.    Past and current procedures concerning any disciplinary action that the School Board could take or has taken concerning any Student, District Administrator, School Administrator or District Representatives.

18.    Documents that Defendant contends support any answer concerning School Board Prayer in the Defendant's Answer To The Complaint With Affirmative Defenses Of Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbbs, And Earl J. Savage, In Their Official Capacity, And The Indian River School Board, And The Indian River School District.

19.    Documents that Reginald L. Helms contends support any answer concerning School Board Prayer in his Answer Of Defendant Reginald L. Helms In His Official Capacity.

20.    All documents used by Defendants to answer plaintiffs' interrogatories or requests for admission.

## DEFINITIONS

For purposes of this discovery request, the following words will have the meaning indicated below:

1.    "Alliance Defense Fund" shall mean the non-profit corporation incorporated in the State of Arizona, any attorneys employed or affiliated with

5

the Alliance Defense Fund, and each of their predecessors or successors and any of their present and former parents, subsidiaries, affiliates, divisions, joint ventures or Representatives.

2.    "Communication" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

3.    "Complaint" shall mean the complaint filed by plaintiffs in this action.

4.    "Concerning" shall mean reflecting, relating to, referring to, describing, evidencing or constituting.

5.    "District" shall mean the Indian River School District.

6.    "District Administrators" shall mean the District's past or current: superintendent; assistant superintendent; administrator of student services; director of personnel; director of instruction; director of business and finance; administrative assistant; supervisor of building and grounds; supervisor of food services; supervisor of transportation; supervisor of secondary instruction; supervisor of elementary instruction; and supervisor of special education.

6

7.    "District Representatives" shall mean Representatives of the District other than School Board Members, District Administrators or School Administrators.

8.    "Dobriches" shall mean Mona Dobrich, Marco Dobrich, Alexander Dobrich and Samantha Dobrich.

9.    "Document" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; communications; correspondence; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings, whether audio, video or digital; tapes; microfilms; minutes, records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out.  "Document" also means all non-identical copies of original documents and non-identical copies thereof.

7

10. "Litigation" shall mean the case captioned *Mona Dobrich, et al. v. Indian River School District, et al.*, 05-120-JJF (D. Del.), which was commenced by the filing of the Complaint.

11. "Media" shall mean any newspaper, magazine, journal, television station, radio station or any other medium or entity, and their employees, used for the dissemination of information.

12. "Parent" shall mean any parent or legal guardian of any Student.

13. "Religious Activity" shall mean any activity, conduct, expression, observance, practice or path concerning religion or religious beliefs, including and without limitation: designation of religious days in District or School calendars; distribution of religious documents; performance of religious music; performance of religious plays; presentations concerning religion; prayer; religious clubs; or religious study.

14. "Representative" as used herein with regard to a person or entity means and shall include, both collectively and individually, each and every present and former employee, agent, independent consultant or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

15.    "Resident" shall mean anyone whose domicile or place of business is located within the geographical limits of the District.

16.    "Rutherford Institute" shall mean the non-profit corporation incorporated in the Commonwealth of Virginia, any attorneys employed or affiliated with the Rutherford Institute, and each of their predecessors or successors and any of their present and former parents, subsidiaries, affiliates, divisions, joint ventures, or Representatives.

17.    "School" shall mean any school within the District.

18.    "School Administrators" shall mean the principal, assistant principal(s), guidance counselor(s) or other administrators of any School.

19.    "School Board" shall mean the school board authorized to administer and to supervise the free public schools of the District under 14 Del. C. § 1043.

20.    "School Board Meeting" shall mean any meeting of the School Board sufficient to establish a quorum so that the School Board could transact business under 14 Del. C. § 1048.

21.    "School Board Members" shall mean all past and current persons duly elected or appointed to the School Board and their Representatives.

9

22.    "School Board Prayer" shall mean any prayer, invocation or other Religious Activity made at a School Board Meeting by a School Board Member or the Representative of the School Board or a School Board Member.

23.    "Settlement Agreement" shall mean the settlement voted on by the School Board on February 27, 2006.

24.    "Student" shall mean any past or current student attending any School.

25.    The terms "all" and "each" shall be construed as "all and each."

26.    The term "all" or "any" shall mean any and all.

27.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

<u>INSTRUCTIONS</u>

1.    You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request.  In addition, documents are to be produced in full and unexpurgated form.

10

2.    In responding to this Request for production, you shall produce all documents in your possession, custody or control, or in the possession, custody or control of your Representatives.

3.    Unless otherwise indicated, the time period covered by this Request is September 1, 1991 to the present. Documents created prior to September 1, 1991 that have been examined, consulted or used in any way since September 1, 1991 shall be produced in response to this Request. Should Defendants contend that any conduct predates September 1, 1991, then the time period covered by this Request shall extend back to the earliest date that Defendants claim the conduct first occurred.

4.    This Request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its Representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

5.    You shall produce not only the originals or exact copies of the originals of all documents requested above, but also copies of such documents which bear any notations or markings not found on the originals and all preliminary, intermediate, final or revised drafts of such documents.

6.    If any document covered by this Request is withheld by reason of a claim of privilege, work product or other ground of nonproduction, you shall

11

state the following information by way of written response: specific description of

the document, including its type or nature and general subject matter; date the

document was created, executed and received; author(s); recipient(s); title of the

document; location of the document and its custodian; type of privilege claimed as

grounds for withholding the document (if work-product immunity is being asserted,

identify the proceeding for which the document was prepared); and request for

production to which such claim relates.

7.    If a portion of an otherwise responsive document contains

information that would otherwise be withheld by reason of a claim of privilege, work

product or other ground of nonproduction, those portions of the document subject to

the claim of privilege, work product or other ground of nonproduction shall be

deleted or redacted from the document and the rest of the document shall be pro-

duced.

8.    In the event that any document called for by this Request has

been destroyed, lost, discarded or otherwise disposed of, any such document is to be

identified as completely as possible, including, without limitation, the following

information: general subject matter of the document; author(s); recipient(s);

sender(s); subject matter; date prepared or received; date of disposal; manner of

disposal; reason for its disposal; person(s) authorizing the disposal; person(s)

currently in possession of the document; and person disposing of the document.

12

9.    The singular form of a word should be read in the plural, and vice versa, so as to bring within the scope of these production requests each document that might otherwise be outside the request.

Dated: April 20, 2006

By: _Richard S. Horvat, Jr._

Thomas J. Allingham II (#0476)
Robert S. Saunders (#3027)
Richard S. Horvath, Jr. (#4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiffs

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 05-cv-00120-JJF |
| | : | |
| HARVEY L. WALLS, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>PLAINTIFFS' INTERROGATORIES DIRECTED TO DEFENDANTS</u>

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiffs, Mona Dobrich, Marco Dobrich, Alexander Dobrich, Jane Doe, John Doe, Jordan Doe and Jamie Doe, by and through their attorneys of record, hereby request and demand that defendants Indian River School District and the Indian River School Board (the "Defendants") answer under oath the following interrogatories in accordance with the instructions and definitions set forth below. Answers to these interrogatories should be served upon plaintiffs at One Rodney Square, 7th Floor, Wilmington, Delaware 19801, within twenty-one (21) days from the date of service of these interrogatories on the Defendants.

## INTERROGATORIES

1.     Describe the content of any and all School Board Prayers.

2.     Describe any and all instances in which the School Board or a School Board Member has invited, instructed or asked a student to attend a School Board Meeting.

3.     Identify the person(s) responsible for preparing the agendas for School Board Meetings.

4.     Describe how the agendas for School Board Meetings are prepared.

5.     Identify the religious faith or denomination of any and all School Board Members.

6.     Describe any and all communications with Media concerning School Board Prayer, the Litigation or the Settlement Agreement.

## DEFINITIONS

For purposes of this discovery request, the following words will have the meaning indicated below:

1.     "Complaint" shall mean the complaint filed by plaintiffs in this action.

2.     "District" shall mean the Indian River School District.

2

3.    "Litigation" shall mean the case captioned *Mona Dobrich, et al. v. Indian River School District, et al.*, 05-120-JJF (D. Del.), which was commenced by the filing of the Complaint.

4.    "Media" shall mean any newspaper, magazine, journal, television station, radio station or any other medium or entity, and their employees, used for the dissemination of information.

5.    "Religious Activity" shall mean any activity, conduct, expression, observance, practice or path concerning religion or religious beliefs, including and without limitation: designation of religious days in District or School calendars; distribution of religious Documents; performance of religious music; performance of religious plays; presentations concerning religion; prayer; religious clubs; and religious study.

6.    "School" shall mean any school within the District.

7.    "School Board" shall mean the school board authorized to administer and to supervise the free public schools of the District under 14 Del. C. § 1043.

8.    "School Board Meeting" shall mean any official meeting of the School Board sufficient to establish a quorum so that the School Board could transact business under 14 Del. C. § 1048.

3

9.    "School Board Members" shall mean all past and current persons duly elected or appointed to the School Board.

10.    "School Board Prayer" shall mean any prayer, invocation or other Religious Activity made at a School Board Meeting by a School Board Member or the Representative of the School Board or a School Board Member.

11.    "Settlement Agreement" shall mean the settlement voted on by the School Board on February 27, 2006.

12.    "Student" shall mean any past or current student attending any School.

13.    The terms "all" and "each" shall be construed as "all and each."

14.    The term "all" or "any" shall mean any and all.

15.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.    Unless otherwise specified in a particular interrogatory, the relevant time period shall be September 1, 1991 to the present. Should Defendants contend that any conduct specified in a particular interrogatory predates September 1,

4

1991, then the time period covered by that particular interrogatory shall extend back to the earliest date that Defendants claim the conduct first occurred.

2.      The use of the word "including" or "includes" is used in the broadest sense of the term and specification of a particular matter in an interrogatory is not meant to exclude any other information that might be responsive to a specific interrogatory.

3.      Wherever in these interrogatories you are asked to identify a person, you shall state the person's: (a) name and present or last known residence; (b) present or last known business address; (c) present or last known occupation, title and employer; and (d) telephone, internet and e-mail contact information and address.

4.      These interrogatories shall be deemed continuing so as to require supplemental responses if further or different information responsive to any interrogatory is discovered or obtained at any time prior to trial, to the full extent provided in Federal Rule of Civil Procedure 26(e).

5.    All objections to the interrogatories, or to the definitions or

instructions contained herein, shall be made in writing and delivered within twenty-

one (21) days of service hereof at One Rodney Square, 7th Floor, Wilmington,

Delaware 19801.

Dated: April 20, 2006


By: _Richard S. Horvath, Jr._

Thomas J. Allingham II (#0476)
Robert S. Saunders (#3027)
Richard S. Horvath, Jr. (#4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiffs

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,                  )
                                       )
                    Plaintiffs,        )
                                       )
vs.                                    )      Civil Action No. 05-cv-00120-JJF
                                       )
HARVEY L. WALLS, et al.,               )
                                       )
                    Defendants.        )
                                       )

### DEFENDANTS INDIAN RIVER SCHOOL BOARD AND INDIAN RIVER SCHOOL DISTRICT'S AMENDED RESPONSES TO PLAINITFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Indian River School Board and Indian River School District

("Defendants"), by counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure hereby serve the following Revised Responses to Plaintiffs' First Request for

Production of Documents from Defendants propounded in the above-captioned action:

### General Objections

1.      Defendants object to the definitions and instructions to the extent they are

overly broad, unduly burdensome and purport to impose obligations beyond the scope of

Rule 26 of the Federal Rules of Civil Procedure, and/or beyond the scope of the Court's

March 24, 2006 Order ("Court's Order") limiting discovery to only the School Board

Prayer issue in this phase of the case.  Specifically, Defendants object to Definitions Nos.

13 and 22 as overly broad and beyond the scope of the Court's Order to the extent they

attempt to expand the definition of School Board Prayer beyond the ordinary meaning of

that phrase and beyond the limited issue as defined by the Court for discovery in this

phase of the case.  Defendants also object to Definition No. 9 to the extent it attempts to

1

define the term more broadly than provided by the Federal Rules of Civil Procedure. Defendants also object to Definition No. 14 and Instruction No. 2 to the extent they seek documents from Defendants beyond the scope of the Federal Rules of Civil Procedure.

2.   Defendants also object to the definitions and instructions to the extent to the extent they effectively constitute unnumbered additional subparts to every document request and/or constitute additional unnumbered interrogatories.  Specifically, Defendants object to Instructions Nos. 6 and 8 as constituting additional unnumbered interrogatories.

3.   Defendants object to the request to produce documents which concern the requests "indirectly" as vague and unclear.

4.   Defendants object to these  requests to the extent they seek personally identifiable information regarding other students, since this information is confidential and protected by the Family Education Rights Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

4.   Defendants object to Definition Nos. 6, 7, 14 and 21 as overly broad, and encompassing numerous individuals not within the employment or control of Defendants.

5.   Defendants object to the discovery to the extent it seeks the disclosure of information and communications protected by attorney/client privelege, attorney work-product doctrine, and/or other privileges and immunities.

6.   Subject to these general and the following specific objections, when responding to these Document Requests, Defendants expressly reserve the right: (a) to object to the admissibility at trial of any information produced in connection with such responses, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such a modification.

2

Defendants' General Objections are incorporated by reference into each specific response below. Without waiving any of the foregoing General Objections, Defendants provide the following specific objections to the individual requests for documents.

## Responses to Specific Requests for Documents

DOCUMENTS REQUESTED:

Any and all documents concerning, directly or indirectly, the following:

    1.     School Board Prayer.

**RESPONSE:** Defendants object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product doctrine. Subject to the foregoing objections, Defendants will produce the following responsive documents: School Board Meeting agendas, minutes, attendance or sign-in sheets, correspondence, audio recordings, and other documents related to the School Board Prayer issue.

    2.     Communications concerning School Board Prayer.

**RESPONSE:** Defendants object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product doctrine. Defendants further object that this request is vague and unclear inasmuch as it does not identify by whom the communications sought are made. Subject to the foregoing objections, Defendants will produce the following responsive documents: Correspondence related to the School Board Prayer issue.

3

3.    Communications made by or to the School Board concerning:
    a.    Religious Activities;
    b.    The Litigation; and,
    c.    The Settlement Agreement.

**RESPONSE:**  Defendants object to this request as overly broad and beyond the scope of the Court's Order, which limits discovery in this phase of the case to the School Board Prayer issue.  Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product.

4.    Communications made by or to School Board Members concerning:
    a.    Religious Activities;
    b.    The Litigation; and,
    c.    The Settlement Agreement.

**RESPONSE:**  Defendants object to this request as overly broad and beyond the scope of the Court's Order, which limits discovery in this phase of the case to the School Board Prayer issue.  Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product.

5.    The attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

**RESPONSE:**  Defendants object to this request to the extent it is overly broad, inasmuch as it request documents concerning the attendance of Residents, Administrators, or District Representatives.  Defendants further object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board

4

Prayer issue in this phase of the case. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by FERPA. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product. Subject to the foregoing objections, Defendants will produce the following responsive documents: Attendance or sign-in sheets for School Board Meetings related to the School Board Prayer issue; School Board Meeting minutes listing persons in attendance for School Board Meetings related to the School Board Prayer issue; correspondence referencing attendance at School Board Meetings related to the School Board Prayer issue.

6.    Communications concerning the attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

**RESPONSE:** Defendants object to this request to the extent it is overly broad, inasmuch as it request documents concerning the attendance of Residents, Administrators, or District Representatives. Defendants further object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by FERPA. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product. Subject to the foregoing objections, Defendants will produce the following responsive documents:

Correspondence referencing attendance at School Board Meetings related to the School
Board Prayer issue.

7.      Any and all past or current District policies or procedures concerning
complaints from Students, Parents, Residents or District Representatives.

**RESPONSE:** Defendants object to this request to the extent it is overly broad
and beyond the scope of the Court's Order, which limits discovery to the School Board
Prayer issue in this phase of the case. Defendants further object to this request to the
extent it seeks information and communications protected by attorney/client privilege
and/or attorney work-product. Subject to the foregoing objections, Defendants will
produce the following responsive documents: Indian River School District policy manual.

8.      School Board Meetings, including but not limited to notes, agendas,
minutes, presentations, audio recordings, video recordings or preparation materials.

**RESPONSE:** Defendants object to this request as overly broad and unduly
burdensome and beyond the scope of the Court's Order, which limits discovery to the
School Board Prayer issue in this phase of the case. Defendants also object to this
request to the extent it seeks personally identifiable information regarding other students
since this information is confidential and protected by the FERPA. Defendants further
object to this request to the extent it seeks information and communications protected by
attorney/client privilege and/or the attorney work-product doctrine. Defendants further
object to producing materials pertaining to closed meetings which concern personnel or
other sensitive and confidential matters. Subject to the foregoing objections, Defendants
will produce the following responsive documents: School Board Meeting agendas,

6

minutes, attendance or sign-in sheets, correspondence, audio recordings, and other

documents related to the School Board Prayer issue.


9.    Communications concerning School Board Prayer, Religious Activities,
the Litigation, the Settlement Agreement and School Board Meetings between the School
Board, School Board Members or District Administrators with Media, including but not
limited to:

|     |     |                                                                          |
|-----|-----|--------------------------------------------------------------------------|
| a.  | Dan Gaffney or any other Representative of WGMD;                                |
| b.  | James Diehl or any other Representative of the Sussex Post;                     |
| c.  | Lauren Hughes or any other Representative of the Delaware Wave;                 |
| d.  | Sean O'Sullivan, Molly Murray or any other Representative of the News Journal; and, |
| e.  | Any Representative of WBOC.                                                     |

**RESPONSE:** Defendants object to this request as overly broad and beyond the

scope of the Court's Order, which limits discovery to the School Board Prayer issue in

this phase of the case.  Subject to the foregoing objections, Defendants will produce the

following responsive documents: Press releases, correspondence, and/or notes of

conversation with Media related to the School Board Prayer issue, to the extent any such

documents are in the possession and/or control of Defendants.


10.    Communications concerning School Board Prayer, Religious Activities,
the Litigation, the Settlement Agreement and School Board Meetings between the School
Board, School Board Members or District Administrators and the Rutherford Institute.

**RESPONSE:** Defendants object to this request to the extent it is overly broad

and beyond the scope of the Court's Order, which limits discovery to the School Board

Prayer issue at this phase of the case.  Defendants further object that this request seeks

privileged attorney/client communications and/or attorney work-product.

7

11.     Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Alliance Defense Fund.

**RESPONSE:** Defendants object to this request to the extent it is overly broad

and beyond the scope of the Court's Order, which limits discovery to the School Board

Prayer issue at this phase of the case. Defendants further object that this request seeks

privileged attorney/client communications and/or attorney work-product.

12.     The Dobriches.

**RESPONSE:** Defendants object to the extent this request seeks privileged

attorney/client communications and/or attorney work-product. Defendants further object

to this request since, read together with Definition No. 8, it is overly broad. Defendants

further object that this request does not comply with the Court's ordered limitation of

discovery to only the School Board Prayer issue in this phase of the case. Subject to the

foregoing objections, Defendants will produce the following responsive documents:

School Board Meeting agendas, minutes, attendance or sign-in sheets, correspondence,

audio recordings, and other documents related to the Dobriches and the School Board

Prayer issue.

13.     Media reports concerning the School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement or School Board Meetings.

**RESPONSE:** Defendants object to this request to the extent it is overly broad

and beyond the scope of the Court's Order, which limits discovery to the School Board

Prayer issue in this phase of the case. Defendants further object to the extent this request

seeks privileged attorney/client communications and/or attorney work-product. Defendants also object to the extent this request seeks documents that are publicly available to which Plaintiffs have reasonably convenient access. Subject to the foregoing objections, Defendants will produce the following responsive documents: Press releases related to the School Board Prayer issue, to the extent any such documents are in the possession and/or control of Defendants.

     14.    Procedures for monitoring any public statement or news coverage of the District.

     **RESPONSE:** Defendants object to this request on the ground that the information sought is not relevant to the claim or defense of any party to this action, nor is it reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants object to the extent this request seeks privileged attorney/client communications and/or attorney work-product.

     15.    Procedures for monitoring, storing, preserving or retaining documents.

     **RESPONSE:** Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Subject to the foregoing objections, Defendants will produce the following responsive documents: Indian River School District Records Retention Schedule.

16.    Procedures for monitoring, storing, preserving or retaining communications.

**RESPONSE:** Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Subject to the foregoing objections, Defendants will produce the following responsive documents: Indian River School District Records Retention Schedule.

17.    Past and current procedures concerning any disciplinary action that the School Board could take or has taken concerning any Student, District Administrator, School Administrator or District Representatives.

**RESPONSE:** Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. This request is substantially over broad in potentially encompassing ever student discipline hearing or employee grievance hearing that the School Board has ever held. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by the FERPA. Defendants further object to the extent this request seeks privileged attorney/client communications. Subject to the foregoing objections, Defendants will produce the following responsive documents: Indian River School District policy manual.

18.    Documents that Defendant contends support any answer concerning School Board Prayer in the Defendant's Answer To The Complaint With Affirmative Defenses Of Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, And Earl J. Savage, In Their Official Capacity, And The Indian River School Board, And The Indian River School District.

10

**RESPONSE:** Defendants object to the extent this request seeks attorney work-product. Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants further object to the extent that this request is premature because Defendants have not yet filed an answer to the Plaintiffs' First Amended Complaint. Subject to the foregoing objections, Defendants will produce responsive documents as described in paragraphs 1, 2, 5, 6, 7, 8, 9, 12, 13, 15, 16, and 17 above.

19.     Documents that Reginald L. Helms contends support any answer concerning School Board Prayer in his Answer Of Defendant Reginald L. Helms In His Official Capacity.

**RESPONSE:** Defendants object to the extent this request seeks attorney work-product. Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants further object to the extent that this request is premature because Defendants have not yet filed an answer to the Plaintiffs' First Amended Complaint. Subject to the foregoing objections, Defendants will produce responsive documents as described in paragraphs 1, 2, 5, 6, 7, 8, 9, 12, 13, 15, 16, and 17 above.

20.     All documents used by Defendants to answer plaintiffs' interrogatories or requests for admission.

**RESPONSE:** Defendants object to the extent this request seeks privileged attorney/client communications and/or attorney work-product. Subject to the foregoing

11

objections, Defendants will produce responsive documents as described in paragraphs 1,

2, 5, 6, 7, 8, 9, 12, 13, 15, 16, and 17 above.

*Jason P Gosselin*

Warren T. Pratt (DE Bar I.D. #4334)
Jason P. Gosselin (*pro hac vice*)
Jarrod D. Shaw (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Suite 1000
Wilmington, DE 19801-1243
(302) 467-4200
(302) 467-4201 fax

*Attorneys for the Defendants*
*Indian River School Board, and*
*Indian River School District*

Dated: June 26, 2006

**Certificate of Service**

I, Jeffrey M. Boerger, certify that on the 26th day of June, 2006, a true and correct

copy of the attached Amended Responses to Plaintiffs' First Request for Production of

Documents was served upon the following counsel by overnight courier:

> Thomas J. Allingham II, Esq.
> Robert S. Saunders, Esq.
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> Wilmington, DE  19899
> *Attorneys for Plaintiffs*

Jeffrey M. Boerger, Esquire

13

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,                )
                                     )
                Plaintiffs,          )
                                     )
vs.                                  )        Civil Action No. 05-cv-00120-JJF
                                     )
HARVEY L. WALLS, et al.,             )
                                     )
                Defendants.          )
                                     )

## DEFENDANTS INDIAN RIVER SCHOOL BOARD AND INDIAN RIVER SCHOOL DISTRICT'S OBJECTIONS AND RESPONSES TO PLAINTFFS' FIRST INTERROGATORIES

Defendants Indian River School Board and Indian River School District

("Defendants"), by counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure hereby serve the following Objections and Responses to Plaintiffs' First

Interrogatories to Defendants propounded in the above-captioned action:

### General Objections

1.      Defendants object to the definitions and instructions to the extent they are

overly broad, unduly burdensome and purport to impose obligations beyond the scope of

Rule 26 of the Federal Rules of Civil Procedure, and/or beyond the scope of the Court's

March 24, 2006 Order ("Court's Order") limiting discovery to only the School Board

Prayer issue in this phase of the case.  Specifically, Defendants object to Definition Nos.

5 and 10 as overly broad and beyond the scope of the Court's Order to the extent they

attempt to expand the definition of School Board Prayer beyond the ordinary meaning of

that phrase and beyond the limited issue as defined by the Court for discovery in this

phase of the case. Defendants object to Definition No. 9 as overly broad, and encompassing numerous individuals not within the employment or control of Defendants.

2.    Defendants object to these requests to the extent they seek personally identifiable information regarding other students, since this information is confidential and protected by the Family Education Rights Privacy Act ("FERPA"), 20 U.S.C. §1232g.

3.    Defendants object to the discovery to the extent it seeks the disclosure of information and communications protected by attorney/client privilege, attorney work product doctrine, and/or other privileges and immunities.

4.    Subject to theses general and the following specific objections, when responding to these Interrogatories, Defendants expressly reserve the right: (a) to object to the admissibility at trial of any information produced in connection with such responses, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such a modification.

Defendants' General Objections are incorporated by reference into each specific interrogatory response.

### Objections and Responses to Specific Interrogatories

1.    Describe the content of any and all School Board prayers.

**RESPONSE**: The Board's prayer policy, including the nature of the prayers which may be delivered, is set forth in Policy BDA.1. The content of specific prayers is contained in some of the audio or videotapes of Board meetings, as well as in some of the documents produced in response to Plaintiffs' requests for production, though the tapes do not record many of them. Additional information concerning the nature or content of Board opening prayers is contained in paragraphs 3, 4 and 5 of the Declaration of Reginald Helms dated August 4, 2005, filed with the Court.

2.    Describe any and all instances in which a School Board member or the School Board has invited, instructed or asked a student to attend a School Board meeting.

**RESPONSE**:   Students are not instructed or required to attend any School Board meetings. Individual School Board members do not invite or ask students to attend School Board meetings. Students may be invited by their school principal to attend in recognition of some honor or achievement. For younger students, that invitation may be made by the principal to the student's parents. In addition, during some portions of the school year, a representative of the student government for the high schools may be invited by the principal to provide a brief update of activities to the School Board at its regular meeting. On a few occasions, students have been invited by the Superintendent to briefly perform a piece of music or some other work before the Board. In all of these situations, attendance of the students or his or her parents is completely optional.

3.    Identify the person(s) responsible for preparing the agendas for School Board Meetings.

**RESPONSE**: The persons responsible for preparing the agendas for School Board meetings include the Superintendent, Board President, Board Vice President, and Board Secretary. Currently those individuals are:

1) Lois M. Hobbs, Superintendent
31 Hosier Street
Selbyville, DE 19975

2) Charles M. Bireley, Board President
31500 Norma Lee Court
Dagsboro, DE 19339

3) John M. Evans, Vice President
24359 Gravel Hill Road
Georgetown, DE 19947

4) Janet Hearn, Board Secretary
31 Hosier Street
Selbyville, DE 19975

4. Describe how the agendas for School Board Meetings are prepared.

**RESPONSE**: The Superintendent prepares the initial agenda draft after consulting with the staff. The basic outline of the agenda is taken from previous meetings and generally does not change. It begins with a Call to Order, then Roll Call, Approval of Agenda, Presentation of Colors and Approval of Minutes from previous meeting. The remaining

3

portions of the agenda change with each specific meeting. Those sections may include, for example, lists of Visitors and Staff in Attendance, Public Comments, Old Business and New Business, Committee Reports, Admin Reports, Financial Reports, Board Communications, Staff Issues, Executive Session Agenda, Deferred Agenda Items, and Student Hearing Reviews which consist of a Board review of actions taken in earlier disciplinary hearings conducted by an administrative hearing officer . The Superintendent then submits the draft agenda to the Board President and Vice-President. The Board President and Vice-President communicate any suggested changes to the Superintendent, the agenda is then finalized, and is then posted.

     **5.**     Identify the religious faith or denomination of any and all School Board Members.

**OBJECTION:** Defendants object to this request as overly broad and not relevant or reasonably related to discovery of information admissible to any of the issues in this phase of the case, in accordance with the Court's March 24, 2006 Memorandum Order, which limits discovery to the School Board Prayer issue.

     **6.**     Describe any and all communications with Media concerning School Board Prayer, the Litigation or the Settlement Agreement.

**RESPONSE:** Defendants object to this interrogatory to the extent it is overly broad and beyond the scope of the Court's March 24, 2006 Memorandum Order, which limits discovery to the School Board prayer issue only at this time. Defendant further objects to this request as overly broad, unduly burdensome and vague to the extent it does not specify or limit the individual speakers about whom it seeks information.

     Some information concerning contacts of Board members by members of the media concerning the issue of Board prayer is contained in the articles being produced by Defendants, although the references to statements by Board members contained therein are not complete or necessarily accurate.

                       INDIAN RIVER SCHOOL BOARD
                       INDIAN RIVER SCHOOL DISTRICT

                       By: _____
                         Charles M. Bireley,
                         Board President

STATE OF DELAWARE

COUNTY OF SUSSEX, to wit:

I hereby certify that on this ___th day of May, 2006, personally appeared Charles M. Bireley, known to me to be the person who executed the foregoing Respones to Plaintiffs' First Set of Interrogatories and having been duly sworn states that he is an official authorized to execute these responses on behalf of the Indian River School Board and Indian River School District, and that they are true and correct to the best of his knowledge and belief.

Notary Public

My Commission Expires:

2/13/2009

JANET L. HEARN
NOTARY PUBLIC
STATE OF DELAWARE
[COMMISSI]ON EXPIRES 2/13/2009

By: _____

Counsel

John D. Balaguer (Bar I.D. 2537)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, Delaware 19899-0709
(302) 467-4501

5

05-17-2006    09:06    From-SUPERINTENDANT                    +                    T-471    P.007/008    F-588

John F. Cafferky, Esq.
William B. Porter, Esq.
Andrea D. Gemignani, Esq.
BLANKINGSHIP & KEITH
4020 University Drive, Suite 300
Fairfax, VA 22030

*Counsel for Defendants the Indian
River School Board, and the Indian
River School District*

Dated: May 15, 2006

05-17-2006  09:06   From-SUPERINTENDANT                    +              T-471  P.008/008  F-588

### Certificate of Service

I certify that on the 12th day of May 2006, a copy of the foregoing Objections was

sent by electronic mail to :

Thomas J. Allingham II, Esq.
Robert S. Saunders, Esq.
One Rodney Square, P.O. Box 636
Wilmington, Delaware, 19899
*Counsel for Plaintiffs*

By: _____
        Counsel

7

# Exhibit E

BDA.1

## BOARD PRAYER AT REGULAR BOARD MEETINGS

1.  In order to solemnify its proceedings, the Board of Education may choose to open its meetings with a prayer or moment of silence, all in accord with the freedom of conscience of the individual adult Board member.

2.  On a rotating basis one individual adult Board member per meeting will be given the opportunity to offer a prayer or request a moment of silence. If the member chooses not to exercise this opportunity, the next member in rotation shall have the opportunity.

3.  Such opportunity shall not be used or exploited to proselytize, advance or convert anyone, or to derogate or otherwise disparage any particular faith or belief.

4.  Such prayer is voluntary, and it is among only the adult members of the Board. No school employee, student in attendance, or member of the community in attendance shall be required to participate in any such prayer or moment of silence.

5.  Any such prayers may be sectarian or non-sectarian, denominational or non-denominational, in the name of a Supreme Being, Jehovah, Jesus Christ, Buddha, Allah, or any other person or entity, all in accord with the freedom of conscience, speech and religion of the individual Board member, and his or her particular religious heritage.

Adopted 10/19/04

**Page 1 of 1**

Exhibit F

Westlaw.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
(Cite as: Slip Copy)

Page 1

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,M.D. Pennsylvania.
Tammy KITZMILLER, et al., Plaintiffs
v.
DOVER AREA SCHOOL DISTRICT, et al.,
Defendants.
No. 04CV2688.

Sept. 22, 2005.

Alex J. Luchenitser, Ayesha Khan, Richard B. Katskee,
Americans United for Separation of Church and State,
Washington, DC, Benjamin M. Mather, Eric J.
Rothschild, Joseph M. Farber, Stephen G. Harvey,
Stacey I. Gregory, Pepper Hamilton LLP, Christopher
J. Lowe, Philadelphia, PA, Mary Catherine Roper,
American Civil Liberties Union of Pennsylvania,
Philadelphia, PA, Paula Kay Knudsen, American Civil
Liberties Union of Pennsylvania, Thomas B. Schmidt,
III, Pepper Hamilton, LLP, Harrisburg, PA, Witold J.
Walczak, American Civil Liberties Union of PA,
Pittsburgh, PA, for Plaintiffs.
Stephen S. Russell, Stock & Leader, York, PA, Ronald
A. Turo, Turo Law Offices, Carlisle, PA, Leonard G.
Brown, Clymer & Musser, P .C., Lancaster, PA, for
Defendants.

**MEMORANDUM AND ORDER**
JOHN E. JONES III, District Judge.
**\*1** THE BACKGROUND OF THIS ORDER IS AS
FOLLOWS:

Pending before the Court are numerous Motions in
Limine filed by Defendants and one Motion in Limine
filed by Plaintiffs in response to Defendants'
Application for Use of Deposition Testimony pursuant
to Fed.R.Civ.P. 32(a)(3)(E) (doc. 191). We will address
the various Motions and Defendants' Application in
turn.

**A. Defendants' Motions in Limine**

**I. Preclude Plaintiffs From Using or Introducing
at Trial Statements Made by Individual Board
Members**

In the Motion, Defendants move the Court to prohibit
Plaintiffs from using or introducing at trial any evidence
regarding statements made by individual board
members. In that regard, Defendants assert that the
statements of individual board members that Plaintiffs
seek to introduce at trial are irrelevant, improper
character evidence, improper evidence of religious
beliefs and opinions, and Defendants argue, even if
relevant, the statements constitute evidence that is more
prejudicial than probative. Finally, Defendants maintain
that the evidence would also be inadmissible if the
school board's policy were construed under
Pennsylvania law.

In response, Plaintiffs argue that the caselaw is clear
that evidence shedding light on the religious purposes
of individual Board members, including their
statements made during Board meetings or in the
broader course of the debate over the biology
curriculum is relevant in assessing the purpose of the
policy and "that evidence shedding light on the history
of the development of intelligent-design creationism is
relevant in assessing what a reasonable observer would
understand about the scientific *bona fides, vel non,* of
that theory, and accordingly of the purpose and effect of
the edict." (Pls.' Br. Opp. Defs.' Mot. Limine at 10).

In this part of their Motion, Defendants are seeking to
exclude statements allegedly made by former board
members at public school board meetings. After a
thorough review of the submissions and applicable
caselaw, we do not find that Plaintiffs should be
precluded from using or introducing at trial any
evidence regarding statements made by individual
board members or administrators to the extent provided
below, for the reasons that follow.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
**(Cite as: Slip Copy)**

Page 2

Federal Rule of Evidence 801 provides that "hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Federal Rule of Evidence 801 goes on to explain that admissions by a party-opponent are statements which are not hearsay, and provides, in pertinent part, as follows:

(d) Statements which are not hearsay. A statement is not hearsay if-

(2) The statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]

Fed.R.Evid. 801(d)(2)(D).

**\*2** We initially note that we find Defendants' argument, concerning the fact that the category of party-opponent admissions is inapplicable to this case as the individual school board members have not been sued and are not parties to this action, unconvincing and erroneous. Named Defendants in this action are the Dover Area School District and the Dover Area School District Board of Directors. As Plaintiffs submit in the sur-reply brief, Fed.R.Evid. 801(d)(2)(D) does not require that the individuals making the statements actually be parties to the action, instead it requires that they be agents of employees of a party to the action. Moreover, as Plaintiffs accurately assert, numerous courts have held that statements made by school-board members and administrators acting as agents for school districts are not hearsay and are admissible as statements by party opponents. *See, e.g., Wilkerson v. Columbus Separate Sch. Dist., 985 F.2d 815, 818 (5th Cir.1993)* (considering statements by school-board members as evidence against the defendant school district because the board members were the school district's agents); *Biver v. Saginaw Township Cmty. Sch., 1986 U.S.App. LEXIS 32878, *22-23 (6th Cir.1986)* (holding that statements of school superintendent at school-board meeting were not hearsay because they were within scope of his agency and were admissible as admissions against party opponent).

We hold that to the extent that statements by members of the Dover Area School Board or administrators were

made at Dover Area School Board meetings, those statements are relevant pursuant to Fed .R.Evid. 401, probative to a central issue in this case, and admissible non-hearsay as a party-opponent admission pursuant to Fed .R.Evid. 801(d)(2)(D). An agency relationship existed between the individual Dover Area School Board members and the Dover Area School District such that members of the Board who spoke in their official capacities at board meetings and administrators who acted in their official capacities were doing so as agents of the Defendant school district concerning a matter (a policy related to the teaching of biology), within the scope of the agency relationship. The subject speech and acts were made during the existence of the relationship. *See* Fed.R.Evid. 801(d)(2)(D).

Accordingly, to the extent that statements were made by members of the Board and administration while acting within the scope of the agency relationship and made during the existence of the relationship, such statements are party-opponent admissions and therefore admissible evidence. Defendants' Motion in Limine to preclude Plaintiffs from using or introducing at trial any evidence regarding statements made by individual board members is denied as provided herein.

### ii. Preclude Plaintiffs From Using or Introducing at Trial Evidence Related to Discovery Institute, Foundation for Thought and Ethics, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon

**\*3** In the Motion, Defendants move the Court to prohibit Plaintiffs from using or introducing at trial any evidence relating to the Discovery Institute, including its so-called "Wedge Document" and "Wedge Strategy," the Foundation for Thought and Ethics ("FTE"), including drafts and versions of the text *Of Pandas and People* ("*Pandas* "), Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon, as such evidence is irrelevant, hearsay, and even if relevant, is more prejudicial than probative pursuant to Fed.R.Evid. 402, 403, 801, and 802.

We are in agreement with Plaintiffs' submission to the extent that Defendants place undue weight on the text

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
**(Cite as: Slip Copy)**

of the Board's resolution itself to show the "purpose" of the Board's change to the biology curriculum and evidence showing the effect of that policy on ninth-grade biology students, to the exclusion of other relevant, probative evidence that the Court may consider to assess the constitutionality of the instant policy. Although Defendants are clearly seeking to persuade the Court that the Board's purpose cannot be illuminated either by its members' own statements in adopting the policy or by consideration of the historic context in which and from which intelligent design emerged, we find that position to be unconvincing and unreasonably restrictive after reviewing applicable, compelling caselaw cited by Plaintiffs. Moreover, as Plaintiffs accurately submit, it is notable that the term "intelligent design" is not defined in the policy. Any relevant evidence that will aid the Court in understanding the concept of "intelligent design" in general and as it applies to the policy shall be admissible so long as that evidence is otherwise permissible under the applicable Federal Rules of Evidence.

Accordingly, the instant Motion in Limine is denied to the extent that Plaintiffs shall not be precluded from using or introducing at trial evidence related to the Discovery Institute, including the "Wedge Document" and "Wedge Strategy," FTE, drafts and versions of the text *Pandas,* Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon at this juncture. We will note that this ruling will not of course act as blanket permission to allow all portions of these publications and subjects into evidence, and Defendants reserve the right to reassert specific objections to the instant material and with regard to the aforementioned individuals at the time of trial.

### iii. Preclude Plaintiffs From Using or Introducing at Trial News Materials

In the Motion, Defendants move the Court to prohibit Plaintiffs from using or introducing at trial newspaper articles, letters to the editor, editorials, and any other news material (collectively referred to as "news materials") as they are hearsay, irrelevant, and more prejudicial than probative pursuant to Fed.R.Evid. 402,

403, 801, and 802.

Just prior to rendering this opinion we received a Joint Motion for Contempt (doc. 197) filed by Defendants and counsel for non-party subpoenaed witnesses, Heidi Bernard-Bubb and Joseph Maldonado (collectively "the Reporters"), in which counsel informed the Court that despite our September 12, 2005 Order limiting the subject matter of the Reporters' depositions, such Reporters will not attend any scheduled depositions in this matter prior to exhaustion of their appeal rights. (Rec. Doc. 197 at ¶¶ 9-10). It is therefore readily apparent to the Court that substantial questions exist as to whether the Reporters will be deposed individually and whether they will testify at the time of trial in Plaintiffs' case-in-chief. As it is unsettled regarding whether the Reporters will testify in any capacity in the case *subjudice,* it would be imprudent and premature to rule upon the instant Motion in Limine. Accordingly, Defendants' Motion in Limine to Preclude Plaintiffs From Using or Introducing at Trial News Materials is deferred until the time of trial.

### iv. Exclude the Testimony of Barbara Forrest, Ph.D.

**\*4** In the Motion, Defendants move the Court to exclude the testimony and expert reports, including the data upon which they are based, of Barbara Forrest, Ph.D., a witness who intends to testify as an expert on behalf of Plaintiffs, pursuant to Federal Rules of Evidence 401, 403, 702, and 703. Defendants argue that Dr. Forrest brings no scientific, technical, or other specialized knowledge to this case and accuses Plaintiffs of using her as a "Trojan Horse" to bring into the courtroom impertinent matters to prejudice the Dover Area School Board ("DASB"). (Defs.' Br. Supp. Mot. Limine at 12). In response, Plaintiffs assert that Dr. Forrest's proffered expert testimony goes directly to the issue of the origins of intelligent-design creationism, that she is qualified to testify as an expert pursuant to Fed.R.Evid. 702, that her methodology is reliable, and that her testimony "fits" the issues in this case.

An initial issue to address is Defendants' contention that Dr. Forrest is not qualified to give an expert opinion in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
**(Cite as: Slip Copy)**

the case *subjudice.* As Defendants submit, Fed.R.Evid. 702 provides, as follows:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. We first recognize that there may be few experts with the particular area of expertise held by Dr. Forrest concerning the "nature and strategy of the intelligent design creationist movement." In fact, Dr. Forrest may be the only such expert. Accordingly, there is no particular touchstone in existence regarding an individual with Dr. Forrest's qualifications and the concept of "specialized knowledge," as there would be for example with an expert who is an accident reconstructionist specialist or one who is versed in the medical field. However, we find nothing in the submissions to indicate at least at this preliminary stage that Dr. Forrest is not an appropriate expert witness in this case. We are in agreement with Plaintiffs that Dr. Forrest's report makes clear that she has "specialized knowledge" on the nature and strategy of the intelligent design creationist movement, and possesses the ability to assimilate information and research topics intimately involved with the concept of intelligent design pursuant to Fed.R.Evid. 702.

Therefore, at this juncture, given Dr. Forrest's credentials, extensive research, and writings on the subject of intelligent design and the intelligent design creationist movement, we will permit her to testify at the time of trial, subject to the opportunity by defense counsel to conduct a voir dire examination on her qualifications. We reserve as we must ultimate judgment concerning her ability and the extent to which she can testify until the trial in this case.

**\*5** The second pertinent rule to consider for purposes of this inquiry is Fed.R.Evid. 703. Federal Rule of Evidence 703 provides, in relevant part, as follows:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

Fed.R.Evid. 703. We recognize that Fed.R.Evid. 703 permits experts to rely on hearsay in expert reports; however, the hearsay statements present in Dr. Forrest's report may be problematic because without more, we are unable to verify the accuracy of the statements at issue, nor can we determine whether the individual statements have been taken out of context. Accordingly, in an effort to be equitable, to balance competing concerns, and after a careful review of the submissions, we hold that to the extent that Dr. Forrest testifies and such testimony references hearsay statements found in her report, we direct Plaintiffs' counsel to stand ready to provide the Court and defense counsel with any pertinent material cited by Dr. Forrest. In particular, we are concerned with quotations within her report attributed to certain individuals, which purport to have been taken from books and publications. Counsel can either provide the Court and defense counsel with the entire article or section, for example, or a verifiable portion thereof with the quotation at issue clearly marked for inspection. This process will allow for any statement(s) taken from publications to be verified for accuracy purposes and to ascertain whether such statement was taken out of context. Finally, we are in agreement with Plaintiffs inasmuch as they assert that Dr. Forrest's testimony should be allowed in these areas as Defendants are free to cross-examine her concerning any and all inaccuracies present in her characterization of intelligent-design writings.

### v. Exclude the Testimony of Jeffrey Shallit, Ph.D.

In the Motion, Defendants move the Court to exclude the testimony and expert report of Plaintiffs' rebuttal witness, Jeffrey Shallit, Ph.D pursuant to Fed.R.Civ.P. 37.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
(Cite as: Slip Copy)

Inasmuch as the parties agreed at oral argument on Defendants' previously filed Motion for Summary Judgment, conducted on September 9, 2005, that Plaintiffs will not present Dr. Shallit during Plaintiffs case-in-chief and will instead reserve him as a rebuttal witness, if necessary, we will defer any further resolution of the issues presented in this Motion, until and if they are reasserted by defense counsel at the time of trial. We specifically note that Defendants reserve all arguments with respect to the suitability of Dr. Shallit's testimony as a rebuttal witness, if so called by Plaintiffs, until the time of his trial testimony.

## B. Plaintiffs' Motion in Limine

### I. Exclude Deposition Testimony of Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker

**\*6** Defendants filed an Application for Use of Deposition Testimony Pursuant to Fed.R.Civ.P. 32(a)(3)(E) (doc. 191) in which they request permission to use designated portions of deposition testimony from former board members, Angie Yingling, Carol Brown, Jeff Brown, or science faculty employed by Dover Area School District, Bertha Spahr, Jennifer Miller, and Rob Linker. In support thereof, Defendants contend that this case presents extraordinary circumstances which support the use of the designated deposition testimony, including, for example the length of the trial which will involve detailed testimony from fact and expert witnesses and the fact that the aforementioned witnesses are adverse to Defendants. Defense counsel asserts that use of the designated testimony will serve the interest of justice with due regard for the importance of presenting the testimony of witnesses orally and in open Court, as this is a bench trial, and the designated testimony will be of material assistance to the Court.

In response, Plaintiffs filed a Motion in Limine to Exclude the Deposition Testimony of Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker in which they assert that the Declarants' depositions are inadmissible hearsay and that no "exceptional circumstances" exist allowing the

designation deposition testimony to be admitted in evidence.

First, we note that the testimony Defendants seek to admit into evidence is hearsay as such testimony was offered at depositions and will be offered to prove the truth of the matter asserted. See Fed.R.Evid. 801; New Jersey Turnpike Auth. v. PPG Indus., 197 F.3d 96, 111-12 (3d Cir.1999); United States v. Kelly, 892 F.2d 255, 261 (3d Cir.1989). Second, as Plaintiffs submit, Fed.R.Evid. 804 provides hearsay exceptions and specifically contemplates deposition testimony. Such testimony is admissible only in limited circumstances. Federal Rule of Evidence 804(b) concerning hearsay exceptions, provides, in pertinent part, as follows:
**(b) Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
**(1) Former testimony.** Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with the law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed.R.Evid. 804(b) (emphasis added). Accordingly, the party seeking admission of the out of court statement, Defendants, bear the burden of proving the unavailability of the declarant. See Kirk v. Raymark Indus., Inc., 61 F.3d 147, 165 (3d Cir.1995) (finding the admission of prior testimony to be in error because the plaintiff did not establish that the witness was unavailable). A witness is "unavailable" pursuant to Fed.R.Evid. 804(a) when he or she "is absent from the hearing and the proponent of a statement has been unable to procure his attendance ... by process or other reasonable means." [FN1] Fed.R.Evid. 804(a)(5).

> FN1. The four remaining definitions of "unavailability of a witness" are not relevant to the disposition of Plaintiffs' Motion in Limine and Defendants' Application. Fed.R.Evid. 804(a)(1)-(4).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
**(Cite as: Slip Copy)**

Page 6

*7 We hold that all of the Declarants at issue in Defendants' Application are "available" under Fed.R.Evid. 804 as they are all within the subpoena powers of the Court because they either live in the Middle District of Pennsylvania or are within 100 miles of the place of trial. See Fed.R.Civ.P. 45(b)(2) (Federal courts may issue subpoenas in the district in which that court sits or anywhere within 100 miles of the place of the trial); Zenith Radio Corp. v. Matsushita Electric Industrial Co., 505 F.Supp. 1190, 1249 (E.D.Pa.1980), aff'd in part and rev'd in part on other grounds, 723 F.2d 238 (3d Cir.1983) ("[I]t has long been the rule that inability to procure attendance by 'process or other reasonable means' is satisfied by demonstration of inability to serve a subpoena." In addition, the court found that Japanese citizens living in Japan were "unavailable" because they "are beyond the subpoena power of this court."). Moreover, Plaintiffs have subpoenaed all of the Declarants and four of the six witnesses, Carol Brown, Jeff Brown, Bertha Spahr, and Jennifer Miller, have been subpoenaed to testify at trial by Plaintiffs. We therefore find that the hearsay exceptions located in Fed.R.Evid. 804 are not applicable.

Finally, Defendants have advised the Court that they intend to invoke Fed.R.Civ.P. 32 to admit Declarants' deposition testimony into evidence. Federal Rule 32 addresses the use of deposition in court proceedings and allows the deposition of a witness to be used if the court finds that "exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." Fed.R.Civ.P. 32(a)(3)(F). After a careful review of the record and the submissions, contrary to Defendants' contentions, we hold that no exceptional circumstances are present that would prevent the Declarants from testifying at trial. As Plaintiffs accurately explain, the Declarants are all within the subpoena powers of this Court, thus not "unprocurable through a subpoena" or at a great distance from this Court. See Allgeier v. United States, 909 F.2d 869, 876 (6th Cir.1990) (witness's position as a doctor was not enough to render him "unavailable"). Neither are the Declarant's deceased or unable to attend or testify because of age, illness, infirmity, or imprisonment.

Fed.R.Civ.P. 32(a)(3).

Accordingly, the deposition testimony that Defendants seek to admit into trial constitutes inadmissible hearsay statements which fail to satisfy any hearsay exception. Moreover, as previously noted, the Declarants are available to testify at trial, are within the subpoena powers of this Court, and four of the six Declarants will be testifying in Plaintiffs' case at trial. Plaintiffs' Motion in Limine to Exclude the Deposition Testimony of Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker is therefore granted. Defendants' Application for Use of Deposition Testimony Pursuant to Fed.R.Civ.P. 32(a)(3)(E) is denied.

*8 NOW, THEREFORE, IT IS ORDERED THAT:

1. Defendants' Motion in Limine to Preclude Plaintiffs From Using or Introducing at Trial Statements Made by Individual Board Members (doc. 151) is denied as provided herein.

2. Defendants' Motion in Limine to Preclude Plaintiffs From Using or Introducing at Trial Evidence Related to Discovery Institute, Foundation for Thought and Ethics, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon (doc. 156) is DENIED. We will note that this ruling will not of course act as blanket permission to allow all portions of these publications and subjects into evidence, and Defendants reserve the right to reassert specific objections to the instant material and with regard to the aforementioned individuals at the time of trial.

3. Defendants' Motion in Limine to Preclude Plaintiffs From Using or Introducing at Trial News Materials (doc. 148) is DEFERRED until the time of trial.

4. Defendants' Motion in Limine to Exclude the Testimony of Barbara Forrest, Ph.D. (doc. 158) is DENIED.

5. As the parties agreed at the September 9, 2005 oral argument on Defendants' previously filed Motion for Summary Judgment that Plaintiffs will not present Dr. Shallit during Plaintiffs' case-in-chief and will instead

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
**(Cite as: Slip Copy)**

reserve him as a rebuttal witness, if necessary, we will defer any further resolution of the issues presented in Defendants' Motion in Limine to Exclude the Testimony of Jeffrey Shallit, Ph.D. (doc. 154), until if and when they are reasserted by defense counsel at the time of trial.

6. Plaintiffs' Motion in Limine to Exclude Deposition Testimony of Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker (doc. 190) is GRANTED.

7. Defendants' Application for Use of Deposition Testimony Pursuant to Fed.R.Civ.P. 32(a)(3)(E) is DENIED.

M.D.Pa.,2005.
Kitzmiller v. Dover Area School Dist.
Slip Copy, 2005 WL 4147867 (M.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3136720 (Trial Motion, Memorandum and Affidavit) Memorandum of Law In Support of Admissibility of Editorials and Letters to the Editor in the York Daily Record and York Dispatch from the Period June 1, 2004, Through September 1, 2005 (Oct. 28, 2005) Original Image of this Document (PDF)
• 2005 WL 3136718 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Strike ""brief of Amici Curiae Biologists and Other Scientists in Support of Defendants" and ""Brief of Amicus Curiae, the Discovery Institute" (Oct. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 3136716 (Trial Motion, Memorandum and Affidavit) Brief of Amicus Curiae, the Discovery Institute (Oct. 17, 2005) Original Image of this Document (PDF)
• 2005 WL 3628833 (Trial Motion, Memorandum and Affidavit) Brief of Amicus Curiae, the Discovery Institute (Oct. 17, 2005) Original Image of this Document (PDF)
• 2005 WL 3136714 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiffs' Objections to Defendants' Counter Designations of Deposition Testimony (Oct. 11, 2005) Original Image of this Document (PDF)

• 2005 WL 3628832 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Plaintiffs' Objections to Defendants' Counter Designations of Deposition Testimony (Oct. 11, 2005) Original Image of this Document (PDF)
• 2005 WL 3136712 (Trial Motion, Memorandum and Affidavit) Brief of Amici Curiae Biologists and Other Scientists in Support of Defendants (Oct. 3, 2005) Original Image of this Document (PDF)
• 2005 WL 3628830 (Trial Motion, Memorandum and Affidavit) Motion to Quash Subpoenas or for Protective Order (Sep. 22, 2005) Original Image of this Document (PDF)
• 2005 WL 3628831 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Joseph Maldonado and Heidi Bernhard-Bubb in Support of Motion to Quash Subpoenas or for Protective Order (Sep. 22, 2005) Original Image of this Document (PDF)
• 2005 WL 3628826 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Sur-Reply in Opposition to Defendants' Reply Brief in Support of Its Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial News Materials (Sep. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3628827 (Trial Motion, Memorandum and Affidavit) Defendants' Reply in Support of Motion in Limine to Exclude the Testimony of Barbara Forrest, Ph.D. (Sep. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3628828 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Brief in Support of Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial Statements Made by Individual Board Members (Sep. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3628829 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Brief in Support of Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial Evidence Related to Discovery Institute, Foundation for Thought and Ethics, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon (Sep. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3628825 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Brief in Support of Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial News Materials (Sep. 20, 2005)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
**(Cite as: Slip Copy)**

Original Image of this Document (PDF)
• 2005 WL 3628824 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion Inlimineto Exclude the Deposition Testimony of Jeffrey Brown, Carol Brown, Angie Yingling, Bertha Spahr, Jennifer Miller, and Robert Linker (Sep. 19, 2005) Original Image of this Document (PDF)
• 2005 WL 3628822 (Trial Motion, Memorandum and Affidavit) Memorandum of Courtroom Television Network LLC in Support of Its Motion for Reconsideration of the Courts Memorandum and Order Dated September 7, 2005 (Sep. 9, 2005) Original Image of this Document (PDF)
• 2005 WL 3628809 (Trial Motion, Memorandum and Affidavit) Defenda Ants' Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial News Materials (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628810 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Support of Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial News Materials (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628811 (Trial Motion, Memorandum and Affidavit) Defendants' Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial Statements Made By Individual Board Members (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628812 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Support of Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial Statements Made By Individual Board Members (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628813 (Trial Motion, Memorandum and Affidavit) Defendants' Motion in Limine to Exclude the Testimony of Jeffrey Shallit, PH.D. (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628814 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Support of Motion in Limine to Exclude the Testimony of Jeffrey Shallit, PH.D. (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628815 (Trial Motion, Memorandum and Affidavit) Defendants' Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial Evidence Related to Discovery Institute, Foundation for Thought

and Ethics, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and Dean Kenyon (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628816 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Support of Motion in Limine to Preclude Plaintiffs from Using or Introducing at Trial Evidence Related to Discovery Institute, Foundation for Thought and Ethics, Jon Buell, Charles Thaxton, Phillip Johnson, Percival Davis, and De an Kenyon (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628817 (Trial Motion, Memorandum and Affidavit) Defendants' Motion in Limine to Exclude the Testimony of Barbara Forrest, Ph.D. (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628818 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Support of Motion in Limine to Exclude the Testimony of Barbara Forrest, PH.D. (Sep. 6, 2005) Original Image of this Document (PDF)
• 2005 WL 3628807 (Trial Motion, Memorandum and Affidavit) Unopposed Motion of Courtroom Television Network LLC to Intervene (Sep. 2, 2005) Original Image of this Document (PDF)
• 2005 WL 3628808 (Trial Motion, Memorandum and Affidavit) Memorandum of Courtroom Television Network LLc in Support of Its Unopposed Motion to Intervene (Sep. 2, 2005) Original Image of this Document (PDF)
• 2005 WL 3628819 (Trial Motion, Memorandum and Affidavit) Unopposed Motion of Intervenor Courtroom Television Network LLC for Leave to Record and Telecast Trial Proceedings (Sep. 2, 2005) Original Image of this Document (PDF)
• 2005 WL 3628820 (Trial Motion, Memorandum and Affidavit) Memorandum of Courtroom Television Network LLC in Support of its Unopposed Motion for Leave to Record and Telecast Trial Proceedings (Sep. 2, 2005) Original Image of this Document (PDF)
• 2005 WL 3628823 (Trial Motion, Memorandum and Affidavit) Memorandum of Courtroom Television Network LLC In Support of Its Unopposed Motion for Leave to Record and Telecast Trial Proceedings (Sep. 2, 2005) Original Image of this Document (PDF)
• 2005 WL 3628806 (Trial Motion, Memorandum and Affidavit) Reply Brief of Joseph Maldonado and Heidi Bernhard-Bubb in Support of Motion for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
(Cite as: Slip Copy)

Page 9

Reconsideration of Court Order Dated August 2, 2005 (Aug. 31, 2005) Original Image of this Document (PDF)
• 2005 WL 3628805 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Reporters' Motion to Reconsider This Court's Order of August 2, 2005 (Aug. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 3628804 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Brief in Support of Motion for Summary Judgment (Aug. 19, 2005) Original Image of this Document (PDF)
• 2005 WL 3628802 (Trial Motion, Memorandum and Affidavit) Motion for Reconsideration (Aug. 11, 2005) Original Image of this Document (PDF)
• 2005 WL 3628803 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Joseph Maldonado and Heidi Bernhard-Bubb in Support of Motion for Reconsideration of Court Order Dated August 2, 2005 (Aug. 11, 2005) Original Image of this Document (PDF)
• 2005 WL 3628801 (Trial Motion, Memorandum and Affidavit) Opposition to Defendants' Motion for Summary Judgment (Aug. 8, 2005) Original Image of this Document (PDF)
• 2005 WL 3628799 (Trial Motion, Memorandum and Affidavit) Defendants' Motion for Summary Judgment Pursuant to ¢yFed. R. Civ. P. 56¢y¢r;0001;;LQ;USFRCPR56;1004365;¢r (Jul. 13, 2005) Original Image of this Document (PDF)
• 2005 WL 3628800 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Support of Motion for Summary Judgment (Jul. 13, 2005) Original Image of this Document (PDF)
• 2005 WL 3628798 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Brief in Support of Their Motion to Compel Nonparties, Maldonado, Bernhard-Bubb, York Dispatch, and York County Daily Record to Comply with Subpoenas (Jul. 1, 2005) Original Image of this Document (PDF)
• 2005 WL 3628797 (Trial Motion, Memorandum and Affidavit) Brief in Reply to Defendants' Response in Opposition to Motion to Quash or for a Protective Order Filed By Joseph Maldonado and Heidi Bernhard-Bubb (Jun. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 3628795 (Trial Motion, Memorandum and

Affidavit) Brief in Opposition to Defendants' Motion to Compel Nonparties to Comply with Subpoenas (Jun. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 3628796 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Defendants' Motion to Compel Non-Parties Maldonado and Bernhard-Bubb, York Dispatch, and York County Daily Record, to Comply with Subpoenas (Jun. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 3628794 (Trial Motion, Memorandum and Affidavit) Defendants' Response in Opposition to Motion to Quash or for a Protective Order Filed by Joseph Maldonado and Heidi Bernhard-Bubb (Jun. 23, 2005) Original Image of this Document (PDF)
• 2005 WL 3628793 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Support of Motion to Compel Nonparties, Maldonado, Bernhard-Bubb, York Dispatch, and York County Daily Record, to Comply With Subpoenas (Jun. 15, 2005) Original Image of this Document (PDF)
• 2005 WL 3628792 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief Opposing Application to Intervene By Foundation for Thought and Ethics (Jun. 14, 2005) Original Image of this Document (PDF)
• 2005 WL 3628790 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Motion of Non-Parties Joseph Maldonado and Heidi Bernhard-Bubb to Quash Subpoena or for Protective Order (Jun. 10, 2005) Original Image of this Document (PDF)
• 2005 WL 3628791 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Joseph Maldonado and Heidi Bernhard-Bubb in Support Of Motion to Quash Subpoena or For Protective Order (Jun. 10, 2005) Original Image of this Document (PDF)
• 2005 WL 3406668 () (Partial Testimony) (May 25, 2005) Original Image of this Document (PDF)
• 2005 WL 3628787 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief Opposing Defendants' Motion For A Protective Order (May 10, 2005) Original Image of this Document (PDF)
• 2005 WL 3628789 (Trial Motion, Memorandum and Affidavit) Non-Parties Foundation for Thought and Ethics and Jon A. Buell's Motion for Protective Order and/or to Quash Subpoenas and Brief in Support (May 9, 2005) Original Image of this Document (PDF)
• 2005 WL 3406667 () Declaration of Dr. Dick M. Carpenter, II (May 7, 2005) Original Image of this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
**(Cite as: Slip Copy)**

Document (PDF)
• 2005 WL 3628786 (Trial Motion, Memorandum and Affidavit) Defendants' Motion For A Protective Order (May 4, 2005) Original Image of this Document (PDF)
• 2005 WL 3415842 () Declaration of Dr. Michael Behe (Mar. 24, 2005) Original Image of this Document (PDF)
• 2005 WL 3628785 (Trial Motion, Memorandum and Affidavit) Defendants' Reply in Support of Motion to Dismiss (Feb. 25, 2005) Original Image of this Document (PDF)
• 2005 WL 3628783 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss (Feb. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 3628784 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support Of Application to Intervene as Defendants (Feb. 18, 2005) Original Image of this Document (PDF)
• 2005 WL 3628781 (Trial Motion, Memorandum and Affidavit) Defendants' Response to Motion to Intervene (Feb. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 3628782 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum of Law in Opposition to Proposed Intervenors' Application to Intervene as Defendants (Feb. 4, 2005) Original Image of this Document (PDF)
• 2005 WL 3628779 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss Pursuant to ¢yFed. R. Civ. P. 12¢y¢r;0001;;LQ;USFRCPR12;1004365;¢r (Jan. 28, 2005) Original Image of this Document (PDF)
• 2005 WL 3628780 (Trial Motion, Memorandum and Affidavit) Defendants' Brief in Support of Motion to Dismiss (Jan. 28, 2005) Original Image of this Document (PDF)
• 2005 WL 3628777 (Trial Motion, Memorandum and Affidavit) Application to Intervene as Defendants (Jan. 17, 2005) Original Image of this Document (PDF)
• 2005 WL 3628778 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Application to Intervene as Defendants (Jan. 17, 2005) Original Image of this Document (PDF)
• 2005 WL 3628788 (Trial Motion, Memorandum and Affidavit) Non-Party Foundation for Thought and Ethics' Memorandum In Support of Motion for Protective Order (2005) Original Image of this

Document (PDF)
• 2004 WL 3008270 (Trial Pleading) Complaint (Dec. 14, 2004) Original Image of this Document (PDF)
• 2004 WL 3646142 (Trial Pleading) Complaint (Dec. 14, 2004) Original Image of this Document (PDF)
• 2004 WL 3646143 (Trial Pleading) Answer (Jan. 3, 2004) Original Image of this Document (PDF)
• 2004 WL 3636945 () Oral deposition of Brian Alters. Ph.D., taken at the law offices of Pepper Hamilton, LLP, 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, Pennsylvania, on June 2, 2003, at 9:01 a.m., before Jennifer L. Beraudez, a Registered Professional Re porter, and Notary Public. pursuant to notice. (2004) Original Image of this Document (PDF)
• 2004 WL 3646144 (Trial Pleading) Answer in Intervention (2004) Original Image of this Document (PDF)
• 2004 WL 3646145 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum Of Law In Support Of Motion For A Protective Order (2004) Original Image of this Document (PDF)
• 2004 WL 3646146 (Trial Motion, Memorandum and Affidavit) Non-Party Foundation for Thought and Ethics' Motion for Protective Order (2004) Original Image of this Document (PDF)
• 2004 WL 3646147 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Application to Intervene By Foundation for Thought and Ethics (2004) Original Image of this Document (PDF)
• 2004 WL 3646148 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Compel Nonparties, Maldonado, Bernhard-bubb, York Dispatch, and York County Daily Record, to Comply With Subpoenas (2004) Original Image of this Document (PDF)
• 2004 WL 3646149 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Motion of Non-Parties Joseph Maldonado and Heidi Bernhard-Bubb to Quash Subpoena or for Protective Order (2004) Original Image of this Document (PDF)
• 2004 WL 3646150 (Trial Motion, Memorandum and Affidavit) Reply of Foundation for Thought and Ethics to Plaintiffs' and Defendants' Opposition to Fte's Application to Intervene (2004) Original Image of this Document (PDF)
• 2004 WL 3646151 (Trial Motion, Memorandum and Affidavit) Brief of Amici Curiae Biologists and Other

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 4147867 (M.D.Pa.)
**(Cite as: Slip Copy)**

Scientists in Support of Defendants (2004) Original
Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit G

Dec-23-2005  09:29am  From-SUPERINTENDANT                    +                    T-393   P.002/002   F-035

Serving the Heart of Sussex County                                   The Sussex Post, December 22, 2005

# Indian River board to ponder settlement

## offer

### Could end court case over prayer issue

By James Diehl
Sussex Post

SELBYVILLE — A six-figure settlement offer is on the table in the ongoing court battle over prayer in the Indian River School District — but Board member Reginald Helms wants no part of it.

The former board vice president said Tuesday that it's time for Christians to finally chop a line in the sand.

"It's time for us to stand up for our rights and I think the public supports us in that," Mr. Helms said via conference call earlier this week. "I feel we're obligated to them to stand up and see this through."

Mr. Helms is represented in the case by Thomas S. Neuberger of the Rutherford Institute, a nonprofit civil liberties organization committed to defending constitutional and human rights.

Mr. Neuberger recommended to Mr. Helms that he and the entire Indian River board of education vote against the recommendation of the district's insurance company of a global settlement

"It's time for Christians to stand up for our rights and I think the public supports us in that. I feel we're obligated to them to stand up and see this through."

— Reginald Helms,
Indian River board of education member

The insurance company is lobbying to get the settlement approved and Reggie is doing just the opposite," Mr. Neuberger said.

Mr. Helms confirmed on Tuesday that the Indian River board has tentatively scheduled a meeting for Jan. 9, at which time they are expected to vote on the settlement proposal.

"I'm afraid that if we make any kind of settlement that they'll feel they got want they wanted," Mr. Helms said. "I just think this needs to be settled by the court once and for all."

Earlier this year, Mona and Marco Dobrich and their 12-year-old son, Alexander, and two other unnamed parents and their children filed a lawsuit against the district, seeking monetary damages and injunctive relief.

In June 2004, Mrs. Dobrich, a district parent whose family is Jewish, complained about Christian prayer at her daughter's Sussex Central High School graduation ceremony.

In response, the Indian River board issued new policies governing commencement and baccalaureate services which stated student-initiated, student-delivered voluntary messages were permissible during such ceremonies.

Throughout the debate, the board of education continued its custom of beginning board meetings with voluntary prayer by a board member, despite a request by the American Civil Liberties Union to stop praying at meetings.

The debate has become a hot topic issue in the district, culminating last August when several hundred people packed Frankford Elementary School for the board of education's monthly board meeting.

Of the several people who publicly spoke out in favor of the district's stance that day was Rep. Gerald Hocker, R-Ocean View.

"You have the public behind you," Rep. Hocker said at that meeting. "If you do not do the right thing, the public will take you out, not the ACLU."

The formal discussion on the issue in early January will be held behind closed doors. The vote, however, will be in open session.

"Even though we are Christians, we have rights also and I just feel that sometimes they want to take our rights away from us," Mr. Helms said. "When we had a meeting at the beginning of this issue, there was overwhelming support for the board. In their stance on prayer before board meetings. Our public is in support of what we're doing and I think it needs to be decided by the courts."

Mr. Neuberger would not give any specifics on the settlement offer, except to say that it was "six figures."

He did express concern, however, that to not allow U.S. District Judge Joseph Farnan to rule on the case could open the school district to further litigation in the future.

"What this (would do) is prevent the judge from issuing his legal ruling on the pending legal papers," Mr. Neuberger said. "It prevents any legal precedent from being established which would protect the board from claims in the future or benefit other public bodies elsewhere in the country."

Earlier this year, Judge Farnan granted a defense motion dismissing all claims against individual Indian River School District board of education members.

The case against the district is still open, however, pending the possible settlement.

Mona Dobrich James Diehl can be reached at 629-5505 or jdiehl@newszap.com.