IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MONA DOBRICH, et al., | x : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : : : | |
| Defendants. | : x | |

## PLAINTIFFS' MOTION TO COMPEL AN ANSWER TO INTERROGATORY NO. 5 DIRECTED TO DEFENDANTS

Plaintiffs respectfully submit this motion to compel (the "Motion") defendants Indian River School District (the "District") and the Indian River School Board (the "School Board," and together with the District, "Defendants") to answer Interrogatory No. 5 (the "Interrogatory") in Plaintiffs' Interrogatories Directed to Defendants (Exhibit A), and for Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

### BACKGROUND

The Motion arises from Defendants' refusal to answer the Interrogatory which required Defendants to "[d]escribe the religious faith or denomination of any and all School Board Members." (Exhibit A) The School Board members' religious faiths or denominations will demonstrate to the Court the context in which the School Board developed its prayer policy BDA.1 (the "Policy") (Exhibit B), and the School Board's practice under the Policy. Defendants refused to answer the Interrogatory and objected that it was "overly broad and not relevant or

reasonably related to discovery of information admissible to any of the issues in this phase of the case. . . ." (Exhibit C).

On June 28, 2006, Plaintiffs sent Defendants a letter (the "Letter") (Exhibit D) in a good faith attempt to secure the information sought by the Interrogatory. After almost three weeks, Defendants responded on July 17, 2006 to the Letter and claimed that "all that is relevant is whether prayer has occurred at school board meetings, the identity of the person speaking or leading the prayer, and whether the prayer invokes the name of Jesus Christ or the Christian faith in general." (Exhibit E) However, Defendants' Sixth Affirmative Defense claims that the School Board "acted as a legislative body at all times" (D.I. 150 at 15) – telegraphing Defendants' intent to rely on *Marsh v. Chambers*, 463 U.S. 783 (1983).

**ARGUMENT**

The religious faith or denomination of the School Board members is relevant to the purpose underlying the Policy and the School Board's practice under the Policy. In Establishment Clause cases, the facts matter and "both parties . . . should have a fair opportunity to fill the evidentiary gap." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 129 (2001) (Breyer, J., concurring).

Defendants' Sixth Affirmative Defense shows that they intend to rely on *Marsh* in support of the Policy and School Board prayer. However, courts that have rejected prayer by municipal bodies – whether under *Marsh* or not – considered the religious faith of the proponents of such prayer. *See Wynne v. Town of Great Falls*, 376 F.3d 292, 294 (4th Cir. 2004) ("First, the court found that . . . the Mayor and all Council Members are Christian, and that Council Member John Broom 'often' leads the prayer."), *cert. denied*, 125 S. Ct. 2990 (2005); *see also Bacus v. Palo Verde Unified Sch. Dist. Bd. of Educ.*, 52 Fed. Appx. 355, 357 (9th Cir. 2002) ("[Plaintiffs]

. . . do not share the Christian religious beliefs with the school board member who generally performed the invocation. . . ."); *Coles v. Cleveland Bd. of Educ.*, 171 F.3d 369, 373 (6th Cir. 1999) ("With few exceptions, the clergy asked to offer the prayer have been members of the Christian faith."). Here, as in the cases cited above, the Court will need to consider School Board members' religious beliefs in order to give context to the Policy, and the School Board's practice under the Policy. *Cf. Kitzmiller v. Dover Area Sch. Dist.*, No. 04-cv-2688, 2005 WL 4147867, at *1 (M.D. Pa. Sept. 22, 2005) (the religious purposes of school board members for making a policy is relevant in an establishment clause challenge to that policy) (Exhibit F). The Policy permits only the current School Board members to open a School Board meeting with prayer, and therefore the School Board members' religious faith is relevant to the School Board Prayer Issue. Plaintiffs respectfully submit that the Court should grant the Motion and order Defendants to answer the Interrogatory so that the School Board Prayer Issue could "be resolved by a determination of the truth rather than a determination that the truth shall remain hidden." *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984).

Defendants have also admitted that whether School Board prayer "invokes the name of Jesus Christ or the Christian faith in general" is relevant to the School Board Prayer Issue. (Exhibit D) Further, a key concern is whether the School Board members have "exploited [School Board Prayer] to proselytize or advance any one . . . faith or belief." *Marsh*, 463 U.S. at 794-95. While other discovery will demonstrate that School Board Prayer has violated *Marsh*, the religious faith of the School Board members may tend to show whether Defendants would continue to violate *Marsh* in the future. Therefore, the Interrogatory seeks information relevant to Plaintiffs' claims for prospective relief.

Given *Marsh, Wynne, Bacus* and *Coles*, Defendants lack substantial justification for failing to answer the Interrogatory. Therefore, Defendants should pay Plaintiffs' reasonable expenses, including attorneys' fees, for bringing the Motion. *Friction Div. Prods. v. E.I. Du Pont de Nemours & Co.*, 117 F.R.D. 535, 540 (D. Del. 1987); FED. R. CIV. P. 37(a)(4)(A).

For the foregoing reasons, Plaintiffs respectfully request that Defendants be compelled to answer the Interrogatory, and to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

> /s/
> Thomas J. Allingham II (I.D. No. 476)
> Richard S. Horvath, Jr. (I.D. No. 4558)
> One Rodney Square
> P.O. Box 636
> Wilmington, Delaware 19899-0636
> (302) 651-3000
> Attorneys for Plaintiffs

DATED: July 31, 2006