IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MONA DOBRICH, et al., | x<br>:<br>: |  |
| Plaintiffs, | :<br>: |  |
| v. | :<br>: | Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | :<br>:<br>: |  |
| Defendants. | :<br>x |  |

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO THE REQUEST AND ANSWERS TO INTERROGATORIES DIRECTED TO DEFENDANTS

Plaintiffs respectfully submit this motion to compel (the "Motion") defendants Indian River School District (the "District") and the Indian River School Board (the "School Board," and together with the District, "Defendants") to respond to Plaintiffs' First Request for the Production of Documents from Defendants Indian River School District and Indian River School Board (the "Request") (Exhibit A) and to answer Plaintiffs' Interrogatories Directed to Defendants (the "Interrogatories") (Exhibit B), and for Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

### BACKGROUND

The Motion arises from Defendants' refusal to produce any and all documents responsive to the Request and to answer the Interrogatories in keeping with Instruction 3 of the Request and Instruction 1 of the Interrogatories (collectively, the "Instructions"). The Instructions set the relevant time period for the Request and Interrogatories from the earlier of September 1, 1991 or the earliest date that Defendants claim their conduct first occurred, to the present. (Exhibits A and B) The School Board's history of opening its meetings with prayer will

demonstrate to the Court the context in which the School Board developed its prayer policy BDA.1 (the "Policy") (Exhibit C), and the School Board's practice under the Policy. Defendants did not timely object to the Instructions. (*See* Exhibits D and E)

Defendants' responses to the Request and Interrogatories were due on June 26, 2006. Defendants stated for the first time (in a teleconference with Plaintiffs' counsel) that they viewed the relevant time period to be from June 2004. On July 17, 2006, Defendants sent Plaintiffs a letter ("Defendants' Letter") (Exhibit F) in which Defendants claimed that September 1991 was "the earliest date for which [Plaintiffs] have requested information or documents," yet Defendants' Letter still did not object to the Instructions. The parties have been unable to agree on the appropriate time period for discovery.

Defendants' Sixth Affirmative Defense claims that the School Board "acted as a legislative body at all times" (D.I. 150 at 15) – telegraphing Defendants' intent to rely on *Marsh v. Chambers*, 463 U.S. 783 (1983) – and putting Board conduct and communication "at all times" at issue. More specifically, the School Board incorporated Board member Reginald Helms's declaration that the School Board "has a long history and tradition of beginning its meetings . . . [with] prayer" into Defendants' responses to the Interrogatories. (Exhibit E (citing D.I. 61)) Mr. Helms has also declared that this "history actually predates the founding of the Indian River School District in 1969 . . . [and] then continues back and finds its origins in the operations of its several predecessor school districts for several decades before." (D.I. 61)

## ARGUMENT

Defendants have waived their objections to the Instructions by not timely objecting to them when Defendants served their responses to the Request and Interrogatories. *See, e.g., Essex Ins. Co. v. Neely*, -- F.R.D. --, 2006 WL 898107, at *4 (N.D. W. Va. Mar. 31,

2006) (Exhibit G); *see also Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988). Even if the Court determines that Defendants have not waived these objections, evidence of prayer at School Board meetings predating June 2004 is highly relevant (i) to whether there is a unique history of prayer at those meetings, *Marsh*, 783 U.S. at 791, (ii) how a reasonable observer would view the Policy and the School Board's practice of opening its meetings with prayer, and (iii) Defendants' intention to rely on the alleged "long history and tradition" of religious conduct including prayer at School Board meetings.

Defendants' conduct will principally determine the constitutionality of the Policy as written and as applied (the "School Board Prayer Issue"). *Doe v. Barrow County*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (facts relevant to Establishment Clause challenge would come from sources other than the plaintiff). Evidence important to Plaintiffs' case must be discoverable. *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984) (broad discovery in federal civil rights actions). The School Board's "long history and tradition" of opening its meetings with prayer "will matter" because "a history manifesting sectarian purpose . . . will be properly understood as demonstrating a preference for one group of religious believers as against another." *McCreary County v. Am. Civil Liberties Union*, 125 S. Ct. 2722, 2737 n.14 (2005).

Having raised the Board's allegedly long history and tradition of opening its meetings with prayer as an affirmative defense, Defendants "cannot disclose only those facts beneficial to [their] case. . . ." *Friction Div. Prods., Inc. v. E.I. Du Pont de Nemours & Co.*, 117 F.R.D. 535, 538 (D. Del. 1987). One element of *Marsh* is whether the School Board has a "unique history" of opening its meetings with prayer. *Marsh*, 463 U.S. at 791; *see also Mellen v. Bunting*, 327 F.3d 355, 369-70 (4th Cir. 2003) (challenged prayer did not "share Marsh's 'unique history'"). Plaintiffs must have "an opportunity to uncover the foundation for [Defendants']

assertions in order to contradict them." *Friction Div. Prods.*, 171 F.3d at 538. As such, discovery should extend back to the earlier of September 1, 1991 (the month when Samantha Dobrich first attended school) or when Defendants claim the first School Board prayer occurred.

Further, the School Board members' conduct will be judged by the perception of an objective or reasonable observer. *See Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 308 (2000). The Supreme Court has held that "reasonable observers have reasonable memories, and our precedents sensibly forbid an observer 'to turn a blind eye to the context in which [the] policy arose.'" *McCreary*, 125 S. Ct. at 2737 (quoting *Santa Fe*, 530 U.S. at 315). Mr. Helms's declaration (D.I. 61) claims that the Policy is a mere continuation of the School Board's alleged history and tradition, and that history and tradition is relevant to the School Board Prayer Issue.

Given the above precedent holding that history matters for Establishment Clause cases, Defendants lack substantial justification for not complying with the Instructions. Therefore, Defendants should pay Plaintiffs' reasonable expenses, including attorneys' fees, for bringing the Motion. *Friction Div. Prods.*, 117 F.R.D. at 540; FED. R. CIV. P. 37(a)(4)(A).

For the foregoing reasons, Plaintiffs respectfully request that Defendants be compelled to respond to the Request and to answer the Interrogatories, and to pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making the Motion.

/s/ Thomas J. Allingham II
Thomas J. Allingham II (I.D. No. 476)
Richard S. Horvath, Jr. (I.D. No. 4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Attorneys for Plaintiffs

DATED: July 31, 2006

463520.04-Wilmington Server 1A - MSW