# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : No. 05-cv-00120-JJF |
| | : |
| HARVEY L. WALLS, et al., | : |
| | : |
| Defendants. | : |

PLAINTIFFS' FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANTS
INDIAN RIVER SCHOOL DISTRICT AND INDIAN RIVER SCHOOL BOARD

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiffs,

Monda Dobrich, Marco Dobrich, Alexander Dobrich, Jane Doe, John Doe, Jordan

Doe and Jamie Doe, by and through their attorneys of record, hereby request and

demand that defendants Indian River School District and the Indian River School

Board (the "Defendants") shall object or respond to this request within twenty-one

(21) days of the date of service hereof, and produce for examination, inspection and

copying within thirty (30) days of the date of service hereof, at One Rodney Square,

7th Floor, Wilmington, Delaware 19801, the documents and other things designated

below which are in their possession, custody or control, or in the possession, custody

or control of their School Board Members,[1] District Administrators, School Admin-

istrators, teachers, employees, attorneys, agents or others acting in concert with them

or on their behalf.

### DOCUMENTS TO BE PRODUCED

Any and all documents concerning, directly or indirectly, the follow-

ing:

1.    School Board Prayer.

2.    Communications concerning School Board Prayer.

3.    Communications made by or to the School Board concerning:

    a.    Religious Activities;

    b.    The Litigation; and,

    c.    The Settlement Agreement.

4.    Communications made by or to School Board Members

concerning:

    a.    Religious Activities;

    b.    The Litigation; and,

    c.    The Settlement Agreement.

---

[1]    See Definitions and Instructions infra.

5.     The attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

6.     Communications concerning the attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

7.     Any and all past or current District policies or procedures concerning complaints from Students, Parents, Residents or District Representatives.

8.     School Board Meetings, including but not limited to notes, agendas, minutes, presentations, audio recordings, video recordings or preparation materials.

9.     Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators with Media, including but not limited to:

a.     Dan Gaffney or any other Representative of WGMD;

b.     James Diehl or any other Representative of the Sussex Post;

c.     Lauren Hughes or any other Representative of the Delaware Wave;

3

      d.     Sean O'Sullivan, Molly Murray or any other Represen-

              tative of the News Journal; and,

      e.     Any Representative of WBOC.

10.     Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Rutherford Institute.

11.     Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Alliance Defense Fund.

12.     The Dobriches.

13.     Media reports concerning the School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement or School Board Meetings.

14.     Procedures for monitoring any public statement or news coverage of the District.

15.     Procedures for monitoring, storing, preserving or retaining documents.

16.     Procedures for monitoring, storing, preserving or retaining communications.

4

17.    Past and current procedures concerning any disciplinary action that the School Board could take or has taken concerning any Student, District Administrator, School Administrator or District Representatives.

18.    Documents that Defendant contends support any answer concerning School Board Prayer in the Defendant's Answer To The Complaint With Affirmative Defenses Of Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbbs, And Earl J. Savage, In Their Official Capacity, And The Indian River School Board, And The Indian River School District.

19.    Documents that Reginald L. Helms contends support any answer concerning School Board Prayer in his Answer Of Defendant Reginald L. Helms In His Official Capacity.

20.    All documents used by Defendants to answer plaintiffs' interrogatories or requests for admission.

## DEFINITIONS

For purposes of this discovery request, the following words will have the meaning indicated below:

1.    "Alliance Defense Fund" shall mean the non-profit corporation incorporated in the State of Arizona, any attorneys employed or affiliated with

5

the Alliance Defense Fund, and each of their predecessors or successors and any of their present and former parents, subsidiaries, affiliates, divisions, joint ventures or Representatives.

2.     "Communication" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

3.     "Complaint" shall mean the complaint filed by plaintiffs in this action.

4.     "Concerning" shall mean reflecting, relating to, referring to, describing, evidencing or constituting.

5.     "District" shall mean the Indian River School District.

6.     "District Administrators" shall mean the District's past or current: superintendent; assistant superintendent; administrator of student services; director of personnel; director of instruction; director of business and finance; administrative assistant; supervisor of building and grounds; supervisor of food services; supervisor of transportation; supervisor of secondary instruction; supervisor of elementary instruction; and supervisor of special education.

6

7.    "District Representatives" shall mean Representatives of the District other than School Board Members, District Administrators or School Administrators.

8.    "Dobriches" shall mean Mona Dobrich, Marco Dobrich, Alexander Dobrich and Samantha Dobrich.

9.    "Document" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; communications; correspondence; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings, whether audio, video or digital; tapes; microfilms; minutes, records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out. "Document" also means all non-identical copies of original documents and non-identical copies thereof.

7

10.    "Litigation" shall mean the case captioned *Mona Dobrich, et al. v. Indian River School District, et al.*, 05-120-JJF (D. Del.), which was commenced by the filing of the Complaint.

11.    "Media" shall mean any newspaper, magazine, journal, television station, radio station or any other medium or entity, and their employees, used for the dissemination of information.

12.    "Parent" shall mean any parent or legal guardian of any Student.

13.    "Religious Activity" shall mean any activity, conduct, expression, observance, practice or path concerning religion or religious beliefs, including and without limitation: designation of religious days in District or School calendars; distribution of religious documents; performance of religious music; performance of religious plays; presentations concerning religion; prayer; religious clubs; or religious study.

14.    "Representative" as used herein with regard to a person or entity means and shall include, both collectively and individually, each and every present and former employee, agent, independent consultant or expert or other person (including attorneys) acting or purporting to act on behalf of the person or entity.

8

15. "Resident" shall mean anyone whose domicile or place of business is located within the geographical limits of the District.

16. "Rutherford Institute" shall mean the non-profit corporation incorporated in the Commonwealth of Virginia, any attorneys employed or affiliated with the Rutherford Institute, and each of their predecessors or successors and any of their present and former parents, subsidiaries, affiliates, divisions, joint ventures, or Representatives.

17. "School" shall mean any school within the District.

18. "School Administrators" shall mean the principal, assistant principal(s), guidance counselor(s) or other administrators of any School.

19. "School Board" shall mean the school board authorized to administer and to supervise the free public schools of the District under 14 Del. C. § 1043.

20. "School Board Meeting" shall mean any meeting of the School Board sufficient to establish a quorum so that the School Board could transact business under 14 Del. C. § 1048.

21. "School Board Members" shall mean all past and current persons duly elected or appointed to the School Board and their Representatives.

9

22.    "School Board Prayer" shall mean any prayer, invocation or other Religious Activity made at a School Board Meeting by a School Board Member or the Representative of the School Board or a School Board Member.

23.    "Settlement Agreement" shall mean the settlement voted on by the School Board on February 27, 2006.

24.    "Student" shall mean any past or current student attending any School.

25.    The terms "all" and "each" shall be construed as "all and each."

26.    The term "all" or "any" shall mean any and all.

27.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.    You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request.  In addition, documents are to be produced in full and unexpurgated form.

10

2.    In responding to this Request for production, you shall produce all documents in your possession, custody or control, or in the possession, custody or control of your Representatives.

3.    Unless otherwise indicated, the time period covered by this Request is September 1, 1991 to the present. Documents created prior to September 1, 1991 that have been examined, consulted or used in any way since September 1, 1991 shall be produced in response to this Request. Should Defendants contend that any conduct predates September 1, 1991, then the time period covered by this Request shall extend back to the earliest date that Defendants claim the conduct first occurred.

4.    This Request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its Representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

5.    You shall produce not only the originals or exact copies of the originals of all documents requested above, but also copies of such documents which bear any notations or markings not found on the originals and all preliminary, intermediate, final or revised drafts of such documents.

6.    If any document covered by this Request is withheld by reason of a claim of privilege, work product or other ground of nonproduction, you shall

11

state the following information by way of written response: specific description of the document, including its type or nature and general subject matter; date the document was created, executed and received; author(s); recipient(s); title of the document; location of the document and its custodian; type of privilege claimed as grounds for withholding the document (if work-product immunity is being asserted, identify the proceeding for which the document was prepared); and request for production to which such claim relates.

7.    If a portion of an otherwise responsive document contains information that would otherwise be withheld by reason of a claim of privilege, work product or other ground of nonproduction, those portions of the document subject to the claim of privilege, work product or other ground of nonproduction shall be deleted or redacted from the document and the rest of the document shall be produced.

8.    In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: general subject matter of the document; author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; reason for its disposal; person(s) authorizing the disposal; person(s) currently in possession of the document; and person disposing of the document.

12

9.    The singular form of a word should be read in the plural, and vice versa, so as to bring within the scope of these production requests each document that might otherwise be outside the request.

Dated: April 20, 2006

By: *Richard S. Horvath, Jr.*
Thomas J. Allingham II (#0476)
Robert S. Saunders (#3027)
Richard S. Horvath, Jr. (#4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Plaintiffs

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,                    :
                                         :
          Plaintiffs,                    :
                                         :
     v.                                  :  No. 05-cv-00120-JJF
                                         :
HARVEY L. WALLS, et al.,                 :
                                         :
          Defendants.                    :

## PLAINTIFFS' INTERROGATORIES DIRECTED TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiffs, Mona Dobrich, Marco Dobrich, Alexander Dobrich, Jane Doe, John Doe, Jordan Doe and Jamie Doe, by and through their attorneys of record, hereby request and demand that defendants Indian River School District and the Indian River School Board (the "Defendants") answer under oath the following interrogatories in accordance with the instructions and definitions set forth below. Answers to these interrogatories should be served upon plaintiffs at One Rodney Square, 7th Floor, Wilmington, Delaware 19801, within twenty-one (21) days from the date of service of these interrogatories on the Defendants.

## INTERROGATORIES

1.    Describe the content of any and all School Board Prayers.

2.    Describe any and all instances in which the School Board or a School Board Member has invited, instructed or asked a student to attend a School Board Meeting.

3.    Identify the person(s) responsible for preparing the agendas for School Board Meetings.

4.    Describe how the agendas for School Board Meetings are prepared.

5.    Identify the religious faith or denomination of any and all School Board Members.

6.    Describe any and all communications with Media concerning School Board Prayer, the Litigation or the Settlement Agreement.

## DEFINITIONS

For purposes of this discovery request, the following words will have the meaning indicated below:

1.    "Complaint" shall mean the complaint filed by plaintiffs in this action.

2.    "District" shall mean the Indian River School District.

2

3.    "Litigation" shall mean the case captioned *Mona Dobrich, et al. v. Indian River School District, et al.*, 05-120-JJF (D. Del.), which was commenced by the filing of the Complaint.

4.    "Media" shall mean any newspaper, magazine, journal, television station, radio station or any other medium or entity, and their employees, used for the dissemination of information.

5.    "Religious Activity" shall mean any activity, conduct, expression, observance, practice or path concerning religion or religious beliefs, including and without limitation: designation of religious days in District or School calendars; distribution of religious Documents; performance of religious music; performance of religious plays; presentations concerning religion; prayer; religious clubs; and religious study.

6.    "School" shall mean any school within the District.

7.    "School Board" shall mean the school board authorized to administer and to supervise the free public schools of the District under 14 Del. C. § 1043.

8.    "School Board Meeting" shall mean any official meeting of the School Board sufficient to establish a quorum so that the School Board could transact business under 14 Del. C. § 1048.

9.    "School Board Members" shall mean all past and current persons duly elected or appointed to the School Board.

10.    "School Board Prayer" shall mean any prayer, invocation or other Religious Activity made at a School Board Meeting by a School Board Member or the Representative of the School Board or a School Board Member.

11.    "Settlement Agreement" shall mean the settlement voted on by the School Board on February 27, 2006.

12.    "Student" shall mean any past or current student attending any School.

13.    The terms "all" and "each" shall be construed as "all and each."

14.    The term "all" or "any" shall mean any and all.

15.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

<u>INSTRUCTIONS</u>

1.    Unless otherwise specified in a particular interrogatory, the relevant time period shall be September 1, 1991 to the present. Should Defendants contend that any conduct specified in a particular interrogatory predates September 1,

4

1991, then the time period covered by that particular interrogatory shall extend back to the earliest date that Defendants claim the conduct first occurred.

      2.     The use of the word "including" or "includes" is used in the broadest sense of the term and specification of a particular matter in an interrogatory is not meant to exclude any other information that might be responsive to a specific interrogatory.

      3.     Wherever in these interrogatories you are asked to identify a person, you shall state the person's: (a) name and present or last known residence; (b) present or last known business address; (c) present or last known occupation, title and employer; and (d) telephone, internet and e-mail contact information and address.

      4.     These interrogatories shall be deemed continuing so as to require supplemental responses if further or different information responsive to any interrogatory is discovered or obtained at any time prior to trial, to the full extent provided in Federal Rule of Civil Procedure 26(e).

5

5.     All objections to the interrogatories, or to the definitions or

instructions contained herein, shall be made in writing and delivered within twenty-

one (21) days of service hereof at One Rodney Square, 7th Floor, Wilmington,

Delaware 19801.

Dated: April 20, 2006

By: _Richard S. Horvath, Jr._
       Thomas J. Allingham II (#0476)
       Robert S. Saunders (#3027)
       Richard S. Horvath, Jr. (#4558)
       One Rodney Square
       P.O. Box 636
       Wilmington, Delaware 19899
       (302) 651-3000

       Attorneys for Plaintiffs

Exhibit C

BDA.1

## BOARD PRAYER AT REGULAR BOARD MEETINGS

1.  In order to solemnify its proceedings, the Board of Education may choose to open its meetings with a prayer or moment of silence, all in accord with the freedom of conscience of the individual adult Board member.

2.  On a rotating basis one individual adult Board member per meeting will be given the opportunity to offer a prayer or request a moment of silence. If the member chooses not to exercise this opportunity, the next member in rotation shall have the opportunity.

3.  Such opportunity shall not be used or exploited to proselytize, advance or convert anyone, or to derogate or otherwise disparage any particular faith or belief.

4.  Such prayer is voluntary, and it is among only the adult members of the Board. No school employee, student in attendance, or member of the community in attendance shall be required to participate in any such prayer or moment of silence.

5.  Any such prayers may be sectarian or non-sectarian, denominational or non-denominational, in the name of a Supreme Being, Jehovah, Jesus Christ, Buddha, Allah, or any other person or entity, all in accord with the freedom of conscience, speech and religion of the individual Board member, and his or her particular religious heritage.

Adopted 10/19/04

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MONA DOBRICH, et al.,                )
                                     )
                    Plaintiffs,      )
                                     )
vs.                                  )        Civil Action No. 05-cv-00120-JJF
                                     )
HARVEY L. WALLS, et al.,             )
                                     )
                    Defendants.      )
                                     )

## DEFENDANTS INDIAN RIVER SCHOOL BOARD AND INDIAN RIVER SCHOOL DISTRICT'S AMENDED RESPONSES TO PLAINTFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Indian River School Board and Indian River School District

("Defendants"), by counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure hereby serve the following Revised Responses to Plaintiffs' First Request for

Production of Documents from Defendants propounded in the above-captioned action:

### General Objections

1.       Defendants object to the definitions and instructions to the extent they are

overly broad, unduly burdensome and purport to impose obligations beyond the scope of

Rule 26 of the Federal Rules of Civil Procedure, and/or beyond the scope of the Court's

March 24, 2006 Order ("Court's Order") limiting discovery to only the School Board

Prayer issue in this phase of the case.  Specifically, Defendants object to Definitions Nos.

13 and 22 as overly broad and beyond the scope of the Court's Order to the extent they

attempt to expand the definition of School Board Prayer beyond the ordinary meaning of

that phrase and beyond the limited issue as defined by the Court for discovery in this

phase of the case.  Defendants also object to Definition No. 9 to the extent it attempts to

1

define the term more broadly than provided by the Federal Rules of Civil Procedure. Defendants also object to Definition No. 14 and Instruction No. 2 to the extent they seek documents from Defendants beyond the scope of the Federal Rules of Civil Procedure.

2.      Defendants also object to the definitions and instructions to the extent to the extent they effectively constitute unnumbered additional subparts to every document request and/or constitute additional unnumbered interrogatories.  Specifically, Defendants object to Instructions Nos. 6 and 8 as constituting additional unnumbered interrogatories.

3.      Defendants object to the request to produce documents which concern the requests "indirectly" as vague and unclear.

4.      Defendants object to these  requests to the extent they seek personally identifiable information regarding other students, since this information is confidential and protected by the Family Education Rights Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

4.      Defendants object to Definition Nos. 6, 7, 14 and 21 as overly broad, and encompassing numerous individuals not within the employment or control of Defendants.

5.      Defendants object to the discovery to the extent it seeks the disclosure of information and communications protected by attorney/client privelege, attorney work-product doctrine, and/or other privileges and immunities.

6.      Subject to these general and the following specific objections, when responding to these Document Requests, Defendants expressly reserve the right: (a) to object to the admissibility at trial of any information produced in connection with such responses, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such a modification.

Defendants' General Objections are incorporated by reference into each specific response below. Without waiving any of the foregoing General Objections, Defendants provide the following specific objections to the individual requests for documents.

## Responses to Specific Requests for Documents

<u>DOCUMENTS REQUESTED:</u>

Any and all documents concerning, directly or indirectly, the following:

    1.    School Board Prayer.

**RESPONSE:** Defendants object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product doctrine. Subject to the foregoing objections, Defendants will produce the following responsive documents: School Board Meeting agendas, minutes, attendance or sign-in sheets, correspondence, audio recordings, and other documents related to the School Board Prayer issue.

    2.    Communications concerning School Board Prayer.

**RESPONSE:** Defendants object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product doctrine. Defendants further object that this request is vague and unclear inasmuch as it does not identify by whom the communications sought are made. Subject to the foregoing objections, Defendants will produce the following responsive documents: Correspondence related to the School Board Prayer issue.

3

3.      Communications made by or to the School Board concerning:
      a.      Religious Activities;
      b.      The Litigation; and,
      c.      The Settlement Agreement.

**RESPONSE:** Defendants object to this request as overly broad and beyond the scope of the Court's Order, which limits discovery in this phase of the case to the School Board Prayer issue. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product.

4.      Communications made by or to School Board Members concerning:
      a.      Religious Activities;
      b.      The Litigation; and,
      c.      The Settlement Agreement.

**RESPONSE:** Defendants object to this request as overly broad and beyond the scope of the Court's Order, which limits discovery in this phase of the case to the School Board Prayer issue. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product.

5.      The attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

**RESPONSE:** Defendants object to this request to the extent it is overly broad, inasmuch as it request documents concerning the attendance of Residents, Administrators, or District Representatives. Defendants further object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board

4

Prayer issue in this phase of the case. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by FERPA. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product. Subject to the foregoing objections, Defendants will produce the following responsive documents: Attendance or sign-in sheets for School Board Meetings related to the School Board Prayer issue; School Board Meeting minutes listing persons in attendance for School Board Meetings related to the School Board Prayer issue; correspondence referencing attendance at School Board Meetings related to the School Board Prayer issue.

6.    Communications concerning the attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting.

**RESPONSE:** Defendants object to this request to the extent it is overly broad, inasmuch as it request documents concerning the attendance of Residents, Administrators, or District Representatives. Defendants further object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by FERPA. Defendants further object to this request to the extent it seeks information and communications protected by attorney/client privilege and/or attorney work-product. Subject to the foregoing objections, Defendants will produce the following responsive documents:

Correspondence referencing attendance at School Board Meetings related to the School
Board Prayer issue.


7.    Any and all past or current District policies or procedures concerning
complaints from Students, Parents, Residents or District Representatives.

**RESPONSE:** Defendants object to this request to the extent it is overly broad

and beyond the scope of the Court's Order, which limits discovery to the School Board

Prayer issue in this phase of the case. Defendants further object to this request to the

extent it seeks information and communications protected by attorney/client privilege

and/or attorney work-product. Subject to the foregoing objections, Defendants will

produce the following responsive documents: Indian River School District policy manual.


8.    School Board Meetings, including but not limited to notes, agendas,
minutes, presentations, audio recordings, video recordings or preparation materials.

**RESPONSE:** Defendants object to this request as overly broad and unduly

burdensome and beyond the scope of the Court's Order, which limits discovery to the

School Board Prayer issue in this phase of the case. Defendants also object to this

request to the extent it seeks personally identifiable information regarding other students

since this information is confidential and protected by the FERPA. Defendants further

object to this request to the extent it seeks information and communications protected by

attorney/client privilege and/or the attorney work-product doctrine. Defendants further

object to producing materials pertaining to closed meetings which concern personnel or

other sensitive and confidential matters. Subject to the foregoing objections, Defendants

will produce the following responsive documents: School Board Meeting agendas,

6

minutes, attendance or sign-in sheets, correspondence, audio recordings, and other

documents related to the School Board Prayer issue.


9.     Communications concerning School Board Prayer, Religious Activities,
the Litigation, the Settlement Agreement and School Board Meetings between the School
Board, School Board Members or District Administrators with Media, including but not
limited to:

    a.     Dan Gaffney or any other Representative of WGMD;
    b.     James Diehl or any other Representative of the Sussex Post;
    c.     Lauren Hughes or any other Representative of the Delaware Wave;
    d.     Sean O'Sullivan, Molly Murray or any other Representative of the
        News Journal; and,
    e.     Any Representative of WBOC.

**RESPONSE:** Defendants object to this request as overly broad and beyond the

scope of the Court's Order, which limits discovery to the School Board Prayer issue in

this phase of the case. Subject to the foregoing objections, Defendants will produce the

following responsive documents: Press releases, correspondence, and/or notes of

conversation with Media related to the School Board Prayer issue, to the extent any such

documents are in the possession and/or control of Defendants.


10.     Communications concerning School Board Prayer, Religious Activities,
the Litigation, the Settlement Agreement and School Board Meetings between the School
Board, School Board Members or District Administrators and the Rutherford Institute.

**RESPONSE:** Defendants object to this request to the extent it is overly broad

and beyond the scope of the Court's Order, which limits discovery to the School Board

Prayer issue at this phase of the case. Defendants further object that this request seeks

privileged attorney/client communications and/or attorney work-product.

7

11.    Communications concerning School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement and School Board Meetings between the School Board, School Board Members or District Administrators and the Alliance Defense Fund.

**RESPONSE:** Defendants object to this request to the extent it is overly broad and beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue at this phase of the case. Defendants further object that this request seeks privileged attorney/client communications and/or attorney work-product.

12.    The Dobriches.

**RESPONSE:** Defendants object to the extent this request seeks privileged attorney/client communications and/or attorney work-product. Defendants further object to this request since, read together with Definition No. 8, it is overly broad. Defendants further object that this request does not comply with the Court's ordered limitation of discovery to only the School Board Prayer issue in this phase of the case. Subject to the foregoing objections, Defendants will produce the following responsive documents: School Board Meeting agendas, minutes, attendance or sign-in sheets, correspondence, audio recordings, and other documents related to the Dobriches and the School Board Prayer issue.

13.    Media reports concerning the School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement or School Board Meetings.

**RESPONSE:** Defendants object to this request to the extent it is overly broad and beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants further object to the extent this request

seeks privileged attorney/client communications and/or attorney work-product. Defendants also object to the extent this request seeks documents that are publicly available to which Plaintiffs have reasonably convenient access. Subject to the foregoing objections, Defendants will produce the following responsive documents: Press releases related to the School Board Prayer issue, to the extent any such documents are in the possession and/or control of Defendants.

14.    Procedures for monitoring any public statement or news coverage of the District.

**RESPONSE:** Defendants object to this request on the ground that the information sought is not relevant to the claim or defense of any party to this action, nor is it reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants object to the extent this request seeks privileged attorney/client communications and/or attorney work-product.

15.    Procedures for monitoring, storing, preserving or retaining documents.

**RESPONSE:** Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Subject to the foregoing objections, Defendants will produce the following responsive documents: Indian River School District Records Retention Schedule.

16.    Procedures for monitoring, storing, preserving or retaining communications.

**RESPONSE:** Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Subject to the foregoing objections, Defendants will produce the following responsive documents: Indian River School District Records Retention Schedule.

17.    Past and current procedures concerning any disciplinary action that the School Board could take or has taken concerning any Student, District Administrator, School Administrator or District Representatives.

**RESPONSE:** Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. This request is substantially over broad in potentially encompassing ever student discipline hearing or employee grievance hearing that the School Board has ever held. Defendants also object to this request to the extent it seeks personally identifiable information regarding other students since this information is confidential and protected by the FERPA. Defendants further object to the extent this request seeks privileged attorney/client communications. Subject to the foregoing objections, Defendants will produce the following responsive documents: Indian River School District policy manual.

18.    Documents that Defendant contends support any answer concerning School Board Prayer in the Defendant's Answer To The Complaint With Affirmative Defenses Of Defendants Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hattier, M. Elaine McCabe, Lois M. Hobbs, And Earl J. Savage, In Their Official Capacity, And The Indian River School Board, And The Indian River School District.

**RESPONSE:** Defendants object to the extent this request seeks attorney work-product. Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants further object to the extent that this request is premature because Defendants have not yet filed an answer to the Plaintiffs' First Amended Complaint. Subject to the foregoing objections, Defendants will produce responsive documents as described in paragraphs 1, 2, 5, 6, 7, 8, 9, 12, 13, 15, 16, and 17 above.

19.    Documents that Reginald L. Helms contends support any answer concerning School Board Prayer in his Answer Of Defendant Reginald L. Helms In His Official Capacity.

**RESPONSE:** Defendants object to the extent this request seeks attorney work-product. Defendants object to this request as beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of the case. Defendants further object to the extent that this request is premature because Defendants have not yet filed an answer to the Plaintiffs' First Amended Complaint. Subject to the foregoing objections, Defendants will produce responsive documents as described in paragraphs 1, 2, 5, 6, 7, 8, 9, 12, 13, 15, 16, and 17 above.

20.    All documents used by Defendants to answer plaintiffs' interrogatories or requests for admission.

**RESPONSE:** Defendants object to the extent this request seeks privileged attorney/client communications and/or attorney work-product. Subject to the foregoing

11

objections, Defendants will produce responsive documents as described in paragraphs 1,

2, 5, 6, 7, 8, 9, 12, 13, 15, 16, and 17 above.

*Jason P Gosselin*

Warren T. Pratt (DE Bar I.D. #4334)
Jason P. Gosselin (*pro hac vice*)
Jarrod D. Shaw (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Suite 1000
Wilmington, DE 19801-1243
(302) 467-4200
(302) 467-4201 fax

*Attorneys for the Defendants
Indian River School Board, and
Indian River School District*

Dated: June 26, 2006

12

## Certificate of Service

I, Jeffrey M. Boerger, certify that on the 26th day of June, 2006, a true and correct copy of the attached Amended Responses to Plaintiffs' First Request for Production of Documents was served upon the following counsel by overnight courier:

> Thomas J. Allingham II, Esq.
> Robert S. Saunders, Esq.
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> Wilmington, DE 19899
> *Attorneys for Plaintiffs*

Jeffrey M. Boerger, Esquire

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,          )
                              )
          Plaintiffs,          )
                              )
vs.                            )          Civil Action No. 05-cv-00120-JJF
                              )
HARVEY L. WALLS, et al.,       )
                              )
          Defendants.          )
                              )

### DEFENDANTS INDIAN RIVER SCHOOL BOARD AND
### INDIAN RIVER SCHOOL DISTRICT'S OBJECTIONS
### AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES

Defendants Indian River School Board and Indian River School District

("Defendants"), by counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure hereby serve the following Objections and Responses to Plaintiffs' First

Interrogatories to Defendants propounded in the above-captioned action:

### General Objections

1.     Defendants object to the definitions and instructions to the extent they are

overly broad, unduly burdensome and purport to impose obligations beyond the scope of

Rule 26 of the Federal Rules of Civil Procedure, and/or beyond the scope of the Court's

March 24, 2006 Order ("Court's Order") limiting discovery to only the School Board

Prayer issue in this phase of the case.  Specifically, Defendants object to Definition Nos.

5 and 10 as overly broad and beyond the scope of the Court's Order to the extent they

attempt to expand the definition of School Board Prayer beyond the ordinary meaning of

that phrase and beyond the limited issue as defined by the Court for discovery in this

phase of the case. Defendants object to Definition No. 9 as overly broad, and encompassing numerous individuals not within the employment or control of Defendants.

2.    Defendants object to these requests to the extent they seek personally identifiable information regarding other students, since this information is confidential and protected by the Family Education Rights Privacy Act ("FERPA"), 20 U.S.C. §1232g.

3.    Defendants object to the discovery to the extent it seeks the disclosure of information and communications protected by attorney/client privilege, attorney work product doctrine, and/or other privileges and immunities.

4.    Subject to theses general and the following specific objections, when responding to these Interrogatories, Defendants expressly reserve the right: (a) to object to the admissibility at trial of any information produced in connection with such responses, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such a modification.

Defendants' General Objections are incorporated by reference into each specific interrogatory response.

## Objections and Responses to Specific Interrogatories

1.    Describe the content of any and all School Board prayers.

**RESPONSE**: The Board's prayer policy, including the nature of the prayers which may be delivered, is set forth in Policy BDA.1. The content of specific prayers is contained in some of the audio or videotapes of Board meetings, as well as in some of the documents produced in response to Plaintiffs' requests for production, though the tapes do not record many of them. Additional information concerning the nature or content of Board opening prayers is contained in paragraphs 3, 4 and 5 of the Declaration of Reginald Helms dated August 4, 2005, filed with the Court.

2.      Describe any and all instances in which a School Board member or the

School Board has invited, instructed or asked a student to attend a School Board meeting.

**RESPONSE**:  Students are not instructed or required to attend any School Board
meetings.  Individual School Board members do not invite or ask students to attend
School Board meetings.  Students may be invited by their school principal to attend in
recognition of some honor or achievement.  For younger students, that invitation may be
made by the principal to the student's parents.  In addition, during some portions of the
school year, a representative of the student government for the high schools may be
invited by the principal to provide a brief update of activities to the School Board at its
regular meeting.  On a few occasions, students have been invited by the Superintendent to
briefly perform a piece of music or some other work before the Board.  In all of these
situations, attendance of the students or his or her parents is completely optional.

3.      Identify the person(s) responsible for preparing the agendas for School

Board Meetings.

**RESPONSE**:  The persons responsible for preparing the agendas for School Board
meetings include the Superintendent, Board President, Board Vice President, and Board
Secretary.  Currently those individuals are:

> 1) Lois M. Hobbs, Superintendent
>    31 Hosier Street
>    Selbyville, DE 19975
>
> 2) Charles M. Bireley, Board President
>    31500 Norma Lee Court
>    Dagsboro, DE 19339
>
> 3) John M. Evans, Vice President
>    24359 Gravel Hill Road
>    Georgetown, DE 19947
>
> 4) Janet Hearn, Board Secretary
>    31 Hosier Street
>    Selbyville, DE 19975

4.  Describe how the agendas for School Board Meetings are prepared.

**RESPONSE**:  The Superintendent prepares the initial agenda draft after consulting with
the staff.  The basic outline of the agenda is taken from previous meetings and generally
does not change.  It begins with a Call to Order, then Roll Call, Approval of Agenda,
Presentation of Colors and Approval of Minutes from previous meeting.  The remaining

portions of the agenda change with each specific meeting. Those sections may include, for example, lists of Visitors and Staff in Attendance, Public Comments, Old Business and New Business, Committee Reports, Admin Reports, Financial Reports, Board Communications, Staff Issues, Executive Session Agenda, Deferred Agenda Items, and Student Hearing Reviews which consist of a Board review of actions taken in earlier disciplinary hearings conducted by an administrative hearing officer . The Superintendent then submits the draft agenda to the Board President and Vice-President. The Board President and Vice-President communicate any suggested changes to the Superintendent, the agenda is then finalized, and is then posted.

 

     5.    Identify the religious faith or denomination of any and all School Board Members.

**OBJECTION:** Defendants object to this request as overly broad and not relevant or reasonably related to discovery of information admissible to any of the issues in this phase of the case, in accordance with the Court's March 24, 2006 Memorandum Order, which limits discovery to the School Board Prayer issue.

 

     6.    Describe any and all communications with Media concerning School Board Prayer, the Litigation or the Settlement Agreement.

**RESPONSE:** Defendants object to this interrogatory to the extent it is overly broad and beyond the scope of the Court's March 24, 2006 Memorandum Order, which limits discovery to the School Board prayer issue only at this time. Defendant further objects to this request as overly broad, unduly burdensome and vague to the extent it does not specify or limit the individual speakers about whom it seeks information.

     Some information concerning contacts of Board members by members of the media concerning the issue of Board prayer is contained in the articles being produced by Defendants, although the references to statements by Board members contained therein are not complete or necessarily accurate.

                   INDIAN RIVER SCHOOL BOARD
                   INDIAN RIVER SCHOOL DISTRICT

                   By:

                   Charles M. Bireley,
                   Board President

STATE OF DELAWARE

COUNTY OF SUSSEX, to wit:

I hereby certify that on this __th day of May, 2006, personally appeared Charles M. Bireley, known to me to be the person who executed the foregoing Respones to Plaintiffs' First Set of Interrogatories and having been duly sworn states that he is an official authorized to execute these responses on behalf of the Indian River School Board and Indian River School District, and that they are true and correct to the best of his knowledge and belief.

_Janet L. Hearn_
Notary Public

My Commission Expires:

2/13/2009

**JANET L. HEARN
NOTARY PUBLIC
STATE OF DELAWARE
-----ON EXPIRES 2/13/2009**

By: _____
    Counsel

    John D. Balaguer (Bar I.D. 2537)
    824 North Market Street, Suite 902
    P.O. Box 709
    Wilmington, Delaware 19899-0709
    (302) 467-4501

5

John F. Cafferky, Esq.
William B. Porter, Esq.
Andrea D. Gemignani, Esq.
BLANKINGSHIP & KEITH
4020 University Drive, Suite 300
 Fairfax, VA 22030

*Counsel for Defendants the Indian
River School Board, and the Indian
River School District*

Dated:  May 15, 2006

## Certificate of Service

I certify that on the 12th day of May 2006, a copy of the foregoing Objections was

sent by electronic mail to :

Thomas J. Allingham II, Esq.
Robert S. Saunders, Esq.
One Rodney Square, P.O. Box 636
Wilmington, Delaware, 19899
*Counsel for Plaintiffs*

By:  _____
                Counsel

7

# Exhibit F

## DrinkerBiddle&Reath
### L L P

Jeffrey M. Boerger
215-988-2912
jeffrey.boerger@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

July 17, 2006

**VIA FIRST-CLASS MAIL AND E-MAIL**

Richard S. Horvath, Jr., Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

RE:  *Dobrich, et al. v. Indian River School District, et al.*

Dear Mr. Horvath:

I write in response to your June 28, 2006 letter regarding defendants' responses to plaintiffs' document requests and interrogatories. It is my understanding that Jason Gosselin has addressed the topic of depositions with you separately.

## A.   The Volume of Documents Produced

I would like to first address your expectation that we would produce "at least twenty linear feet of documents pertaining to School Board Meetings," based on your conversations with prior counsel for the defendants. You expressed your dismay at our production of only "roughly five inches" of documents in response to your document requests related to the School Board Prayer Policy issue.

While we are not aware precisely what prior counsel may have stated to you, your expectation with respect to the volume of relevant and responsive documents appears to be based on a misunderstanding or miscommunication. The "twenty linear feet" of documents referred to by prior counsel appears to be a complete set of school board meeting binders containing all publicly available agendas, minutes, and other documents related to school board meetings dating from 1968 through the present. While prior counsel may have been prepared to produce all of this material for your reading enjoyment, we could not in good faith produce this large volume of documents that are, for the most part, both irrelevant and non-responsive. In particular, much of this material relates to the 23-year period prior to September 1991, the earliest date for which you have requested information or documents. Moreover, most of the remaining material is not relevant to any of the plaintiffs' claims whatsoever, let alone relevant to the School Board Prayer Policy issue, to which discovery is currently limited by order of the Court.

To our knowledge, there simply do not exist *twenty linear feet* of relevant and responsive documents. While some additional volume of documents in these binders may be relevant and responsive to your requests in the upcoming Remaining Issues phase of discovery, I can assure you that, in addition to audio and video recordings (which do

*Established*
*1849*

PHLIT\56716512

DrinkerBiddle&Reath
L L P

Richard S. Horvath, Jr., Esquire
July 17, 2006
Page 2

not lend themselves easily to the same measure of volume), the "five inches" worth of documents produced represents the sum of all non-privileged documents responsive to your document requests and relevant to the School Board Prayer Policy issue.

## B.    Documents Related to School Board Meetings

With respect to your Document Requests Nos. 5 and 6, all relevant non-privileged documents responsive to these requests have been produced. In responding to these document requests, we described the documents produced, which include attendance or sign-in sheets for school board meetings related to the School Board Prayer issue, minutes related to such meetings (in which select attendees are often named), and correspondence referencing the author's or other individuals' attendance at such meetings. To our knowledge, there are no additional relevant and responsive non-privileged documents.

With respect to your Document Requests Nos. 7 and 17, all relevant non-privileged documents responsive to these requests have been produced. In particular, the Indian River School District policy manual was produced. To our knowledge, there are no additional relevant and responsive policies or procedures.

With respect to your Document Request No. 8, all relevant non-privileged documents responsive to this request have been produced. In responding to this document request, we described the documents produced, which include agendas, minutes, attendance or sign-in sheets, correspondence, audio recordings, and other documents. To our knowledge, there are no additional relevant and responsive non-privileged documents.

With respect to your Document Request No. 13, all relevant non-privileged documents responsive to this request and not readily obtainable from other sources have been produced. In particular, we have produced certain press releases in the possession of the defendants. We have not produced media reports that are publicly available and to which the plaintiffs' have reasonably convenient access. To our knowledge, there are no additional relevant and responsive non-privileged documents.

## C.    Religious Activity, the Litigation, and the Settlement Agreement

With respect to your various document requests seeking information or documents regarding religious activity in general, this litigation, or the settlement agreement previously contemplated by the parties, such documents are simply not relevant to the School Board Prayer Policy issue, to which discovery is currently limited by order of the Court. With respect to your Interrogatory No. 6, information regarding

DrinkerBiddle&Reath
L L P

Richard S. Horvath, Jr., Esquire
July 17, 2006
Page 3

this litigation or the settlement agreement is likewise not relevant to the School Board
Prayer Policy issue.

**D.      Documents related to School Board Prayer**

With respect to your concerns related to the definitions of "School Board Prayer"
and "documents," all non-privileged documents responsive to your document requests
and relevant to the School Board Prayer Policy issue have been produced.

**E.      Privileged documents withheld from production**

With respect to your concerns regarding Document Request Instruction No. 6,
production of a privilege log is forthcoming, as previously discussed.

**F.      Documents containing student information**

With respect to relevant and responsive documents containing directory
information[1] concerning students, we have forwarded for your review a proposed
stipulated protective order restricting the use of any such information to litigating this
case only. Documents containing personally identifiable information[2] other than
directory information will be appropriately redacted or withheld and described in the
forthcoming privilege log.

**G.      Document retention policies**

With respect to your Document Requests Nos. 15 and 16, all non-privileged
documents responsive to these requests have been produced. In particular, we have
produced the Indian River School District Records Retention Schedule. To our
knowledge, there are no additional relevant and responsive non-privileged documents.

**H.      Documents related to closed executive session proceedings**

With respect to your concerns regarding the withholding of documents pertaining
to closed executive session, such documents are protected by the deliberative process
privilege and under the Delaware Freedom of Information Act, 29 Del. C. § 10001 *et
seq.*, and will not be produced.

---

[1] *See* 34 C.F.R. § 99.3 (defining "directory information").
[2] *See id.* (defining "personally identifiable information").

DrinkerBiddle&Reath
L L P

Richard S. Horvath, Jr., Esquire
July 17, 2006
Page 4

**I.    The content of any and all School Board prayers**

With respect to your Interrogatory No. 1, the content of prayers recited at school board meetings is evident from audio and video recordings of the open session portions of such meetings. Audio and video recordings of school board meetings relevant to the School Board Prayer Policy issue are forthcoming, as previously discussed.

**J.    The religious faith or denomination of individual school board members**

With respect to your Interrogatory No. 5, the specific religious faith or denomination of each individual school board member is not relevant to the School Board Prayer Policy issue. As we understand the plaintiffs' claims with respect to the School Board Prayer Policy issue, all that is relevant is whether prayer has occurred at school board meetings, the identity of the person speaking or leading the prayer, and whether the prayer invokes the name of Jesus Christ or the Christian faith in general.

The remaining points raised in your letter do not appear to require response. If you have any further questions or comments, please feel free to contact me.

Sincerely yours,

Jeffrey M. Boerger

JMB

# Exhibit G

Westlaw.

2006 WL 898107                                                                                      Page 1

--- F.R.D. ----, 2006 WL 898107 (N.D.W.Va.)

**(Cite as: 2006 WL 898107 (N.D.W.Va.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. West Virginia.
ESSEX INSURANCE COMPANY, Plaintiff,
v.
Dustin NEELY, Mollie Fitzsimmons, Lucky Lady
Saloon Association d/b/a Lucky
Lady Saloon and Cheryl West, Defendants.
**No. Civ.A. 5:04CV139.**

March 31, 2006.

**Background:** In insurer's declaratory judgment
action, defendants filed pretrial motion to compel
production.

**Holdings:** The District Court, Seibert, United
States Magistrate Judge, held that:
(1) defendants' failure to file motion to compel
within precise time limits set by Court's local rules
did not preclude Court's deciding motion on its
merits, and
(2) insurer's failure to timely object to defendants'
discovery requests constituted waiver, regardless of
whether requests were related to issues in case.
Motion granted in part.

**[1] Federal Civil Procedure** ⬢1538

170Ak1538 Most Cited Cases

**[1] Federal Civil Procedure** ⬢1636.1
170Ak1636.1 Most Cited Cases
Party's failure to file pretrial motion to compel
production of documents and answers to
interrogatories within precise time limits set by
district court's local rules did not preclude district
court, in its discretion, from deciding motion on its

merits; at least part of delay was caused by
non-movant. U.S.Dist.Ct.Rules N.D. W.Va., Local
Rule 37.02.

**[2] Federal Civil Procedure** ⬢1483
170Ak1483 Most Cited Cases

**[2] Federal Civil Procedure** ⬢1538
170Ak1538 Most Cited Cases

**[2] Federal Civil Procedure** ⬢1558.1
170Ak1558.1 Most Cited Cases

**[2] Federal Civil Procedure** ⬢1636.1
170Ak1636.1 Most Cited Cases
Party's failure to timely oppose interrogatories and
requests for production of documents constituted
waiver of party's objections, warranting grant of
opposing party's motion to compel, regardless of
correctness of party's assertion that requests at issue
were unrelated to issues in case. Fed.R.Civ.P. 33(b)
(3-5), 37(a).
Christopher J. Sears, John F. McCuskey, Shuman,
McCuskey & Slicer, PLLC, Charleston, WV, for
Plaintiff.

David A. Jividen, Chad C. Groome, Jividen Law
Offices, Randy Dean Gossett, Wheeling, WV, for
Defendants.

*MEMORANDUM OPINION and ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS'
MOTION TO COMPEL*

SEIBERT, Magistrate J.

*1 On January 18, 2006 came the above named
Plaintiff, by Christopher J. Sears, Esq., by
telephone, and Defendants Dustin Neely and Mollie
Fitzsimmons, by Chad Groome, Esq., in person, and
Defendants Lucky Lady Saloon Association and
Cheryl West, by Randy Gossett, Esq., in person, for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 898107    Page 2

--- F.R.D. ----, 2006 WL 898107 (N.D.W.Va.)

**(Cite as: 2006 WL 898107 (N.D.W.Va.))**

Defendants Dustin Neely and Mollie Fitzsimmons' Motion to Compel discovery. Testimony was not taken, and no other evidence was introduced.

### I. Introduction

A. *Background.*

The parties engaged in discovery and a dispute arose. The Defendants filed a Motion to Compel on November 14, 2005. The matter was referred to me by the Honorable Frederick P. Stamp, Jr., on December 8, 2005. A hearing on the Motion to Compel was held on January 18, 2006.

B. *The Motion.*

Defendants' Motion to Compel. [FN1]

C. *Decision.*

The Motion to Compel is GRANTED in part and DENIED in part as hereinafter set forth.

### II. Facts

1. On August 11, 2005, Defendants served Defendants' First Set of Interrogatories and Requests for Production of Documents.
2. On June 7, 2005, the parties filed their Meeting Report and Proposed Discovery Plan, in which it was agreed that all responses to interrogatories were due thirty (30) days after service.
3. On October 3, 2005, Plaintiff faxed its Responses to Defendants' First Set of Interrogatories and Request for Production of Documents to Defendants.
4. On October 17, 2005, Defendants sent a letter to Plaintiff's counsel asking Plaintiff to reconsider and supplement its response.
5. In their letter, dated October 26, 2005, Plaintiff continued to object to Defendants' discovery requests.
6. On November 14, 2005, Defendants moved to compel.

### III. Defendants' Motion to Compel

A. *Contentions of the Parties.*

Defendants contend that a good faith effort has

been made to resolve the discovery dispute without court action and that Plaintiff should be ordered to completely and fully respond to Defendants' discovery requests. Additionally, Defendants contend, that because Plaintiff's responses should have been filed on or before September 11, 2005, Plaintiff's objections should be deemed waived.

Plaintiff contends that Defendants' motion to compel should be denied because Defendants' requests are unrelated to the issues in this case.

B. *Timeliness of Motion to Compel.*

"A motion to compel ... is deemed waived if it is not filed within thirty days after the discovery response or disclosure requirement sought was due ... unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party." L.R. Civ. P. 37.02.

The local rules provide that Defendants are required to file a motion to compel within 30 days after a response is made. L.R. Civ. P. 37.02. In this case, Defendants would have been required to file their motion to compel on or about November 3, 2005.

[1] Defendants did not file their motion within the precise time limits as this Court's local rules require. However, this Court encourages good-faith efforts between the attorneys for the parties in resolving their discovery disputes. Although the strict deadline for filing the motion to compel might not have been met, this Court, because at least part of the delay was caused by the non-moving party, should exercise its discretion under the local rule and decide the motion on its merits.

C. *The Standards.*

**\*2** 1. *Discovery--Scope.* "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 898107                                                                                                          Page 3

--- F.R.D. ----, 2006 WL 898107 (N.D.W.Va.)

**(Cite as: 2006 WL 898107 (N.D.W.Va.))**

discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed.R.Civ.P. 26(b)(1).

2. *Discovery--Scope.* A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment." ' *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.,* 967 F.2d 980, 983 (4th Cir.1992) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). However, the discovery sought must be relevant. Fed.R.Civ.P. 26(b)(1); *see also St. Bernard Sav. and Loan Ass'n v. Levet,* Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D.La. Sept.16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").

3. *Discovery--Relevancy.* A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed.R.Civ.P. 26(b)(1) ( "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." *Hinkle v. City of Clarksburg, West Virginia,* 81 F.3d 416, 426 (4th Cir.1996) (citations omitted).

4. *Discovery--Duty to Supplement.* Once the discovery process has commenced, a party has "a

duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(2).

5. *Discovery--Duty to Respond Fully and Completely--No Gamesmanship.* Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. *Hansel v. Shell Oil Corporation,* 169 F.R.D. 303 (E.D.Pa.1996).

*3 6. *Discovery--Objections to Interrogatories.* All objections must be stated with specificity and any objection not raised is waived. Fed.R.Civ.P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant" ' does not suffice as specific objection. *Momah, v. Albert Einstein Medical Center,* 164 F.R.D. 412, 417, (E.D.Pa.1996) (quoting *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982)).

7. *Discovery--Production of Documents.* "Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents ... or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a).

8. *Discovery--Requests for Production--Objections.* While Rule 34 of the Federal Rules of Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the Federal rules of Civil Procedure, the Advisory Committee notes to Rule 34 states that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." *Pulsecard v. Discover Card Services, Inc.,* 168

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 898107                                                                    Page 4

--- F.R.D. ----, 2006 WL 898107 (N.D.W.Va.)

**(Cite as: 2006 WL 898107 (N.D.W.Va.))**

F.R.D. 295, 303 (D.Kan.1996).

9. *Discovery--Motion to Compel.* "If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Fed.R.Civ.P. 37(a)(2)(B).

D. *Discussion.*

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed.R.Civ.P. 26(b)(1).

Rule 33, Federal Rules of Civil Procedure, in relevant part, provides as follows:
(a) Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the

principles of Rule 26(b)(2)....
*4 (b) Answers and Objections.
(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
(2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

\* \* \*

(4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.
Fed.R.Civ.P. 33(a); (b)(1), (2) and (4) (2005).

Furthermore, "[o]bjections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to Fed.R.Civ.P. 29, whichever governs, are waived unless otherwise ordered for good cause shown." L.R. Civ. P. 26.04.

Rule 34 governs the other discovery requests seeking production of documents. Rule 34 provides, in relevant part:
(a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2006 WL 898107                                                              Page 5

--- F.R.D. ----, 2006 WL 898107 (N.D.W.Va.)

**(Cite as: 2006 WL 898107 (N.D.W.Va.))**

request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

(b) Procedure. The request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in 26(d)....

Fed.R.Civ.P. 34(a) and (b) (2005).

While Rule 34 of the Federal Rules of Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the Federal rules of Civil Procedure, the Advisory Committee notes to Rule 34 states that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." *Pulsecard v. Discover Card Services, Inc.,* 168 F.R.D. 295, 303 (D.Kan.1996).

[2] In this case, Plaintiff has not asserted any timely opposition to Defendants' Interrogatories Nos. 3 and 15 and Request for Production No. 2 and, accordingly, waived any objection. *See* Fed.R.Civ.P. 33(b)(4)(5) (2005). [FN2] Therefore, Defendants' Motion to Compel as to Defendants' Interrogatories Nos. 3 and 15 and Request for Production No. 2 is GRANTED.

**\*5** With respect to Defendants' Request for Production No. 8, because the broker who sold the policy is not Plaintiff's employee, there is no evidence that the broker's file is within Plaintiff's possession. Therefore, Defendants' Motion to Compel as to this issue is DENIED.

*IV. Decision*

It is ORDERED that:

1. Defendants' Motion to Compel is GRANTED to the extent that Plaintiff is directed to respond to Defendants' Interrogatories Nos. 3 and 15 and Request for Production No. 2. Plaintiff shall respond to the production requests within thirty

(30) days from the date of this order and file a notice with the court documenting its compliance.

2. Defendants' Motion to Compel as to Request for Production No. 8 is DENIED.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

FN1. Docket No. 21.

FN2. The Court agrees with Plaintiff's argument that, because this is an action for declaratory relief, Defendants' discovery requests at issue in this motion to compel (Interrogatories Nos. 3 and 15 and Request for Production No. 2) are unrelated to the issues of this case. However, Plaintiff failed to comply with Rule 33. *See* Fed.R.Civ.P. 33(b)(4)(5) (2005).

--- F.R.D. ----, 2006 WL 898107 (N.D.W.Va.)

**Motions, Pleadings and Filings (Back to top)**

• 5:04cv00139 (Docket) (Dec. 23, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.