IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MONA DOBRICH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INDIAN RIVER SCHOOL DISTRICT, et al., <br><br> Defendants. | Civil Action No. 05-120-JJF |

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUEST NO. 8 DIRECTED TO DEFENDANTS

Plaintiffs respectfully submit this motion to compel (the "Motion") defendants Indian River School District (the "District") and the Indian River School Board (the "School Board," and together with the District, "Defendants") to respond to Request No. 8 in Plaintiffs' First Request for the Production of Documents from Defendants (the "Request") (Exhibit A).

### BACKGROUND

The Motion arises from Defendants' refusal to answer Request No. 8, which required Defendants to produce all documents concerning "School Board Meetings." (Exhibit A) In their response, Defendants refused to "produc[e] materials pertaining to *closed* meetings which concern personnel or other sensitive and confidential matters." (Exhibit B). However, Defendants did not timely object to producing these documents, either on the ground that they were protected by the deliberative process privilege, or on the basis of 29 Del. C. § 10001, *et seq.*, ("FOIA") the only bases on which Defendants now seek to withhold those documents. Accordingly, their objections have been waived. In any event, neither the deliberative process privilege nor FOIA justify withholding closed meeting documents from production.

The parties have been unable to reach agreement on the matters subject to the Motion. It was not until three weeks *after* their formal response to the Request that Defendants for the first time stated that documents "pertaining to closed executive session . . . are protected by the deliberative process privilege and under . . . 29 Del. C. § 10001 *et seq.*" (Exhibit C at 3) Moreover, Defendants' Sixth Affirmative Defense claims that the School Board "acted as a legislative body *at all times*" (D.I. 150 at 15) – telegraphing Defendants' intent to rely on *Marsh v. Chambers*, 463 U.S. 783 (1983) – but at the same time Defendants have conceded that "closed meetings . . . are not opened with prayer." (D.I. 29 at ¶ 52) Defendants' statements, and the nature of this action, preclude application of the deliberative process privilege and FOIA.

## ARGUMENT

The deliberative process privilege and FOIA do not protect documents within Defendants' possession. First, Defendants conceded that documents pertaining to closed sessions are relevant by not objecting to the relevancy of those documents. (Exhibits B and C); *see also Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (failure to raise objection is a waiver of that objection). Defendants also waived the deliberative process privilege objection by not timely asserting it, and by not submitting an "affidavit of the head of the department with control over the matters in question." *Coastal Corp. v. Duncan*, 86 F.R.D. 514, 517 (D. Del. 1980); *see also Ramirez v. City of L.A.*, 231 F.R.D. 407, 410-11 (C.D. Cal. 2005). Because Defendants did not submit this affidavit when they served their responses to the Request, the deliberative process privilege should be overruled in its entirety and complete disclosure should be ordered. *Id.*

Even if Defendants did not waive their objections based on the deliberative process privilege and FOIA, Defendants cannot meet their burden of establishing either privilege. *See, e.g., Scott v. Bd. of Educ. of the City of East Orange*, 219 F.R.D. 333, 336 (D.N.J.

2004); *see also U.S. v. Kossak*, 275 F. Supp. 2d 525, 533 (D. Del. 2003). First, a "Freedom of Information Act ["FOIA"] exemption . . . does not automatically constitute a 'privilege' within the meaning of the Federal Rules of Civil Procedure." *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y. 1984). As FOIA exemptions are not *per se* privileges, Defendants have not met their burden with the unadorned summary assertion that FOIA creates a privilege.

Nor can Defendants' meet their burden of establishing the deliberative process privilege.[1] "The central purpose of the privilege is to foster government decisionmaking by protecting it from the chill of potential disclosure," *In re Subpoena Duces Tecum*, 145 F.3d 1422, 1424 (D.C. Cir. 1998). But, School Board members – along with every other school board member in this state – in fact deal (apparently quite successfully) with the "chill of potential disclosure" under state law, because both the Court of Chancery and Superior Court of Delaware have held that the "'deliberative process privilege' does not exist in Delaware." *Beckett v. Trice*, C.A. No. 92C-08-029, 1994 WL 319171, at *3 (Del. Super. Ct. June 6, 1994) (Exhibit D); *see also Chem. Indus. Council of Del., Inc. v. State Coastal Zone Indus. Control Bd.*, C.A. No. 1216-K, 1994 WL 274295, at *12 (Del. Ch. May 19, 1994) (Exhibit E). Thus, every school board in Delaware has been able to operate without the protection of the deliberative process privilege, and hence the privilege's central purpose has been shown to be unnecessary. Therefore, Defendants cannot meet their burden to show that the deliberative process privilege applies.

Finally, the nature of this case precludes application of the deliberative process privilege. First, "when the deliberations of a government agency are at issue, the Privilege is not available to bar disclosure of such deliberations." *Scott*, 219 F.R.D. at 337. Defendants waived the privilege with their affirmative defense that the School Board "acted as a legislative body at

---

1  Plaintiffs reserve their right to seek production of any individual document eventually identified as privileged in Defendants' forthcoming privilege log if the Court determines the deliberative process privilege applies to Defendants.

3

all times." (D.I. 150 at 15); *cf. Buford v. Holladay*, 133 F.R.D. 487, 496 (S.D. Miss. 1990) (affirmative defense can waive a privilege). Second, "caselaw is clear that . . . the religious purposes of individual Board members, including their statements made during Board meetings or in the broader course of the debate . . . is relevant in [an Establishment Clause challenge]." *Kitzmiller v. Dover Area Sch. Dist.*, C.A. No. 04-2688, 2005 WL 4147867, at *1 (M.D. Pa. Sept. 22, 2005) (Exhibit F). Finally, Defendants have admitted that they do not open closed sessions with prayer. Whether the School Board conducts the same business in its closed sessions without prayer as it does in the public sessions with prayer is relevant to show that School Board members have exploited the public sessions' "prayer opportunity . . . [to] advance any one . . . faith or belief." *Marsh*, 463 U.S. at 794-95; *see N.C. Civil Liberties Union Legal Found. v. Constangy*, 947 F.2d 1145, 1150 (4th Cir. 1991) (business at afternoon hearings without prayer relevant to challenge to prayer opening morning hearings). As the School Board's intent and deliberations are at issue, the deliberative process privilege does not apply. *See, e.g., U.S. v. Lake County Bd. of Comm'rs*, 233 F.R.D. 523, 526 (N.D. Ind. 2005).

For the foregoing reasons, Plaintiffs respectfully request that Defendants be compelled to provide a full and complete production to the Request.

*[signature]*

Thomas J. Allingham II (I.D. No. 476)
Richard S. Horvath, Jr. (I.D. No. 4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Attorneys for Plaintiffs

DATED: July 31, 2006

463095.08-Wilmington Server 1A - MSW