## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,                              :

    Plaintiffs,                                    :

                                :

        v.                                        :      CIVIL ACTION NO. 05-120-JJF

                                :

INDIAN RIVER SCHOOL DISTRICT, et al.,    :

    Defendants.                                    :

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUEST NOS. 5, 6, 7, 8 & 17 (D.I. 156)

Defendants hereby respond to Plaintiffs' Motion to Compel Responses to Request Nos. 5, 6, 7, 8 & 17 Directed to Defendants (D.I. 156).

Plaintiffs' motion seeks to compel Defendants to produce documents regarding School Board meetings unrelated to the School Board Prayer issue. Defendants have objected to these requests because they are overly broad, unduly burdensome, and beyond the scope of the School Board Prayer issue, to which discovery is currently limited by order of this Court.

In its Memorandum Order dated March 24, 2006 (D.I. 87), the Court bifurcated discovery into two distinct phases: discovery into the constitutionality of the Indian River School Board's Prayer Policy as written and as applied (the "School Board Prayer issue"); and discovery on all remaining issues. Plaintiffs' First Request for the Production of Documents, including the five specific requests at issue here, go well beyond the School Board Prayer issue currently permitted, and contain no meaningful limitations. For example, in Request No. 8, the Plaintiffs seek "[a]ny and all documents concerning, directly or indirectly, . . . School Board Meetings, including but not limited to notes, agendas, minutes, presentations, audio recordings, video recordings or preparation materials."

It is unreasonable to ask a school board, a school district, and defendant school administrators to produce every document in their possession that relate directly and indirectly to school board meetings over a fifteen year period. If this request were read literally, it would include the personnel file of every employee and administrator hired or terminated, the records of students disciplined, budgetary minutia, the maintenance of District-owned buildings and property, capital improvement projects, athletic programs, and a host of other documents having almost nothing to do with the constitutionality of the School Board Prayer Policy at issue. Plaintiffs' Request No. 8 is akin to asking General Motors to produce all documents relating directly and indirectly to the making of cars.

The document requests at issue in this motion are classic examples of requests that are overly broad and unduly burdensome. The Defendants, however, did not simply object to the requests and produce nothing. They made the effort to review the universe of available documents, and then to produce those that were responsive and related to the issues upon which the Plaintiffs are permitted to take discovery (*i.e.*, the School Board Prayer issue).[1] It is not Defendants' responses that were deficient, but the Plaintiffs' requests.

---

[1] The School Board Prayer Policy at issue here was first considered in June 2004 and adopted four months later on October 19, 2004. *See* Policy BDA.1, attached as Exhibit A. In response to Plaintiffs' document requests, Defendants have produced meeting agendas, minutes, attendance lists, correspondence, video and audio recordings, and other non-privileged documents for the twelve public School Board meetings between June 2004 and March 2006 that concerned the School Board Prayer issue. (The School Board met a total of forty-four times between June 2004 and March 2006, but the agendas, minutes, correspondence and other documents related to the remaining thirty-two meetings contain nothing to suggest any discussion or consideration of the School Board Prayer Policy.) The Defendants have also agreed to produce audio tapes, to the extent they exist, of all prayers *actually offered* at board meetings since October 2004. Furthermore, in order to resolve this dispute, the Defendants have offered to make available for inspection all non-privileged documents relating to these other thirty two meetings, as well as pre-June 2004 meetings. *See* Letter from Jason P. Gosselin to Thomas J. Allingham, II (Aug. 9, 2006), attached as Exhibit B.

In support of their motion to compel, the Plaintiffs assert that the requests are intended to elicit documents showing that "School Board Meetings are an integral part of the public school system, frequently involve children and are not meetings of a purely legislative body." Motion to Compel (D.I. 156), at 1. Plaintiffs' argument does not make the requests less objectionable. Of course School Board meetings are a part of the public school system, and of course students occasionally attend. The Defendants do not object to the Plaintiffs' probing, for example, when and to what degree students attend or participate in School Board meetings. In fact, among the documents already produced are attendance records for multiple School Board meetings. But just because Plaintiffs will argue that student attendance at meetings renders the School Board more like a classroom than a legislative body does not mean that Defendants are required to produce every document over a fifteen year period relating to everything the School Board has done. Plaintiffs' inquiry can be fully explored through alternative and less costly means.[2]

Finally, Plaintiffs' request for an award of expenses, including attorney fees, is unwarranted. *See Friction Div. Prods., Inc. v. E.I. Du Pont de Nemours & Co.*, 117 F.R.D. 535, 540 (D. Del. 1987) (discussing standard for awarding expenses in context of discovery motion). Defendants' objections to the requests at issue were justified and were asserted in good faith. Further, Defendants' objections were not contrary to an order of this Court. In fact, it was the

---

[2] For example, if the Plaintiffs want to establish that students have attended School Board meetings, they should send a request for admission, which would be admitted. If they want to explore the circumstances under which a student might be invited to attend a meeting or otherwise participate in the meeting, perhaps this is an appropriate topic for a Rule 30(b)(6) deposition. If the Plaintiffs insist on having every document tending to show the presence of a student at a meeting, they should, at the very least, accept Defendants' offer to produce for inspection the twenty-one boxes of public School Board documents and spend *their* time culling documents showing student attendance at School Board meetings.

Plaintiffs' requests that were contrary to this Court's Scheduling Order (D.I. 128), which

expressly limited the scope of discovery in this phase to the School Board Prayer issue alone.[3]

     For the foregoing reasons, Plaintiffs' motion should be denied.

Respectfully submitted,

_____/s/  Warren T. Pratt_____
Warren T. Pratt (DE Bar #4334)
Jason P. Gosselin (*pro hac vice*)
Jarrod D. Shaw (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1243
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

*Attorneys for the Defendants*

Dated: August 11, 2006

---

[3]  To the extent the Court believes an award of fees *might* be warranted in this or one of the other five motions filed by Plaintiffs, the Defendants respectfully request the opportunity to submit a supplemental brief exceeding the four-page limit permitted under the Court's Scheduling Order.