IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,              :
                                   :
    Plaintiffs,                    :
                                   :
        v.                         :   CIVIL ACTION NO. 05-120-JJF
                                   :
INDIAN RIVER SCHOOL DISTRICT, et al., :
                                   :
    Defendants.                    :

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUEST NOS. 3, 4, 9 & 13 AND AN ANSWER TO INTERROGATORY NO. 6 (D.I. 158)

Defendants hereby respond to Plaintiffs' Motion to Compel Responses to Request Nos. 3, 4, 9 & 13 and an Answer to Interrogatory No. 6 Directed to Defendants (D.I. 158).

In this motion, Plaintiffs seek to compel production of documents relating to "Religious Activities," which Plaintiffs have defined to include practices well beyond the School Board Prayer issue. Plaintiffs also seek to compel production of documents relating to the litigation itself, the proposed settlement agreement that the Board voted not to approve, and all media reports. Plaintiffs' requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at trial, and the instant motion should be denied.

This phase of the litigation concerns only the School Board Prayer Policy that was adopted on October 19, 2004. *See* Policy BDA.1, attached as Exhibit A. The Court has specifically limited discovery during this phase of the litigation to whether the School Board Prayer Policy is constitutional as written and as applied. In other words, the Court has prohibited discovery on *all of the other aspects* of Plaintiffs' complaint, which include allegations of unconstitutional conduct based on the existence of Bible clubs, the alleged distribution of Bibles in school, prayers before athletic events, prayers before pot luck dinners, references to

Christianity in classrooms, and failing to use "inclusive" references in the school calendar. *See* Plaintiffs' First Amended Complaint (D.I. 134).

Despite the fact that the Court has specifically limited discovery to the School Board Prayer issue and has excluded all of the other issues, Plaintiffs seek communications and other documents relating to "Religious Activities," which Plaintiffs' have defined to mean "any activity, conduct, expression, observance, practice or path concerning religion or religious beliefs, including and without limitation: designation of religious days in district or school calendar; distribution of religious documents; performance of religious music; performance of religious plays; presentations concerning religion; prayer; religious clubs; and religious study." *See* Plaintiffs' Interrogatories (Instruction No. 5) and Request for Production (Instruction No. 13). If Plaintiffs are permitted to take discovery on all of these other topics, the Court's order bifurcating discovery is rendered meaningless.

Notwithstanding Plaintiffs' overly broad requests, Defendants have provided documents relating to the School Board Prayer policy as written and as applied. These documents include School Board meeting agendas, School Board meeting minutes, attendance records, correspondence, statements made by Board members (if any), press releases to the media, and other communications and documents. In total, Defendants have produced over 1,200 hundred pages of documents that relate to School Board Prayer issue. Defendants have also produced two CD-ROMS containing available recordings of the public portions of School Board meetings, and a DVD containing a video of the August 24, 2004 School Board meeting, which was the meeting where members of the public were permitted to comment on the policy at issue.[1]

---

[1] The Defendants have offered to make available literally tens of thousands of documents that have nothing to do with the issues in this case (subject to the Defendants' right to assert an objection to the copying of specific documents once they are identified) in order to resolve this discovery dispute. *See* Letter from Jason P. Gosselin to Thomas J. Allingham, II (Aug. 9, 2006), attached as Exhibit B.

Plaintiffs are not entitled to broaden the scope of discovery simply by defining "Religious Activities" to include topics upon which discovery has been deferred by the Court.

Plaintiffs' requests for various categories of documents relating to the "Litigation," and the "Settlement Agreement" (defined as the "settlement voted on by the School Board on February 27, 2006") are equally objectionable. Plaintiffs argue that "the religious purposes of individual Board members, including their statements made in the broader course of the debate is relevant" in this Establishment clause challenge. *See* Motion to Compel (D.I. 158), at 3 (quoting *Kitzmiller v. Dover Area School District*, 2005 WL 4147867, at * 1 (M.D.Pa. Sept. 22, 2005), attached to Plaintiffs' motion as Exhibit F.[2] Although Plaintiffs here principally rely on *Kitzmiller*, they neglect to point out that the statements at issue in that case related to the school's biology curriculum, which was the very issue in litigation. Plaintiffs also fail to mention that the *Kitzmiller* court's ruling was limited to statements made by school board members *at the school board meetings*. *Id.* at *2 ("We hold that to the extent that statements by members of the Dover Area School Board or administrators were made at Dover Area School Board meetings," those statements are admissible as party admissions.) Unlike in *Kitzmiller*, Plaintiffs here are seeking Defendants' statements relating to the litigation itself and the rejected settlement proposal, which are not relevant or probative of any issue before this Court. The individual Board members' views concerning the merits of Plaintiffs' legal claims and factual allegations, or the merits of the rejected settlement proposal, have nothing to do with whether the School Board Prayer Policy is constitutional as written and as applied.

---

[2] The language quoted by the Plaintiffs was not the Court's reasoning but was instead the Court's characterization of the *Kitzmiller* plaintiffs' argument.

- 3 -

Plaintiffs also seek to compel a response to Request No. 9, which seeks production of all "[m]edia reports concerning the School Board Prayer, Religious Activities, the Litigation, the Settlement Agreement or School Board Meetings." In addition to the fact that this request goes well beyond the School Board Prayer issue, it seeks only public domain documents (*i.e.*, "media reports") that are equally available to Plaintiffs. If Plaintiffs would like to obtain media reports relating to this lawsuit, the rejected settlement proposal, or anything else, they are free to obtain them. (Indeed, Plaintiffs have evidently been keeping track of media reports, because they have produced to Defendants more than 1,300 pages of written media reports in addition to several CD-ROMS and DVDs of broadcast media coverage.) Even if such media reports were relevant, Defendants have no obligation to produce them to Plaintiffs.

Finally, Plaintiffs' request for an award of expenses, including attorney fees, is unwarranted. *See Friction Div. Prods., Inc. v. E.I. Du Pont de Nemours & Co.*, 117 F.R.D. 535, 540 (D. Del. 1987); *see also* Defendants' Response in Opposition to Plaintiffs' Motion to Compel Responses to Request Nos. 5, 6, 7, 8 & 17 (D.I. 156), at 4.

For the reasons set forth above, Plaintiffs' motion should be denied.

Respectfully submitted,

/s/ Warren T. Pratt
Warren T. Pratt (DE Bar #4334)
Jason P. Gosselin (*pro hac vice*)
Jarrod D. Shaw (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1243
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

*Attorneys for the Defendants*

Dated: August 11, 2006