IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : |
| Defendants. | : |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL RESPONSES TO THE
REQUEST AND ANSWERS TO INTERROGATORIES (D.I. 162)**

Defendants hereby respond to Plaintiffs' Motion to Compel Responses to the Request and Answers to Interrogatories Directed to Defendants (D.I. 162).

In the instant motion, Plaintiffs argue that Defendants have refused to produce documents and answer interrogatories "in keeping with Instruction 3 of the Request and Instruction 1 of the Interrogatories," which instructions state that the relevant time frame for discovery is the fifteen-year period from September 1, 1991 to the present. *See* Motion to Compel (D.I. 162), at 1. Plaintiffs also argue that Defendants' have waived their objections because they have not timely asserted them. *Id.* at 2. Plaintiffs' motion, which never really states what Plaintiffs would like this Court to compel, should be denied.

Defendants did not assert a "time-frame" objection to Plaintiffs' requests because it was not necessary to do so. Discovery in this matter has been bifurcated. The only discovery permitted at this time is discovery relating to the School Board Prayer Policy, both as written and as applied. The policy at issue was adopted on October 19, 2004. *See* Policy BDA.1, attached as Exhibit A. The School Board began its consideration of the policy in June of 2004, approximately four months prior to adoption. In responding to Plaintiffs' interrogatories and

requests for production of documents, Defendants have endeavored to produce all of the documents in their possession relating to both the adoption of the policy and the application of the policy. That is why the documents produced by Defendants generally do not predate June of 2004. As Plaintiffs acknowledge, Defendants' attorney attempted to explain this in a telephone conversation prior to Plaintiffs' filing of the instant motion, but Plaintiffs' waiver argument is unavailing. Defendants are *not* attempting to assert an objection they previously chose not to assert. It is Plaintiffs who now insist that Defendants are late in making an argument that they are not, in fact, making.[1]

This is the first time Plaintiffs have alleged that Defendants have made (and have waived) an objection to the time-frame instructions set forth in the interrogatories and requests for production of documents. In fact, Defendants are not opposed to making available for inspection School Board documents from prior to June 2004. *See* Letter from Jason P. Gosselin to Thomas J. Allingham, II (Aug. 9, 2006), attached as Exhibit B. However, due to the fact that Plaintiffs' requests are extremely overbroad and would involve literally tens of thousands of documents that

---

[1] Defendants did assert other specific objections to Plaintiffs requests where the non-production of documents might overlap with the non-production of documents based on a time-frame objection. For example, in Request No. 6, Plaintiffs sought "Communications concerning attendance of any Parent, Student, Resident, District Administrator, School Administrator or District Representative at a School Board Meeting." Request No. 6, attached to Plaintiffs' motion as Exhibit A. Defendants objected to this request on the ground that it is "beyond the scope of the Court's Order, which limits discovery to the School Board Prayer issue in this phase of this case." *See* Amended Response to Request No. 6, attached to Plaintiffs' Motion as Exhibit B. Subject to this objection, Defendants produced all documents relating to attendance at School Board meetings concerning the adoption and application of the School Board Prayer Policy at issue. Defendants did not produce, for example, attendance records for School Board meetings from prior to June of 2004. Defendants' non-production was not the result of an unstated objection to Plaintiffs' time-frame instructions. Instead, it resulted from the fact that the School Board Prayer Policy at issue was neither written nor applied in meetings prior to June 2004.

have nothing (or very little)[2] to do with this litigation, Plaintiffs should review the documents and identify which specific documents they would like to have copied. After they have done so, the parties, and the Court, will be in a position to address specific discovery disputes, if any.

Finally, Plaintiffs' request for an award of expenses, including attorney fees, is unwarranted. *See Friction Div. Prods., Inc. v. E.I. Du Pont de Nemours & Co.*, 117 F.R.D. 535, 540 (D. Del. 1987); *see also* Defendants' Response in Opposition to Plaintiffs' Motion to Compel Responses to Request Nos. 5, 6, 7, 8 & 17 (D.I. 156), at 4.

For the foregoing reasons, Plaintiffs' motion should be denied.

Respectfully submitted,

/s/ Warren T. Pratt
Warren T. Pratt (DE Bar #4334)
Jason P. Gosselin (*pro hac vice*)
Jarrod D. Shaw (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1243
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

*Attorneys for the Defendants*

Dated: August 11, 2006

---

[2] Plaintiffs have argued that Defendants' claim that the Indian River School Board has acted as a legislative body at all times opens the door to pre-June 2004 discovery. Defendants do not necessarily disagree. However, this does not mean that Plaintiffs' requests are not overly broad and unduly burdensome. For example, it may be true that the Board's historical procedures for spending public funds is relevant to whether the Board acts as a legislative body. But it does not mean that every document relating to every public expenditure over the last fifteen years is subject to production in this case. For that reason, Defendants have appropriately offered to make available for inspection all of its public documents, subject to its right to assert an objection to the production of those documents after Plaintiffs' review.