# EXHIBIT B

**DrinkerBiddle&Reath**
LLP

Jason P. Gosselin
215-988-3371
jason.gosselin@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

August 9, 2006

**<u>VIA FACSIMILE</u>**

Thomas J. Allingham, II, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19801

     RE: *Dobrich, et al. v. Walls, et al.*, No. 05-CV-00120-JJF

Dear Tom:

     I returned from vacation yesterday and I have had the opportunity to review the Plaintiffs' six separate motions to compel that were filed while I was away. I continue to believe that the vast majority of the issues raised in the Plaintiffs' motions can be resolved without involving the Court.

     In the Defendants' document production, we endeavored to provide all documents that relate to the adoption of the Board prayer policy that is currently at issue, as well as any documents that relate to the implementation of that policy. Back in July, when you and I first discussed the Plaintiffs' view that this production was inadequate, I suggested that one method for resolving the discovery dispute would be to make available for inspection the school board documents (*i.e.*, agendas, meeting minutes, hand outs, correspondence, etc.) for all meetings since the Board began its consideration of the policy at issue. After reviewing the Plaintiffs' motions, I continue to believe that much of the current dispute can be resolved in that manner.

     I think you will find, upon review, that the vast majority of school board documents either do not relate to the issues in this case or are unnecessary to establish the facts upon which the issues will be decided.[1] If the Plaintiffs believe it is necessary to review documents from prior to the time when the Board began considering the Board prayer policy at issue, as well as the audio tapes of the public portions of the meetings, we would be willing to make those available in a similar fashion. To the extent that the Plaintiffs believe documents or statements are relevant and should be copied, the parties can then address the specific documents at issue to see whether they should be produced.

---

[1] For example, it is overly burdensome and unnecessary for the Board to produce voluminous documents relating to budgetary matters in order for the parties to address whether the Board's budgetary duties constitute a legislative function.

*Established*
*1849*

NS

DrinkerBiddle&Reath
L L P

Even if this proposal does not resolve the dispute in its entirety, it should at least narrow the issues. If you would like to proceed in this manner, please give me a call so that we can make prompt arrangements for the plaintiff's inspection of the documents.

Very truly yours,

Jason P. Gosselin

JPG/cts

cc: Jeffrey Boerger, Esquire
    Jarrod Shaw, Esquire

NS