IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀Plaintiffs,⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀⠀CIVIL ACTION NO. 05-120-JJF
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
INDIAN RIVER SCHOOL DISTRICT, et al.,⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀:

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL RESPONSES TO REQUEST NO. 8 (D.I. 164)**

⠀⠀⠀⠀Defendants hereby respond to Plaintiffs' Motion to Compel Responses to Request

No. 8 Directed to Defendants (D.I. 164).

⠀⠀⠀⠀This is Plaintiffs' second motion to compel responses to Document Request No.

8,[1] which request sought any and all documents relating to "School Board Meetings,

including but not limited to notes, agendas, minutes, presentations, audio recordings,

video recordings, or preparation materials." In the instant motion, Plaintiffs seek to

compel the production of documents and other items pertaining to the closed portions of

School Board meetings. Plaintiffs' motion should be denied.

⠀⠀⠀⠀Under Delaware law governing public bodies, all school board meetings must be

open to the public. *See* 29 Del. Code § 10004(a). However, the law permits a public

body to "call for an executive session closed to the public" in nine statutorily-defined

circumstances. *Id.* § 10004(b). These circumstances include: (1) individual hiring and

training; (2) site acquisitions; (3) law-enforcement activities; (4) "strategy sessions"

---

[1] Request No. 8 is also the subject of Plaintiffs' Motion to Compel Responses to Request Nos. 5, 6, 7, 8 & 17 (D.I. 156). Defendants hereby incorporate by reference their response to that motion.

involving "legal advice or opinion from an attorney-at-law" regarding pending or potential litigation; (5) the identity of anonymous charitable donors; (6) discussion of the content of non-public records; (7) student disciplinary proceedings; (8) employee disciplinary or dismissal proceedings; and (9) personnel matters. *Id.* § 10004(b)(1)–(9). Like other school boards and public bodies, the Indian River School Board routinely meets in executive session to discuss those topics that may—indeed, should—be addressed behind closed doors. Plaintiffs now seek, without limitation, all documents and other materials relating to the School Board's closed-door sessions.

Defendants objected to Request No. 8 for a multitude of reasons. As discussed elsewhere, Defendants principally objected on the grounds that this request was overly broad and unduly burdensome and went far beyond the School Board Prayer issue. *See* Amended Response to Request No. 8. The reasons supporting those objections alone warrant denying the instant motion.[2] Documents or other materials relating to the topics identified above (with the possible exception of legal "strategy sessions," discussed below) have nothing to do with the School Board Prayer Policy as written and as applied. In fact, the adoption of the policy and the implementation of the policy took place in public meetings, and documents relating thereto have already been produced.

To the extent that the School Board Prayer Policy was discussed at all in the executive session portions of the School Board's meetings, such discussion took place pursuant to § 10004(b)(4), relating to litigation or potential litigation. Those discussions are protected from disclosure by the attorney-client privilege and/or the work-product

---

[2] Plaintiffs' statement that the deliberative process privilege and 29 Del. Stat. § 10004 are "the only bases on which Defendants now seek to withhold" documents relating to closed meetings, *see* Motion to Compel (D.I. 164), at 1, is just plain false.

doctrine. Defendants asserted both of those objections in its initial response. *See*

Amended Response to Request No. 8 ("Defendants further object to this request to the

extent it seeks information and communications protected by attorney/client privilege

and/or the attorney work-product doctrine.").

Apart from arguing that Defendants have waived an objection based on the

deliberative process privilege, the *only* argument Plaintiffs have advanced in support of

the present motion is the following:

> Finally, Defendants have admitted that they do not open
> closed sessions with prayer. Whether the School Board
> conducts the same business in its closed sessions without
> prayer as it does in the public sessions with prayer is
> relevant to show that School Board Members have
> exploited the public sessions' "prayer opportunity . . . [to]
> advance any one . . . faith or belief."

Motion to Compel (D.I. 164), at 4. While this might support Plaintiffs' position on the

ultimate issue at trial, it does not support Plaintiffs' motion to compel. In other words,

Plaintiffs do not need access to confidential personnel records, disciplinary records, etc.,

to argue that the School Board is exploiting the prayer opportunity by offering prayers or

moments of silence only in public meetings.[3]

In Plaintiffs' motion to compel, they say nothing about the objections Defendants

asserted in response to Request No. 8. Instead, they focus on the deliberative process

privilege, and most of what they say is wrong.[4] To the extent the Court even needs to

---

[3] If Plaintiffs pursue this issue in depositions of Defendants, they will also become aware
of their argument's weaknesses. Executive sessions typically are not separate meetings but are
the final portions of regular School Board meetings.

[4] Plaintiffs claim that the privilege does not exist under Delaware law, but they overlook
the fact that the privilege here arises out of federal common law. *See Bobkoski v. Bd. of Educ.*,
141 F.R.D. 88, 91-92 (N.D. Ill. 1992) (federal common law privilege protects school board

consider the deliberative process privilege—and it does not—that privilege has not been

waived and applies forcefully here.

For the foregoing reasons, Plaintiffs' motion to compel with respect to materials

pertaining to closed executive session proceedings should be denied.

Respectfully submitted,

_____/s/ Warren T. Pratt_____

Warren T. Pratt (DE Bar I.D. #4334)
Jason P. Gosselin (*pro hac vice*)
Jarrod D. Shaw (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Suite 1000
Wilmington, DE 19801-1243
(302) 467-4200
(302) 467-4201 fax
warren.pratt@dbr.com

*Attorneys for the Defendants*

Dated: August 11, 2006

---

deliberations); *see also Buford v. Holladay*, 133 F.R.D. 487, 794 (S.D. Miss. 1990) (privilege
may arise out of either state or federal law). Plaintiffs argue the privilege is waived because the
words "deliberative process privilege" were not used in Defendants' initial objections, but they
fail to appreciate that the privilege remains as long as a valid objection, even on other grounds,
has been asserted. *See First Heights Bank v. United States*, 46 Fed. Cl. 312, 321 (2000); *SCM
Corp. v. United States*, 473 F. Supp. 791, 796 (Cust. Ct. 1979). Finally, Plaintiffs argue that the
failure to provide an affidavit constitutes a waiver, but they are mistaken in that point as well.
*See Hinton v. Dep't of Justice*, 844 F.2d 126, 128-29 (3d Cir. 1988) (affidavit to be provided in
conjunction with a detailed *Vaughn* index prepared at the direction of the district court).