IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MONA DOBRICH, et al.,            :
                                 :
            Plaintiffs,          :
                                 :
     v.                          :   Civil Action No. 05-120-JJF
                                 :
THE INDIAN RIVER SCHOOL          :
DISTRICT, et al.,                :
                                 :
            Defendants.          :

**MEMORANDUM ORDER**

The Court has received the parties' letters (D.I. 141, 143) setting forth their disagreements with respect to the entry of a Protective Order governing the disclosure of the Does' identities in this case. Specifically, Defendants do not agree with Plaintiffs' proposed Paragraph 5 which precludes disclosure of certain information related to the Does' identities to, among others, Reginald Helms and his personal attorney Thomas Neuberger. In addition, Plaintiffs do not agree with Defendants' proposed Paragraph 19, which voids the Protective Order in the event that the Does themselves disclose certain identifying information to persons not entitled to know or possess such information under the Protective Order.

The Court has reviewed the parties' disputes regarding these paragraphs and concludes that Paragraph 5 is an acceptable limitation on the disclosure of information relating to the Does'

identities, except that Paragraph 5 should not extend to the members of the School Board, including Mr. Helms, or the attorneys of record in this case. In other words, the Neuberger Firm and the Rutherford Institute are not attorneys of record in this case, and therefore, the prohibition against disclosure contained in Paragraph 5 may extend to them, but may not preclude Defendant Helms from receiving the contemplated information, unless the disclosure of such information to him is precluded by other portions of the Protective Order.

In addition, the Court concludes that Paragraph 19 is unnecessary and should not be included in a final Protective Order. In the event Defendants wish to challenge the Protective Order on the basis of the Does' future conduct, Defendants have ample alternatives under the Federal Rules of Civil Procedure to move for reconsideration at the appropriate time.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' request that Paragraph 5 be included in a final Protective Order to be entered in this case is **GRANTED**, to the extent that Paragraph 5 applies to Thomas Neuberger, anyone associated with the Neuberger Firm, representatives of the Rutherford Institute or any attorney purporting to represent Mr. Helms, and **DENIED** to the extent that paragraph 5 extends to Mr. Helms or attorneys of record in this case representing Mr. Helms

as a member of the School Board, unless such disclosure to Mr. Helms is precluded by other portions of the Protective Order.

2.   Defendants' request that Paragraph 19 be included in a final Protective Order is **DENIED**.

```
August 23, 2006                    /s/ Joseph J. Farnan
    Date                       UNITED STATES DISTRICT JUDGE
```