IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, et al., | : | |
| | : | |
|    Plaintiffs, | : | |
| | : | |
|    v. | : | CIVIL ACTION NO. 05-120-JJF |
| | : | |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : | |
| | : | |
|    Defendants. | : | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants hereby move this Court for a Protective Order to prevent the deposition of Janet Hearn, who serves as the secretary to the superintendent of the Indian River School District. The deposition of Janet Hearn will be unreasonably cumulative and duplicative of other testimony Plaintiffs have obtained or will obtain from multiple other sources.

On February 28, 2005, Plaintiffs filed a complaint against Defendants alleging violations of Plaintiffs' rights under the United States Constitution and the Constitution of the State of Delaware to be free from state-sponsored religion. On March 23, 2006, the Court issued a Memorandum Order bifurcating discovery into two phases: (i) the constitutionality of the School Board's Prayer Policy as written and as applied ("Phase I"); and (ii) all remaining issues ("Phase II"). The parties are currently in Phase I of the litigation.

On May 1, 2006, Plaintiffs served a notice of deposition for Janet Hearn. *See* Notice of Deposition of Janet Hearn, attached hereto as Exhibit A. In an e-mail dated September 21, 2006, Plaintiffs advised that they intended to take nineteen (19) separate depositions, including that of Mrs. Hearn, on the limited issues involved in this phase of the litigation. *See* September 21,

2006 E-Mail Correspondence, attached hereto as Exhibit B.[1] Defendants initially did not oppose the deposition of Mrs. Hearn, who attends Board meetings in her capacity as secretary to the superintendent, and Defendants worked with Plaintiffs to schedule the depositions in a manner that would allow Plaintiffs to obtain relevant information without causing undue inconvenience to the deponents.[2] However, in a letter to Plaintiffs' counsel dated October 12, 2006, Defendants requested that Plaintiffs agree to withdraw their deposition notice to Mrs. Hearn because her duties are entirely ministerial and any testimony she might offer is unreasonably cumulative. *See* October 12, 2006 Correspondence, attached hereto as Exhibit D. Plaintiffs have not agreed to withdraw this deposition notice.

Janet Hearn is the secretary to the superintendent of the School Board. She has served at the direction of Lois Hobbs, the former superintendent, as well as Susan Bunting, the current superintendent. Plaintiffs will be taking depositions of both Dr. Hobbs and Dr. Bunting. While Mrs. Hearn attends the Board meetings, she is not a voting member and does not otherwise participate in the Board's affairs. Mrs. Hearn's sole responsibility is to prepare the minutes at each Board meeting. After doing so, she submits the minutes to the superintendent for review

---

[1] The deponents included the following: Charles M. Bireley, Nina Lou Bunting, Susan S. Bunting, Richard H. Cohee, John M. Evans, Donald G. Hattier, Janet Hearn, Reginald L. Helms, Lois M. Hobbs, Randall Hughes, Mark A. Isaacs, Donna M. Mitchell, Harvey L. Walls, M. Elaine McCabe, Gregory A. Hastings, Robert Wilson, Patricia Oliphant, Dan Gaffney, and a 30(b)(6) witness(es). These individuals include current and past Board members, current and past administrative personnel for the District, and a radio talk show host. Plaintiffs are currently considering the possibility of withdrawing their request to depose Robert Wilson and Patricia Oliphant, each of whom are current Board members who took office in July 2006.

[2] In response to Plaintiffs' Rule 30(b)(6) deposition notice, Defendants designated Mrs. Hearn as the individual who could address topics concerning the preparation of minutes and recording the meetings by audio or video. *See* October 9, 2006 Correspondence, attached hereto as Exhibit C. To the extent that Defendants made such a designation, Defendants now seek a protective order with respect to those portions of the 30(b)(6) notice for the same reasons set forth herein.

and signature. The superintendent, who serves as the Secretary to the Board, then submits the minutes to the Board for review and approval.

In light of Mrs. Hearn's ministerial role in Board meetings, and in light of the fact that Plaintiffs have deposed or will depose at least fifteen (15) other Board members or administrative personnel who have substantive duties in connection with the affairs of the School Board, Mrs. Hearn's deposition is unreasonably cumulative. Plaintiffs insist on taking Mrs. Hearn's deposition because they believe there are inaccuracies in the Board's meeting minutes when compared to selected audio tapes reviewed by Plaintiffs' counsel. However, even if these so-called inaccuracies exist, Mrs. Hearn's deposition is unnecessary. Defendants have agreed to produce in their entirety the audio tapes of *all* public sessions of Board meetings from June 2004 to the present. Defendants have also offered to stipulate that, to the extent that there might be any inconsistencies between the audio tapes and the meeting minutes, the audio tapes (or video tapes)[3] constitute the more accurate reflection of what actually took place at the Board meetings. *See* October 12, 2006 Correspondence, attached hereto as Exhibit D.

Federal Rule of Civil Procedure 26(b)(2) allows the court to limit discovery if the court determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." This Court has the discretion to limit the number of depositions sought by Plaintiffs upon finding that certain of the depositions will be unreasonably cumulative or duplicative. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirming protective order to quash the deposition of defendant's president where other lower ranking employees had more direct knowledge); *Cantor*

---

[3] Attorney Richard Horvath has been attending the Board meetings on Plaintiffs' behalf and making video tapes of the meetings, which have been produced in discovery.

*v. Equitable Life Assurance Soc'y*, 1998 U.S. Dist. LEXIS 13240 (E.D. Pa. Aug. 27, 1998) (prohibiting depositions of additional employees of defendant insurance company where depositions of primary claims handlers had already been taken); *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 336 (M.D. Ala. 1991) ("[T]he court has authority to pare down the number of deponents."); *Armstrong Cork Co. v. Niagra Mohawk Power Co.*, 16 F.R.D. 389, 391 (S.D.N.Y. 1954) (allowing deposition of only three of fifteen officers and board members that defendant sought to depose); *M.A. Porazzi Co. v. The Mormaclark*, 16 F.R.D. 383 (S.D.N.Y. 1951) (court did not allow the deposition of vice-president who could contribute little beyond testimony already obtained from general claims agents).

Entering a protective order with respect to the deposition of Mrs. Hearn will not impair Plaintiffs' ability to obtain facts concerning the Board Prayer Policy as written and as applied. Numerous other deponents have been and will be deposed who can attest to what has taken place at Board meetings. Moreover, to the extent that Plaintiffs have questions concerning the meeting minutes, such questions can be equally posed to the superintendent who signs the minutes, or to the many Board members who have approved the minutes. Indeed, thus far, Plaintiffs have in fact addressed the purported inaccuracies in taking the depositions of various Board members.

*(Remainder of page intentionally left blank)*

Defendants have attempted to accommodate Plaintiffs in their requests to depose an exceedingly large number of individuals on two very narrow issues. Mrs. Hearn's deposition is completely unnecessary, and Defendants respectfully request that the Court grant this motion and enter a protective order regarding the deposition of Janet Hearn.

Dated: October 13, 2006

Respectfully submitted,

/s/ Warren T. Pratt
Warren T. Pratt (DE Bar I.D. #4334)
Jason P. Gosselin (*pro hac vice*)
Jarrod D. Shaw (*pro hac vice*)
Jeffrey M. Boerger (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1243
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

*Attorneys for the Defendants*