# EXHIBIT C

# DrinkerBiddle&Reath
### L L P

Jason P. Gosselin
215-988-3371
jason.gosselin@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

October 9, 2006

*VIA FACSIMILE*

Thomas J. Allingham II
Skadden Arps
One Rodney Square
Box 636
Wilmington, DE  19899-0636

**RE:**   *Dobrich v. Walls, et al.*, No. 05-120 (D. Del.)

Dear Tom:

We have the 30(b)(6) deposition notice dated October 4, 2006.  The Indian River School District and the Indian River School Board make the following designations and assert the following objections to the specific topic areas identified in Exhibit 1 to the deposition notice:

    1.      **The Adoption of Board Prayer Policy**.  Harvey Walls.[1]

    2.      **History and Tradition of Board Prayer Since 1969**.  Charles Bireley.[2]

    3.      **History and Tradition of Board Prayer at Other School Districts**.  We object to Plaintiffs' request for a designee on this topic.  Although the Defendants do not seek to preclude the Plaintiffs from discovering information relative to the history and tradition of prayers at school board meetings of predecessor school districts, the Board and the District cannot designate a person to speak on behalf of other school districts.

    4.      **Factors Relating to Exploitation of School Prayer Opportunity**.  Charles Bireley.

    5.      **Enforcement of Board Prayer Policy**.  Charles Bireley.

    6.      **Operation and Implementation of Board Prayer Policy**.  Charles Bireley.

---

[1] This designation is subject to confirmation from Mr. Walls, which I expect to have by Wednesday.  If Mr. Walls, who is a former Board member, does not consent to testify on behalf of the District and the Board, we will make another designation.

[2] As I mentioned in our telephone conversation today, Mr. Bireley has been a board member since 1974 and has the greatest historical knowledge of the Board's tradition of beginning its meetings with prayer.  To the extent that Mr. Bireley is unable to answer certain questions based on his personal knowledge, but the information is available in historical Board records, it may be necessary to designate another individual. We can address the need for a subsequent designee after the deposition of Mr. Bireley.

*Established*
*1849*

DrinkerBiddle&Reath
L L P

Tom Allingham
October 9, 2006
Page 2

7.      **Steps to Avoid Compulsory Participation in Prayer/Moment of
Silence**.  Charles Bireley.

8.      **The Affirmative Defense That Board Acted as Legislative Body**.  We
object to Plaintiffs' request for a designee on this topic, inasmuch as it seeks the
designation of an individual to address a legal argument.

9.      **Policy and Procedures for Preserving Documents**.  Janet Hearn.

10.     **Actions in Response to Your Correspondence.**  We object to this
request because it essentially seeks to explore communications protected by the attorney-
client privilege.  However, we do not object to questions regarding the preservation of
documents and/or audio and visual recordings directed to Mrs. Hearn relative to topic no.
9.

11.     **Attendance of Students at School Board Meetings**.  Charles Bireley.

12.     **Process for Preparing, Drafting and Adopting School Board Minutes**.
Janet Hearn.

13.     **The Installation, Operation of Audio Visual Equipment**.  Janet Hearn.

Per our discussion of last week, there will not be a separate "designee" deposition.
Instead, the topics addressed above will be covered at the time of the previously
scheduled depositions of these individuals.  If you have any questions, please feel free to
give me a call.

Sincerely yours,

Jason P. Gosselin

JPG