IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, et al., | x<br>:<br>: | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | :<br>: | |
| Defendants. | :<br>x | |

**PLAINTIFFS' ANSWER TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs respectfully submit this answer in opposition to Defendants' Motion for a Protective Order (the "Motion") (D.I. 182), and request the Court to compel the attendance of Janet Hearn at a deposition. The Court should deny the Motion for the following reasons:

1.  Janet Hearn is the secretary of the Indian River School Board. As secretary, Ms. Hearn attends School Board meetings and prepares the minutes of those meetings which are the only written record of the Board's deliberations on the challenged policies.

2.  Ms. Hearn has relevant information about School Board prayer in the Indian River School District. According to the minutes, she attended every regular monthly School Board meeting from June 2004 to December 2004.

3.  Defendants conceded that Ms. Hearn has relevant information about the School Board prayer issue by originally designating her as the 30(b)(6) witness for (i) the policy and procedures for preserving documents; (ii) the process for preparing, drafting and adopting School Board minutes; and (iii) the installation and operation of audio visual equipment.[1] Additionally, in the letter designating Ms. Hearn as the 30(b)(6) witness, Defendants conceded that they "do not object to questions regarding the preservation of documents and/or audio and visual

---

[1] Letter from Jason P. Gosselin to Thomas J. Allingham II, October 9, 2006 (Exhibit A).

1

recordings directed to Ms. Hearn relative to [policy and procedures for preserving documents.]" (Exhibit A)

4. Defendants have not withdrawn the 30(b)(6) designation of Ms. Hearn despite the filing of the Motion. Instead, in a footnote and without a formal motion, Defendants appear to seek a protective order for any and all deposition testimony relating to the preservation of documents and the drafting of minutes. Clearly, Plaintiffs are entitled to discover relevant information about these subjects. FED. R. CIV. P. 26(b)(1). Although Defendants claim that questions about the Board minutes can be "equally posed" to the superintendent or other board members (Motion at 4), Defendants fail to explain why their previous designation of Ms. Hearn (five days earlier) as the person with that knowledge was in error.

5. The Motion is untimely and will prejudice Plaintiffs if granted. Defendants designated Ms. Hearn as the 30(b)(6) witness on October 9, 2006. Taking Defendants' representation in good faith, Plaintiffs deposed five key witnesses from October 10, 2006 to October 13, 2006, each of whom was not asked critical questions about the 30(b)(6) subject areas for which Ms. Hearn has been designated. Now, Defendants seek to prejudice Plaintiffs by refusing to produce their designated deponent on these matters.

6. This eleventh hour motion should also be denied because Defendants made an affirmative representation to Plaintiffs that Ms. Hearn would be a 30(b)(6) witness. Defendants offer no authority to the Court that a party may designate a 30(b)(6) witness and then move for a protective order based on that party's assertion that the deposition would be "unreasonably cumulative and duplicative." (Motion at 1) Moreover, at least two of the cases cited by Defendants contradict their position, because in those cases the party seeking to avoid the deposition represented to the court that *the proposed witness had no personal knowledge of the*

*facts. See Salter v. Upjohn Co.*, 593 F.2d. 649, 651 (5th Cir. 1979) (Defendant's president "did not have any direct knowledge of the facts"); *M.A. Porazzi Co. v. The Mormaclark*, 16 F.R.D. 383, 383 (S.D.N.Y. 1951) ("Vice President has no personal knowledge"). Here, the exact opposite is true. Defendants designated Ms. Hearn as the 30(b)(6) witness due to her direct knowledge of the Board minutes and document retention procedures. Ms. Hearn's superior knowledge has also been confirmed through the testimony of other deponents. While Ms. Hearn may perform ministerial duties, she is the *only* person who can testify directly about the actual performance or non-performance of those duties. Thus, Plaintiffs seek to depose the witness with the most knowledge about the subject matter. Defendants are unable to point to any case in which a court disallowed a deposition of a witness with direct knowledge in favor of a witness with indirect (or no) knowledge.

7. Plaintiffs have found that in at least one instance, the Board minutes contain information that is not on the audio tape of that meeting. Additionally, Plaintiffs do not have an audio tape or video tape of a significant portion of the August 24, 2006 meeting. Defendants have so far claimed there are no notes from this and other Board meetings. Therefore, because Ms. Hearn is responsible for the minutes, Plaintiffs are entitled to depose her and discover how she generated the minutes of this critical meeting.

8. It is not possible to determine whether the production of "the audio tapes of *all* public sessions of Board meetings from June 2004 to the present" (Motion at 3) makes Hearn's testimony duplicative, because Defendants *have not* produced the audio tapes. Moreover, Defendants' attorney Jeffrey Boerger told Plaintiffs' counsel that Defendants *cannot* produce all

3

of the audio tapes from June 2004 to the present.[2]

9. Defendants have the burden of establishing good cause for a protective order. *In re Urethane Antitrust Litig.*, 2006 U.S. Dist. LEXIS 38503, at *20 (D. Kan. June 9, 2006) (Exhibit C). Defendants' assertions do not establish the good cause necessary to grant the Motion.

## CONCLUSION

For these reasons, Plaintiffs request that the Court deny the Motion, order Defendants to produce Ms. Hearn, and assess costs against Defendants.

DATED: October 20, 2006

> Thomas J. Allingham II (I.D. #476)
> tallingh@probonolaw.com
> Brian G. Lenhard (I.D. # 4569)
> blenhard@probonolaw.com
> One Rodney Square
> P.O. Box 636
> Wilmington, Delaware 19899
> (302) 651-3000
> Attorneys for Plaintiffs

---

[2] Affidavit of Richard S. Horvath, Jr. (Oct. 15, 2006) (Exhibit B) (noting also that Boerger said that questions about the absence or non-existence of audio tapes should be asked at depositions).

4

473079.05-Wilmington Server 1A - MSW