# EXHIBIT A

# DrinkerBiddle&Reath LLP

Jason P. Gosselin
215-988-3371
jason.gosselin@dbr.com

Law Offices

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

October 9, 2006

***VIA FACSIMILE***

Thomas J. Allingham II
Skadden Arps
One Rodney Square
Box 636
Wilmington, DE 19899-0636

    RE:    *Dobrich v. Walls, et al.*, No. 05-120 (D. Del.)

Dear Tom:

We have the 30(b)(6) deposition notice dated October 4, 2006. The Indian River School District and the Indian River School Board make the following designations and assert the following objections to the specific topic areas identified in Exhibit 1 to the deposition notice:

1. **The Adoption of Board Prayer Policy.** Harvey Walls.[1]

2. **History and Tradition of Board Prayer Since 1969.** Charles Bireley.[2]

3. **History and Tradition of Board Prayer at Other School Districts.** We object to Plaintiffs' request for a designee on this topic. Although the Defendants do not seek to preclude the Plaintiffs from discovering information relative to the history and tradition of prayers at school board meetings of predecessor school districts, the Board and the District cannot designate a person to speak on behalf of other school districts.

4. **Factors Relating to Exploitation of School Prayer Opportunity.** Charles Bireley.

5. **Enforcement of Board Prayer Policy.** Charles Bireley.

6. **Operation and Implementation of Board Prayer Policy.** Charles Bireley.

---

[1] This designation is subject to confirmation from Mr. Walls, which I expect to have by Wednesday. If Mr. Walls, who is a former Board member, does not consent to testify on behalf of the District and the Board, we will make another designation.

[2] As I mentioned in our telephone conversation today, Mr. Bireley has been a board member since 1974 and has the greatest historical knowledge of the Board's tradition of beginning its meetings with prayer. To the extent that Mr. Bireley is unable to answer certain questions based on his personal knowledge, but the information is available in historical Board records, it may be necessary to designate another individual. We can address the need for a subsequent designee after the deposition of Mr. Bireley.

Established
1849

DrinkerBiddle&Reath

Tom Allingham
October 9, 2006
Page 2

    7.    **Steps to Avoid Compulsory Participation in Prayer/Moment of Silence.** Charles Bireley.

    8.    **The Affirmative Defense That Board Acted as Legislative Body.** We object to Plaintiffs' request for a designee on this topic, inasmuch as it seeks the designation of an individual to address a legal argument.

    9.    **Policy and Procedures for Preserving Documents.** Janet Hearn.

    10.    **Actions in Response to Your Correspondence.** We object to this request because it essentially seeks to explore communications protected by the attorney-client privilege. However, we do not object to questions regarding the preservation of documents and/or audio and visual recordings directed to Mrs. Hearn relative to topic no. 9.

    11.    **Attendance of Students at School Board Meetings.** Charles Bireley.

    12.    **Process for Preparing, Drafting and Adopting School Board Minutes.** Janet Hearn.

    13.    **The Installation, Operation of Audio Visual Equipment.** Janet Hearn.

    Per our discussion of last week, there will not be a separate "designee" deposition. Instead, the topics addressed above will be covered at the time of the previously scheduled depositions of these individuals. If you have any questions, please feel free to give me a call.

Sincerely yours,

Jason P. Gosselin

JPG

PHLIT\575670\1

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| MONA DOBRICH, et al., | x : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : : | |
| Defendants. | : x | |

**AFFIDAVIT OF RICHARD S. HORVATH, JR. IN SUPPORT OF PLAINTIFFS'
ANSWER TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Richard S. Horvath, Jr., being duly sworn, deposes and says:

1. I am an attorney for Mona Dobrich, Marco Dobrich, Alexander Dobrich, Samantha Dobrich, Jane Doe, John Doe, Jordan Doe and Jamie Doe (collectively, "Plaintiffs") in this matter. I am a member in good standing of the Bar of the Supreme Court of the State of Delaware and of the United States District Court for the District of Delaware. I respectfully submit this affidavit in support of Plaintiffs' Answer to Defendants' Motion for Protective Order.

2. On September 21 and 22, 2006, Brian G. Lenhard, Timothy S. Kearns and I inspected documents at the Wilmington office of Drinker Biddle & Reath LLP pursuant to the Court's September 14, 2006 order in this matter.

3. During that inspection, I inquired about the location of the audio tape of the August 24, 2004 Indian River School Board meeting. I was then asked to join

Howard A. Cohen, a member of the Bar of the Supreme Court of Delaware, in his office for a conference call with Jeffrey Boerger. Messrs. Cohen and Boerger are employed at Drinker Biddle.

        4.      During that call, I asked Mr. Boerger about the location of the August 24 audio recording. Mr. Boerger replied that there was no audio recording. I questioned Mr. Boerger on that point, and I stated that the videotape Defendants produced lasted up through the first period set aside for public comments at that meeting and a portion of the break taken thereafter. The videotape contains no record of the Board's public deliberations or the second round of public comments which took place at that meeting. The minutes for that meeting suggest that additional comments concerning prayer were made during that meeting's second round of public comments and that some deliberations took place.

2

5.  I explained the above omissions from the videotape to Mr. Boerger, and he stated that if Plaintiffs wanted to inquire into the location of any audio recording of that meeting, they should do so by deposition.

/s/ Richard S. Horvath, Jr.
Richard S. Horvath, Jr.

Subscribed and sworn to before me, a Notary Public, this 20th day of October, 2006.

Notary

My Commission Expires:

/s/ Sun H. Mammele

[SEAL]

SUSAN H. MAMMELE
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires April 14, 2007

# EXHIBIT C

LEXSEE 2006 US DIST LEXIS 38503

IN RE: URETHANE ANTITRUST LITIGATION, This Order Relates to the Polyester Polyol Cases

No. 04-MD-1616-JWL-DJW

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

2006 U.S. Dist. LEXIS 38503

June 9, 2006, Decided
June 9, 2006, Filed

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part *In re Urethane Antitrust Litig.*, 2006 U.S. Dist. LEXIS 46306 (D. Kan., July 7, 2006)

**PRIOR HISTORY:** *In re Urethane Antitrust Litig.*, 235 F.R.D. 507, 2006 U.S. Dist. LEXIS 20922 (D. Kan., 2006)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a class action, defendants moved to compel the deposition of plaintiff industrial rubber company pursuant to *Fed. R. Civ. P. 30(b)(6)*. Plaintiffs moved for the withdrawal of the company as class representative and moved for a protective order pursuant to *Fed. R. Civ. P. 26(c)*.

**OVERVIEW:** Defendants sought to compel the company to appear for a deposition. Plaintiffs sought to prevent the deposition from going forward and sought the company's withdrawal as class representative, arguing that the company faced severe financial difficulties over the past several years and voluntarily filed for bankruptcy. Under *Fed. R. Civ. P. 23(a)*, the court determined that withdrawal of the company as class representative was warranted because the company was unable to protect the interests of class members due to its financial difficulties. The court also found that to require the company to give a deposition would subject the company to undue burden, because it would serve no valid class certification purpose and the company was struggling with significant financial difficulties. Therefore, the company established good cause for the entry of a protective order preventing the deposition from going forward. However, to the extent the company sought broader protection, the request was premature.

**OUTCOME:** The court granted plaintiffs' motion for withdrawal of the company as class representative, without prejudice to its rights as an absent class member. The court granted plaintiffs' motion for a protective order to the extent they sought to bar defendants from taking the company's deposition, but denied the motion in all other respects. The court denied defendants' motion to compel.

**CORE TERMS:** protective order, deposition, class representative, discovery, class certification, withdrawal, withdraw, barring, good cause, financial difficulties, putative, motion to withdraw, going forward, undue burden, class member, outstanding, notice, deems proper, persuasive, depose

**LexisNexis(R) Headnotes**

*Civil Procedure > Class Actions > Prerequisites > Adequacy of Representation*
[HN1] *Fed. R. Civ. P. 23* requires that a class representative's interests be congruent with those of the class. In addition, the class representative must demonstrate an ability to fairly and adequately represent the interests of the class members. *Fed. R. Civ. P. 23(a)*. The ultimate responsibility to ensure that the interests of class members are not subordinated to the interests of either the class representatives or class counsel rests with the district court.

*Civil Procedure > Class Actions > Judicial Discretion*
*Civil Procedure > Class Actions > Prerequisites > Adequacy of Representation*
[HN2] The court may allow a plaintiff to withdraw as a class representative when the withdrawal is sought in good faith and the withdrawal would not prejudice the defendant's ability to defend itself, including the ability to conduct sufficient discovery. The decision whether to allow a party to withdraw as class representative is left to

Case 1:05-cv-00120-JJF   Document 191-2   Filed 10/20/2006   Page 10 of 16

Page 2
2006 U.S. Dist. LEXIS 38503, *

the sound discretion of the court. In granting withdrawal, the court may impose such terms and conditions as the court deems proper to avoid prejudice.

**Civil Procedure > Discovery > Protective Orders**
**Evidence > Procedural Considerations > Burdens of Proof > Allocation**
[HN3] *Fed. R. Civ. P. 26(c)* provides that a court, upon a showing of good cause, may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The party seeking a protective order has the burden to show good cause for it. To establish good cause, a party must make a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. The decision to enter a protective order is within the court's discretion.

**COUNSEL:** [*1] For Urethane Antitrust Litigation, Plaintiff: George A. Hanson, Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Roy Morrow Bell, Ross, Dixon & Bell, LLP -- San Diego, San Diego, CA; Steven A. Kanner, Much Shelist Freed Denenberg Ament & Rubenstein PC -- Chicago, Chicago, IL; Susan G. Kupfer, Glancy Binkow & Goldberg LLP -- San Francisco, San Francisco, CA; W. Joseph Bruckner, Yvonne M. Flaherty, Lockridge Grindal Nauen, PLLP, Minneapolis, MN.

For Alco Industries, Inc., Plaintiff: Joshua H. Grabar, Anthony J. Bolognese, Bolognese & Associates, LLC, Philadelphia, PA; Marc H. Edelson, Hoffman & Edelson, Doylestown, PA; Myroslaw Smorodsky, Law Offices of Myroslaw Smorodsky, Rutherford, NY; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Steven J. Greenfogel, Meredith, Cohen Greenfogel & Skirnick, P.C., Philadelphia, PA; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Arctic-Temp, Inc., Plaintiff: Daniel R. Karon, Weinstein Kitchenoff Scarlato Karon Goldman, Cleveland, OH; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; David H. Weinstein, [*2] Steven A. Asher, Weinstein Kitchenoff & Asher LLC -- PA, Philadelphia, PA; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Belting Industries Company, Inc., Plaintiff: Gary Specks, Kaplan Fox -- Chicago, Chicago, IL; Jason A. Zweig, Richard J. Kilsheimer, Robert N. Kaplan, Kaplan Fox & Kilsheimer, LLP, New York, NY; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; William J. Pinilis, Pinilis Halpern, LLP, Morristown, NJ; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Beynon Sports Surfaces, Inc., Plaintiff: Angela K. Drake, Lowther Johnson, Attorneys at Law, LLC, Springfield, MO; Peter D. St. Phillip, Jr., Lowey, Dannenberg, Bemporad & Selinger, PC -- White Plains, White Plains, NY; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Building Material Distributors, Inc., on behalf of themselves and others similarly situated, Home Factories, Inc., on behalf of themselves and other similarly situated, Plaintiffs: Eric B. Fastiff, Joseph R. Saveri, Michele Chickerell Jackson, Lieff, Cabraser, Heimann & Berstein, LLP, San [*3] Francisco, CA; James Belford Brown, Herum Crabtree Brown, Stockton, CA; James V. DeMera, III, Mullen Sullivan & Newton, LLP, Lodi, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Coating Resource Corporation, on behalf of itself and all others similarly situated, Plaintiff: Cadio Zirpoli, Geoffrey C. Rushing, Guido Saveri, Richard Alexander Saveri, Saveri & Saveri, Inc., San Francisco, CA; Clinton P. Walker, Roger M. Schrimp, Damrell, Nelson, Schrimp, Pallios, Pache, Modesto, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Creative Urethanes, Inc., Plaintiff: Mary Jane Edelstein Fait, Wolf Haldenstein Adler Freeman & Herz LLP -- Chicago, Chicago, IL; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Globe Rubber Works, Plaintiff: Howard J. Sedran, Levin, Fishbein, Sedran & Berman, Philadelphia, PA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel [*4] Hanson Woody LLP, Kansas City, MO.

For Goodman Building Supply Company, H&E Bros., Inc., Plaintiffs: Craig C. Corbitt, Francis O. Scarpulla, Judith A. Shimm, Zelle, Hofmann, Voelbel, Mason & Gette, LLP, San Francisco, CA; Joseph M. Patane, Law Office Of Joseph M. Patane, San Francisco, CA; Mario Nunzio Alioto, Trump Alioto Trump & Prescott LLP, San Francisco, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Ronald D. Foreman, Foreman & Brasso, San Francisco, CA; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

Case 1:05-cv-00120-JJF   Document 191-2   Filed 10/20/2006   Page 11 of 16

Page 3
2006 U.S. Dist. LEXIS 38503, *

For Industrial Rubber Products, Inc., Plaintiff: Lionel Z. Glancy, Michael M. Goldberg, Peter A. Binkow, Glancy Binkow & Goldberg LLP -- LA, Los Angeles, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Susan G. Kupfer, Glancy Binkow & Goldberg LLP -- San Francisco, San Francisco, CA; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Kryptane Systems, LLC, Plaintiff: Anne White, White & Goldstein, LLC, Jenkintown, PA; Dianne M. Nast, RodaNast, P.C., Lancaster, PA; Fred Taylor Isquith, Wolf Haldenstein Adler Freeman & Herz LLP -- NY, New York, NY; Krishna Narine, Schiffrin & Barroway [*5] LLC, Radnor, PA; Mary Jane Edelstein Fait, Wolf Haldenstein Adler Freeman & Herz LLP -- Chicago, Chicago, IL; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Liquidation Reserve Account Trust, Plaintiff: Joseph M. Patane, Law Office Of Joseph M. Patane, San Francisco, CA; Mario Nunzio Alioto, Trump Alioto Trump & Prescott LLP, San Francisco, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Ronald D. Foreman, Foreman & Brasso, San Francisco, CA; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Maine Industrial Tires Limited, Plaintiff: Donna Siegel Moffa, Lisa J. Rodriguez, Trujillo Rodriguez & Richards LLP, Haddonfield, NJ; Guido Saveri, Richard Alexander Saveri, Saveri & Saveri, Inc., San Francisco, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; W. Joseph Bruckner, Lockridge Grindal Nauen, PLLP, Minneapolis, MN; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For PSI Urethanes, Inc., on behalf of itself and all others similarly situated, Quabaug Corporation, on behalf of itself and all other [*6] similarly situated, Plaintiffs: Diana K. Kim, Joseph M. Barton, Steven O. Sidener, Gold, Bennett, Cera & Sidener, LLP, San Francisco, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Rahco Rubber Products, Inc., Plaintiff: Andrew B. Sacks, John K. Weston, Sacks & Weston, LLC, Philadelphia, PA; Douglas A. Millen, William H. London, Much Shelist Freed Denenberg Ament & Rubenstein PC -- Chicago, Chicago, IL; Garrett D. Blanchfield, Jr., Reinhardt Wendorf & Blanchfield, St. Paul, MN; Michael P. Lehmann, The Furth Firm LLP, San Francisco, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Steven J. Greenfogel, Meredith, Cohen Greenfogel & Skirnick, P.C., Philadelphia, PA; Steven A. Kanner, Much Shelist Freed Denenberg Ament & Rubenstein PC -- Chicago, Chicago, IL; Thomas Patrick Dove, The Furth Firm LLP, San Francisco, CA; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For RWM Casters, on behalf of itself and all others similarly situated, Plaintiff: Ann D. White, Ann D. White Law Offices, PC, Jenkintown, PA; Dianne M. Nast, RodaNast, P.C., Lancaster, [*7] PA; Krishna Narine, Schiffrin & Barroway LLC, Radnor, PA; Mary Jane Edelstein Fait, Wolf Haldenstein Adler Freeman & Herz LLP -- Chicago, Chicago, IL; Michael G. Nast, RodaNast, P.C., Lancaster, PA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Rubber Engineering and Development Company, Plaintiff: Diana K. Kim, Joseph M. Barton, Gold, Bennett, Cera & Sidener, LLP, San Francisco, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Steven O. Sidener, Gold, Bennett, Cera & Sidener, LLP, San Francisco, CA; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Skypark Manufacturing, LLC, on behalf of itself and all others similarly situated formerly known as Burtin Urethane Corporation, Plaintiff: Allyn Z. Lite, Lite, DePalma, Greenberg & Rivas LLC, Newark, NJ; Bruce D. Greenberg, Joseph J. DePalma, Michael E. Patunas, Lite, DePalma, Greenberg & Rivas LLC, Newark, NJ; Jason S. Hartley, Timothy P. Irving, Ross, Dixon & Bell, LLP -- San Diego, San Diego, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Roy Morrow Bell, Ross, Dixon [*8] & Bell, LLP -- San Diego, San Diego, CA; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Standard Rubber Products, Inc., Plaintiff: Arthur N. Bailey, Arthur N. Bailey & Associates, Jamestown, NY; Christopher J. Cormier, Cohen, Milstein, Hausfeld & Toll, Washington, DC; Ira Neil Richards, Trujillo Rodriguez & Richards LLC -- Philadelphia, Philadelphia, PA; Justine J. Kaiser, Michael D. Hausfeld, Stewart M. Weltman, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC; Lisa J. Rodriguez, Trujillo Rodriguez & Richards LLP, Haddonfield, NJ; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Urethane Products Industries, Inc., Plaintiff: Alex C. Turan, Frederick P. Furth, Julio Ramos, The Furth Firm

Case 1:05-cv-00120-JJF   Document 191-2   Filed 10/20/2006   Page 12 of 16

Page 4
2006 U.S. Dist. LEXIS 38503, *

LLP, San Francisco, CA; Michael P. Lehmann, The Furth Firm LLP, San Francisco, CA; Joseph R. Saveri, Michele Chickerell Jackson, Lieff, Cabraser, Heimann & Berstein, LLP, San Francisco, CA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Steven J. Greenfogel, Meredith, Cohen Greenfogel & Skirnick, P.C., Philadelphia, PA; Thomas Patrick Dove, The Furth [*9] Firm LLP, San Francisco, CA; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Polymeric Technology, Inc., on behalf of itself and all others similarly situated, Epoxical, Inc., on behalf of itself and all others similarly situated, Green Mountain International, Inc., on behalf of itself and all others similarly situated, Rubber Millers, Inc., on behalf of itself and all others similarly situated, Plaintiffs: Isaac L. Diel, Law Offices of Isaac L. Diel, Bonner Springs, KS; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO.

For Seegott Holdings, Inc., on behalf of itself and all others similarly situated, Plaintiff: Alien D. Black, Gerard A. Dever, Roberta D. Liebenberg, Fine, Kaplan and Black, RPC, Philadelphia, PA; Daniel E. Gustafson, Gustafson Gluek PLLC, Minneapolis, MN; David F. Oliver, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP -- KC, Kansas City, MO; Jason S. Kilene, Gustafson Gluek PLLC, Minneapolis, MN; John J. McGrath, McKissock & Hoffman, PC, Haddonfield, NJ; Joseph Goldberg, Freedman, Boyd, Daniels, Hollander & Goldberg, PA, Albuquerque, NM; Robert W. [*10] Coykendall, Tim J. Moore, Morris, Laing, Evans, Brock & Kennedy, Chtd.-Wichita, Wichita, KS; Lisa J. Rodriguez, Trujillo Rodriguez & Richards LLP, Haddonfield, NJ; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Stewart L. Cohen, William D. Marvin, Cohen, Placitella & Roth PC, Philadelphia, PA.

For RBX Industries, Inc., On behalf of itself and all other similarly situated, Plaintiff: Dianne M. Nast, RodaNast, P.C., Lancaster, PA; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Robert W. Coykendall, Morris, Laing, Evans, Brock & Kennedy, Chtd.-Wichita, Wichita, KS.

For Industrial Polymers, Inc., Plaintiff: Daniel E. Gustafson, Gustafson Gluek PLLC, Minneapolis, MN; David F. Oliver, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP -- KC, Kansas City, MO; Jason S. Kilene, Gustafson Gluek PLLC, Minneapolis, MN; Jason Brett Fliegel, Mayer, Brown, Rowe & Maw LLP -- Chicago, Chicago, IL; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Robert W. Coykendall, Tim J. Moore, Morris, Laing, Evans, Brock & Kennedy, Chtd.-Wichita, Wichita, KS; Roger N. Walter, Morris, Laing, Evans, Brock & Kennedy, Chtd.-Topeka, Topeka, KS; Lisa [*11] J. Rodriguez, Trujillo Rodriguez & Richards LLP, Haddonfield, NJ; Stewart L. Cohen, William D. Marvin, Cohen, Placitella & Roth PC, Philadelphia, PA.

For Polyester Polyol Plaintiffs, Plaintiff: George A. Hanson, Norman E. Siegel, Stueve Siegel Hanson Woody LLP, Kansas City, MO; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Roy Morrow Bell, Ross, Dixon & Bell, LLP -- San Diego, San Diego, CA; Steven A. Kanner, Much Shelist Freed Denenberg Ament & Rubenstein PC -- Chicago, Chicago, IL; Susan G. Kupfer, Glancy Binkow & Goldberg LLP -- San Francisco, San Francisco, CA; W. Joseph Bruckner, Yvonne M. Flaherty, Lockridge Grindal Nauen, PLLP, Minneapolis, MN.

For Polyether Polyol Plaintiffs, Plaintiff: Alien D. Black, Gerard A. Dever, Roberta D. Liebenberg, Fine, Kaplan and Black, RPC, Philadelphia, PA; John J. McGrath, McKissock & Hoffman, PC, Haddonfield, NJ; Joseph Goldberg, Freedman, Boyd, Daniels, Hollander & Goldberg, PA, Albuquerque, NM; Lisa J. Rodriguez, Trujillo Rodriguez & Richards LLP, Haddonfield, NJ; Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS; Robert W. Coykendall, Tim J. Moore, Morris, Laing, Evans, Brock & Kennedy, Chtd. [*12] -Wichita, Wichita, KS; Roberta D. Liebenberg, Fine, Kaplan and Black, RPC, Philadelphia, PA.

For BASF AG, Defendant: Andrew Stanley Marovitz, Terri A. Mazur, Jason Brett Fliegel, Mayer, Brown, Rowe & Maw LLP -- Chicago, Chicago, IL; David F. Oliver, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP -- KC, Kansas City, MO; Floyd R. Finch, Jr, Blackwell Sanders Peper Martin LLP -- KC, Kansas City, MO.

For Bayer Corporation, Defendant: Caroline N. Mitchell, J. Andrew Read, Mark L. Glassman, Jones Day -- San Francisco, San Francisco, CA; James R. Eiszner, Joseph G. Matye, Shook, Hardy & Bacon L.L.P. -- Kansas City/Grand, Kansas City, MO; Floyd R. Finch, Jr, Blackwell Sanders Peper Martin LLP -- KC, Kansas City, MO; W. Joseph Hatley, Spencer Fane Britt & Browne -- KC, Kansas City, MO.

For Bayer Material Science, LLC, formerly known as Bayer Polymers, LLC, Defendant: Floyd R. Finch, Jr, Blackwell Sanders Peper Martin LLP -- KC, Kansas City, MO; J. Andrew Read, Mark L. Glassman, Jones Day -- San Francisco, San Francisco, CA; James R. Eiszner, Joseph G. Matye, Shook, Hardy & Bacon L.L.P. -- Kansas

City/Grand, Kansas City, MO; W. Joseph Hatley, Spencer Fane Britt & Browne -- KC, [*13] Kansas City, MO.

For Rhein Chemie Corporation, Defendant: Caroline N. Mitchell, J. Andrew Read, Jones Day -- San Francisco, San Francisco, CA; James R. Eiszner, Joseph G. Matye, Shook, Hardy & Bacon L.L.P. -- Kansas City/Grand, Kansas City, MO.

For Crompton Corporation, Uniroyal Chemical Company, Inc., Defendants: Benjamin G. Bradshaw, Ian Simmons, O'Melveny & Myers, LLP -- Washington, Washington, DC; Joan M. Meyers, Mark V. Chester, Johnson & Colmar, Chicago, IL; Michael F. Tubach, O'Melveny & Myers, LLP -- San Francisco, San Francisco, CA; Joseph G. Matye, Shook, Hardy & Bacon L.L.P. -- Kansas City/Grand, Kansas City, MO; W. Joseph Hatley, Spencer Fane Britt & Browne -- KC, Kansas City, MO.

For Dow Chemical Company, The, Defendant: David F. Oliver, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP -- KC, Kansas City, MO; Floyd R. Finch, Jr, Blackwell Sanders Peper Martin LLP -- KC, Kansas City, MO; G Hamilton Loeb, Jeremy P. Evans, Paul, Hastings, Janofsky & Walker, LLP -- Washington, Washington, DC; Jason Brett Fliegel, Mayer, Brown, Rowe & Maw LLP -- Chicago, Chicago, IL; Shelley A. Runion, Blackwell Sanders Peper Martin LLP -- KC, Kansas City, MO.

For Huntsman, [*14] LLC, Defendant: Brian R. Markley, Stinson Morrison Hecker LLP-1201, Walnut, Kansas City, MO; Floyd R. Finch, Jr, Blackwell Sanders Peper Martin LLP -- KC, Kansas City, MO; James S. Jardine, John W. Mackey, Justin T. Togh, Ray, Quinney & Nebeker-SLC, Salt Lake City, UT.

For TSE Industries, Defendant: Charles W. German, Rouse Hendricks German May PC, Kansas City, MO.

For Crompton, Inc., Defendant: Benjamin G. Bradshaw, Ian Simmons, O'Melveny & Myers, LLP -- Washington, Washington, DC; Michael F. Tubach, O'Melveny & Myers, LLP -- San Francisco, San Francisco, CA.

For Rubicon, Inc., Defendant: Brian R. Markley, Stinson Morrison Hecker LLP-1201, Walnut, Kansas City, MO; James S. Jardine, John W. Mackey, Justin T. Togh, Ray, Quinney & Nebeker-SLC, Salt Lake City, UT.

For BASF Corporation, Defendant: David F. Oliver, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP -- KC, Kansas City, MO; Floyd R. Finch, Jr, Blackwell Sanders Peper Martin LLP -- KC, Kansas City, MO; Jason Brett Fliegel, Mayer, Brown, Rowe & Maw LLP -- Chicago, Chicago, IL; Ian N. Feinberg, Mayer, Brown, Rowe & Maw, LLP -- CA, Palo Alto, CA.

For Bayer AG, Defendant: Floyd R. Finch, Jr, Blackwell Sanders [*15] Peper Martin LLP -- KC, Kansas City, MO; James R. Eiszner, Joseph G. Matye, Shook, Hardy & Bacon L.L.P. -- Kansas City/Grand, Kansas City, MO; Mark L. Glassman, Jones Day -- San Francisco, San Francisco, CA; W. Joseph Hatley, Spencer Fane Britt & Browne -- KC, Kansas City, MO.

For Huntsman International, LLC, Defendant: Brian R. Markley, Stinson Morrison Hecker LLP-1201, Walnut, Kansas City, MO; David T. Harvin, Harry M. Reasoner, Lauren Harrison, Vinson & Elkins, LLP -- Houston, Houston, TX; David F. Oliver, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP -- KC, Kansas City, MO; Jason Brett Fliegel, Mayer, Brown, Rowe & Maw LLP -- Chicago, Chicago, IL.

For Lyondell Chemical Company, Defendant: Charles W. German, Rouse Hendricks German May PC, Kansas City, MO; David F. Oliver, Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP -- KC, Kansas City, MO; Erica Mueller, Jennifer Quinn-Barabanov, Robert Fleishman, Steptoe & Johnson LLP -- DC, Washington, DC; Floyd R. Finch, Jr, Blackwell Sanders Peper Martin LLP -- KC, Kansas City, MO; Jason Brett Fliegel, Mayer, Brown, Rowe & Maw LLP -- Chicago, Chicago, IL; Matthew P. Hamner, Phillip G. Greenfield, Rouse Hendricks German May [*16] PC, Kansas City, MO; William C. Cagney, Windels, Marx, Lane & Mittendorf, LLP, New Brunswick, NJ.

For Huntsman Corporation, Defendant: Floyd R. Finch, Jr, Blackwell Sanders Peper Martin LLP -- KC, Kansas City, MO.

For Judicial Panel on Multidistrict Litigation, Miscellaneous: Michael J. Beck, Clerk of the Panel, Washington, DC.

**JUDGES:** David J. Waxse, United States Magistrate Judge.

**OPINION BY:** David J. Waxse

**OPINION:**

### MEMORANDUM AND ORDER

This matter is before the Court on the following motions: (1) Defendants' Motion to Compel the 30(b)(6) Deposition of Plaintiff Industrial Rubber Products, LLC (doc. 226); (2) Plaintiffs' Motion for Withdrawal of Industrial Rubber Products, LLC as Class Representative

Case 1:05-cv-00120-JJF   Document 191-2   Filed 10/20/2006   Page 14 of 16

Page 6
2006 U.S. Dist. LEXIS 38503, *

(doc. 235); and (3) Plaintiffs' Motion for Protective Order (doc. 235).

## I. Background Information

Defendants move to compel Industrial Rubber Products, LLC ("IRP") to appear for a deposition pursuant to *Federal Rule of Civil Procedure 30(b)(6)*. Defendants filed a deposition notice on December 19, 2005 (doc. 191) to take the *Rule 30(b)(6)* deposition of IRP on February 15, 2006. Defendants have since offered to take the deposition [*17] at a mutually agreeable location and time; however, the deposition has not taken place. Instead, IRP has informed Defendants that it wishes to withdraw from the case as a named Plaintiff and class representative.

Defendants filed their Motion to Compel on February 22, 2006. On that same day, Plaintiffs filed their motion seeking an order to permit IRP to withdraw as a class representative, without prejudice to its rights as an absent class member. Plaintiffs also moved for a protective order preventing the *Rule 30(b)(6)* deposition from going forward and preventing Defendants from seeking any further discovery from IRP.

In support of the motion to withdraw and for protective order, Plaintiffs state that IRP has faced severe financial difficulties over the past several years. They represent that IRP voluntarily filed for bankruptcy in November 2004 and that an order liquidating the company was entered on November 18, 2005. They further represent that "[d]ue to serious disruptions to its business activities caused by its bankruptcy filings and the emergency caused to its business by Hurricane Katrina, IRP is no longer able to participate in the lawsuit as a class representative." [*18] n1 Defendants do not object to IRP's withdrawal so long as IRP appears for the *Rule 30(b)(6)* deposition they have noticed.

n1 Mem. in Supp. of Pls.' Mot. for Withdrawal as Class Rep., and for Protective Order (doc. 236), Decl. of Susan G. Kupfer.

## II. Analysis

[HN1] *Federal Rule of Civil Procedure 23* requires that a class representative's interests be congruent with those of the class. n2 In addition, the class representative must demonstrate an ability to fairly and adequately represent the interests of the class members. n3 "The ultimate responsibility to ensure that the interests of class members are not subordinated to the interests of either the class representatives or class counsel rests with the district court." n4

n2 *See Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 331, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980)* (class representatives must represent the collective interests of the putative class in addition to their own private interests). *See also Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1077 (2d Cir. 1995)* ("Both class representatives and class counsel have responsibilities to absent members of the class."); *In re Avon Sec. Litig., 1998 U.S. Dist. LEXIS 18642, No. 91 CIV. 2287 (LMM), 1998 WL 834366, at *10 n. 5 (S.D.N.Y. Nov. 30, 1998)* ("Even before a class has been certified, counsel for the putative class owes a fiduciary duty to the class.").

[*19]

n3 *Realmonte v. Reeves, 169 F.3d 1280, 1285 (10th Cir. 1999)* (citing *Fed. R. Civ. P. 23(a)*).

n4 *See Maywalt, 67 F.3d at 1078.*

[HN2] The court may allow a plaintiff to withdraw as a class representative when the withdrawal is sought in good faith and the withdrawal would not prejudice the defendant's ability to defend itself, including the ability to conduct sufficient discovery. n5 The decision whether to allow a party to withdraw as class representative is left to the sound discretion of the court. n6 In granting withdrawal, the court may impose such terms and conditions as the court deems proper to avoid prejudice. n7

n5 *In re Currency Conversion Fee Antitrust Litig., 2004 U.S. Dist. LEXIS 22132, MDL No. 1409, M 21-95, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004); In re Vitamins Antitrust Litig., 198 F.R.D. 296, 304 (D.D.C. 2000)).*

n6 *In re Vitamins Antitrust Litig., 198 F.R.D. at 304.*

n7 *Id. See also Fed. R. Civ. P. 41(a)(2)* (claim dismissed at the plaintiff's instance must be made upon order of the court and "upon such terms and conditions as the court deems proper.").

[*20]

IRP represents that it is unable to protect the interests of class members due to its financial difficulties. The Court finds that IRP has valid and persuasive reasons for

withdrawing. To ensure that IRP does not jeopardize the interests of the absent class members, the Court will grant the motion to withdraw.

The Court will now turn to (1) IRP's motion for protective order prohibiting Defendants from deposing IRP and directing further discovery against IRP, and (2) Defendants' Motion to Compel the *Rule 30(b)(6)* deposition of IRP.

IRP seeks a protective order pursuant to [HN3] *Federal Rule of Civil Procedure 26(c)*, which provides that a court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause for it. n8 To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." n9 The decision to enter a protective order is within the court's discretion. n10

n8 *Cardenas v. DorelJuvenile Group, Inc., 230 F.R.D. 635, 638 n.17(D. Kan. 2005); DIRECTV v. Puccinelli, 224 F.R.D. 677, 690 (D. Kan. 2004).*

[*21]

n9 *Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981).*

n10 *Thomas v. Int'l Bus. Mach., 48 F.3d 478, 482 (10th Cir. 1995).*

Defendants assert that IRP's deposition is necessary and relevant to Defendants' ability to effectively respond to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. Plaintiffs counter that Defendants have availed themselves of the opportunity to depose the other putative class representatives, and that Defendants have obtained documents from IRP as well as the other plaintiffs. Plaintiffs further argue that if the Court grants IRP's request to withdraw as a class representative, there simply is no need for Defendants to depose IRP in order to respond to the motion for class certification or to prepare for the class certification hearing. n11

n11 Defendants also assert that IRP's *Rule 30(b)(6)* deposition is necessary to determine IRP's standing. The Court disagrees. Defendants contend that IRP lacks standing because IRP allegedly did not purchase any polyester polyols or related products. Whether IRP did or did not purchase the relevant products is not an issue that needs to be determined prior to the class certification hearing if IRP is not a class representative.

[*22]

The Court finds Plaintiffs' arguments persuasive. The information Defendants need regarding class certification issues may be obtained from the remaining class representatives. To require IRP to give a *Rule 30(b)(6)* deposition at this time, when it would serve no valid class certification purpose and when IRP is struggling with significant financial difficulties, would subject IRP to undue burden. Accordingly, the Court finds that IRP has established good cause for the entry of a protective order preventing the *Rule 30(b)(6)* deposition of IRP from going forward. The Court will therefore grant Plaintiffs' Motion for Protective Order to the extent it seeks an order barring IRP's *Rule 30(b)(6)* deposition, and will deny Defendants' Motion to Compel the deposition.

The Court notes that IRP seeks even broader protection from discovery, asking for a protective order not only barring Defendants from taking its *Rule 30(b)(6)* deposition but also "barring further discovery directed against IRP.'" n12 To the extent, IRP seeks this broader protection, the Court finds IRP's request to be premature. Without any outstanding discovery requests or outstanding objections, IRP's request is for an anticipatory [*23] global protective order that is not ripe for judicial determination. Thus, to the extent Plaintiffs seek a protective order barring *all* discovery of IRP, the motion for protective order will be denied.

n12 Mem. of Points and Authorities in Supp. of Pls.' Mot. for Withdrawal and for Protective Order (doc. 236) at p. 6.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order (doc. 235) is granted to the extent Plaintiffs request a protective order barring Defendants from taking IRP's *Rule 30(b)(6)* deposition as set forth in the deposition notice served on IRP on December 19, 2006 (doc. 191). Plaintiffs' Motion for Protective Order (doc. 235) is denied in all other respects.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel the 30(b)(6) Deposition of Industrial Rubber Products, LLC (doc. 226) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Withdrawal of IRP as Class Representative (doc.

235) is granted without prejudice to IRP's rights as an absent class member. [*24]

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of June 2006.

s/ David J. Waxse

U.S. Magistrate Judge