IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 05-120-JJF |
| | : | |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants hereby move for a protective order to prevent the depositions of Patricia S. Oliphant and Robert D. Wilson, both of whom are current members of the Indian River School Board who took office in July 2006. The depositions of Mrs. Oliphant and Mr. Wilson will be unreasonably cumulative and duplicative of other testimony Plaintiffs have obtained or will obtain from multiple other sources. Furthermore, Plaintiffs have already exceeded the limit of twelve (12) party deponents, as specified in this Court's May 31, 2006 scheduling order. Defendants do not consent to further depositions of party witnesses, and Plaintiffs have not demonstrated why it is necessary to take what will be their seventeenth and eighteenth depositions on the Board Prayer issue.

On February 28, 2005, Plaintiffs filed a complaint against Defendants alleging violations of Plaintiffs' rights under the United States Constitution and the Constitution of the State of Delaware to be free from state-sponsored religion. On March 23, 2006, the Court issued a Memorandum Order bifurcating discovery into two phases: (i) the constitutionality of the Board's Prayer Policy as written and as applied ("Phase I"); and (ii) all remaining issues ("Phase II"). The parties are currently in Phase I of the litigation.

- 2 -

In an e-mail dated September 21, 2006, Plaintiffs advised that they intended to take nineteen (19) separate depositions, including those of Mrs. Oliphant and Mr. Wilson, on the limited issues involved in Phase I of the litigation. *See* September 21, 2006 E-Mail Correspondence, attached hereto as Exhibit A.[1]  Although the number of depositions proposed by Plaintiffs exceeded the limit of twelve (12) party deponents, Defendants initially did not oppose these depositions.[2]  Defendants believed that, given the narrow issues involved in this phase of the litigation, the depositions would be relatively brief. Defendants thus worked with Plaintiffs to schedule the depositions in a manner that would allow Plaintiffs to obtain relevant information without causing undue inconvenience to the deponents.

The depositions in this matter commenced on October 10, with the deposition of Board member Dr. Donald Hattier, and thus far they have been anything but brief. In fact, Dr. Hattier's deposition exceeded the six-hour time limitation set forth in the Court's May 31, 2006 scheduling order by nearly two hours. Plaintiffs have spent nearly seven (7) full days in depositions, yet they have completed only thirteen (13) of the depositions. The parties are also scheduled to spend October 24 and 25 in the depositions of Dr. Susan Bunting and Lois Hobbs, the District's current and former superintendents, respectively, as well as Harvey Walls, a former

---

[1] The deponents included the following: Charles M. Bireley, Nina Lou Bunting, Susan S. Bunting, Richard H. Cohee, John M. Evans, Donald G. Hattier, Janet Hearn, Reginald L. Helms, Lois M. Hobbs, Randall Hughes, Mark A. Isaacs, Donna M. Mitchell, Harvey L. Walls, M. Elaine McCabe, Gregory A. Hastings, Robert Wilson, Patricia Oliphant, Dan Gaffney, and a 30(b)(6) witness(es). These individuals include current and past Board members, current and past administrative personnel for the District, and a radio talk show host. Although Plaintiffs did not serve formal notices of depositions as to Mrs. Oliphant and Mr. Wilson, Defendants have set aside time for these depositions pursuant to Plaintiffs' request.

[2] Also currently pending is Defendants' motion for protective order with respect to the deposition of Janet Hearn, the secretary to the superintendent. As an employee of the District, Mrs. Hearn should also be considered a party for purposes of determining whether Plaintiffs have exceeded the limit on party deponents.

- 3 -

member of the Board.  In total, Defendants have agreed – or, more accurately, have not objected to – sixteen party depositions over nine days.

On October 12, 2006, in light of the lengthy and repetitive nature of the depositions, Defendants requested that Plaintiffs agree to withdraw their requests to depose Mrs. Oliphant and Mr. Wilson because any testimony from these new Board members will be cumulative.  *See* October 12, 2006 Correspondence, attached hereto as Exhibit B.  In response, Plaintiffs stated that "the points [Defendants] make regarding Mr. Wilson and Mrs. Oliphant merit careful consideration," and agreed to "defer those two depositions until further notice."  *See* October 12, 2006 E-mail Correspondence, attached hereto as Exhibit C.  After considering Defendants' request, Plaintiffs declined to withdraw their requests to depose Mrs. Oliphant and Mr. Wilson.

Mrs. Oliphant and Mr. Wilson took office in July 2006.  Neither participated in any of the discussions leading up to the adoption of the Board Prayer Policy.  Their knowledge of the policy is minimal, having attended only four or fewer monthly Board meetings since taking office.  Because Plaintiffs have already deposed seven witnesses who also attended the Board meetings since July 2006, the testimony of Mrs. Oliphant and Mr. Wilson concerning how the policy has been applied will be duplicative of previously obtained testimony.  Moreover, Plaintiffs have at their disposal the audio and/or video tape of each of these meetings.

Federal Rule of Civil Procedure 26(b)(2) allows the court to limit discovery if the court determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Thus, even in the absence of the Court's May 31, 2006 scheduling order limiting party depositions to twelve (12), it is doubtful that Plaintiffs could establish a need to depose Ms. Oliphant and Mr.

- 4 -

Wilson because their testimony will be unreasonably cumulative and duplicative of other testimony Plaintiffs have obtained or will obtain from multiple other sources.

Dated: October 23, 2006                           Respectfully submitted,

/s/  Warren T. Pratt
Warren T. Pratt (DE Bar I.D. #4334)
Jason P. Gosselin (*pro hac vice*)
Jarrod D. Shaw (*pro hac vice*)
Jeffrey M. Boerger (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1243
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

*Attorneys for the Defendants*