**EXHIBIT B**

**DrinkerBiddle&Reath**
L L P

Jason P. Gosselin
215-988-3371
jason.gosselin@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

October 12, 2006

***VIA FACSIMILE***

Thomas J. Allingham, II, Esquire
Skadden Arps
One Rodney Square
Box 636
Wilmington, DE 19899-0636

    **RE:** *Dobrich v. Walls, et al.*, **No. 05-120 (D. Del.)**

Dear Tom:

    I am writing to request that the Plaintiffs withdraw the deposition notice for Janet Hearn in this matter. In addition, I request that Plaintiffs withdraw their requests to depose Robert D. Wilson and Patricia S. Oliphant, who took office as Board members this past July.

    Janet Hearn is the secretary to the superintendent. Although Mrs. Hearn attends the Board meetings, she is not a voting member and does not otherwise participate in the affairs of the Board. Mrs. Hearn's role is to prepare the minutes of the meeting. After doing so, she submits them to the superintendent for signature. The minutes are then submitted to the Board for ultimate approval. Ms. Hearn's function is entirely ministerial.

    You have stated that the reason you would like to depose Mrs. Hearn is because you have found "inaccuracies" in the minutes as compared to audio tapes of the meetings, some of which your associates have reviewed. In light of our agreement to provide all audio tapes from June 2004 (subject to the condition that the Plaintiffs pay the cost) to the present, Mrs. Hearn's deposition is completely unnecessary. To the extent that there is any inconsistency between the meeting minutes and the audio tape (or the video tapes of the meetings that Mr. Horvath has been making), we will stipulate that the audio tape or video tape is the more accurate reflection of what actually took place at the meeting.

    As for the depositions of Mr. Wilson and Mrs. Oliphant, these are similarly unnecessary.[1] Neither of these individuals participated in discussions leading up to the adoption of the Board Prayer Policy. They took office in July 2006, and have only been members of the Board for the last three months. To the extent that you believe their testimony is relevant to the Board Prayer Policy "as applied," it is unnecessarily cumulative.

---

[1] You have not served deposition notices for these individuals; however, you requested their depositions in your email to me of October 3, 2006, and we had blocked out time for their depositions during the week of October 24.

*Established* 1849

**DrinkerBiddle&Reath**
LLP

Thomas J. Allingham, II, Esquire
October 12, 2006
Page 2

      Thus far, you have completed the depositions of Donald Hattier, Charles Bireley, Reginald Helms, and a 30(b)(6) deposition. (In Dr. Hattier's deposition you exceeded the six-hour limitation by nearly two hours. This is completely unreasonable in light of the very limited scope of issues in this phase of the litigation.) By the time we get to the depositions of Mr. Wilson and Mrs. Oliphant, you will also have completed the depositions of Nina Lou Bunting, Susan Bunting, John Evans, Lois Hobbs, Randall Hughes, Mark Isaacs, Donna Mitchell, Harvey Walls, Elaine McCabe and Greg Hastings. It is not necessary to depose Mr. Wilson and Ms. Oliphant to elicit information concerning the application of the Board Prayer Policy in the three months since they have been in office. To the extent you need any further clarification as to how the policy has been applied in these three months, you can also review the video and audio tapes.

      If you do not agree to withdraw your notice of deposition for Mrs. Hearn and your request depositions of Mr. Wilson and Mrs. Oliphant, the Defendants will move for a protective order.

Sincerely yours,

Jason P. Gosselin

JPG/cts