ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636

TEL: (302) 651-3000

DIRECT DIAL
(302) 651-3070
EMAIL ADDRESS
TALLINGH@PROBONOLAW.COM

October 27, 2006

**BY E-MAIL AND HAND-DELIVERY**

The Honorable Joseph J. Farnan, Jr.
District Court of Delaware
844 North King Street
Lock Box 27
Wilmington, Delaware 19801

                RE:    Dobrich, et al., v. Indian River School District, et al.,
                       D. Del. No. 05-120

Dear Judge Farnan:

       I respectfully request leave briefly, via this letter, to supplement Plaintiffs' Answer to Defendants' Motion for Protective Order filed with the Court on October 20, 2006 (D.I. 191). As opposing counsel informed the Court yesterday, briefing on Defendants' Motion for a Protective Order (D.I. 182) has been completed. In depositions taken in the days since that briefing was completed, however, Plaintiffs have learned important information about Janet Hearn (the object of the Motion) and her practice of preparing School Board minutes that is relevant to the decision on Defendants' Motion.

       This week, Plaintiffs learned for the first time that as a matter of practice Ms. Hearn takes notes at School Board meetings in order to gather information that she later incorporates into the School Board minutes. Both Ms. Hobbs (the superintendent at the time of the critical August 24, 2004 School Board meeting) and Dr. Bunting (the current superintendent) stated that Ms. Hearn takes notes during the meetings. Additionally, Dr. Bunting testified that she does not know how complete the minutes are because she cannot read Ms. Hearn's shorthand.

The Honorable Joseph J. Farnan, Jr.
October 27, 2006
Page 2

        Moreover, Ms. Hobbs testified that Ms. Hearn is the person most knowledgeable about the following subject areas:

- How the minutes of the August 24, 2004 meeting (one of the pivotal Board meetings) were prepared; there is allegedly no audio tape of this meeting, and the video tape ends hours before the meeting's conclusion.
- What happens to the audio tapes of Board meetings after the meetings.
- Whether the audio tapes of the meetings are preserved.

        Finally, Dr. Bunting testified that she was unaware that Ms. Hearn recently omitted the mention of School Board prayer from more than one set of minutes, even though Dr. Bunting was aware that there was a prayer given at the meetings. Dr. Bunting's lack of specific knowledge of a possible change in the practice of drafting minutes further illustrates the importance of deposing Ms. Hearn, who has been the person solely responsible for drafting the minutes for more than a decade.

        This week's testimony about Ms. Hearn and her practice of note-taking at School Board meetings is new information that Plaintiffs believe makes Ms. Hearn's deposition essential. I respectfully ask the Court to allow Plaintiffs to supplement their Answer with this new information.

        Very truly yours,

        Thomas J. Allingham II (#476)
        tallingh@probonolaw.com
        Brian G. Lenhard (#4569)
        blenhard@probonolaw.com
        One Rodney Square
        P.O. Box 636
        Wilmington, Delaware 19899
        (302) 651-3000

        Attorneys for the Plaintiffs

cc: Jason P. Gosselin, Esquire (by e-file)
    Warren T. Pratt, Esquire (by e-file)

474769.01-Wilmington Server 1A - MSW