IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | x |
| Plaintiffs, | : |
| v. | : Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : |
| Defendants. | x |

**PLAINTIFFS' ANSWER TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs respectfully submit this answer in opposition to Defendants' Motion for a Protective Order (the "Motion") (D.I. 193), and request the Court to compel the attendance of Patricia S. Oliphant and Robert D. Wilson at depositions. The Court should deny the Motion for the following reasons:

**I.    Plaintiffs' request will not violate the Court's Scheduling Order.**

1.    The Court's Scheduling Order (D.I. 128) grants each side 22 depositions (12 party and 10 non-party). The 12 party depositions were meant to include all individual defendants (the 10 School Board members, superintendent Hobbs and assistant superintendent Savage) and their successors in office. (Order at 3) The proposed depositions do not violate the Order because it expressly permits depositions of successors in office. To deny Plaintiffs the opportunity to depose new School Board members would deny Plaintiffs important testimony about the current application of the School Board prayer policy. Because the composition of the School Board has changed, Plaintiffs need to ask one set of members about the policy as written and another set about the policy as applied.

**II.    Defendants agreed to make Dr. Oliphant and Mr. Wilson available to Plaintiffs.**

2.    As Defendants acknowledge in their Motion, they agreed to make Dr. Oliphant

1

and Mr. Wilson available for deposition. (Mot. at 2, 3) Plaintiffs planned all depositions with the expectation that Dr. Oliphant and Mr. Wilson would be available. There is no reason why the Court should not hold Defendants to their original agreement.

### III.   Plaintiffs have worked efficiently to depose Defendants in a timely manner.

3.   Defendants' suggestion that Plaintiffs have extended depositions unnecessarily is without merit. As Plaintiffs and Defendants discussed before the depositions started, whomever Plaintiffs deposed first (Dr. Hattier) would be subject to a longer deposition because the testimony would be unfamiliar to Plaintiffs. Plaintiffs agreed (and have kept their agreement) not to duplicate questions unnecessarily in subsequent depositions. For example, the deposition of Dr. Isaacs lasted less than two hours, in part because he was absent for all of the Policy Committee Meetings at which the School Board prayer policy could have been considered.

4.   The first deponent was Dr. Hattier, whose deposition was 7 hours, 10 minutes long. Mr. Gosselin attended Dr. Hattier's deposition and did not object to the deposition's length. Defendants agreed to allow Dr. Hattier's deposition to run longer and cannot now claim that it violated the Court's Order.

5.   The depositions have averaged less than 4 hours. No deposition (with the agreed-upon exception of Dr. Hattier) has gone longer than the six hours permitted under the Court's Order. The only other depositions materially longer than 4 hours have been the depositions of (i) a 30(b)(6) witness, Mr. Bireley; and (ii) Mr. Helms and Ms. Hobbs, both of whom were identified by other deponents as having been significantly involved in events surrounding the adoption of the policy at issue. In no way are Plaintiffs extending depositions unnecessarily.

6.   In contrast, Defendants have wasted deposition time by repeatedly making invalid attorney-client privilege objections. For example, during the deposition of Mr. Walls, Mr. Shaw

initially objected to a question about the Board's purpose of going into executive session. Mr. Shaw immediately reversed his position when questioned by Mr. Allingham. Disruptions like this have lengthened nearly all depositions.

7. Defendants have also caused depositions to be extended because deponents have not reviewed (or were not told to review) their files and computers for documents responsive to this litigation. More than one deponent has testified about documents known to exist that were not reviewed to determine whether they are responsive. Any deposition time wasted on questions that go to the existence of documents that should already have been produced is clearly the fault of Defendants and not Plaintiffs.

8. Plaintiffs have accommodated the deponents in order to make the deposition process as smooth as possible. Plaintiffs agreed the depositions would be in Selbyville, close to the deponents' homes and offices. Plaintiffs also worked around the deponents' personal schedules. For example, Plaintiffs allowed Ms. Hobbs to attend a doctor's appointment in the middle of her deposition, which took place on the *only* day she was available to be deposed.

**IV.    Dr. Oliphant and Mr. Wilson have relevant information.**

9. Dr. Oliphant and Mr. Wilson are current members of the Indian River School Board. As School Board members, Dr. Oliphant and Mr. Wilson are responsible for enforcing School Board policies.

10. Dr. Oliphant and Mr. Wilson have attended at least two School Board meetings in their official capacity and have relevant information about the application of the School Board's policy for opening regular Board meetings with prayer.

11. In addition, Plaintiffs believe that Mr. Wilson's School Board campaign was based on a single issue: School Board prayer. Therefore, his actions during the campaign and

his politicization of religion are particularly relevant to this part of the litigation.

12. The testimony of Dr. Oliphant and Mr. Wilson will not be duplicative of previously obtained testimony. Defendants argue that Plaintiffs should not depose Dr. Oliphant and Mr. Wilson because "[t]heir knowledge of the policy is minimal." (Mot. at 3) But this part of the case is about the constitutionality of the School Board prayer policy, as written *and as applied*. Defendants cannot seriously argue that the depositions of Dr. Oliphant and Mr. Wilson will be duplicative when they admit to having only *minimal* knowledge of the policy (and therefore the application of the policy). Testimony about their lack of knowledge will be different from other testimony and relevant to the "as applied" portion of this case.

### V.  **Plaintiffs have suggested a reasonable time period for the depositions.**

13. Finally, Defendants cannot complain that compliance with their agreement would now unduly burden them, as Plaintiffs have offered to limit the depositions of Dr. Oliphant and Mr. Wilson to one hour, but Defendants still refuse to allow Plaintiffs to take the depositions.

### CONCLUSION

For these reasons, Plaintiffs request that the Court deny the Motion, order Defendants to produce Dr. Oliphant and Mr. Wilson, and assess costs against Defendants.

*/s/ Thomas J. Allingham II/BGL*
Thomas J. Allingham II (I.D. #476)
tallingh@probonolaw.com
Brian G. Lenhard (I.D. # 4569)
blenhard@probonolaw.com
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000
Attorneys for Plaintiffs

DATED: October 30, 2006

4