IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 05-120-JJF |
| | : |
| THE INDIAN RIVER SCHOOL DISTRICT, et al., | : |
| | : |
| Defendants. | : |

### MEMORANDUM ORDER

Pending before the Court are two Motions For Protective Orders (D.I. 182, 193) filed by Defendants. By their first Motion (D.I. 182), Defendants request the Court to enter a Protective Order preventing Plaintiffs from deposing Janet Hearn, the secretary to the superintendent of the Indian River School District. By their second Motion (D.I. 193), Defendants request the Court to enter a Protective Order preventing the depositions of Patricia S. Oliphant and Robert D. Wilson, two current members of the Indian River School Board who took office in July 2006. For the reasons discussed, the Court will deny Defendants' Motions.

I.  **Motion For Protective Order Precluding The Deposition Of Mrs. Hearn (D.I. 182)**

By their Motion, Defendants contend that the deposition of Mrs. Hearn will be unreasonably cumulative and duplicative of the testimony of Lois Hobbs and Susan Bunting, both of whom Mrs.

Hearn has served as secretary. Defendants also contend that Mrs. Hearn has no substantive role during School Board meetings and functions only in the ministerial capacity of preparing minutes. Because Defendants have taken or will take the deposition of at least fifteen (15) other School Board members or administrative personnel, Defendants contend that Mrs. Hearn's deposition is unnecessary. Defendants further contend that any discrepancies between the minutes and the audio tapes of the School Board meetings can be resolved without the deposition of Mrs. Hearn, because Defendants have agreed to produce the audio tapes of the Board's public sessions and have further agreed that the audio tapes will govern the content of the meetings.

In response, Plaintiffs contend that on October 9, 2006, Defendants designated Mrs. Hearn as their Rule 30(b)6) witness who could address topics concerning the preparation of minutes and recordings of meetings by audio and video tape. Plaintiffs contend that Defendants have not explained why this designation was erroneous, and Plaintiffs contend that they have relied on this designation by declining to ask five witnesses deposed between October 10 and October 13, 2006, questions regarding the subject area for which Mrs. Hearn was designated. By supplemental letter, Plaintiffs further contend that the deposition of Mrs. Hearn is necessary to explore such areas as

(1) how the minutes of the August 24, 2004 Board meeting were prepared, a "pivotal meeting" for which there is no audio tape and only a partial video tape; (2) what happens to audio tapes after meetings; (3) whether audio tapes of the meetings are preserved; and (4) why School Board Prayer was omitted from a recent set of minutes, even though others present at the meeting reflected by those minutes, like Dr. Bunting, were aware that a prayer was said. (D.I. 194).

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may enter a protective order limiting or preventing discovery. Fed. R. Civ. P. 26(c). The party seeking a protective order bears the burden of establishing good cause justifying its entry. See e.g., Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994).

The Court has reviewed the parties' arguments concerning the deposition of Mrs. Hearn and concludes that Defendants have not established that her testimony is unnecessary or unreasonably cumulative or duplicative of other testimony Plaintiffs have taken or will take in this litigation. Plaintiffs have proffered several legitimate areas of inquiry for Mrs. Hearn, and the Court concludes that her deposition is appropriate. Accordingly, the Court will deny Defendants' Motion For A Protective Order precluding the deposition of Mrs. Hearn.

3

  II.  **Motion For Protective Order Precluding The Deposition Of Mrs. Oliphant and Mr. Wilson (D.I. 193)**

By their second Motion For Protective Order, Defendants contend that the depositions of Mrs. Oliphant and Mr. Wilson will be unreasonably cumulative and duplicative of other testimony Plaintiffs have or will obtain.  Defendants contend that Plaintiffs have already exceeded their limit of 12 deponents set by the Court in its May 31, 2006 Order, and suggest that Plaintiffs have also exceeded the time frames for these depositions.  Defendants also contend that Mrs. Oliphant and Mr. Wilson have participated in no more than four monthly Board meetings since taking office, did not participate in any of the discussions leading up to the adoption of the Board Prayer Policy, and have limited knowledge of School Board policies.  Because Defendants have already deposed seven witnesses who have attended School Board meetings since July 2006, Defendants contend that any testimony Mrs. Oliphant and Mr. Wilson could offer concerning how the School Board Prayer Policy is being applied will be duplicative.

In response, Plaintiffs contend that the depositions of Mrs. Oliphant and Mr. Wilson do not violate the Court's Scheduling Order because the Court granted each side 12 party and 10 non-party depositions.  The 12 party depositions included the individual Defendants and their successors-in-office.  Plaintiffs

4

contend that the depositions of new School Board members, who are charged with enforcing School Board policies, are necessary to discern how the School Board Prayer policy is currently being applied.  Plaintiffs further contend that Mr. Wilson based his campaign for election to the School Board on the issue of School Board Prayer, and therefore his testimony is relevant to this litigation.  Plaintiffs further point out that Defendants initially agreed to the depositions of Mrs. Oliphant and Mr. Wilson and have not objected to the length of time Plaintiffs have taken for other depositions in this case, even though they raise that issue in their Motion.

The Court has considered the parties' respective arguments concerning the depositions of Mr. Wilson and Mrs. Oliphant and concludes that Defendants have not demonstrated that a protective order preventing their depositions is warranted.  By its Scheduling Order (D.I. 128), the Court contemplated that the parties would take the depositions of successors-in-interest to the School Board members.  The Court cannot necessarily conclude that the views of these successors-in-interest are cumulative to the testimony Plaintiffs have taken from others who have attended recent School Board meetings; however, Plaintiffs are cautioned to craft their questions for these individuals so as to avoid any testimony which may be considered cumulative or duplicative.

Accordingly, the Court will deny Defendants' Motion For A Protective Order precluding the depositions of Mrs. Oliphant and Mr. Wilson.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Motion For Protective Order (D.I. 182) is **DENIED**.

2. Defendants' Motion For Protective Order (D.I. 193) is **DENIED**.

November 3, 2006
Date

_[signature]_
UNITED STATES DISTRICT JUDGE