## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA DOBRICH, et al., | x | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 05-120-JJF |
| | : | |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : | |
| | : | |
| Defendants. | x | |

### PLAINTIFFS' MOTION TO COMPEL DEFENDANTS
### TO PRODUCE DOCUMENTS FOR WHICH DEFENDANTS WAIVED PRIVILEGE

Plaintiffs respectfully submit this motion to compel Defendants to produce (i) documents with respect to which Defendants waived the attorney-client privilege by selectively disclosing some, but not all, of the legal advice it received about school board prayer and (ii) documents in (or absent from) the privilege log that do not on their face meet the burden necessary to invoke the protection of the attorney-client privilege or the work product doctrine.

I.     **Defendants waived the attorney-client privilege for any documents related to the adoption of the School Board prayer policy by selectively disclosing legal advice on that topic from Thomas Neuberger.**

It has been established law for over a hundred years that a client waives the attorney-client privilege by disclosing her attorney's advice. *Hunt v. Blackburn*, 128 U.S. 464, 470-71 (1888); *see also Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991) ("Consequently, it is well-settled that when a client voluntarily discloses privileged communications to a third party, the privilege is waived."). This well-known rule prevents the attorney-client privilege from being "used as both a 'shield' and a 'sword.'" *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 222 (3d Cir. 2006).

In this case, Defendants cannot argue that they did not selectively disclose legal advice in an effort to use it as a sword. During discovery, they produced an August 30, 2004

legal opinion authored by Thomas Neuberger (the "Neuberger Opinion"). (Exhibit A) According to current Board President Charles Bireley, that opinion was a "second opinion" on the topic of school board prayer.[1] Apparently, the Board members did not like the advice they had earlier received from their regular Board attorney, James Griffin, about school board prayer. As Board member Harvey Walls testified, the Board had "philosophical differences" with Mr. Griffin about the legality of school board prayers.[2]

Presumably, the Board then looked to lawyers that it knew would give it a favorable opinion in advance, such as Mr. Neuberger and the Alliance Defense Fund. The Board's efforts to get a "second opinion" resulted in the Neuberger Opinion, which purports to confirm the constitutionality of the Board's prayer practice. And at least one Board member, Mr. Walls, relied on the Neuberger Opinion when voting to adopt the School Board prayer policy.[3] Given these facts, the Board cannot now selectively disclose Neuberger's opinion while using the attorney-client privilege to shield the opinions of others from Plaintiffs.

Furthermore, Defendants cannot dispute that the production of the Neuberger Opinion was purposeful. Defendants have never claimed its production was inadvertent or suggested that Plaintiffs return the document, even though Plaintiffs deposed almost every witness about its contents. In addition, Defendants never objected to Plaintiffs' use of the Neuberger Opinion during the depositions, waiving any claim of attorney-client privilege.

Fairness dictates that Defendants produce all legal advice about the School Board prayer policy, not just advice that purports to support Defendants' position. *Murray v. Gemplus Int'l, S.A.*, 217 F.R.D. 362, 367 (E.D. Pa. 2003). Any documents received by Defendants between June 3, 2004 and February 28, 2005 reflecting the advice of an attorney on the subject

---

1    Dep. Tr. of Mr. Bireley at 122-23, 127 (Oct. 11, 2006) (unofficial). (Exhibit B)
2    Dep. Tr. of Mr. Walls at 121-123 (Oct. 25, 2006). (Exhibit C)
3    *Id.* at 28-29. (Exhibit D)

(or additional advice on the subject from Mr. Neuberger) should be produced to prevent

Defendants from using the attorney-client privilege as both a sword and a shield.[4]

**II.    Defendants have failed to carry their burden of demonstrating the attorney-client privilege for a substantial number of documents on their privilege log (as well as for documents not included on the log).**

"The burden rests upon the party who claims that requested documents are

privileged to 'describe the nature of the documents in a manner that will enable other parties to

assess the applicability of the privilege or protection.'" *Chao v. Koresko*, 2005 U.S. App. LEXIS

22025, at *12-13 (3d Cir. Oct. 12, 2005) (quoting, in part, FED. R. CIV. P. 26(b)(5)) (Exhibit F).

First, the entries for numerous documents on Defendants' privilege log (Exhibit

G) do not indicate attorney involvement; they do not list an attorney as the author or the

recipient, and the description does not include an attorney.[5]  For example, Document #110 is a

"Memorandum regarding legal representation" from Greg Hastings, a Board member, to fellow

Board members.

Second, the entries for at least two of the documents on the privilege log (#30 and

#90) do not specify that they were communications between Defendants and their attorneys.

Instead, the privilege log states that the documents were sent to an undefined "Distribution List."

Third, the entries for "transcripts" of School Board meetings (including the

statements of Mrs. Dobrich) do not provide any valid reason why the documents should be

protected by the work-product doctrine or the attorney-client privilege.[6]

---

4    At a minimum, Defendants appear to have waived the privilege with respect to the following documents listed in the privilege log: 1-7, 22, 31-35, 42-45, 61-64, 67, 69, 72, 74, 96, 101-108 and 111-112.
In addition, Defendants have not yet responded to Plaintiffs' assertion that document #122, Mr. Helms' engagement letter, is not *per se* privileged. Email from T. Allingham to J. Gosselin, Oct. 12, 2006 at 1 (citing *Mordesovitch v. Westfield Ins.*, 244 F. Supp. 2d 636 (S.D. W.Va. 2003). (Exhibit E)

5    These documents include 16, 19, 23, 27, 28, 29, 49, 68, 70, 73, 100, 110 and 113.  Also, a defendant's handwritten notes are not privileged simply because they are recorded on an attorney's letter (Document #48) or on a complaint (Document #76) or concern legal issues (Document #78).

6    These documents include 17, 18, 20, 21 and 24.

Fourth, some entries of communications with attorneys are unprivileged because they do not contain legal advice.[7] For example, Document #25 concerns the "location of school board meeting minutes."

Fifth, the minutes of any Executive Session withheld or redacted, but not included on the privilege log, are not privileged – both because any privilege was waived with the intentional disclosure of the Neuberger Opinion, and because of Defendants' failure to provide any description justifying their being withheld.[8]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Defendants to produce all documents reflecting legal advice concerning the adoption of the School Board prayer policy. Plaintiffs also respectfully request the Court to perform an *in camera* inspection of documents on the privilege log that (i) do not reflect attorney involvement; (ii) may have been sent to non-parties; (ii) are transcripts of School Board meetings; and (iv) are unprivileged communications with attorneys. Those documents that the Court finds not privileged after inspection, and Executive Session minutes not listed on the privilege log, should also be produced.

Thomas J. Allingham II (I.D. #476)
tallingh@probonolaw.com
Brian G. Lenhard (I.D. # 4569)
blenhard@probonolaw.com
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899
(302) 651-3000
Attorneys for Plaintiffs

DATED:  November 3, 2006

---

7    These documents include 25 and 26.
8    These minutes include the minutes from the meetings on June 15, 2004; July 27, 2004; August 24, 2004; September 15, 2004, and January 24, 2006, all of which directly address the issue of school board prayer.

4