# EXHIBIT C

```
                                                                    1
 1              IN THE UNITED STATES DISTRICT COURT
 2                  FOR THE DISTRICT OF DELAWARE
 3
 4   MONA DOBRICH and MARCO            )
     DOBRICH, Individually and         )
 5   as parents and next friend        )
     of ALEXANDER DOBRICH,             )
 6   SAMANTHA DOBRICH, JANE DOE        )
     and JOHN DOE, Individually        )
 7   and as parents and next           )
     friend of JORDAN DOE and          )
 8   JAMIE DOE,                        )
                                       )
 9            Plaintiffs,              )
                                       )  Civil Action
10   v.                                )  No. 05-120 (JJF)
                                       )
11   INDIAN RIVER SCHOOL,              )
     DISTRICT, et al.,                 )
12                                     )
              Defendants.              )
13
14            Videotaped Deposition of HARVEY L. WALLS,
     taken pursuant to notice at 31 Hosier Street,
15   Selbyville, Delaware, beginning at 1:30 p.m., on
     Wednesday, October 25, 2006, before Terry Barbano
16   Burke, RMR-CRR and Notary Public.
17   APPEARANCES:
18        THOMAS ALLINGHAM, ESQUIRE
          BRIAN LENHARD, ESQUIRE
19           One Rodney Square
             Wilmington, Delaware  19801
20           For the Plaintiff
21
                    WILCOX & FETZER
22       1330 King Street - Wilmington, Delaware 19801
                    (302) 655-0477
23                  www.wilfet.com
24
```

1   A.   It could very well have.

2   Q.   When you say "it could very well have," does
3   that mean that having reviewed this log and the letter
4   from me that it's your best recollection that that's
5   about the time it occurred?

6   A.   January of 2005?

7   Q.   Yes, sir.

8   A.   That could be accurate.

9   Q.   Why did the board decide to discharge
10  Mr. Griffin for that purpose?

11  A.   The board did not want Mr. Griffin
12  representing us on this case.

13  Q.   Why?

14  A.   Because we had philosophical differences with
15  Mr. Griffin.

16  Q.   What was the nature of the philosophical
17  differences?

18          MR. SHAU:  Objection.  The differences
19  between counsel and their client are attorney-client
20  privilege.

21          MR. ALLINGHAM:  Not if they're not in
22  connection with the attorney-client relationship.

23          MR. SHAU:  Did you discuss your
24  differences with Mr. Griffin?

1  THE WITNESS: One of the differences
2  was --
3  MR. SHAU: Before you answer, did you
4  discuss these differences with Mr. Griffin?
5  THE WITNESS: Portions of them.
6  MR. SHAU: I am going to instruct the
7  witness not to answer, not to disclose any
8  conversations he has had with Mr. Griffin relating to
9  the representation.
10  MR. ALLINGHAM: I'm completely in
11  agreement with that instruction. Okay?
12  BY MR. ALLINGHAM:
13  Q.   Don't tell me what you told Mr. Griffin on
14  this topic. Don't tell me what Mr. Griffin told you on
15  this topic. I just want to know what you understood
16  the philosophical differences between you and
17  Mr. Griffin to be that led you to not want him to
18  represent you in connection with this litigation?
19  A.   One was his actual recommendation to us that
20  we would make him a rich man if he were to be our
21  lawyer. That was a specific recommendation from him.
22  MR. SHAU: I am going to instruct the
23  witness not to say specific recommendations from
24  Mr. Griffin.

BY MR. ALLINGHAM:

Q. Anything else?

A. We don't know that we as a board did not believe that Mr. Griffin believed in what the board believed in.

Q. What was it that the board believed in?

A. In that the board prayer issue at meeting was legal.

Q. And --

A. And worth fighting for.

Q. What was the basis for your belief that Mr. Griffin didn't believe that the board policy was legal?

A. Several comments he had made over time.

Q. Okay, don't tell me.

We've established that on or about September 15th, maybe a day, maybe two days later, Mr. Neuberger withdrew his offer of representation to you.

You mentioned much earlier in the deposition that you also had consulted the Alliance Defense Fund in connection with these issues; correct?

A. Yes.

Q. If you look at the privilege log again, you'll