# EXHIBIT D

```
                                                                    1
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE


MONA DOBRICH and MARCO          )
DOBRICH, Individually and       )
as parents and next friend      )
of ALEXANDER DOBRICH,           )
SAMANTHA DOBRICH, JANE DOE      )
and JOHN DOE, Individually      )
and as parents and next         )
friend of JORDAN DOE and        )
JAMIE DOE,                      )
                                )
         Plaintiffs,            )
                                )  Civil Action
 v.                             )  No. 05-120 (JJF)
                                )
INDIAN RIVER SCHOOL,            )
DISTRICT, et al.,               )
                                )
         Defendants.            )
```

          Videotaped Deposition of HARVEY L. WALLS,
taken pursuant to notice at 31 Hosier Street,
Selbyville, Delaware, beginning at 1:30 p.m., on
Wednesday, October 25, 2006, before Terry Barbano
Burke, RMR-CRR and Notary Public.
APPEARANCES:
     THOMAS ALLINGHAM, ESQUIRE
     BRIAN LENHARD, ESQUIRE
        One Rodney Square
        Wilmington, Delaware   19801
        For the Plaintiff


                  WILCOX & FETZER
   1330 King Street - Wilmington, Delaware 19801
                  (302) 655-0477
                  www.wilfet.com




Harvey L. Walls

28

1  board --
2     A.    I did not recommend that all these other pages
3  be part of the policy.
4     Q.    In making that recommendation and ultimately
5  voting to adopt policy BDA.1 on school board prayer,
6  did you take into consideration as one factor in your
7  decision the material provided by Mr. Neuberger in
8  PX-34?
9     A.    Well, obviously I considered the last two
10 pages.
11    Q.    Yes, that seems clear.  Did you also take into
12 account the materials provided in the first four pages
13 of the fax?
14    A.    I certainly read them.
15    Q.    And did you take them into account?
16    A.    Yes.
17    Q.    The information provided was one of the
18 factors that you considered in voting to adopt the
19 policy; is that right?
20    A.    Yes.
21    Q.    On Page 2 of Mr. Neuberger's memo, about
22 two-thirds of the way down the page in the last whereas
23 clause on that page, PX-34 reflects, "The school board
24 has retained the legal advice" -- sorry.  I'll start

1   again.
2              "The school board has obtained the legal
3   advice of two competent and experienced constitutional
4   attorneys, John W. Whitehead, Esquire, and Thomas S.
5   Neuberger, Esquire, that prayer to open board meetings
6   is constitutional in the United States Court of Appeals
7   for the Third Circuit, which includes Delaware, and
8   legal counsel have identified the following legal
9   authority in support of their legal opinion."
10      A.    Yes, sir.
11      Q.    That legal authority and legal opinion is the
12  material in this fax up to the five numbered paragraphs
13  at the end; is that correct?
14      A.    Right.
15      Q.    And that's what you, one of the factors that
16  you relied on in voting to adopt the policy?
17      A.    Yes.
18      Q.    So I take it that the whereas clause that I
19  just read to you is, in your view, accurate?
20      A.    Yes.
21      Q.    On the next page in the fourth full
22  paragraph -- it's a short paragraph -- Mr. Neuberger's
23  materials read, "It is the opinion of legal counsel
24  that since the Indian River School Board of Education