ONE RODNEY SQUARE
BOX 636
WILMINGTON, DELAWARE 19899-0636

(302) 651-3000

December 8, 2006

The Honorable Joseph J. Farnan, Jr.
844 North King Street
Lock Box 27
Wilmington, DE 19801

                RE:    Dobrich, et al. v. Indian River School District, et al.,
                           D. Del. 05-120

Dear Judge Farnan:

        Enclosed for this Court's review is the parties' proposed revised scheduling order for discovery on all remaining issues other than the constitutionality of the Indian River School Board's prayer policy as written and as applied. The parties have reached agreement on all terms except for whether subparagraph 2(f)(2)[1] should be included in the revised order. Subparagraph 2(f)(2) provides that "[d]uring the examination of any minor, that minor's parent, legal guardian or attorney must be present during the course of the examination."[2] Consistent with the agreement reached with Defendants' former counsel, Plaintiffs believe that subparagraph 2(f)(2) should be included in the revised order.

---

[1] Subparagraph 2(f)(2) was subparagraph 3(g)(2) in the original scheduling order entered on June 1, 2006 (D.I. 129). In all respects, paragraph 2(f) of the revised order matches paragraph 3(g) of the original order.

[2] Subparagraph 2(f)(2) is to insure that any examination of a minor is conducted in a professional manner. In light of Defendants' concerns that the presence of a parent, legal guardian or attorney might somehow impede a thorough examination, Plaintiffs propose that contemporaneously observing the examination through a closed-circuit video feed or other, indirect observation would satisfy subparagraph 2(f)(2) and alleviate Defendants' concerns.

The Honorable Joseph J. Farnan, Jr.
December 8, 2006
Page 2

### Defendants Are Bound By Their Agreement To Include The Text Of Subparagraph 2(f)(2) In The Original Order.

Defendants cannot show the "good cause," Fed. R. Civ. P. 16(b), needed to modify the text of subparagraph 2(f)(2) because they agreed to that text in the original order. Defendants did not object to including the text of subparagraph 2(f)(2) in the original order submitted to the Court on April 26, 2006. That day, Defendants wrote the Court that "counsel for plaintiffs and counsel for defendants . . . were able to agree on most of the provisions of a Rule 16 Scheduling Order for the Remaining Issues, with three important exceptions." (D.I. 98) The text of subparagraph 2(f)(2) -- then subparagraph 3(g)(2) -- was not one of those three exceptions. Defendants' April 26 letter demonstrates that they agreed to include the text of subparagraph 2(f)(2) in any scheduling order for the remaining issues.

Defendants' agreement is even clearer because they objected to the text of subparagraph 3(g)(3)[3] that Plaintiffs proposed for the original order. (D.I. 98 at pg. 2) That subparagraph would have governed the location of any physical or mental examinations. Because the parties could not agree on the text of subparagraph 3(g)(3), they submitted that issue to the Court. Defendants' objection to subparagraph 3(g)(3) shows a conscious decision not to object to the original subparagraph 3(g)(2). Thus, Defendants waived any objection to the revised subparagraph 2(f)(2) when they did not object to the original subparagraph 3(g)(2). Defendants should be bound by their waiver.

Finally, Defendants originally proposed that the order should provide for physical or mental examinations under paragraph 3(g). In return, Plaintiffs sought and obtained, among other things, subparagraph 3(g)(2) of the original order (the paragraph now under dispute). Thus, by now seeking to remove subparagraph 2(f)(2) (the old 3(g)(2)), Defendants are attempting to keep the benefit of their bargain while denying the terms that Plaintiffs obtained in return.

---

[3] Subparagraph 2(f)(3) under the revised order.

The Honorable Joseph J. Farnan, Jr.
December 8, 2006
Page 3

      Defendants' conduct shows that they bound themselves to the text of subparagraph 2(f)(2). In light of their earlier agreement, Defendants cannot show the "good cause" needed to modify subparagraph 2(f)(2). For the foregoing reasons, Plaintiffs request that the Court enter the revised order with subparagraph 2(f)(2).

Respectfully,

Thomas J. Allingham II (I.D. No. 0476)
tallingh@probonolaw.com
Richard S. Horvath, Jr. (I.D. No. 4558)
P.O. Box 636
Wilmington, Delaware 19899
Tel: (302) 651-3070
Fax: (302) 651-3001

Attachments
cc:    Warren Thomas Pratt, Esq. (By e-file)

478938.01-Wilmington Server 1A - MSW