**DrinkerBiddle&Reath**
L L P

Jason P. Gosselin
215-988-3371
jason.gosselin@dbr.com

*Law Offices*
One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

December 8, 2006

**VIA E-FILING**

Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
844 North King Street
Lock Box 27
Wilmington, DE 19801

   RE: *Dobrich, et al. v. Indian River School District, et al.*, No. 05-CV-00120

Dear Judge Farnan:

  The Defendants oppose the inclusion of Paragraph 2(f)(2) in the Rule 16 Scheduling Order for the Remaining Issues.[1] Paragraph 2(f) sets forth certain parameters for independent medical examinations of any plaintiff claiming a "mental or physical condition" as part of the damages in this case. Subparagraph 2(f)(2) provides that during the examination of any minor, the "minor's parent, legal guardian, or attorney must be present during the course of the examination."

  The Defendants have no objection to the presence of a parent or attorney during a physical examination. However, to the extent that a plaintiff is claiming a "mental condition," it seems that the presence of a parent or attorney may be inappropriate because an evaluation will likely include a face-to-face interview between the examiner and the patient. The presence of a minor's parent or attorney during this process may not allow for a frank conversation between the examiner and the patient.

  Obviously, if the examining physician believes the presence of a parent or an attorney will not have a negative impact on physician's ability to perform the evaluation, then Defendants' concern is alleviated. This is an issue that should be addressed when (or if) it is necessary, and should not be part of the scheduling order. Thus, Defendants respectfully request that Paragraph 2(f)(2) be eliminated, without prejudice to any party's right to seek a further modification of this paragraph of the scheduling order if warranted by the circumstances.

---

[1] We understand that this paragraph was the subject of discussions between Plaintiffs' attorneys and Defendants' previous counsel, and that Subparagraph 2(f)(2) was included in the previous scheduling order. Defendants' current counsel are not in a position to comment on those discussions. However, the suggestion that Defendants are now attempting to keep a benefit (the ability to obtain an independent medical examination) while denying Plaintiffs' a negotiated term misses the point. Defendants' have an independent right under Rule 35 to seek leave of Court for an examination when the mental or physical condition of a party is at issue. Defendants now seek only to ensure that such an examination is conducted under medically appropriate circumstances.

*Established 1849*

DrinkerBiddle&Reath

Honorable Joseph J. Farnan, Jr.
December 8, 2006
Page 2

Respectfully,

*Jason P. Gosselin* /JMB

Jason P. Gosselin

JPG

cc: Thomas J. Allingham II, Esq. (via e-file)
    Robert Scott Saunders, Esquire (via e-file)
    Richard S. Horvath Jr., Esq. (via e-file)
    Brian G. Lenhard, Esq. (via e-file)
    Stephen J. Neuberger, Esq. (via e-file)
    Thomas S. Neuberger, Esq. (via e-file

PHLIT\582558\1