IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 05-120-JJF |
| INDIAN RIVER SCHOOL DISTRICT, et al., | : |
| Defendants. | : |

**RULE 16 SCHEDULING ORDER FOR ALL
REMAINING ISSUES OTHER THAN THE INDIAN RIVER
SCHOOL BOARD'S PRAYER POLICY**

On March 24, 2006, the Court divided discovery in the above captioned litigation into two categories: (1) the constitutionality of the Indian River School Board's Prayer Policy as written and as applied (the "School Board Prayer Issue"), and (2) all remaining issues (the "Remaining Issues"). The parties submitted a scheduling order on the School Board Prayer Issue to the Court on April 7, 2006, with letters from each side requesting that the Court resolve the parties' differences.

This Scheduling Order shall govern discovery pertaining to the Remaining Issues. The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS HEREBY ORDERED that:

1. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before May 18, 2007.

2. **Discovery.**

(a) Exchange of interrogatories, identification of fact witnesses, document production, and all other forms of discovery permitted by the Federal Rules of Civil Procedure shall commence on February 21, 2007 so as to be completed by August 31, 2007.

(b) Maximum of fifty (50) interrogatories by each party as a group to any other party as a group. For purposes of this subsection, the following shall each count as a group: (1) the Indian River School District Defendants; (2) the Dobrich Plaintiffs; and (3) the Doe Plaintiffs.

(c) Absent agreement of the parties or leave of Court for good cause shown, Plaintiffs as a group and Defendants as a group may take a maximum of twenty (20) non-party, non-expert depositions, of which seven (10) shall not exceed three (3) hours in length. The plaintiffs as a group and the defendants as a group shall each take a maximum of twenty (20) depositions from individuals, and their successors in office, appearing in this case as a party in their official capacities. The depositions of individuals, and their successors in office, appearing in this case in their official capacities shall not count towards any party's maximum number of non-party, non-expert depositions. Each deponent shall be deposed only one time with respect to the Remaining Issues. Depositions may commence sixty (60) days after the entry of this order and shall be completed by August 17, 2007. To the extent that any individual has been deposed, counsel will make a good faith effort to avoid unnecessarily duplicating previously covered questions and topics.

(d) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from Plaintiffs by May 25, 2007, and from Defendants by June 22, 2007. Rebuttal reports are due by July 20, 2007.

2

(e)    Any party desiring to depose an expert witness shall notice and complete said deposition no later than August 17, 2007.

(f)    Any plaintiff who contends that he or she has incurred a mental or physical condition as a result of the allegations in the Complaint or otherwise seeks damages for such mental or physical condition in this action shall submit to a physical or mental examination on or before May 25, 2007, by a suitably licensed or certified examiner selected by Defendants. The following conditions apply to this subsection:

(1)    Defendants' examiners' report(s) will be due on June 22, 2007; and Plaintiffs' rebuttal reports will be due by July 20, 2007. Depositions of examiners, if requested, shall be completed by August 17, 2007.

(2)    During the examination of any minor, that minor's parent, legal guardian or attorney must be present during the course of the examination.

(3)    Any examination must take place either (a) within the State of Delaware, or (b) within 25 miles of the State of Delaware.

3.    **Discovery Disputes.**

(a)    A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b)    All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c) Upon receipt of the answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

(f) The Court will hold two discovery dispute conferences to resolve discovery disputes that develop during discovery on the Remaining Issues. The first discovery dispute conference shall be held during the week of April 30, 2007. The second discovery dispute conference shall be held during the week of June 11, 2007.

4. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before May 18, 2007.

5. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before October 12, 2007. Briefing shall be pursuant to D. Del. L.R. 7.1.2. Case dispositive motions shall be limited to one (1) motion per side. No dispositive motions concerning the Remaining Issues may be filed before October 12, 2007.

6. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. L.R. 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court

for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

      (b)    No facsimile transmissions will be accepted.

      (c)    No telephone calls shall be made to Chambers.

      (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

7. **Pretrial Conference and Trial.**

(a) After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

(b) The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

12/12/06
DATE

_____
UNITED STATES DISTRICT JUDGE