IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONA DOBRICH, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 05-120-JJF |
| | : |
| THE INDIAN RIVER SCHOOL DISTRICT, et al., | : |
| | : |
| Defendants. | : |

## ORDER APPROVING SETTLEMENT

Plaintiffs and Defendants in the above-captioned action have advised the Court that they have reached a settlement with respect to all pending issues in this case, except for the School Board Prayer issue. The parties have provided the Court, under seal, with a draft of the final Settlement Agreement because the settlement involves the release of the claims of the minor children Plaintiffs. The parties also seek the Court's approval of the confidentiality of a settlement term (the "Confidential Term")[1] and the continued confidentiality of the Doe Plaintiffs' identities. In this regard, the parties have advised the Court that the settlement is contingent upon the Court's approval of the Settlement Agreement for the minor children Plaintiffs as required by 12 Del. C. § 3926.

---

[1] The Confidential Term relates to monetary issues only.

In support of Plaintiffs' application for confidentiality of the Confidential Term and continued confidentiality of the Doe Plaintiffs' identities, Plaintiffs have submitted the Affidavit of Thomas J. Allingham II and the Affidavit of Ms. Jane Doe. As set forth by Defendants' attorney at an <u>in camera</u> hearing held on February 5, 2008, the Court understands that Defendants do not oppose the relief sought by Plaintiffs; however, the Defendants do not agree with certain assertions contained in the affidavits submitted by Plaintiffs.

After consideration of the allegations in the affidavits submitted by Plaintiffs' counsel and Ms. Jane Doe, and the proposed orders submitted by both Plaintiffs and Defendants; the Court makes the following findings:

    1. Applying the standard set forth in <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 (3d Cir. 1994), with respect to good cause for confidentiality of the Confidential Term, the Court finds that:

        a. Plaintiffs have attested and established, without substantial opposition by Defendants, that threats of a physical and non-physical nature have been received by Plaintiffs;

        b. Plaintiffs have further attested and established, without substantial opposition by Defendants, that because of the claims of discrimination made by Plaintiffs, a pattern of

harassment continues to exist in the community against Plaintiffs;

      c.   In view of the foregoing, Plaintiffs, with Defendants' agreement, have established good cause to support their request for confidentiality of the Confidential Term. Further, disclosure of the Confidential Term could result in injury to Plaintiffs.  In these circumstances, disclosure of the Confidential Term, which the Court finds to be fair and reasonable in the circumstances of this case, is outweighed by the potential risk of further harassment and threats of violence against the minor children Plaintiffs and the Doe and Dobrich families.[2]

    2.   With respect to the continued confidentiality of the Doe Plaintiffs, the Court finds that the reasons justifying the confidentiality of the Confidential Term apply with equal force to the identity of the Doe Plaintiffs, such that Plaintiffs have established that the continued confidentiality of the Does' identity is warranted.

---

    [2]   Confidentiality with respect to the other provisions of the Settlement Agreement was not sought by the parties and the Court understands that those provisions will be ultimately disclosed publicly in the course of implementation of the Settlement Agreement.  For this additional reason, the Court finds that the confidentiality sought by Plaintiffs is both reasonable and tailored to the specific concerns of Plaintiffs.

3.   Finally, the Court is persuaded that the Settlement adequately protects the interests of the minor Plaintiffs and allows a fair, reasonable and adequate resolution of their claims.

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED, by agreement of the parties, that:

1.   The Settlement, including the settlement and release of the minors' claims pursuant to Del. Code Ann. Tit., 12 § 3926 (2004), and the provisions for preserving the confidentiality of the Confidential Term, is **APPROVED**.

2.   Plaintiffs and Defendants will not produce or disclose to any third party any information which could reasonably lead to the identification of the Does ("Identifying Information").  If any Plaintiff or Defendant is subpoenaed, received a Freedom of Information Act request, or is otherwise subject to a proceeding to produce or disclose Identifying Information (collectively, a "Request"), such Plaintiff or Defendant will (a) give prompt written notice by hand or facsimile transmission within five (5) business days of the Request to the Does' counsel and (b) refrain from communicating Identifying Information to such a Request until the earlier of (i) receipt of written notice from counsel for the Does that the Does do not object to the disclosure of Identifying Information or (ii) resolution of any objection

4

asserted by the parties either by agreement or by final order of the court with jurisdiction over the production of the Identifying Information. The burden of opposing the enforcement of the Request will fall solely upon the Does. Compliance by any Plaintiff or Defendant with an order directing the disclosure of Identifying Information pursuant to the Request will not constitute a violation of this paragraph of the Order. Nothing in this paragraph will be construed as requiring anyone covered by this Order to challenge or appeal any order directing the production or disclosure of Identifying Information, or to subject himself, herself or itself to any penalties for non-compliance with a legal process or order, or to seel relief from this Court. COMPLIANCE WITH THIS PARAGRAPH IS SUBJECT TO THE CONTEMPT POWERS OF THE COURT. THE PARTIES AGREE THAT ANY VIOLATION OF THIS ORDER WILL BE IMMEDIATELY BROUGHT TO THE ATTENTION OF THE COURT.

February 21, 2008
Date

UNITED STATES DISTRICT JUDGE