IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 05-120-JJF |
| : | |
| INDIAN RIVER SCHOOL DISTRICT, : | |
| et al., : | |
| : | |
| Defendants. : | |

**MOTION TO STRIKE BOTH EXHIBIT A AND FOOTNOTE 13 TO DEFENDANTS'
OPENING BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiffs hereby move to strike both Exhibit A and Footnote 13 to Defendants' Opening Brief In Support Of Motion For Summary Judgment (the "Brief"). The grounds for this motion are as follows.

1. In connection with filing the Brief, Defendants provided the Court with a Declaration of Charles H. Mitchell ("Mitchell") that describes the historical practice of prayer of Indian River School Board Meetings. *See* Exhibit A to the Brief (Exhibit 1 hereto).

2. Mitchell, purportedly a former school Board member, was not identified in Defendants' Federal Rule of Civil Procedure Rule 26(a) disclosures. (Exhibit 2 hereto)

3. Pursuant to Federal Rule of Civil Procedure Rule 26(e), "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . .in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. R. 26(e).

4. Despite the requirement of Rule 26(e), at no time did Defendants identify Mitchell prior to submitting his declaration, even though Defendants apparently regarded his knowledge of the Board's history as necessary to a decision on their summary judgment motion.

5. In addition, Plaintiffs served a Notice of Deposition Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on Defendants on October 3, 2006. In response, on October 9, 2006, Defendants designated Charles M. Bireley ("Bireley") as the 30(b)(6) witness for the District for the specific topic of "History and Tradition of Board Prayer Since 1969." (Exhibit 3 hereto) The response indicated that "an additional designee may be necessary," but Defendants never provided the names of any other possible additional 30(b)(6) witnesses.

6. Moreover, when Plaintiffs deposed Bireley, they specifically confirmed that Bireley was the 30(b)(6) witness for "the history of the Board's practice of opening its meetings with a prayer." Bireley Dep. at 51 (Exhibit 4 hereto).

7. Exclusion of the declaration is an appropriate sanction here because the identity of Mitchell was never made available to Plaintiffs and created genuine surprise, having been willfully injected into the case well after the close of discovery on the School Board Prayer Issue. *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000). Plaintiffs have been prejudiced by Defendants' actions and this prejudice cannot be cured unless the Court strikes the declaration or, alternatively, provides Plaintiffs with additional discovery. *Id.* Because any additional discovery would substantially disrupt the orderly and efficient schedule provided for summary judgment briefing and potentially affect the arguments laid out in Plaintiffs' opening brief, this Court should strike the Mitchell declaration. *Id.*

8. The Court should also order payment of the reasonable expenses of Plaintiffs in preparing this motion as it relates to the Mitchell declaration pursuant to Federal Rule of Civil

Procedure Rule 26(g)(3). Although Defendants' current counsel did not sign the initial disclosures, through their continued failure to disclose Mitchell's identity to Plaintiffs, they have caused substantial prejudice that warrants the same sanction that would apply to an initial failure to disclose.

9. Plaintiffs also move to strike Footnote 13 to Defendants' opening brief (Exhibit 5 hereto) to the extent the footnote attempts to incorporate by reference Defendant Reginald Helms' summary judgment brief.

10. Local Rule for the District of Delaware 7.1.3(a)(4) states that no opening brief shall exceed 40 pages. Defendants' attempt to incorporate by reference Helms' brief would make their argument considerably in excess of this page limit.

11. Thus, the Court should strike the attempt to incorporate these excess pages into Defendants' brief.

12. Pursuant to Local Rule 7.1.1, counsel for Plaintiffs has contacted counsel for Defendants about this motion. We were unable to reach an agreement on the matters set forth in this Motion.

WHEREFORE, Plaintiffs respectfully request that the Court strike Exhibit A and Footnote 13 to Defendants' Brief.

/s/ Thomas J. Allingham II
Thomas J. Allingham II (I.D. No. 476)
tallingh@probonolaw.com
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
*Attorney for Plaintiffs*

DATED: April 18, 2008

529869-Wilmington Server 1A - MSW