**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MONA DOBRICH, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 05-120-JJF |
| | : | |
| INDIAN RIVER SCHOOL DISTRICT, et al. | : | |
| | : | |
| Defendants. | : | |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' EXHIBIT A AND FOOTNOTE 13 OF DEFENDANTS' OPENING
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Claiming they are "surprised" by the declaration of Charles Mitchell (Exhibit A to

Defendants' summary judgment motion), Plaintiffs now request that the Court strike that

declaration from the record.  This claim itself is a bit of a surprise because it was Plaintiffs'

attorneys who uncovered the identity of Charles Mitchell.  Furthermore, neither the text of Rule

26(e) nor the cases discussing supplements to initial disclosure obligations warrants striking Mr.

Mitchell's declaration.  Plaintiffs also seek to strike footnote 13 of Defendants' brief, which

footnote incorporates a portion of an argument asserted by Defendant Reginald Helms in a

previous motion for summary judgment, claiming that the incorporation renders Defendants'

brief too long.  Each of the points made by Plaintiffs is without merit, and Plaintiffs' motion

should be denied.

     **A.**    **Plaintiffs' Claim of Surprise Is False.**

In moving to strike the declaration of Charles Mitchell, Plaintiffs make the following

assertion: "Exclusion of the declaration is an appropriate sanction here because the identity of

Mitchell was never made available to Plaintiffs and created genuine surprise, having been

willfully injected into the case well after the close of discovery on the School Board Prayer

Issue." *See* Plaintiffs' Motion ¶ 7.  This is completely untrue.  In fact, Defendants' counsel

learned of the identity of Charles Mitchell at the same time as Plaintiffs' counsel – during the

deposition of Board President Charles Bireley:

> Q.     [By Mr. Allingham]   When did the School Board first
> begin to open its meetings with a prayer?
>
> A.     To the best of my knowledge we've been doing it ever
> since I first became a Board member, 1974.
>
> Q.     So, from your own personal knowledge you can testify that
> the Board has had a regular practice of opening meetings with a
> prayer since 1974?
>
> A.     Yes.
>
> Q.     You've been quoted in the media as having said this has
> been a practice of the Board since 1969, do you recall that?
>
> A.     Yes.
>
> Q.     How did you link up the five years between '69 and 1974?
>
> A.     I had previous Board members tell me that's what they did.
>
> Q.     Who were those board members?
>
> A.     That were there before me?
>
> Q.     The people who told you that that's what the School Board
> did before 1974?
>
> A.     Harold Short, Charles Mitchell, those are the two that come
> to mind right now.

*See* Bireley Dep. at 51-53; *see also* Bireley Dep. at 53-57 (further questioning relative to the

circumstances under which Mr. Bireley learned from previous Board members about the practice

of opening meetings with a prayer).

Plaintiffs took more than a dozen depositions during the course of discovery on the Board

Prayer Issue. They learned of the identity of Charles Mitchell as well as the substance of his

knowledge relatively early on in the discovery process. They cannot now claim they are

surprised or prejudiced by a declaration that essentially re-states the substance of Mr. Bireley's

testimony. If they had further questions about Mr. Mitchell's knowledge, there is no reason why

they could not have added Mr. Mitchell to their lengthy list of deponents. They chose not to.

However, just because they would prefer that Mr. Mitchell's testimony is not in the record does

not mean that his declaration should be stricken.

**B.      Defendants Did Not Violate Rule 26(e).**

Apart from Plaintiffs' false argument that they were surprised by Mr. Mitchell's

declaration, their reliance on Rule 26(e) is misplaced. That rule provides as follows:

> A party who has made a disclosure under Rule 26(a)…must
> supplement or correct its disclosure or response…in a timely
> manner if the party learns that in some material respect the
> disclosure or response is incomplete or incorrect, *and* if the
> additional or corrective information has not otherwise been made
> known to the other parties during the discovery process or in
> writing.

Federal Rule of Civil Procedure 26(e)(1) (emphasis added). An advisory committee note states

further that there is "no obligation to provide supplemental or corrective information that has

been otherwise made known to the parties in writing or during the discovery process, as when a

witness not previously disclosed is identified during the taking of a deposition." *See* Fed. R. Civ.

P. 26 advisory committee's notes (1993 amendments), subdivision (e). Here, Defendants were

not required to supplement their initial disclosures because Mr. Mitchell's identity was made

known to the parties during the discovery process. *See* Fed. R. Civ. P. 26(e); Fed. R. Civ. P. 26

advisory committee's notes (1993 amendments), subdivision (e).[1]  Defendants learned of Mr.

Mitchell's knowledge at the same time Plaintiffs did.  There is no support for Plaintiffs' motion

to strike Mr. Mitchell's declaration.[2]/[3]

### C.   Defendants Did Not Exceed the Page Limitation.

Plaintiffs' motion to strike footnote 13 is equally meritless.  Defendants' reference and

incorporation of an argument in a previous summary judgment brief was intended to direct the

Court's attention to the issues of viewpoint discrimination.  This was not an attempt to evade the

---

[1] Cases addressing the obligation to supplement initial disclosures are consistent with the comment to Rule 26(e). *See Gutierrez v. AT&T Broadband LLC*, 382 F.3d 725, 733 (7th Cir. 2004) (holding lower court did not abuse discretion in refusing to strike affidavit of witness who was not listed in discovery responses but who plaintiffs had prior notice of from depositions, stating that although defendants had obligation to supplement initial disclosures and interrogatory responses, "such amendments are required only in certain circumstances, such as when the additional information 'has not otherwise been made known to the other parties during the discovery process'", and here, plaintiffs knew of witness and the fact that she possessed relevant information through depositions); *Law v. Am. Capital Strategies, Ltd*., 2007 U.S. Dist. Lexis 5936, *22 (M.D. Tenn. Jan. 26, 2007) (denying motion to strike declarations in support of motion for summary judgment where declarants were not identified in initial disclosures, discovery responses, or supplements thereto, but were identified in depositions, among other things).

[2] Even if Plaintiffs' claims of surprise or that Defendants had an obligation to supplement their Rule 26 disclosures had any substance, the sanction sought by Plaintiffs here is wholly unwarranted.  In determining whether to exclude evidence for failure to comply with discovery, the court should consider such factors as:

> "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order."  Courts must also be mindful that the "exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence."

*See Tracinda Corp. v. Daimlerchrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005) (internal citation omitted).  Not only did Defendants not violate a discovery obligation, but to exclude Mr. Mitchell's declaration would be an extreme sanction, especially where there has not been any bad faith or willfulness on the part of Defendants, or a showing of willful deception or flagrant disregard of a court order.  Plaintiffs cannot be surprised as to the substance of Mr. Mitchell's declaration, as Mr. Bireley had testified to such in his deposition and identified Mr. Mitchell as an individual having this information.

[3] In addition, Plaintiffs seek an order for payment of reasonable expenses incurred in preparing this motion pursuant to Rule 26(g)(3), which only applies if a certification violates this rule (requiring that a party or attorney certify that to the best of the person's knowledge, information, and belief formed after reasonable inquiry the disclosure is complete and correct as of the time it is made), and the violation of this rule occurred without substantial justification.  *See* Fed. R. Civ. P. 26(g).  Here, Defendants' initial disclosures were complete and correct as of the time they were made.  Defendants learned that Mr. Mitchell had discoverable information at exactly the same time Plaintiffs did.

page limitations of the local rules.  Indeed, it was an attempt to comply with the local rules.

Regardless, if Plaintiffs believe they have been prejudiced by the need to respond to the

viewpoint discrimination issue, Defendants respectfully submit that a more constructive method

to address this issue would be to seek leave to exceed the page limitation for response briefs.[4]

Should Plaintiffs make such a motion, Defendants would consent, and they would urge the Court

to grant it.

  For the reasons set forth above, Plaintiffs' motion to strike should be denied in its

entirety.

Dated: April 30, 2008

      /s/  Warren T. Pratt
      Warren T. Pratt (DE Bar No. 4334)
      DRINKER BIDDLE & REATH LLP
      1100 N. Market Street, Suite 1000
      Wilmington, DE 19801
      Telephone: (302) 467-4200
      Facsimile:  (302) 467-4201

      Jason P. Gosselin
      Katherine L. Villanueva
      Elizabeth L. McLachlan
      DRINKER BIDDLE & REATH LLP
      One Logan Square, 18th and Cherry Sts.
      Philadelphia, PA 19103
      Telephone: (215) 988-2700
      Facsimile:  (215) 988-2757

---

[4] When Plaintiffs' counsel contacted Defendants' counsel in his good faith effort to resolve the issues raised by the motion to strike, Defendants' counsel made this suggestion.