ONE RODNEY SQUARE
BOX 636
WILMINGTON, DELAWARE 19899-0636
(302) 651-3000

DIRECT DIAL
(302) 651-3070
EMAIL ADDRESS
TALLINGHAM@PROBONOLAW.COM

June 2, 2008

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
District Court of Delaware
844 North King Street
Lock Box 27
Wilmington, Delaware 19801

                RE:    <u>Doe, et al., v. Indian River School District, et al., D. Del. No. 05-120</u>

Dear Judge Farnan:

      I write in connection with a procedural dispute between the parties about the appropriate procedure for presentation of the parties' competing summary judgment motions in the above-captioned case. The parties have discussed the matter at some length and have been unable to reach an agreement.

      Plaintiffs believe that our briefing conforms to the Court's scheduling order, entered on March 24, 2008. Under that order, the Court directed the parties to file an opening brief on April 10, an answering brief on May 8 and a reply brief on May 22. Plaintiffs have filed the respective briefs on those dates.

      Defendants believe that in addition to the above briefing, they were required to file a counter-statement of facts pursuant to the Court's standing order regarding summary judgment. They filed a document they describe as a counter-statement of facts on May 8, in addition to an answering brief to our motion.

      Plaintiffs believe that Defendants' counter-statement was not appropriate under the Court's orders because the Court had already ordered a briefing schedule for the parties' competing summary judgment motions, which contemplated (among other things) the filing of answering briefs on a specified date. The Court's standing order, on the other hand, provides that a counter-statement should be filed "in lieu of" an answering brief. Since the scheduling order specifically addresses the procedure for summary judgment motions in this case, Plaintiffs believe that the

The Honorable Joseph J. Farnan, Jr.
June 2, 2008
Page 2

procedure contemplated by the scheduling order should control and that Defendants' counter-statement is thus an unauthorized filing. Defendants disagree.

The parties, despite their best efforts to reach a resolution of this procedural conflict, are now at an impasse. Plaintiffs believe that Defendants' counter-statement, which in our view contains many points of advocacy, has allowed them to exceed the briefing page limits by a significant number of pages. Defendants believe that they complied with the standing order and contend their counter-statement is appropriate.

If the Court does not intend to consider Defendants' counter-statement as part of the record for Plaintiffs' summary judgment motion, Plaintiffs do not want to burden the Court with additional briefing on this matter. If, however, the Court intends to consider Defendants' counter-statement, Plaintiffs respectfully request leave of the Court to file a motion to strike the counter-statement.

The parties are available to discuss this letter or the summary judgment briefing schedule at the Court's convenience.

Respectfully,

Thomas J. Allingham II

cc:   Jason Gosselin, Esq.

534943-Wilmington Server 1A - MSW