# DrinkerBiddle&Reath
L L P

Jason P. Gosselin
215-988-3371
jason.gosselin@dbr.com

*Law Offices*

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

June 3, 2008

United States District Court, District of Delaware
Chambers of the Honorable Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801

   **Re:**   ***Dobrich v. Walls*, Case No. 05-120**

Dear Judge Farnan:

   I am writing in response to the letter from Mr. Allingham yesterday, in which he seeks an advisory opinion on Plaintiffs' anticipated motion to strike. Respectfully, there is no basis to disregard Defendants' Counter-Statement of Facts ("Counter-Statement") or to grant a motion to strike, should Plaintiffs choose to file such a motion. To the extent there is any inconsistency between the Court's Summary Judgment Procedure Order ("Summary Judgment Order") and the scheduling order entered on March 24, 2008, any such prejudice can be cured simply by allowing Plaintiffs to file a reply to the Counter-Statement.

   **A.**   **Original and Subsequent Scheduling Orders**

   In May 2006, the parties submitted a scheduling order regarding the filing of case-dispositive motions pertaining to the School Board Prayer issue. *See* D.E. 128. The Court signed the scheduling order on May 31, 2006. *Id.* As stated in the original scheduling order, the parties contemplated that the briefing would comply with the Local Rules, which necessarily included the Summary Judgment Order. *See id.*; *see also* D.E. 98 ("[T]he Joint Proposed Scheduling Order shall provide for the filing of issue dispositive motions on the School Board Prayer issue on July 21, 2006, *with briefing on the Motions to be conducted in accordance with the Local Rules*.") (emphasis added). Since May 31, 2006, the parties have stipulated to and/or moved for multiple extensions of the deadlines. *See, e.g.*, D.E. 241 (requesting extension to file case-dispositive motions). The latest such stipulation resulted in the entry of the scheduling order of March 24, 2008, referenced above.

*Established 1849*

DrinkerBiddle&Reath
LLP

### B.    Summary Judgment Order

On April 10, 2008, Plaintiffs and Defendants timely filed motions for summary judgments on the School Board Prayer issue. Both parties also filed certifications in accordance with the Summary Judgment Order that there were no issues of material fact precluding entry of summary judgment.[1] Shortly after filing the motions for summary judgment, it became evident that there was a small discrepancy between the scheduling order and the Summary Judgment Order. The Summary Judgment Order requires the non-moving party, if he believes there are material facts precluding summary judgment, to file a counter-statement of facts "certifying that general issues of material fact exist and *setting forth the material facts the party contends are in dispute*." *See* Summary Judgment Order at 1 (emphasis added). The Summary Judgment Order further states that the counter-statement is to be filed *in lieu* of an answering brief.

### C.    Call to Mr. Allingham

In light of this apparent discrepancy, I contacted Mr. Allingham and proposed the following:

(1)    Plaintiffs should file a statement of facts setting forth those material facts they believe are undisputed and support their motion;[2]

(2)    Both parties should respond to the opposing side's statement of facts on April 22, 2008, in accordance with the date set forth in the scheduling order for answering briefs;

(3)    However, to avoid any delays in briefing, both parties would file their answering briefs.

---

[1] Defendants' certification set forth each fact they believed was not in dispute and which supported their motion. *See* D.E. 250 (Attachment #1). Although this is not explicitly required by the Summary Judgment Order, Defendants believe it is implicit because it is consistent with common procedure. *See* Advisory Committee on Federal Rules of Civil Procedure, *Report of Civil Rules Committee regarding Rule 56*, December 17, 2007; *see also* J. Barr, *Survey of District Court Local Summary Judgment Rules*, March 21, 2007, at 1 (noting that 56 of 92 District Courts require a moving party to attach a statement of undisputed facts with a motion for summary judgment). A statement of facts is necessary for the Court to rule on a motion for summary judgment. Plaintiffs' certification did not set forth a separate statement of facts or otherwise indicate which facts they believe are undisputed and support their motion.

[2] Separating their facts from their argument would have allowed Defendants to respond more succinctly.

DrinkerBiddle&Reath
L L P

After our discussion, at Mr. Allingham's suggestion, I sent a stipulation to this effect for his review.

A short time later, Mr. Allingham advised that he was satisfied that Plaintiffs had proceeded properly.

### D.    Parties' April 22, 2008 Filings

Plaintiffs filed a counter-statement of facts in response to Defendants' motion. However, contrary to the Summary Judgment Order, they filed their counter-statement in conjunction with their answering brief rather than in lieu of their answering brief. *See* D.E. 253. Defendants, however, in the absence of a court-approved stipulation altering the procedures, complied with the letter of the Summary Judgment Order as well as the spirit of the Scheduling Order. Defendants filed a Counter-Statement in lieu of an Answering Brief on May 8, 2008, but also filed a motion for leave to file an answering brief, attached to which was Defendants' answering brief. The Counter-Statement separated each "fact' contained in the factual portion of Plaintiffs' Opening Brief, and it also indicated which facts were contested by Defendants.

### E.    Proposal to Address Claim of Prejudice

It is absurd for Plaintiffs to suggest that Defendants should be sanctioned for following this Court's Summary Judgment Order, particularly when Defendants attempted to resolve the issue with Plaintiffs prior to the April 22 filings. To the extent that Plaintiffs have suffered any prejudice by Defendants' filing of a Counter-Statement,[3] it is entirely of their own making. Regardless, this prejudice can be addressed effectively if Plaintiffs simply reply to the Counter-Statement. Indeed, the Summary Judgment Order contemplates replies. *See* Summary Judgment Order ("The movant shall file a response to the Counter-Statement within five (5) business days of service of the Counter-Statement.").

Defendants have already suggested to Plaintiffs that they should request the opportunity to file a reply rather than seek the drastic and unwarranted remedy of striking the Counter-Statement altogether. Defendants also advised that they would not oppose such a request. Regardless, Defendants respectfully submit that their Counter-Statement is part of the record, properly before the Court, and should be considered in conjunction with a ruling on Plaintiffs' motion for summary judgment.

---

[3] Counsel have conferred about this issue, and Plaintiffs' complaints hardly rise to the level of prejudice. For example, Plaintiffs take issue with Defendants' use of descriptive headings in the Counter-Statement. Defendants thus offered to remove the headings and/or stipulate that the headings themselves are not "facts" for purposes of the motion. Plaintiffs declined this offer.

DrinkerBiddle&Reath
L L P

Respectfully,

*Jason Gosselin*

Jason P. Gosselin

JPG

cc:    Thomas J. Allingham II, Esquire