ONE RODNEY SQUARE
BOX 636
WILMINGTON, DELAWARE 19899-0636

(302) 651-3000

DIRECT DIAL
(302) 651-3070
EMAIL ADDRESS
TALLINGHAM@PROBONOLAW.COM

June 4, 2008

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
District Court of Delaware
844 North King Street
Lock Box 27
Wilmington, Delaware 19801

      RE: <u>Doe, et al., v. Indian River School District, et al., D. Del. No. 05-120</u>

Dear Judge Farnan:

  I write in connection with the ongoing dispute between the parties in the above-captioned case about the appropriate procedure for presentation of their competing summary judgment motions.

  **The Dispute.** As my letter to the Court of June 2 (a copy of which is attached as Exhibit A) described, there are two orders of the Court that potentially prescribe the correct procedure for submission and briefing of those motions: the Court's standing order on summary judgment (the "Summary Judgment Order"), and the Court's March 24, 2008 scheduling order on briefing of the competing summary judgment motions in this case (the "March 24 Order"). The former generally sets forth a procedure for the filing of a "counter-statement of facts" by a party opposing a summary judgment motion *in lieu of an answering brief,* and the movant's filing of a response to the Counter-Statement *in lieu of a reply brief,* while the latter establishes specific deadlines in this for the filing of answering briefs and reply briefs on these motions. As my June 2 letter and Defendants' response, filed yesterday with the Court (D.I. 274), underscored, the parties have had a continuing, good faith disagreement about whether to follow the procedure in the standing order (as Defendants have largely argued), or to follow the conventional briefing deadlines established by the Court's scheduling order (as Plaintiffs have done).

  **Efforts To Resolve The Dispute, And Plaintiffs' Willingness To Seek The Court's Guidance.** When Defendants' counsel first raised this issue in a

The Honorable Joseph J. Farnan, Jr.
June 4, 2008
Page 2

telephone call more than a month ago, Defendants' counsel proposed to resolve the conflict with a stipulation that would have provided for a sort of hybrid approach, under which the parties would have filed *both* answering and reply briefs on the schedule established by the March 24 scheduling order, *and* Counter-Statements of Fact as contemplated by the standing order on summary judgment. This seemed wasteful and duplicative to us, and I responded on behalf of the Plaintiffs in a letter dated April 28, 2008 that we believed that the Court's entry of a scheduling order establishing a schedule for conventional briefing on our competing summary judgment motions indicated a preference for conventional briefing rather than the "counter-statement" approach. My letter continued on, however, that while I could not agree with Defendants' proposal, "we certainly understand your point of view, and to the extent you continue to disagree with us, we would be happy to cooperate with you to put the issue before the Court as quickly as possible." (A copy of my letter to Mr. Gosselin is attached as Exhibit B) Defendants did not take up that suggestion, but instead shortly thereafter proceeded as they thought appropriate, by filing their 51-page Counter-Statement (while at the same time implicitly acknowledging the continuing conflict by also filing a motion for leave to file their answering brief, a copy of which was attached to their motion).

Plaintiffs also proceeded as they thought appropriate, filing their answering and reply briefs on the schedule established in the March 24 scheduling order. In connection with the filing of our reply brief, however, and in keeping with our view that Defendants' Counter-Statement was not an appropriate pleading in light of the Court's entry of the March 24 scheduling order, we notified Mr. Gosselin that we intended to move to strike the Counter-Statement. At Mr. Gosselin's suggestion, the parties agreed to make one final effort to resolve our disagreement, and we met by teleconference last week to that end. Our efforts were again unsuccessful, and I proposed again that we jointly request guidance from the Court as to which procedure the Court wished us to follow, with the understanding that we would thereafter conform our papers to the Court's instructions. When Mr. Gosselin declined to join in that request for guidance, Plaintiffs resolved to proceed with that approach on our own, and my June 2 letter was the result.

**Additional Matters.** While the foregoing substantively addresses the present procedural dispute, certain statements in Defendants' letter require an additional response.

Defendants imply that there was something improper in Plaintiffs' having set forth the material facts on our motion in our Statement of Facts, and filing a separate certification that those facts are not disputed. Defendants assert that filing a separate statement of undisputed facts (that is, separate from the statement of facts

The Honorable Joseph J. Farnan, Jr.
June 4, 2008
Page 3

in the opening brief) is the practice in numerous District Courts – but they do not claim that *this* Court is among those. Defendants also complain that "contrary to the Summary Judgment Order," Plaintiffs filed our counter-statement of facts "in conjunction with [our] answering brief rather than in lieu of [our] answering brief." But Defendants ignore the fact that *there is a good faith dispute between the parties as to whether the Summary Judgment Order applies here.* Plaintiffs continue to believe that our adherence to the conventional briefing procedure established by the Court's March 24 Order (including our approach to identification and certification of undisputed facts) was appropriate. But we acknowledge that we may be incorrect in that belief, and we have been willing to jointly seek guidance from the Court on that issue for many weeks. Having declined to join in that approach, Defendants should not be heard to criticize Plaintiffs for following the procedure they believed was appropriate.

As noted above, Plaintiffs declined to agree to Defendants' hybrid compromise proposal because it would have significantly increased the volume of papers filed on the motions, eliminated the intended benefit of the "counter-statement" approach (*i.e.*, potentially eliminate the burden of preparing and considering potentially unnecessary answering and reply briefs), and increased the burden on the Court. Defendants' decision unilaterally to proceed with that hybrid approach appears to be an effort to have it both ways, and has enabled Defendants to file some 50 additional pages in support of their positions on these competing motions.[1]

Plaintiffs had hoped to avoid burdening the Court with additional motion practice, and our June 2 letter was an effort informally to resolve the impasse in which the parties found themselves. Regretfully, Plaintiffs now see no alternative but to file a formal motion to strike Defendants' Counter-Statement (which would have the effect of conforming the parties' papers to the conventional briefing procedure contemplated by the March 24 Scheduling Order), or in the alternative for leave to file a Counter-Statement on Defendants' motion, and for the parties each to

---

[1] Defendants claim to have complied with the letter of the Summary Judgment Order (by filing a motion for leave to file their answering brief, but not actually filing it). However, Defendants have taken a different position on that filing issue when it suited them. For example, when Plaintiffs informed Defendants of their intent to file a Motion to Strike the Counter-Statement, Defendants emphasized that they "did not agree to any other extensions, including an extension to the reply brief deadline, which is today." (Exhibit C) Clearly, if Defendants had filed their counter-statement *in lieu* of an answering brief, Plaintiffs would have been under no obligation to file a reply brief. But Defendants want to have it both ways, requiring Plaintiffs to act as if Defendants' motion for leave to file their answering brief had been granted, even though the Court has not acted on that motion.

The Honorable Joseph J. Farnan, Jr.
June 4, 2008
Page 4

file Reply Counter-Statements (which would conform the parties' papers to the procedure contemplated by the Summary Judgment Order).

We are available at the Court's convenience if Your Honor has questions about the foregoing.

Respectfully,

Thomas J. Allingham II

cc:   Jason Gosselin, Esq.