# EXHIBIT A

DIRECT DIAL
(302) 651-3070
EMAIL ADDRESS
TALLINGHAM@PROBONOLAW.COM

ONE RODNEY SQUARE
BOX 636
WILMINGTON, DELAWARE 19899-0636
———
(302) 651-3000

June 2, 2008

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
District Court of Delaware
844 North King Street
Lock Box 27
Wilmington, Delaware 19801

                  RE:    Doe, et al., v. Indian River School District, et al., D. Del. No. 05-120

Dear Judge Farnan:

       I write in connection with a procedural dispute between the parties about the appropriate procedure for presentation of the parties' competing summary judgment motions in the above-captioned case. The parties have discussed the matter at some length and have been unable to reach an agreement.

       Plaintiffs believe that our briefing conforms to the Court's scheduling order, entered on March 24, 2008. Under that order, the Court directed the parties to file an opening brief on April 10, an answering brief on May 8 and a reply brief on May 22. Plaintiffs have filed the respective briefs on those dates.

       Defendants believe that in addition to the above briefing, they were required to file a counter-statement of facts pursuant to the Court's standing order regarding summary judgment. They filed a document they describe as a counter-statement of facts on May 8, in addition to an answering brief to our motion.

       Plaintiffs believe that Defendants' counter-statement was not appropriate under the Court's orders because the Court had already ordered a briefing schedule for the parties' competing summary judgment motions, which contemplated (among other things) the filing of answering briefs on a specified date. The Court's standing order, on the other hand, provides that a counter-statement should be filed "in lieu of" an answering brief. Since the scheduling order specifically addresses the procedure for summary judgment motions in this case, Plaintiffs believe that the

The Honorable Joseph J. Farnan, Jr.
June 2, 2008
Page 2

procedure contemplated by the scheduling order should control and that Defendants' counter-statement is thus an unauthorized filing. Defendants disagree.

The parties, despite their best efforts to reach a resolution of this procedural conflict, are now at an impasse. Plaintiffs believe that Defendants' counter-statement, which in our view contains many points of advocacy, has allowed them to exceed the briefing page limits by a significant number of pages. Defendants believe that they complied with the standing order and contend their counter-statement is appropriate.

If the Court does not intend to consider Defendants' counter-statement as part of the record for Plaintiffs' summary judgment motion, Plaintiffs do not want to burden the Court with additional briefing on this matter. If, however, the Court intends to consider Defendants' counter-statement, Plaintiffs respectfully request leave of the Court to file a motion to strike the counter-statement.

The parties are available to discuss this letter or the summary judgment briefing schedule at the Court's convenience.

Respectfully,

*Thomas J Allingham II*

Thomas J. Allingham II

cc:   Jason Gosselin, Esq.

# EXHIBIT B

DIRECT DIAL
(302) 651-3070
EMAIL ADDRESS
TALLINGHAM@PROBONOLAW.COM

ONE RODNEY SQUARE
BOX 636
WILMINGTON, DELAWARE 19899-0636

(302) 651-3000

April 28, 2008

**BY E-MAIL AND U.S. MAIL**

Jason P. Gosselin, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

       RE: Doe, et al., v. Indian River School District, et al., D. Del. No. 05-120

Dear Jason:

  I write in connection with our discussions relating to the parties' summary judgment briefing.

  First, in regard to your proposed stipulation, Plaintiffs believe that they have conformed to the Court's existing scheduling order that set forth the dates for the summary judgment briefing, including answering and reply briefs. In addition, Plaintiffs do not believe that the Court's standing order regarding summary judgment (enclosed) requires the parties to file a separate statement of undisputed facts. We understand the Court's standing order to be applicable to situations where a motion for summary judgment is filed without notice to the Court and opposing counsel; where, as here, the parties and the Court are fully on notice that <u>competing</u> summary judgment applications are going to be filed, the Court's signing of a scheduling order for briefing is a strong indication of a preference for the traditional approach. However, we certainly understand your point of view, and to the extent you continue to disagree with us, we would be happy to cooperate with you to put the issue before the Court as quickly as possible.

  Second, in regard to Plaintiffs' Motion to Strike Both Exhibit A and Footnote 13 to Defendants' Opening Brief in Support of Motion for Summary Judgment (the "Motion"), Plaintiffs conformed the Motion to the existing discovery order, as Plaintiffs informed you on Friday, April 25, 2008. Pursuant to the discovery order, Defendants' response would have been due April 25, 2008 and

Jason P. Gosselin, Esquire
April 28, 2008
Page 2

would be restricted to four pages. Plaintiffs' understanding is that Defendants intend to respond to the Motion early this week and not wait until the automatically generated May 5th deadline. If Defendants respond to the Motion in a timely fashion that would permit the Court a reasonable time to decide the issue, Plaintiffs will not object to the response as untimely. If, however, Defendants are unable to respond by close of business Wednesday, April 30, 2008, Plaintiffs intend to ask the Court to rule on their papers.

Very truly yours,

Thomas J. Allingham II

Enclosure:

Memorandum Order

# EXHIBIT C

**From:** Jason.Gosselin@dbr.com
**Sent:** Thursday, May 22, 2008 8:49 PM
**To:** Lenhard, Brian G (WIL)
**Cc:** Allingham II, Thomas J (WIL); Kearns, Timothy S (WIL)
**Subject:** RE: Doe v. Indian River

Brian,

You are partially correct.

I thought each of the points you raised to support Plaintiffs' proposed motion to strike were meritless. Some of them bordered on frivolous. Further, I did not believe you had any true intention of attempting to resolve your proposed motion because you called me late in the afternoon on the day you planned to file it. It was a moot point in any event because, per the Court's standing order relative to responses to a counterstatements of fact, your proposed motion is already untimely by more than a week.

If you elect to file a motion for leave, nunc pro tunc, permitting Plaintiffs to file a response to Defendants' counterstatement, Defendants will not oppose such a motion for leave. If the Court grants your motion for leave and you are permitted to file your motion, I expect that you will make a good faith effort to resolve the issue before filing the motion for leave.

I did not agree to any other extensions, including an extension to the reply brief deadline, which is today.

Jason P. Gosselin
Drinker Biddle & Reath LLP
One Logan Square 18th & Cherry Streets
Philadelphia, Pennsylvania 19103
215.988.3371 (tel)
215.988.2757 (fax)

---

**From:** Lenhard, Brian G [mailto:Brian.Lenhard@skadden.com]
**Sent:** Thursday, May 22, 2008 8:13 PM
**To:** Gosselin, Jason P.
**Cc:** Allingham II, Thomas J (WIL); Lenhard, Brian G (WIL); Kearns, Timothy S (WIL)
**Subject:** Doe v. Indian River

Jason -

I communicated your concerns about our proposed motion to strike to Tom and we are prepared to delay our filing so that the parties can attempt to work out the issues with regard to defendants' counter-statement of facts. My understanding from our earlier phone call was that you will not oppose our filing the proposed motion at a later date, with the exception of the response deadline that you believe the standing order imposed on plaintiffs.

Regards,

Brian

6/4/2008

**Brian G. Lenhard, Esq.**
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
Direct Phone: 302-651-3037
Direct Fax: 888-329-4134
Main Phone: 302-651-3000
Main Fax: 302-651-3001

---

*********************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *************************************************
*********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. *********************************************

6/4/2008