**DrinkerBiddle&Reath**
<sub>L L P</sub>

Jason P. Gosselin
215-988-3371
jason.gosselin@dbr.com

Law Offices

One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

Established 1849

June 11, 2008

United States District Court, District of Delaware
Chambers of the Honorable Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801

Re:   *Dobrich v. Walls*, Case No. 05-120

Dear Judge Farnan:

I have reviewed the Court's June 5, 2008 memorandum opinion regarding the summary judgment procedure, and I regret any inconvenience caused by the filing of Defendants' Counter-Statement of Facts. At the risk of causing further confusion, I am writing now to clarify Defendants' position with respect to the existence of genuine issues of material fact.

The June 5, 2008 memorandum opinion states that "it is the Court's understanding that the parties are in agreement that no genuine issues of material fact exist and that trial is unnecessary on the remaining School Board Prayer Issue." Order at 2-3. Although an issue such as the constitutionality of the Board Prayer policy should lend itself to summary adjudication, Plaintiffs have premised their motion for summary judgment upon credibility issues. For example, all of the Defendants testified uniformly that the purpose of the Board Prayer policy was to solemnize the Board proceedings. As such, if the Court applies the *Lemon* test, Defendants maintain that the Court may find as a matter of law that the policy has a secular purpose. Plaintiffs, however, have argued that Defendants' stated purpose is a "sham." Thus, if the Court does not rule in Defendants' favor, it does not mean that Plaintiffs are entitled to a factual finding that the policy lacked a secular purpose. Instead, it means that there is a genuine issue of material fact and that a trial is necessary.

Before submitting this letter, I contacted counsel for Plaintiffs. They believe the Court's reference to the parties' agreement that a trial is unnecessary is simply an acknowledgement that each side believes it is entitled to summary judgment. Given my previous misunderstanding, perhaps I should be inclined to defer to their understanding, but I wanted to make sure Defendants' position on this is clear. Defendants will

DrinkerBiddle&Reath

nonetheless file a Revised Substitute Answering Brief in accordance with the Court's Order.

Counsel for both Plaintiffs and Defendants are available at the Court's convenience if necessary.

Respectfully,

Jason P. Gosselin

JPG

cc:    Thomas J. Allingham II, Esquire