DIRECT DIAL
(302) 651-3070
EMAIL ADDRESS
TALLINGHAM@PROBONOLAW.COM

ONE RODNEY SQUARE
BOX 636
WILMINGTON, DELAWARE 19899-0636

(302) 651-3000

June 13, 2008

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
District Court of Delaware
844 North King Street
Lock Box 27
Wilmington, Delaware 19801

                RE:    Doe, et al., v. Indian River School District, et al., D. Del. No. 05-120

Dear Judge Farnan:

       I write in connection with Defendants' letter to the Court dated June 11, 2008.

       We disagree with Defendants' statement that our summary judgment motion is "premised…upon credibility issues." As we showed in our reply brief, each of our arguments is based on Defendants' own documents, words and actions. In their letter, Defendants appear to be responding to one of those arguments by declaring that the Court cannot, on summary judgment, examine the issue of whether the Policy's stated purpose (to "solemnize" the proceedings) is, as we have argued, *either* (i) properly understood to be a religious purpose, as Defendants' own testimony makes clear, *or* (ii) a sham, intended to mask the true religious purpose. We disagree with this as well. In making this argument, Defendants ignore the fact, readily apparent on the face of controlling Supreme Court case law, that the *actual* purpose of a policy (as opposed to its stated purpose) may be appropriately decided on summary judgment. *See Edwards v. Aguillard*, 482 U.S. 578, 586-87 (1987) (affirming grant of summary judgment to Plaintiffs where evidence contradicted stated purpose of "protecting academic freedom"). In fact, the sham purpose inquiry would be useless if the Court's determination of the Policy's purpose were limited to blind acceptance of Defendants' rote repetition of the Policy's stated purpose. *See id.* It bears repetition that the secular purpose of government action must be *clear* and *sincere*. *Edwards*, 482 U.S. at 586-87; *Wallace v. Jaffree*, 472 U.S. 38, 43 (1983).

The Honorable Joseph J. Farnan, Jr.
June 13, 2008
Page 2

        On the other hand, Plaintiffs agree with Defendants that the School Board Prayer issue appears to be appropriate for summary adjudication. Plaintiffs further agree that the parties each believe they are entitled to summary judgment, because each side believes the facts on which their respective motions are premised are undisputed. However, we feel constrained to note that we do dispute certain facts on which we believe Defendants' motion is based.

        Respectfully,

        *Thomas J. Allingham II*

        Thomas J. Allingham II

cc:    Jason Gosselin, Esq.

537871-Wilmington Server 1A - MSW