**DrinkerBiddle&Reath**
L L P

Jason P. Gosselin
215-988-3371
jason.gosselin@dbr.com

*Law Offices*
One Logan Square
18TH and Cherry Streets
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

October 12, 2006

***VIA FACSIMILE***

Thomas J. Allingham, II, Esquire
Skadden Arps
One Rodney Square
Box 636
Wilmington, DE 19899-0636

    RE:    *Dobrich v. Walls, et al.*, No. 05-120 (D. Del.)

Dear Tom:

    These are the kinds of letters I prefer not to write. In light of what has occurred at the depositions over the last couple days, however, this is necessary. You have pursued several inappropriate lines of questioning, and, although I have addressed each of these issues with you informally, I thought it would be helpful to raise my concerns in writing. My next step will be to involve Judge Farnan.

    **Questions Beyond the Scope of September 14, 2006 Discovery Order.** Despite the Court's September 14 decision concerning the proper scope of discovery in this phase of the litigation, you have persisted in asking questions that go well beyond the Board Prayer Policy as written and as applied. While you are no doubt entitled to some leeway, many of your questions are directly contrary to the Court's previous ruling. For example, you repeatedly asked questions concerning policies that are the subject of the next phase of the litigation. You have also repeatedly asked questions concerning the Board members' decision not to accept the proposed settlement back in February, which is not only impermissible in light of the Court's previous ruling, it is not relevant to *any* matter in litigation. Further, you have asked inappropriate questions concerning Board members' deeply held religious beliefs and practices.

    **Questions Implicating Attorney-Client Privilege.** You have repeatedly asked questions that you know are protected by the attorney-client privilege. Consistent with applicable law, we have no objection to questions concerning (a) whom the Defendants consulted for legal advice, (b) the dates of consultation, (c) whether the attorneys were ultimately retained, and (d) the general topics for which the defendants sought the legal advice. However, you have also asked witnesses what they told their lawyers in connection with the consultation, and what the lawyers told the witnesses in response. You know this is improper. Despite our objections, and our request that you refrain from asking questions that you know will elicit information protected by the attorney-client privilege, you have persisted. In a few instances, the witness responded before I had the opportunity to give an instruction not to answer.

*Established*
*1849*

PHLIT\576195\1

DrinkerBiddle&Reath
LLP

Thomas J. Allingham, II, Esquire
October 12, 2006
Page 2

**Harassing Witnesses Relative to August 24, 2004 Board Meeting.** I understand that you care very deeply about the issues in this case and the interests of your clients. Regardless, depositions are an opportunity for you to obtain facts, not to berate the Board members because you believe they were insufficiently outraged at Harold Johnson's comments at the August 24, 2004 Board meeting. It may be permissible to ask Board members whether they agreed with Mr. Johnson's statements, but you have gone well beyond that. Your aggressive questioning on this issue, together with your belittling tone, served no purpose other than to unreasonably "annoy, embarrass, or oppress." When I addressed this with you during Mr. Bireley's deposition you apologized to him for being on your "high horse," yet you did the very same thing during Mr. Helms' deposition.[1]

It is only Thursday, and we have a long way to go before the depositions in this matter are complete. I am hopeful that we will be able to get through them with a minimum of friction, but I want you to know that we will not hesitate to terminate the depositions and move for an appropriate order if this conduct continues.

Very truly yours,

Jason P. Gosselin

JPG/cts

---

[1] You may find it offensive that the Board president and the other Board members did not cut off Mr. Johnson's microphone or otherwise admonish Mr. Johnson for his comments. However, you should review the doctrines of "limited public forum" and "viewpoint-neutrality." The defendants "non-action" with respect to Mr. Johnson's comments was not only appropriate, it was constitutionally mandated by the Free Speech clause of the First Amendment.

PHLIT\576195\1